**Consolidated Case Nos. 25-3552 and 25-3800**

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,

**Plaintiff-Appellant**,

v.

R. JOHN TAYLOR, an individual, CONNIE TAYLOR HENDERSON, an individual, JAMES BECK, an individual, MICHAEL W. CASHMAN, SR., an individual, CROP USA INSURANCE AGENCY, INC., an Idaho corporation, CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company, AIA SERVICES CORPORATION, an Idaho corporation, AND AIA INSURANCE, INC., an Idaho corporation,

**Defendants-Appellees**,

and

Reed J. Taylor, an individual,

**Third-Party Defendant-Appellee.**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO,
CHIEF DISTRICT COURT JUDGE DAVID C. NYE, PRESIDING

**APPELLANT'S EXCERPTS OF THE RECORD – VOLUME - 13**

| | |
|---|---|
| Roderick C. Bond | Andrew Schwam |
| Roderick Bond Law Office, PLLC | Andrew Schwam Law Firm |
| 10900 NE 4th St., Suite 2300 | 705 SW Fountain St. |
| Bellevue, WA 98004 | Pullman, WA 99163-2128 |
| Tel: (425) 591-6903 | Tel: (208) 874-3684 |
| Email: rod@roderickbond.com | Email: amschwam@turbonet.com |
| Attorney for Appellant | Attorney for Appellant |

legitimacy of John Taylor's actions." It incredulous for Mr. Remele to make a statement that John Taylor was authorized to retain Hawley Troxell when he is not willing to address or consider his lack of legitimacy as I have addressed. John Taylor lacked authority to retain Hawley Troxell as I have discussed in this Report.

Mr. Remele's Allegation that the Hawley Troxell Properly Defined the Scope of their Engagement in the Donna Taylor Litigation.

58.     Paragraph B(ii) (p. 37). Mr. Remele states that the Hawley Troxell Defendants' scope of representation was reasonably "limited" because they would "only" represent AIA Services in *Donna Taylor v. AIA Services* to have the case dismissed – a dispositive, not a limited representation. He also opines that the "appointment of a receiver is typically the death knell of a corporation." As stated immediately above, here it was the *failure* to have a Receiver appointed that was the death knell of the AIA Corporations. A receiver could have prevented Controlling AIA Defendants' subsequent wrongdoing, including the AIA Corporations' Amended Guarantee of the GemCap Loan and sought redress for that which had occurred prior to the appointment. Mr. Remele is simply unaware of the facts and he has recognized that he is no position to assess John Taylor's legitimacy, which is fatal to his opinions. In addition, as I have already opined in this Report, the alleged limited scope of representation was never authorized and the alleged limited scope was unreasonable because it was not in the best interests of the AIA Corporations to allow the Controlling AIA Defendants to continue to control the AIA Corporations.

Mr. Remele's Allegation that the Hawley Troxell Breached No Duties to AIA Services by Opposing Donna Taylor's Lawsuit

59.     Paragraph 2(i)-(ii) (p. 38). Whether the dismissal of the Receiver action had been on procedural grounds or otherwise, in this context, that is a distinction without a difference because it still would have been a dismissal and entirely contrary to the interests of the AIA Corporations—which was to have a receiver appointed. In addition, the alleged limited scope of representation was never authorized for the same reasons discussed in this Report. A reasonably prudent attorney would not have sought to dismiss or stay a complaint that was petitioning to have a receiver appointed to prevent the ongoing improper corporate governance and malfeasance which I have discussed in detail in this Report. The alleged limited scope of representation as set forth in the December 22, 2009 AIA Engagement Letter merely contained self-serving statements and it was signed weeks after the Hawley Troxell Defendants appeared. There is no doubt that the

Page - 564

AIA Corporations' interests would have been best served by allowing the entry of a default, not preventing one.

.

60.     Paragraph 2(iii)-(iv) Footnote 20 (p. 39). In this footnote Mr. Remele ignores the fact that, as indicated in his accompanying text, each of Thomas E. Reed, Cumer L. Green, Ernie Dantini and Reed Taylor served as Directors of AIA Services after having been designated by Donna Taylor. Thereafter her designees were wrongfully rejected on spurious grounds. Also, it is ironic to see Mr. Remele express concern over a lack of corporate formalities in the light of the Controlling AIA Defendants' utter disregard of the same for many years. Contrary to Mr. Remele's assertion, as explained elsewhere in this Report, as I have opined earlier in this Report the Hawley Troxell Defendants were general counsel and thus, as inferred by Mr. Remele, should have seen to it that Donna Taylor's designee was seated on the Board. Like the proposed receiver, such a director would have prevented the Controlling AIA Defendants' subsequent wrongdoing.

61.     Paragraph 2(iii)-(vi) (pp. 39-41). In my opinion, the right of Donna Taylor to designate a Director of AIA Services is absolute and unconditional. Neither, AIA Services, its purported "board" nor the Hawley Troxell Defendants had the right to pass upon the qualifications of her designee; and, under Section 4.6 of AIA Services New Restated Bylaws, her designee cannot be removed from office without her separate class vote. Moreover, under no circumstances can the terms of Judge Brudie's injunction order be stretched to encompass Donna Taylor's designation of an AIA Services Director; the injunction language in that order reads as follows:

> "Pursuant to I.R.C.P. 65(d), the Court finds an injunction shall be entered restraining [Reed Taylor], from harassing and/or interfering with the management of the businesses known as AIA Insurance, Inc. and AIA Services Corporations. Plaintiff Reed Taylor shall not enter upon the premises of AIA Insurance and AIA Services Corporation without the express permission of Defendant John Taylor, nor act or attempt to act as a director or officer of AIA Insurance Inc. Reed Taylor is also not to harass or annoy, directly or indirectly, any employee of AIA Services Corporation or AIA in Insurance Inc, in person, by telephone or by written communications."

Exhibit - 1, p. 574

62.     It appears that by trying to stretch the injunction language to include a restriction on Donna Taylor's unqualified right to designate a Director of AIA Services, the Hawley Troxell Defendants were willing to go to any length to have their actions and those of the Controlling AIA Defendants shielded from any type of out-side scrutiny. Mr. Remele also ignores that Judge Brudie was never advised of what had occurred and the extent of the malfeasance. Indeed, years later, Judge Brudie stated: "[w]ell, I don't know if you want to do that…I have had a lot of experience working with AIA and their financial records, and I don't know if I can trust any of them, but go ahead."[1852] In my opinion, if Judge Brudie has been advised of the facts by the Hawley Troxell Defendants, he would have given Reed Taylor control over AIA Insurance because virtually anyone, other than the Controlling AIA Defendants, would have prevented the improper corporate governance and unauthorized transactions described in this Report. As stated elsewhere in this Report, Mr. Moran was appointed to look after the interests of the AIA Corporations and Reed Taylor had nothing to do with his designation by Donna Taylor.[1853] The Hawley Troxell Defendants merely wanted to keep the Controlling AIA Defendants in control so that no claims or action would be taken against the Controlling AIA Defendants or the Hawley Troxell Defendants.

63.     Also, it is beyond ironic that the Hawley Troxell Defendants suddenly became concerned about Mr. Moran's ability to perform his fiduciary duties as a Director of AIA Services.[1854] Even if he had been representing Reed Taylor while acting as a board member, Moran would have been infinitely more loyal to the AIA Corporations than the Controlling AIA Defendants because of the common interests of Reed Taylor and the AIA Corporations. In any event Moran never appeared as counsel for Reed Taylor in any lawsuit and was not representing Reed Taylor at the time of his designation as a board member and had obtained conflict waivers. As stated earlier in this Report, Moran is an ethical attorney who was willing to participate on the board at Donna Taylor's request. Donna Taylor's instructions to attorney Moran were to disregard her, act neutrally and look after the interests of the minority shareholders. It is difficult to imagine a more striking example of the application of a double standard. In addition, contrary to Mr. Remele, it certainly is disputed that the Hawley Troxell Defendants were directed "by the highest level of

---

[1852] DLM – 0085255.

[1853] DLM – 0034404.

[1854] Moreover, any advice the Hawley Troxell Defendants gave AIA Services with regard to Moran's suitability as a Board member was general counsel type work and exceeded any alleged limited scope of representation. *See, e.g.,* 3/5/2020 Riley Rule 30(b)(6) Depo. Transcript, pp. 180-182.

Exhibit - 1, p. 575

13-ER-2994

authority within AIA Services," because they did not have direction from the AIA Disinterested Shareholders or from a director designated by Donna Taylor or an otherwise independent director. Again, Mr. Remele's opinions are meaningless by reason of avoiding expressing an opinion on the "legitimacy of John Taylor's actions." John Taylor unlawfully controlled the 'board" of AIA Services as I have discussed in this Report.

64.     Paragraph 2(viii) (p. 42). For the reasons stated in detail herein (*see, e.g.,* Sections X and XI of this Report, Mr. Remele's conclusory opinions, which are expressed in a vacuum and devoid of any factual basis or support, are incorrect. Anyone would have been better as a director for AIA Services other than any of the Controlling AIA Defendants and the Hawley Troxell Defendants' breached their duties of loyalty and care by opposing the appointment of Donna Taylor's board designee.

Mr. Remele's Allegation that the Hawley Troxell's Representation of AIA Services, AIA Insurance and Crop Insurance did not cause damage to AIA Services or AIA Insurance.

65.     Paragraph 1 (p. 42-43). In my opinion, Miesen's claims against the Hawley Troxell Defendants do not rest any "assumption," but are grounded on the factual predicates therefor as detailed extensively in this Report but not addressed by Mr. Remele who, as stated above in this Section XII(Y) is viewing this Lawsuit from 20,000 feet, is not in a position to state, as he does, that "the facts" do not support the allegations that the Hawley Troxell Defendants caused "any damage." Based on my experience as an active director of a successful business corporation no director acting in good faith and with the requisite qualities of integrity, competence and prudence would have permitted the many transactions which severely harmed the AIA Corporations; moreover, based on my legal experience as a corporate partner and advisor to boards of directors no lawyer exercising reasonable care would have allowed such conduct to continue unabated and unredressed. Also, for the reasons set forth in detail in this Report, including Sections X, XI and XII, the misconduct of the Hawley Troxell Defendants was one of the proximate causes of the substantial damages sustained by the AIA Corporations.

66.     Paragraph 2 (p. 43). For the reasons stated in Sections X and XII of this Report, each of the elements mentioned in *Soignier* a testamentary case which Justice Jones distinguished from *Harrigfeld* is present in this Lawsuit. Contrary to

Page - 567

Mr. Remele's assertion, as discussed in this Report, the Hawley Troxell Defendants were required to investigate and seek redress for Reed Taylor's allegations against the Controlling AIA Defendants, both by reason of their broad scope of representation in the May 2, 2007 Engagement Letter and the February 25, 2008 Amended Engagement Letter ("to advise the two corporate defendants in connection with above entitled litigation brought by Reed Taylor") and their role as general counsel to the AIA Corporations. The allegations in that lawsuit involved improper corporate governance and established corporate malfeasance involving the Controlling AIA Defendants. Those Engagement Letters did not even contain the term limited scope of representation.

.

67.     Paragraph 3 (p. 43). At this point, Mr. Remele interjects the Hawley Troxell Defendants' "not general counsel" defense, but he offers no factual or legal support therefor (see the discussion above under the heading "Reoccurring Errors in the Remele Report earlier in this Report)." Also, as stated immediately above, the broad scope of the Engagement Letters required the investigation of Reed Taylor's allegations against the Controlling AIA Defendants and the assertion by the AIA Corporations of cross claims against them—there was no time to delay. The Hawley Troxell Defendants could not properly discharge their duties of care and loyalty owed to the AIA Corporations by disregarding the significant malfeasance and improper governance, and they breached their duties by doing so. In short, Mr. Remele's statements beg the very questions presented in this Lawsuit and he cites no factual or legal basis for his opinions. As I opined above, the analogy is like a bank and a bank robber. The bank's attorneys would never represent the interests of the bank robber—let alone enter into an alleged Joint Defense Agreement with the robber—the bank would remove the robber as an employee and file claims against the robber. The Hawley Troxell Defendants chose to represent the interests of the bank robbers—the Controlling AIA Defendants. The events that have unfolded and the damages incurred by the AIA Corporations, including the subsequent over $2 million improperly lent to Pacific Empire Radio and the GemCap Settlement Agreement purporting to obligate the AIA Corporations to an over $12 million debt incurred by the CropUSA Entities, were completely foreseeable by the Hawley Troxell Defendants.

68.     Paragraph 4 (p. 43). The elements listed in *Harrigfeld* are inapposite to this Lawsuit because that was a non-privity case. Here, there was of course a *direct* attorney – client relationship between the AIA Corporations and the Hawley Troxell Defendants (albeit an unauthorized and improper one). Nevertheless, as was the

Page - 568

**Exhibit - 1, p. 577**

**13-ER-2996**

case in *Harrigfeld*, "the connection between the defendant's conduct and the harm is direct," including for all of the reasons stated and all the facts set forth in Sections X, XI and XII of this Report.[1855] With respect to "the policy of preventing future harm," this Lawsuit can serve as a needed reminder and confirmation that lawyers must represent their corporate clients, not the insiders who are paying the lawyers' bills; and that lawyers cannot avoid their fiduciary duty of loyalty by contorting the RPC's, slicing and dicing their engagement letters and avoiding responsibilities on technicalities made of straw.

69.     Paragraph 3 Footnote 22 (p. 43). Many of the Reed Taylor allegations are meticulously verified in Sections X, XI and XII of this Report. The improper transactions raised by Reed Taylor have not been disputed with documentary evidence. The fact that the Hawley Troxell Defendants denied virtually all of the allegations in Reed Taylor's complaints does not mean that the allegations were not correct. Rather, it simply proves that the Hawley Troxell Defendants were breaching their duties of care by not representing the interests of the AIA Corporations and that they were representing the interests of the Controlling AIA Defendants and CropUSA. The Hawley Troxell Defendants did not act prudently— they acted imprudently. They chose to represent the interests of the Controlling AIA Defendants rather than the interests of the AIA Corporations. Apparently, the Hawley Troxell Defendants pursued this course of conduct to earn the significant fees and protect their interests (including to protect themselves from being sued for negligently preparing the Lancelot Legal Opinion for the unauthorized guarantee of the $15 million Lancelot Loan). There could be no other reason. The Unredacted Billing Records alone prove this point. Any prudent attorney appearing as counsel for the AIA Corporations in *Reed Taylor v. AIA Services* would have demanded that the corporations be properly operated and that an independent director be appointed to approve any representation agreements and litigation decisions pursued for the AIA Corporations. Instead, the Hawley Troxell Defendants breached their duties of care by agreeing to pursue a course of representation approved by the very people guilty of committing malfeasance against the AIA Corporations and/or assisting in covering up the conduct for their benefit and they had the conflicted board of directors who were not properly seated or elected and John Taylor purportedly approve the representation agreements and the litigation decisions. Again, Mr. Remele is unable to address John Taylor's unlawful conduct, yet he opines that the Hawley Troxell Defendants purportedly acted prudently. His opinions are contrary to the facts and disregard John Taylor's unauthorized and improper conduct that is well documented in part in this Report.

---

[1855] *Harrigfeld v. Hancock,* 140 Idaho 134, 138, 90 P.3d 884, 888 (2004).

Page - 569

Exhibit - 1, p. 578

13-ER-2997

70.     Paragraph 5 (p. 44). The continuation of the misconduct of the Controlling AIA Defendants was not only foreseeable, under the circumstances, it was as certain to occur as night follows day as discussed in this Report. Moreover, the alleged limited nature of the Hawley Troxell Defendants' retention had nothing to do with the foreseeability of the Controlling AIA Defendants' misconduct. The conduct of the Controlling AIA Defendants before the signing of the Standstill and Tolling Agreements (*e.g.,* the stealing of CropUSA, the wrongful transfer to it of AIA Insurance's book of business, as well as funds, personnel and other assets and the purchase from CropUSA by AIA Insurance of Series C Shares for $1,510,693) made it entirely foreseeable—if not certain—that such misconduct would only continue. And it did.

71.     Paragraphs 6-7 (p. 44). "Facts are stubborn things." Mr. Remele ignores the reality that, under the circumstances, the Hawley Troxell Defendants should have welcomed the appointment of a receiver who, in my opinion, would have not only prevented the Controlling AIA Defendants' continuing misconduct, but also recovered damages on behalf of the AIA Corporations for the harm already caused by the Controlling AIA Defendants and the Hawley Troxell Defendants, as was indicated in the December 22, 2009 Engagement Letter. "Further, if a receiver is appointed as requested in the Donna Lawsuit, the receiver could terminate this firm's representation of Services in this lawsuit and could file suits against the "Responsible Individuals" and this firm ."[1856] The Remele Report does not address the fact that, inexplicably the Hawley Troxell sought on behalf of AIA Services to have the receiver action dismissed or that they did obtain the order of Judge Kerrick staying the case, which, would seal the AIA Corporations' fate. It is impossible to fathom how those actions could be considered, in Mr. Remele's words, those of "a reasonably prudent lawyer would have done under similar circumstances." A reasonably prudent lawyer under the circumstances would have welcomed a receiver with open arms. Not the Hawley Troxell Defendants; they wanted to prevent the appointment of a receiver because, as they admitted, a receiver would have pursued claims against them. Finally, the Hawley Troxell Defendants' participation in the receiver case is another example of the fact that their representation of the AIA Corporations was not just to defend "creditor claims." The representation was pursued to prevent claims from being pursued against the Hawley Troxell Defendants and the Controlling AIA Defendants in breach of the Hawley Troxell Defendants' duties of care.

---

[1856] HTEH000197.

**Exhibit - 1, p. 579**

**13-ER-2998**

Analysis of Other Issues.

Lancelot Opinion:

72.     Paragraph 1(i)-(iii) (pp. 45-46). The Hawley Troxell Defendants' opinion letter was addressed to Lancelot Investors Fund, L.P., not CropUSA. As stated elsewhere in this Report, that Legal Opinion was erroneous and negligently prepared by the Hawley Troxell Defendants. AIA Insurance's Guarantee of the Lancelot Loan was unauthorized because it violated Section 4.2.9(c) of AIA Services' Amended Articles of Incorporation and Sections 4.14 and 14.1 of AIA Insurance's Bylaws. The Hawley Troxell Defendants had a conflict of interest in preparing and delivering that opinion on behalf of CropUSA because Crop USA, with their substantial assistance, had stolen assets from the AIA Corporations. Contrary to Mr. Remele, those conflicts between Crop USA and the AIA Corporations did not "aris[e] from the Reed Taylor litigation", but from the misconduct of Crop USA in misappropriating the assets of the AIA Corporations. As stated in Sections X(H) and XII(D)-(E) of this Report, the conflict waivers and Standstill and Tolling Agreements were null and void. Under the circumstances, the Hawley Troxell Defendants could not "simply" have been retained to provide the Lancelot Loan Legal Opinion.

73.     Paragraph 1(iv) (p. 46). As discussed in Section X(B) of this Report, the fact that AIA Insurance may have made no payments on the illegal and unenforceable guaranty is irrelevant (assuming it had not made any). The assets belonged to the AIA Corporations. Moreover, at least seventy percent of the of the book of business and other assets that were sold to Hudson for $11,588,25 had been wrongfully taken from the AIA Corporations, neither of which received anything of value, therefore. All of the consideration from the sale to Hudson (loan forgiveness) went to Crop USA. AIA Insurance's Guarantee of the Lancelot Loan and the Hawley Troxell Defendants' Lancelot Loan Legal Opinion was the proximate cause of $11,588,245 in damages to the AIA Corporations as addressed in this Report. However, it is well-documented that substantial funds were transferred from the AIA Corporations to CropUSA and those funds may have been used to pay the "hard money" interest payments on the Lancelot Loan. Mr. Remele was not even provided the necessary documents by the Hawley Troxell Defendants to opine that "there is no evidence that…AIA Insurance was ever forced to make any payment on the guarantee." In addition, had the Lancelot Loan not occurred, the Controlling AIA Defendants (in particular John Taylor) would not have been able to use the borrowed funds, which carried an excessive interest rate, for purposes of funding

Exhibit - 1, p. 580

13-ER-2999

payments to himself and other entities that he controls to the detriment of CropUSA and the AIA Corporations. Once again, Mr. Remele ignores the unlawful conduct associated with AIA Insurance's Guarantee of the Lancelot Loan.

Advancement of Attorney Fees:

74.    Paragraph 2(i)-(iii) (pp. 46-47). The Remele Report relies on the portion of Judge Brudie's May 31, 2007 entitled "(3) PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER" to justify the Hawley Troxell Defendants' not preventing the payment by the AIA Corporations of the Controlling AIA Defendants' legal fees. That reliance is misplaced. A denial of a motion for a TRO means nothing for any issue in this Lawsuit. An order such as that one issued in a prior individual action brought by Reed Taylor in his capacity as a creditor asserting claims of misconduct by the Controlling AIA Defendants has no preclusive effect (or is otherwise in any way binding) upon Miesen as a shareholder of AIA Services bringing a double derivative action on behalf of the AIA Corporations; [1857] nor could it have been reasonably relied upon by the Hawley Troxell Defendants. As I point out, in the last sentence in footnote 850 on page 236 of my August 12, 2019 Report, Riley himself stated at the time:

> "while the Court refused to enjoin the advance of defense costs under Idaho Code section 30-1-853, he did not sanction it either. The statement in the minutes that the court ordered that the funds of AIA Insurance could be expended for operating expenses and legal fees during the pendency of this action is perhaps an overstatement. The order does not address operating expenses; and it does not foreclose Reed from contending that the expenditure of AIA Insurance funds for attorney fees incurred by the AIA Insurance director defendants is improper and is a violation of fiduciary duty, etc."[1858]

As stated above in rebuttal to this portion of the Remele Report, the advancement of fees was not "explicitly mandated" by the AIA Services' Amended Articles of Incorporation and the AIA Services New Restated Bylaws, it was prohibited by them. Authority for the advancement of fees and costs was never properly sought or

---

[1857] *See, e.g., Horowitz v. United Investors Corp.*, 227 So.2d 719 (Fla. Ct. App. 1969*; Harris v. Pearsall*, 116 Misc. 366, 190 N.Y.S. 361 (N.Y. Supp. Ct. 1921); "[A] suit brought in a shareholder's individual capacity does not preclude a subsequent derivative proceeding."13 Fletcher Cyc. Corp. § 6043.
[1858] HTEH000603.

Exhibit - 1, p. 581

13-ER-3000

obtained and the Hawley Troxell Defendants were aware of this issue (as confirmed by Riley's email), but they breached their duties of care by failing to properly submit the matter to AIA Services' shareholders with the disclosure recommending that the shareholders not approve any advances based on the circumstances. Based on the evidence (including as discussed in this Report), there was no evidence that the Controlling AIA Defendants ever acted in good faith and the evidence was to the contrary. Any reasonably prudent attorney would have taken action to terminate any further advances from 2007 through the present time based on the evidence and circumstances as discussed in this Report. In his March 3, 2020 deposition, Riley testified as follows:

"Q. So when were you and Hawley Troxell attorneys assisting McNichols address the advancement of fees issue?
A. I don't remember whether he asked it or whether it was in the context of our advising our corporate clients what their obligations were.
Q. Okay. And did you advise AIA Services and AIA Insurance what their obligations were?
A. I believe so. I think I did a memo and then there was a motion filed where Reed challenged it and submitted to Judge Brudie for determination sometime later. But earlier than that we looked at the issue.
Q. And when you say you "looked at the issue," you didn't look at any facts to see if the present and former directors had dealt in good faith with the company, correct?
A. I would suggest that you read those two statutes that I cited to you earlier and read the language in sections 11.1, 11.5, and 11.6 of the by laws of the two corporations and have your expert tell you what the law is.

Q. And that didn't answer the question. But did you do any investigation as to whether the directors, the present and former directors had in fact discharged their duties in good faith?
A. I advised the company what it needed to do in order to comply with those statutes that I cited, and that in the provisions of the articles or the bylaws, which in my view mandated that the corporations advance those expenses.

Q. So your view was there was no if, ands, or buts about it. They had to do it no matter what?
A. They had to do it no matter what as long as they submitted an undertaking that if it was ultimately found that they were not acting in good faith, that they would reimburse those expenses. That's what the statute says. That's what the article - - or

Exhibit - 1, p. 582

13-ER-3001

the bylaws say.

Q. That's your interpretation, correct?

A. That is the correct interpretation.

Q. So under your interpretation, then, a bank robber robs the bank and he's the CEO.

A. I'm not going to answer that question. You don't need to finish it. I'm not going to answer that question.

Q. And there's a mandatory indemnification, a mandatory advancement of fees and costs. So I think you and I have a big disagreement.

Q.  Well, so your basis that the advancement was mandatory regardless that is your interpretation of the statutes and the bylaws, correct?

A. The statute talks about advancement of expenses and litigation brought against a person in the capacity as a director or officer. Bank robbery would not be in the capacity of a director or an officer, so the issue would never come up.

Q.  Or thief?

A. in that hypothetical.

Q. Or thief?

Q.  A thief wouldn't be under that - -

A. I've answered your question.

Q. And did you consider having - -  ask the board to appoint an attorney to do an independent attorney to do  - - an investigation and deliver a report to consider whether advancing costs was appropriate under the circumstances?

A. As I said, the conclusion is that the advancement of expenses was mandatory, and there would be no reason to appoint an independent person to comment on that."

Riley's handling of the advancement of litigation expenses to the Controlling AIA Defendants is a striking example of the Hawley Troxell Defendants' propensity for placing the interests of the Controlling AIA Defendants above those of their clients. Moreover, Riley's analysis and testimony are wrong, and his reliance on the Sections 11.1, 11.5 and 11.6 of the AIA Services' Restated Bylaws is misplaced.

 Other than the March 28, 2007 one, there were no other shareholder meetings seeking authorization for the advancement of litigation expenses to directors.[1859]

---

[1859] 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript, pp. 758-59.

Page - 574

**13-ER-3002**

Although Idaho Code section 30-1-858(1) allows an Idaho corporation to have a provision in its articles of incorporation, bylaws or board or shareholder resolution[1860] obligating the corporation to "advance funds to pay for or reimburse" litigation expenses incurred by a director who is a party to a proceeding if, in accordance with Section 301-853 (1), such director delivers to the corporation a written affirmation of his good faith belief that his conduct has been such as to entitle him to indemnification and a written undertaking to repay any advanced funds if it is determined that he has not met the relevant standard of conduct, neither the AIA Services 'Amended Articles of Incorporation nor the AIA Services' New Restated Bylaws contain such a provision. Indeed, those instruments operate here to prohibit the advancement of litigation expenses to the Controlling AIA Defendants.

First, Section 4.2.9 (g) of AIA Services' Amended Articles of Incorporation prohibits AIA Services from entering into any transaction with a director on terms less favorable to AIA Services than those that might be obtained from someone who is not a director[1861] of AIA Services. It is difficult to imagine a transaction *less* favorable to AIA Services than advancing the expenses of insiders who had engaged in egregious misconduct against the Corporation.

Second, the AIA Services New Restated Bylaws[1862] also prohibit the advancement of such expenses. Section 4.14 thereof requires under the instant circumstances that a transaction with a director be "fair and reasonable to the corporation." As stated above, the advancement of expenses here was by no means fair and reasonable. Moreover, Sections 11.1, 11.5. and 11.6 of those Bylaws to which Riley referred in testimony quoted above do not authorize, much less obligate, AIA Services to advance expenses to the Controlling AIA Defendants. One of the elements missing from the Riley "analysis" is the requirement in Idaho Code section 30-1-853(1)(a) that a director deliver to the corporation a written affirmation "of his good faith belief" that he "met the relevant standard of conduct."[1863] Section 11.3 of the AIA Services' New Restated Bylaws sets forth a definition of a director's acting in good

---

[1860] There are no such board or shareholder resolutions, except for the illegal and ineffective resolutions purporting to authorize the advancement of expenses to John Taylor, Duclos and Freeman as discussed in Section XI P of this Report.

[1861] An Idaho corporation has the power to indemnify or advance expenses to an employee or agent under Idaho Code section 30-858(5).

[1862] AIA Insurance's Bylaws contain comparable provisions.

[1863] Riley' testimony refers only to the requirement that the director provide a written undertaking to repay any funds advanced.

Page - 575

13-ER-3003

faith and in the bests interests of the corporation.[1864] In turn, Section 11.5 provides for mandatory expense advancement, but also contains the following proviso:

"*Notwithstanding the foregoing,* unless otherwise determined pursuant to Section 11.6, no advance shall be made by the corporation if a determination is reasonably and promptly made (a) by the Board of Directors by a majority of a quorum consisting of directors who were not parties to the proceeding, or (b) if such quorum is not obtainable or, even if obtainable, a quorum of disinterested directors so directs, by independent legal counsel in a written opinion that, based upon the facts known to the decision-making party at the time such determination is made, such person acted in bad faith or in a manner that such person did not believe to be in or not opposed to the best interests of the corporation, or, with respect to any criminal proceeding, such person believed or had reasonable cause to believe that his conduct was unlawful." (Emphasis supplied.)

Based upon my knowledge and experience, in the light of the breach of fiduciary and other serious and substantial allegations made against the Controlling AIA Defendants *in Reed Taylor v. AIA Services*, I am of the opinion that an attorney exercising that degree of skill which a reasonably prudent attorney would exercise under the same or similar circumstances would have insisted that, as contemplated by Section 11.5 quoted above, AIA Services obtain a written opinion of independent counsel as to whether the Controlling AIA Defendants acted in bad faith or in a manner they did not believe was in the best interests of, or was opposed to the interests of the AIA Corporations. I am of the further opinion that there is no reasonable prospect that an independent legal counsel would have concluded that the Controlling AIA Defendants did not breach their duties to the AIA Corporations and thus were not entitled to have the AIA Corporations advance their expenses in any of the AIA related suits to which they were a party. Accordingly, Riley's interpretations and analysis of the above Idaho statutes, AIA Services' Amended Articles of Incorporation and AIA Services' New Restated Bylaws are erroneous. In short, Riley is as wrong with respect to indemnification as he was with respect to meaning of Section 30-1-6. E.g., *Taylor v. AIA Services*, 151 Idaho 552, 559-64,

---

[1864] A director shall be deemed to have met the standard "if his action is based on the records or books of account of the corporation . . . or on information supplied or reports made to him by the officers of the corporation . . . or on the advice of legal counsel for the corporation . . ."

261 P.3d 829, 836-41 (2011).[1865] In addition, a portion of the funding for AIA Services' advancement of legal fees came from a September 27, 2007 $500,000 secured loan from CropUSA which, under Section 4.2.(g) of the AIA Services' Amended Articles of Incorporation required the consent of Donna Taylor as the holder of the Series A Preferred Shares. Riley testified, however, that he did not look at the articles, "didn't address the issue" and "didn't consider the issue."[1866]

75.     Moreover, although he cites to page 257 of my August 12, 2019 Report, Mr. Remele fails to address much less refute my opinion expressed on that page that, as discussed in more detail in Sections X-XII, the informed consent of the AIA Disinterested Shareholders required in this instance by Idaho Code section 30-1-853 was not complied with because the Proxy Statement provided to them was materially misleading. No reasonable shareholder or independent director provided with full disclosure would have voted to approve the advancement of any fees or

---

[1865] It is noteworthy that, in purporting to obtain authority to advance litigation expenses to John Taylor, Duclos and Freeman (while the Hawley Troxell Defendants were working on behalf of John Taylor in *Reed Taylor v. AIA Services),* those director defendants did not rely on the so called mandatory provisions of AIA Services New Restated Bylaws. In his March 16, 2007 letter to shareholders, John Taylor stated: "Idaho Code 30-853 provides that a corporation may advance funds to pay the reasonable expenses incurred by a director who is a party to a proceeding because he/she is a director. Usually this authority to advance funds for defending against lawsuits is granted by the disinterested directors of the board of directors. In this case, the entire Board is named in the suit. Therefore, through this vote of the shareholders, we ask for your support of the resolution." (RJT 0000801). Thus, they purported to obtain shareholder approval for such advances pursuant to Idaho Code section 853(3)(b). (As stated in Section XI of this Report, no such approval was obtained because the proxy solicitation material was materially misleading.) Thus it appears that, like his "qualified director theory" (*see* Section XII(E) above), Riley's mandatory expense advance concept was created after the fact to justify the advances to Beck and Henderson without a fully informed shareholder vote pursuant to Idaho Code section 30-1-853(3). Riley testified that he "hadn't thought about" the fact that by February 2008 Beck and Henderson also were named defendants. 3/5/2020 Riley Rule 30(b)(6) Depo. Transcript, pp. 31-32. Moreover, although Riley professes to insist on the AIA Corporations' compliance with what he states is a mandatory Bylaw expense advance provision, he consistently failed to also insist upon compliance with Section 3.2 of AIA Services' New Restated Bylaws which requires the holding of annual meetings of shareholders within eighteen months of each other, Section 4.2.8 of AIA Services' Amended Articles of Incorporation which requires the seating of an AIA Services director designated by Donna Taylor or the 1995 Letter Agreements mandating Series A Preferred Stock redemption payments to Donna Taylor. Those are yet additional examples of the Hawley Troxell Defendants' double standards.

[1866] 3/3/2020 Riley Depo. Transcript, pp. 478-79.

**Exhibit - 1, p. 586**

**13-ER-3005**

costs for any of the Controlling AIA Defendants. Indeed, a reasonably prudent attorney would have taken action to terminate any advances under the facts and circumstances existing from 2007 through the present time.

76.     Paragraph 2(iv) (pp. 47-48). In my opinion, under the facts as set out in this Report, and as discussed above in this Section XII(Y), because the Hawley Troxell Defendants failed to exercise that degree of care which reasonably prudent attorneys would have exercised under the same or similar circumstances and also violated their fiduciary duties to the AIA Corporations the judgmental immunity doctrine is inapplicable and thus affords them no protection. The relevant Hawley Troxell Defendants' acts and decisions were not "judgment" calls. There were no uncertain or murky issues of law that resulted in the Hawley Troxell Defendants' failure to meet the requisite standards of care as discussed in this Report. Indeed, Reed Taylor and Donna Taylor's counsel affirmatively advised the Hawley Troxell Defendants of some of the material problems plaguing them in their purported representation of the AIA Corporations. They simply chose to proceed anyway thereby breaching the standard of care and proximately causing damages to the AIA Corporations. The Hawley Troxell Defendants simply acted unreasonably for all of the reasons stated in this Report, and they are not entitled to any judgmental immunity.

Payment of Attorneys' Fees by AIA Services, AIA Insurance, and CropUSA.

77.     Paragraph 3(i) (p. 48). Mr. Remele relies on the May 2, 2007 Engagement Letter and the February 25, 2008 Amended AIA Engagement Letter as permitting AIA Services and AIA Insurance to pay one another's fees as well as those for Crop USA and John Taylor and *vice versa*. For the reasons stated in Section XII(D) of this this Report in my opinion those representation agreements and payments are illegal, ultra vires, unauthorized and violative of the RPC, including RPC 1.8(f), as addressed and discussed in Sections X and XII(D) of this Report. The language Mr. Remele relies upon is not an express provision authorizing the payment of fees and costs by other parties. The consent to provide a joint statement is not Informed Consent to allow AIA Insurance to pay AIA Services' fees and costs and *vice versa*. Indeed, Mr. Remele omits the remaining portion of that sentence "absent express written instructions from the two Clients as to any other allocation of our fees or costs."[1867] The Hawley Troxell Defendants have not provided proof of any written consent for any allocation or payment of fees and costs. Mr. Remele also fails to recognize that the purpose of obtaining

---

[1867] HTEH000008.

consent to pay another party or entities fees is to ensure that there is no undue influence by the paying party. He also ignores that John Taylor personally paid some of the fees and costs and then subsequently billed those payments back to the AIA Corporations. There was no written consent to allow John Taylor to pay any fees or costs for the AIA Corporations and he would be the last person that should be permitted to pay them based on his proven record of undue influence over the AIA Corporations. The same problems, but worse, were never addressed when the Hawley Troxell Defendants breached their duties of care owed to the AIA Corporations and agreed to jointly represent CropUSA—the 2008 Engagement Letters did not authorize the payment by AIA Services, AIA Insurance or CropUSA of attorneys' fees and costs incurred by the other.[1868] Finally, as I noted in my opinions, AIA Insurance was pledged as collateral to Reed Taylor and that issue alone warranted each of the AIA Corporations to be responsible for the payment of its own fees and costs. In sum, the Hawley Troxell Defendants and Mr. Remele fail to address that "A lawyer may [only] be paid from a source other than the client, including a co-client, if the client is informed of that fact and consents and the arrangement does not compromise the lawyer's duty of loyalty or independent judgment to the client."[1869] This was yet an additional conflict of interest that existed between AIA Services and AIA Insurance in 2007 and between AIA Services, AIA Insurance and CropUSA later that year when the Hawley Troxell Defendants decided to represent all three of the corporations in *Reed Taylor v. AIA Services*. They also made the same error when they failed to obtain Informed Consent in *Donna Taylor v. AIA Services*. Indeed, it appears that the only payment that the Hawley Troxell Defendants received for their purported work in *Donna Taylor v. AIA Services* was in the form of a $30,000 check from CropUSA.[1870] These conflicts of interest were never properly addressed or waived after Informed Consent nor could they have been for the same reasons discussed in this Report (including because the Controlling AIA Defendants' lacked the authority to consent to any conflicts of interest). These are additional reasons why disgorgement is warranted and more examples of additional violations of RPC 1.7 and RPC 1.8(f) because they further confirm what the Unredacted Billing Records and other applicable documents establish—the Hawley Troxell Defendants breached their duties of loyalty owed to the AIA Corporations by placing the interests of the Controlling AIA Defendants and CropUSA above the interests of the AIA Corporations.

---

[1868] HTEH000039-47; HTEH000048-58.
[1869] RPC 1.7 cmt. 13.
[1870] AIA_ 19INSP 0035028-29.

78.     Paragraph 3(ii) (p. 48). The Remele Report next relies on (presumably)the 2003 Administrative "Agreement" or the subsequent one in 2009 as requiring such "shell game" payments. Those documents provided an unfair allocation of expenses (and no allocation for certain expenses) and provided no profit or benefit for the AIA Corporations.[1871] They were never properly authorized and violated the conflict of interest provisions in AIA Services' Amended Articles of Incorporation and AIA Insurance's Bylaws, and constituted an intentional breach of fiduciary duties by the Controlling AIA Defendants (including in concealing this Agreement from the AIA Corporations and AIA's Disinterested Shareholders). Most importantly, the agreements between CropUSA and the AIA Corporations were not agreements with the Hawley Troxell Defendants, which would be required for any consent to be effective (assuming that they agreements were authorized, which they were not). Indeed, as the Riley prepared CropUSA private placement reveals, "the agreements and contracts between CropUSA and AIA Insurance for management, administration, and access to AIA Insurance's association clients were not negotiated at arm's length; and these agreements may involve conflicts of interest."[1872] Mr. Remele also ignores the inconvenient fact that Crop USA was wrongfully taken from the AIA Corporations to begin with and those Corporations' assets were thereafter wrongfully taken by Crop USA; by no stretch of the imagination were there "aligned interests" among those entities. In any event, the Hawley Troxell Defendants cannot assert that any agreements between CropUSA and the AIA Corporations constituted Informed Consent and a waiver under RPC 1.7 when the Hawley Troxell Defendants were not parties to the agreements nor could they have conveyed any information to obtain Informed Consent for the obvious conflicts. Not surprising, the Hawley Troxell Defendants' records show that the AIA Corporations paid most all of the fees and costs to the improper benefit of CropUSA—which is precisely what RPC 1.7 was intended to prevent.

Attempted "Reverse Stock Split":

79.     Paragraph 4(i)-(vi) (pp. 49-50). In my opinion, John Taylor's prompt email response to Ashby's letter (*See* Section X(M) of this Report) says it all, and the message in the Ashby letter was, in effect, the equivalent of saying to a bank robber "the safe is in the basement, the door is wide open, but we're not telling you to take the money." The Hawley Troxell Defendants didn't just "learn of" the reverse split, they were the ones who suggested it and then self-servingly suggested the Controlling AIA Defendants seek the advice of other counsel in an effort to

---

[1871] Dkt. 390-18.
[1872] AIAPROD00045363.

paper over more of their breached duties of care. As in the case of the "legitimacy of John Taylor's actions," the Hawley Troxell Defendants did not ask Mr. Remele to express an opinion on the Hawley Troxell Defendants' suggested reverse stock split because no favorable opinion could be given. Moreover, in my opinion, the appointment in John Taylor's email of Quarles & Brady as general counsel to AIA Services only confirms that the Hawley Troxell Defendants were general counsel before being replaced at that time by Quarles & Brady. Finally, as I have previously opined (e.g., see the above paragraphs) the "board" of AIA Services was not in this context the "highest authority" of AIA Services within the meaning of RPC 1.13 (b). In this context, a Donna Taylor designated, or other independent, director or a majority of the AIA Disinterested Shareholders would have been the "highest authority."

Disbursement of $410,000 Held in Court.

80.     Paragraph 5(i)-(ii) (pp. 50-51). For the reasons I have previously stated, based upon a thorough analysis of the relevant facts and documents, the AIA Corporations' "boards" were not the "authorized constituents of the AIA entities." Nor could they "direct" the Hawley Troxell Defendants and because Mr. Remele has been allowed to avoid expressing an opinion on the "legitimacy" of actions of John Taylor, he is not in a position to opine about the validity of "directions" from a John Taylor dominated and controlled "board." The Hawley Troxell Defendants could have declined to pursue a motion to obtain release of the funds, but they chose to breach their duties of care by seeking and obtaining a court order to withdraw the $410,000. To make matters worse, Donna Taylor attempted to intervene to prevent the release of those funds, but the Hawley Troxell Defendants opposed her motion thereby breaching their duties of care owed to the AIA Corporations. The $410,000 would have been better served by paying Donna Taylor or being kept in the court registry, rather than providing those funds to the Controlling AIA Defendants knowing that they would not use the funds for the benefit of the AIA Corporations.

81.     Paragraph 5(iii) (p. 51). Donna Taylor's attempted intervention to oppose the release of the security funds yet again informed the Hawley Troxell Defendants of the misconduct of the Controlling AIA Defendants to whom they were continuing to provide substantial assistance. While the Hawley Troxell Defendants were on written notice of the improper corporate governance and involved in it, Donna Taylor's proposed Complaint stated and confirmed:

**Exhibit - 1, p. 590**

**13-ER-3009**

"2.4 The named defendants in this action have not held annual shareholder meetings at time during the pendency of this action. The named defendants in this action have directly taken or assisted in the taking or covering up of millions of dollars in assets and funds rightfully belonging to AIA Services and AIA Insurance. Certain of the named defendants are purportedly members of the board of directors and officers of AIA Services, but they have never been properly elected. AIA Services is not able to properly assert and claim or take any action use it does not have properly elected or appointed constituents. There are no properly elected boards of directors at AIA Services or AIA Insurance and those purported Boards have not complied with applicable articles of incorporation and bylaws. 2.5 Since the purported members of the Boards and officers of AIA Services and AIA Insurance have been directly involved in the unlawful transfer of millions of dollars in funds and assets from those entities, they are not rightfully or legally able to withdraw or take possession of $400,000, plus accrued interest, being held by the Court. 2.6 Despite demands and requests from Donna Taylor and other shareholders to keep $400,000 in the Court's possession, the defendants in this action have refused to comply or any action."

82.     Under those circumstances, the Hawley Troxell's fiduciary duties, including those of loyalty to the AIA Corporations, required them to at least investigate those allegations before the funds were placed in the hands of the Controlling AIA Defendants—that investigation would have simply confirmed what the Hawley Troxell Defendants were already aware of—that the AIA Corporations were being improperly operated for the benefit of the Controlling AIA Defendants and that the funds should not be released to them under any circumstances. Indeed, this was yet another time that the Hawley Troxell Defendants should have withdrawn from representing the AIA Corporations. However, they chose not to do so and instead continued their years-long track record of representing the interests of the Controlling AIA Defendants and CropUSA instead of the interests of the AIA Corporations. Finally, Mr. Remele repeats his factually and legally unsupported "mantra" that the AIA Corporations' "boards" were so-called "duly authorized constituents from whom the Hawley Troxell Defendants took direction." No proper shareholder meetings had been held for years to elect directors for AIA Services, the purported members of boards of directors of the AIA Corporations (Beck, Henderson and John Taylor) had conflicts of interest as discussed in this Report that prevented them from pursuing the release

Exhibit - 1, p. 591

13-ER-3010

of the $410,000 in funds. Moreover, Mr. Remele's refusal to consider the legitimacy of any of John Taylor's actions confirms that his opinions are merely additional conclusory ones as are virtually all of his opinions because John Taylor was involved in virtually every decision.

83.     For the reasons stated above, the one-page Order of Judge Brudie in Donna Taylor's direct action to intervene is not binding upon or otherwise affect Miesen's double derivative action brought on behalf of the AIA Corporations. Judge Brudie was never presented with all of the facts and an order to release funds or deny intervention has no preclusive effect upon Miesen—just as claim preclusion does not apply to any of the Hawley Troxell Defendants' other breached duties of care and loyalty committed against the AIA Corporations which are at issue in this Lawsuit.[1873]

84.     Paragraph 5(iv)-(vi) (pp. 51-52). Contrary to Mr. Remele's assertion the Unredacted Billing Records establish that, in my opinion, the Hawley Troxell Defendants were general counsel to the AIA Corporations and, as inferred by Mr. Remele, owed fiduciary duties of, *inter alia*, loyalty and good faith which under the circumstances required them to see to it that funds such as the security deposit with which they were involved were used for proper corporate purposes. In my opinion, under the circumstances, to allow the release of the Security Deposit to the Controlling AIA Defendants was a flagrant breach of those duties. My opinions remain unchanged even if the Hawley Troxell Defendants were not general counsel. The release of the $410,000 was an issue in the lawsuit and one that required the Hawley Troxell Defendants to prudently discharge their duties of care, which they failed to do when they sought and obtained release of the funds.

85.     Paragraph 5(v) (pp. 51-52). As I have previously stated throughout this Report, the purported "boards" were not "duly authorized constituents" from whom the Hawley Troxell Defendants could take direction. Mr. Remele avoids this issue by not evaluating the conduct of John Taylor and the other Controlling AIA Defendants. He also continues to forget that in footnote 16 on page 29 of his Report that he was "not been retained to opine on the legitimacy of John Taylor's actions." The release of the $410,000 was squarely at issue in Reed Taylor v. AIA Services and the Hawley Troxell Defendants owed duties of care and loyalty to the AIA

---

[1873] *E.g., Barr v. Day*, 124 Wash.2d 318, 324-326, 879 P.2d 912, 915-916 (1994); *Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 321 Mont. 432, 438-442, 92 P.3d 620, 636-628 (2004); *Kerner v. Superior Court*, 206 Cal.App.4th 84, 126-128, 141 Cal.Rptr.3d 504, 536-538 (Cal. Ct. App. 2012).

Corporations to prevent the release of the funds to the Controlling AIA Defendants. They breached those duties when they sought and obtained a court order releasing the funds. Finally, Mr. Remele disregards John Taylor's testimony that the Hawley Troxell Defendants had acted as general counsel for the AIA Corporations— testimony that I actually agree with as discussed in this Report.

86.     Paragraph 5(vii) (p. 52). As stated immediately above, Mr. Remele's premise that the Hawley Troxell Defendants did not have a duty to monitor the security deposit funds is erroneous—that issue was squarely within their scope of representation and duties owed to the AIA Corporations. Moreover, the *J-U-B Engineers* case cited by Mr. Remele is inapposite. It involved a claim against an insurance company- provided attorney who had settled a case which had been brought against the insured. The defense attorney obtained a dismissal of the case against the insured with prejudice, but, contrary to the insured's wishes, the dismissal also included an abandonment of the insured's claim against the plaintiff for attorneys' fees. In affirming the district court's grant of summary judgment to the insured's defense attorney, the Idaho Supreme Court stated that, under the terms of a subrogation clause in the policy, the insured was not entitled to recover attorney's fees in the underlying action; any such recovery would have gone to the insurance company which had approved the settlement. With reference to Mr. Remele's statement regarding a lack of evidence "tying" the funds to the controlling AIA Defendants' misconduct, it is abundantly clear that the funds are gone.[1874] They were not used for any proper purpose (such as the redemption of Donna Taylor's Series A Preferred Stock or the repurchase of the Series C Preferred Shares held by the AIA Services' 401(k) Plan for the benefit of innocent former employees of the AIA Corporations because those things never happened.[1875] The funds were used for other improper purposes, just as the millions of dollars before them, which was entirely foreseeable by the Hawley Troxell Defendants when the sought and obtained the funds from the court.

The $800,000 ULIC Policy Holder Trusts' Claims Settlement:

87.     Paragraph 6(i)-(v) (pp. 52-54). The Hawley Troxell Defendants represented the AIA Corporations as substitute counsel and in connection with the Settlement Agreement and Release and thus were well aware of the special purpose for which those funds were to be used. As stated in Section XII of this Report, in reaction to an email from Roderick Bond, Riley did at least purport to monitor the

---

[1874] AIAS_0001741-44.
[1875] AIAS_0001741-44.

Exhibit - 1, p. 593

use of those funds, but thereafter did nothing to ensure that his admonition to segregate the funds was being complied with. With reference to Babbitt's letter of April 14, 2009,[1876] which Mr. Remele reduced to a footnote reference, discussed in Section X(J) of this Report, the import is clear (use the funds to pay our bills). Mr. Remele disregards the pertinent facts and my opinions. First, the Hawley Troxell Defendants could not have limited their scope of representation as discussed throughout this Report. Second, the $800,000 settlement, like other substantial funds and acts of malfeasance, was also specifically at issue in *Reed Taylor v. AIA Services* and within the Hawley Troxell Defendants' scope of representation (as confirmed by the Riley) and the filings in that lawsuit. However, once again, rather than represent the interests of the AIA Corporations in both lawsuits and seek to preserve the $800,000 and keep those funds out of the hands of the Controlling AIA Defendants, the Hawley Troxell Defendants breached their duties of care and loyalty by allowing the funds to be released into the hands of the people that they knew would improperly use the $800,000 for other purposes. Those funds are gone thereby proximately causing damage to the AIA Corporations.

Failing to Control the Use of Funds by the AIA Entities to Benefit Donna Taylor.

88.    Paragraph 7(i)-(ii) (pp. 54-55). In breach of the AIA Services Articles of Incorporation, the 1995 Letter Agreements, and the fiduciary duties of loyalty owed to her, Donna Taylor has not received the redemption payments which were required to be paid in full by December 2003 (excluding any of the additional $100,000 semi-annual payments required after Reed Taylor's $1.5 million down payment note was paid in full in 2001), notwithstanding that AIA Services had more than enough funds to do so and in fact spent more on legal fees resisting her claim than it would have cost to satisfy her claim in full. As stated earlier in this this Report, in my opinion, as demonstrated by the Unredacted Billing Records discussed above, the Hawley Troxell Defendants have acted as general counsel to the AIA Corporations since not later than 2007. Under the circumstances, the Hawley Troxell Defendants owed a fiduciary duty to AIA Services to prevent the misuse of funds and insist that those payments be made at a time when the AIA Corporations had more than sufficient funds to so and the Hawley Troxell Defendants breached that duty by failing to do so. The Hawley Troxell Defendants had a choice. They could have decided to not participate in the conduct and withdrawn or proceed in the best interests of the AIA Corporations. They chose neither option thereby breaching their duties of loyalty and care owed to the AIA Corporations and proximately causing damages to them in the form of substantial

---

[1876] HTEH000242-45

**Exhibit - 1, p. 594**

**13-ER-3013**

accrued interest and attorneys' fees and costs incurred and owed in *Donna Taylor v. Taylor*. This particularly true because the AIA Corporations spent more on legal fees resisting payment than it would have cost to pay Donna Taylor in full. Mr. Remele acknowledges that AIA Services now claims it is unable to make these payments "due to its declining financial condition." By enabling and aiding and abetting the Controlling AIA Defendants' numerous acts of misconduct by substantially assisting them carry out their destructive course of conduct described in this Report, including the serial misuse of funds, the Hawley Troxell Defendants are liable to the AIA Corporations.

89.     Paragraph 7(iii)-(iv) (p. 55). In my opinion, as stated in Sections X and XII of this Report, the Hawley Troxell Defendants also breached their fiduciary duties to the AIA Corporations by following the instructions of John Taylor generally, and, in particular by opposing the appointment of a receiver for those Corporations. Their opposition to the appointment of a receiver is a far cry from the pronouncements the RPC and the Restatement concerning settlements. Under the supervision of a receiver, the subsequent misconduct of the Controlling AIA Defendants would have been prevented. Moreover, as contemplated by Ashby,[1877] the Receiver would also have asserted claims against the Controlling AIA Defendants and the Hawley Troxell Defendants.

Liability for the GemCap Settlement:

90.     Paragraph 8(i)-(iv) (p. 55-56). Mr. Remele's disagreement with my opinion concerning the Hawley Troxell Defendants' responsibility for the GemCap Settlement Agreement assumes (erroneously) that the scope of their engagement was limited and that they were not acting as general counsel to the AIA Corporations since no later than 2007. Comment [4] to Rule 1.3 of the RPC is not at all applicable to the comprehensive nature and extent of the Hawley Troxell Defendants and AIA Corporations attorney-client relationship or the damages proximately caused by their having opposed the appointment of a Receiver and abandoning their Petition for a Court Appointed Inquiry, both of which would have prevented, *inter alia,* AIA Services' Limited Guarantee of the GemCap Loan and the AIA Corporations' Amended Guarantee of the GemCap Loan, which has resulted in the purported liability of the AIA Corporations under the GemCap Settlement Agreement. Moreover, the Hawley Troxell Defendants continue as counsel for the AIA Corporations in the *Reed Taylor*, which remains pending with no final judgment, notwithstanding that there is a docket entry designated "Civil

---

[1877] HTEH000197.

**Exhibit - 1, p. 595**

**13-ER-3014**

Deposition Entered" or that the Unredacted Billing Records do not reflect time entries subsequent to July 11, 2012. The Hawley Troxell Defendants remain counsel of record for the AIA Corporations in that lawsuit.

91.     Paragraph 8(v) (p. 57). As stated above, under the circumstances of this Lawsuit, matters such as the Hawley Troxell Defendants not opposing the appointment of a desperately needed receiver are governed by attorney fiduciary principles rather than inapplicable authorities RPC 1.2 or Section 22 of the Restatement.

Failing to Impose Conditions of Representation on the AIA Entities.

92.     Paragraph 9(i)-(ii) (p. 57-58). Although Riley and Babbitt have stated in Declarations that they did not provide legal advice or services with respect to the loans by the AIA Corporations to Pacific Empire Radio, neither denied being aware of those transactions, nor did they state when they learned of them. A Donna Taylor appointed, or if there were no such designation an otherwise independent, Director of AIA Services or a receiver would have prevented those loans from occurring. Moreover, as stated above, the Unredacted Billing Records demonstrate that the Haley Troxell Defendants did in fact consider conditioning their representation on Donna Taylor's receiving notice of Board meetings and the December 22, 2009 finally acknowledged that she is entitled to board representation [1878]

93.     Paragraph 9(iii) (p. 58). For the reasons stated many times in this Rebuttal and in this Report, it is my opinion that under RPC 1.2(c), the Hawley Troxell scope of representation was not and could not have been limited. The purported May 2, 2007 AIA Engagement Letter and the purported back dated February 25, 2008 Amended AIA Engagement Letter (together with the purported agreements accompanying the same) were illegal, ultra vires, unauthorized and of no force or effect. It is my further opinion that, as I have expressed above, from no later than 2007 the Hawley Troxell Defendants were acting as general counsel to the AIA Corporations and as such owed to the AIA Corporations the fiduciary and other duties described in this Report Finally it is now clear that the "creditor claim" upon which Mr. Remele relies was created for that purpose by Riley's changed deposition testimony.

94.     Paragraph 9(iv) (pp. 58-59). The Hawley Troxell Defendants' motion to dismiss Donna Taylor's receiver action and their obtaining a stay of that action

---

[1878] FB1035; HTEH 000203.

had the same practical effect as a defense on the merits. Thus, Mr. Remele's focus on the Hawley Troxell Defendants' addressing "procedural deficiencies" is a distinction without a difference. The stay should never have been sought because the allegations against the AIA Controlling Defendants are separate and distinct from Reed Taylor's claims under the stock redemption agreement. Most importantly, the stay effectively prevented the badly needed appointment of a receiver for the AIA Corporations and resulted in the Hawley Troxell Defendants breaching their duties of care and loyalty owed to the AIA Corporations thereby proximately causing them to be damaged as discussed in this Report. We know for certain today that the appointment of a receiver would have prevented millions of dollars in damages to the AIA Corporations.

Failing to Stop the Hudson Transaction.

95.     Paragraph 10(i)-(vii) (pp. 59-61). The Hudson Transaction occurred while the Hawley Troxell Defendants were acting as general counsel to the AIA Corporations, and with an unlimited scope of representation, with the duties and responsibilities attendant thereto. It also occurred while the Hawley Troxell Defendants were representing the AIA Corporations in *Reed Taylor v. AIA Services* and the issue of the AIA Corporations being the rightful owner of the CropUSA book of business was at issue in that lawsuit. The Hawley Troxell Defendants owed duties of care and loyalty to recover the assets for the AIA Corporations—not represent the interests of the Controlling AIA Defendants by allowing the sale to proceed. Moreover, the Unredacted Billing Records reveal that Riley was involved in the review of (not, as Mr. Remele states, merely "in possession of") the assignment agreement for the Hudson Transaction and was communicating with

Page - 588

Exhibit - 1, p. 597

13-ER-3016

counsel involved in that transaction).[1879] Riley also knew that CropUSA had been misappropriated by the Controlling AIA Defendants and that CropUSA had in turn stolen from the AIA Corporations the very assets being sold to Hudson. In addition, the Unredacted Billing Records disclose that at least as early as October 2007, ten months before the Hudson Transaction and at a time when $7,469,850.72 of the up to $15,000,000 credit line under the Lancelot Loan had been drawn down, the Hawley Troxell Defendants, including Collins and Riley, knew that the Lancelot Loan violated the Guarantee Prohibition and that the Lancelot Loan Opinion was

---

[1879] "8/5/08 Richard Riley…review CropUSA loan assignment to document ." FB 0752; "8/18/08 Richard Riley…telephone conference with G. Babbitt and J. Gatziolis re status of Hudson transaction and documents." FB 0756-57. As the Hawley Troxell Defendants' Rule 30(b)(6) designee, Riley testified that the reason he was looking at the assignment agreement was "to find out what happened to the Lancelot loan and the opinion that you were at that point accusing us of it being improper" and, in response to the question "So you would have been looking at that to make sure that Hawley Troxell's obligations under the legal opinion were released or taken of. Is that my understanding? Is that right," Riley answered, "that may have been one reason," "And also to find out from the standpoint of AIA Insurance, our client, as to whether it had any continuing liability on its guarantee." 3/5/2020 Riley Rule 30(b)(6) Depo. Transcript, p. 216-17. That is a far cry from Mr. Remele's defense (on page 60 of his Report) of the Hawley Troxell Defendants where Mr. Remele stated: "The fact that the Hawley Troxell Defendants had that document during the pendency of the *Reed Taylor* litigation is not surprising as it related to subject matter on which Reed Taylor was seeking discovery in the *Reed Taylor* litigation." One would think that with his team of assistants Mr. Remele would have inquired of Riley as to when and why the Hawley Troxell Defendants had the Agreement and why Riley examined it. Riley's explanation confirms that the Hawley Troxell Defendants viewed the Hudson Transaction as a way to avoid liability for their erroneous Lancelot Loan Opinion, irrespective of the harm done to the AIA Corporations by reason of the sale of assets which had been wrongfully taken from them.

Page - 589

Exhibit - 1, p. 598

13-ER-3017

wrong.[1880] Under those circumstances, in my opinion, the Hawley Troxell Defendants were, at least as early as October 2007, required to notify both the AIA Corporations and Lancelot that the Lancelot Loan Opinion was wrong and could not be relied on. Whether the Hawley Troxell Defendants were actively representing the AIA Corporations or CropUSA in connection with the carrying out of the Hudson Transaction does not affect their culpability for the damages sustained by the AIA Corporations as a result of that transaction. The statement in the opinion letter that it was rendered as of its date and that the Hawley Troxell Defendants disclaim "any obligation to advise [Lancelot] of any changes in or any developments which might affect any matters or opinions set forth herein"[1881] did not relieve the Hawley Troxell Defendants of that obligation.[1882] Finally, the Hudson Transaction was directly related to the representation of the AIA Corporations, and RPC 1.13(b) as well as their duties of care and fiduciary duties required the Hawley Troxell Defendants to proceed in the best interests of the AIA Corporations and refer the Hudson Transaction for the approval of a Donna Taylor designated director, another independent Director, or the AIA Disinterested Shareholders. Because the Hudson Transaction was so inimical to the AIA Corporations, no such approval would have been obtained and the transaction in the form presented would not have occurred.

[1880] "10/10/07 Richard Riley…CONFERENCE WITH P. COLLINS RE CROP USA LOAN REVIEW RELATIVE TO SERVICES' PREFERRED STOCK COVENANTS; CONFERENCE WITH G. BABBITT RE RESPONSE TO REQUEST TO ADMIT VIOLATION OF SERIES A COVENANT." FB 0688 (Solid Caps in original). "10/10/07 Patrick V. Collins…CONFERENCE WITH COUNSEL RE REQUEST FOR ADMISSION AND WHETHER PREVIOUSLY ISSUED LEGAL OPINION IS RELEVANT TO SAME." FB 0688 (Solid Caps in original). Although at his Rule 30(b)(6) March 4, 2020 deposition, Ashby refused to state what work he did on the loan guarantee issue because he is not an expert (Tr. p. 152-54), the Unredacted Billing Records contain the following entry: "10/26/07 John Ashby…ANALYSIS OF WHETHER THE LOAN GUARANTEE CAN CONSTITUTE A DEFAULT IF IT IS AN ULTRA VIRES ACT." FB 0692 (Solid Caps in original). Around the same time, in order to cover up the issue, Riley and Babbitt were formulating an argument that Reed Taylor lacked standing to "RAISE BREACH OF SERIES A PREFERRED STOCK COVENANT FOR SUBSIDIARIES NOT TO GUARANTEE DEBT WITHOUT DONNA'S CONSENT." FB0687 (Emphasis in original). In responding to Request For Admission No. 1, AIA Services *denied* that AIA Insurance's Guarantee of the Lancelot Loan was a "violation" of the Guarantee Prohibition while Ashby was considering "WHETHER THE LOAN GUARANTEE CAN CONSTITUTE A DEFAULT IF IT IS AN ULTRA VIRES ACT." FB 0692-93 (Emphasis in original).
[1881] AIAPROD00086113.
[1882] The Third Party Legal Opinion Report, Including The ABA Accord (1991) 47 Bus. Law.1, 198 (1998), states that language of that import "does not deal with the question of subsequent correction of an Opinion that was wrong on the date of the Opinion Letter."

Aiding and Abetting Breaches of Fiduciary Duty by the Controlling AIA Defendants.

96.    Paragraph 11(i) (pp. 61-62). Even if their scope of representation had been limited as Mr. Remele opines (which it was not), and the Hawley Troxell Defendants were not general counsel to the AIA Corporations (which they were), Reed Taylor's allegations made the Hawley Troxell Defendants well aware of the misconduct of the Controlling AIA Defendants, and they substantially assisted them in concealing, covering up and continuing such conduct. The only explanation I can think of for Mr. Remele's statement that there is "no evidence" that the Hawley Troxell Defendants "knew of, or assisted or encouraged" the misconduct of the Controlling AIA Defendants is that the Hawley Troxell Defendants steered Mr. Remele away from the misconduct of John Taylor[1883] spoon fed information to him and withheld from him such information as the Unredacted Billing Records.[1884]As in the *Cargill* case cited by Mr. Remele, the evidence produced thus far in this Lawsuit, as buttressed by the recently disclosed Unredacted Billing Records, demonstrates that[1885] there are "specific facts to support a reasonable inference that [the Hawley Troxell Defendants] knowingly participated in [the Controlling AIA Defendants'] breach of [their fiduciary duties…" Those facts are set forth in Sections X, XI and XII, including, but not limited to, Section XII(A), which demonstrate that the Hawley Troxell Defendants had numerous opportunities to both prevent and seek redress for the misconduct of the Controlling AIA Defendants, but each time they chose not to do so, knowing that harm would continue to be inflicted upon the AIA Corporations. It was entirely foreseeable in 2007 that those actions by the Hawley Troxell Defendants would produce the effects upon the AIA Corporations that they have in fact produced – decimated corporations and the AIA Disinterested Shareholders, many of whom are former employees who invested in their employer, holding worthless common stock.

---

[1883] In footnote 16 on page 29 of his Report Mr. Remele states "I have not been retained to opine on the legitimacy of John Taylor's actions" yet he relies on John Taylor's actions to opine that the Hawley Troxell Defendants were justified in concluding that John Taylor and the other Controlling AIA Defendants were "duly authorized constituents" of the AIA Corporations and that the Hawley Troxell Defendants could take direction from them.

[1884] It is difficult to comprehend how Mr. Remele could render his opinions without examining those Unredacted Billing Records.

[1885] *Cargill, Inc. v. JWH Special Circumstance LLC,* 959 A.2d 1096, 1128 (Del Ch 2008).

Page - 591

97.     In addition, the Hawley Troxell Defendants, employing a hyper technical, logic defying, perversion[1886] of the RPCs, induced their clients to enter into the May 2, 2007 AIA Engagement Letter, the February 25, 2008 Amended AIA Engagement Letter, the Joint Defense Agreements and the Standstill and Tolling Agreements. The purpose and effect of those agreements was also to prevent the AIA Corporations from seeking redress for the misconduct of the Controlling AIA Defendants. As explained in Sections X and XII of this Report, the Standstill and Tolling Agreements prevented the AIA Corporations from recovering money damages from the Controlling AIA Defendants. The Joint Defense Agreements, which are also discussed in Sections X and XII of this Report, are being used to this day to prevent Miesen from obtaining documents relevant to the claims he is asserting on behalf of the AIA Corporations and to shield the misconduct of the Hawley Troxell Defendants and the Controlling AIA Defendants from scrutiny.

98.     The Remele Report does not specifically refer to or address my analysis and opinions contained in Section X of my Report, which are incorporated by reference into Sections XI and XII and are therefore unrebutted and conceded by him. This logically follows his admission in footnote 16 on page 29 of his Report that he has "not been retained to opine on the legitimacy of John Taylor's actions." Because John Taylor is intertwined with every act and omission at issue, Mr. Remele's failure to address "the legitimacy of John Taylor's actions" renders virtually all of his opinions meaningless. To the extent that Mr. Remele implies that he is assuming that John Taylor's acts were legitimate, his assumption is wholly unreasonable based on the facts and circumstances, including for the reasons discussed in this Report.

## Z.   Rebuttal to Mr. Lidstone's Report and Opinions.

Having carefully and fully reviewed the Lidstone Report and based upon my education, training, knowledge, and experience, together with the authorities, facts, documents, analysis, and data, including the Unredacted Billing Records, that I have reviewed, considered, assumed, relied upon, and disclosed in this Report, I hereby incorporate by reference herein my prior analysis and opinions (including those expressed in Sections I, XI, XII, and XIII and Exhibits A-H attached hereto)

---

[1886] Eleven months later the Hawley Troxell Defendants in effect acknowledged that the convoluted structure was about to collapse of its own weight: "Plaintiff has amended his complaint to add new parties, complicating an already complex set of agreements." HTEH000168.

Exhibit - 1, p. 601

13-ER-3020

to rebut the Lidstone Report and I express the following additional rebuttal opinions:

1.  The Lidstone Report states that Mr. Lidstone has been engaged "to give an expert opinion concerning certain allegations" in this Lawsuit concerning the Lancelot Loan Opinion.

2.  Mr. Lidstone's only invoice in this matter states that he spent 12.6 hours on his Report and indicates that he did not have any associates or legal assistants working with him.[1887] I know from experience that it takes between 9 and 10 hours just to read this Report. Although he had one forty-eight minute telephone conference with the Hawley Troxell Defendants' counsel, Mr. Ipsen on September 17, 2019, there is no indication that he spoke with Riley or any of the other Hawley Troxell Defendants[1888] and it appears that he has been spoon fed information by the Hawley Troxell Defendants. On page 19 of his Report, Mr. Lidstone states that "there is no indication that Mr. Riley retained 'actual knowledge' of the documents prepared for a former client of more than ten years ago," which includes AIA Services' Amended Articles of Incorporation or the Guarantee Prohibition. As I stated above in my Rebuttal to the Remele Report, this is a factually intensive case which requires knowledge of the detailed and specific facts and documents upon which the opinions expressed in my 263 page August 12, 2019 Report are based, including those relating to the Lancelot Loan Opinion's factual and legal issues. It appears that Mr. Lidstone was put in the position of expressing opinions on the basis of even less than a once over lightly review of certain limited material and without access to the requisite primary source information. In my opinion, Mr. Lidstone was not given access to Riley because, as stated below, it is more probable than not that Riley was aware of AIA Services' Amended Articles of Incorporation and the Guarantee Prohibition at the time the Lancelot Loan Opinion was delivered and Riley did not want to answer any questions on that issue. In addition, Mr. Lidstone's statement that AIA Services was a "former client" is incorrect. The Hawley Troxell Defendants were representing AIA Services in 2006.[1889] They owed duties of loyalty to AIA Services to not have

---

[1887] LID - 1730.

[1888] Counsel for the Hawley Troxell Defendants has acknowledged that "Mr. Lidstone has not interviewed any Hawley Troxell attorneys" (3/4/2020 John Ashby Rule 30(b)(6) Depo. Transcript, p. 164), and Riley testified that Mr. Lidstone did not interview him or Mr. Stoddard regarding the Lancelot Loan Opinion. 3/3/2020 Riley Depo. Transcript, p. 609.

[1889] *E.g.,* Dkt. 783-24, pp. 22-43.

**Exhibit - 1, p. 602**

**13-ER-3021**

its wholly owned subsidiary AIA Insurance enter into the Lancelot Loan Guarantee—let alone deliver the Lancelot Legal Opinion for the transaction.

3.    Nowhere in the Lidstone Report does Mr. Lidstone express the opinion that (i) AIA Insurance's Guarantee of the Lancelot Loan did not violate the Guarantee Prohibition, (ii) the Lancelot Loan Opinion was correct or (iii) AIA Insurance had the power and authority to execute and deliver AIA Insurance's Guarantee of the Lancelot Loan.[1890] Instead, he says only that (i) there is no evidence that AIA Services was a client of the Hawley Troxell Defendants "in connection with" the Lancelot Loan Opinion (a non sequitur that has nothing to do with the effect of the Guarantee Prohibition on AIA Insurance's Guaranty of the Lancelot Loan) and (ii) there is no evidence that the Hawley Troxell Defendants had actual knowledge of the Guarantee Prohibition or AIA Services New Restated Bylaws (which also prohibited AIA Insurance's Guaranty of the Lancelot Loan). Those opinions are rebutted below. Mr. Lidstone also opines that the Lancelot Loan Opinion was prepared in accordance with customary practice, which I also rebut below.

4.    I have organized this portion of this Report and rebuttal opinions according to the headings, paragraph numbering and lettering in the Lidstone

---

[1890] Mr. Lidstone states: "Insurance is a corporation separate and apart from Services, and to the extent that Services' articles of incorporation or bylaws has limitations on Services' ability to act, those limitations bound Services and not its subsidiary, Insurance, and are not relevant to attorneys *who do not have actual knowledge* of those restrictions and their potential effect on Insurance." (p. 21). (Emphasis supplied.). His Report offers provides no support for Riley's claim that Section "4.2.9 (c) [of the AIA Services' Amended Articles of Incorporation] is not part of the governing documents of AIA Insurance" (3/5/2020 Riley Rule 30(b)(6) Depo. Transcript, p. 83), nor is there any basis for that assertion. The clear import of Mr. Lidstone's statement is that he believes that AIA Services' Amended Articles of Incorporation *are* relevant to attorneys who *do* have such knowledge. In his March 3, 2020 deposition (3/3/2020 Riley Depo. Transcript, p. 366), Riley admitted that "I knew that there were restrictive covenants in the AIA Services' Series A provisions and articles. I did not recall specifically what they were." John Taylor, in his Rule 30(b)(6) testimony on behalf of the AIA Corporations confirmed that Riley "actually was involved in preparing AIA Services amended articles of incorporation with the restrictions that prohibited the loan guarantee." 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript p. 522. Nevertheless, Riley did not advise Patrick Collins (who did not know about the Guarantee Prohibition) to examine the AIA Services' Amended Articles of Incorporation. In my opinion, particularly (but not exclusively) because Riley had such knowledge, customary legal opinion practice required that, in rendering the Lancelot Loan Legal Opinion, the Hawley Troxell Defendants examine the AIA Services' Amended Articles of Incorporation, which include the Guarantee Prohibition.

Exhibit - 1, p. 603

13-ER-3022

Report, together with their respective page numbers. I have also included additional opinions in Sections X-XIII and Exhibits A-H attached hereto, which are also responsive in further rebutting Mr. Lidstone's opinions.

Documents Reviewed.

5.      Paragraph 18 (p. 5). Although Mr. Lidstone obtained "various entity documents" from the offices of the Idaho Secretary of State of Idaho, he apparently obtained copies of the Articles of Incorporation and Bylaws of AIA Services only from counsel for the Hawley Troxell Defendants. The necessity for an examination of a complete set of duly certified copies of the Articles of Incorporation, together with all subsequent amendments and other filings, of each of the AIA Corporations, CropUSA and other relevant entities is discussed later in this Report. This is precisely what I did in connection with my preparation of this Report. This is the starting point. Since Mr. Lidstone had no prior relationship with the AIA Corporations, he should have sought and obtained certified copies of the articles of incorporation and all amendments and restatements thereto for the AIA Corporations and he breached the standard of care by failing to do so. Over all, it appears that the Hawley Troxell Defendants intentionally did not have Mr. Lidstone conduct the necessary fundamental due diligence one would ordinarily carry out, including, as stated above, interviews with the available Hawley Troxell Defendants, such as Riley and Michael M. Stoddard, who apparently was a member of the Hawley Troxell Defendants' legal opinion committee and, as shown by the Unredacted Billing Records, reviewed the Lancelot Legal Opinion on October 27, 2006.[1891]

The Entities Involved.

6.      Paragraph 22(a)-(f) (pp. 7-8). Unlike the previous one concerning AIA Services (pp. 5-6) this summary of reviewed documents does not include an AIA Insurance Entity Documents section. The critical necessity for an examination of AIA Insurance's Articles of Incorporation as amended is discussed later in this Report. Mr. Lidstone also disregards the fact that AIA Services had not properly

---

[1891] FB1125.Although Stoddard described his Lancelot Loan work as "opinion committee review" and Riley's time entry refers to "final opinion committee review" (*id.*), Riley testified that there wasn't an opinion committee, only "an informal group of people that would consult with one another if issues came up on opinions" 3/3/2020 Riley Depo. Transcript, p. 362. Indeed, contrary to established practice, Hawley Troxell still does not have an opinion committee. *Id.*

held a shareholder meeting in years to elect directors and thus the directors of AIA Insurance were likewise not duly elected. *See* Section XI(A).

The Nature of Legal Opinions.

7.      Paragraph 29 (p. 10). Mr. Lidstone looks to the 1998 Report for guidance. As a member of the TriBar Legal Opinion Committee, I was an active participant in the preparation of the 1998 TriBar Report.[1892]

8.      Paragraph 31 (p. 11). The Guarantee Prohibition is another example of the type of shareholder authorization requirement that Mr. Lidstone refers to when he states that an opinion giver must understand "the legal requirements for authorizing [an] agreement such as shareholder or director approval."

9.      Paragraph 34 (pp. 11-12). The Guarantee Prohibition covers not only power, but also, authority. Moreover, the violation of the Guarantee Prohibition did not have "collateral" consequences of the type referred to in Section 6.3 of the 1998 TriBar Report. The opinion expressed in the Lancelot Loan Opinion that AIA Insurance had the power to enter into the AIA Insurance's Guarantee of the Lancelot Loan[1893] *does* "cover statutory, charter and by-law provisions" that "deny [AIA Insurance] the power to engage in a specific activity" such as AIA Insurance's Guarantee of the Lancelot Loan. The Guarantee Prohibition *directly* (not collaterally) affected AIA Insurance's Guarantee of the Lancelot Loan by rendering it unauthorized, illegal and ultra vires.

10.      Paragraph 34(b) (p. 12). The opinion in the Lancelot Loan Opinion that AIA Insurance had the power and authority to execute, deliver and perform AIA Insurance's Guarantee of the Lancelot Loan and that such actions were duly authorized by all necessary action of AIA Insurance[1894] was a Legal Opinion (albeit an erroneous and negligently prepared one by the Hawley Troxell Defendants) and not, as suggested by Mr. Lidstone, one of *fact*, such as, for example, a statement concerning the absence of litigation.

The Lancelot Opinion.

---

[1892] Third Party "Closing" Opinions, 53 Bus. Law. 591 (1998) (the "1998 TriBar Report").

[1893] Dkt. 1-10, p. 6 ¶ 2.

[1894] Which, of course, was not the case because the approval of Donna Taylor as the holder of all of the outstanding shares of Series A Preferred Shares was not obtained.

11.     Paragraph 36(6) (p. 13). The assumption in paragraph 6 (p. 6) of the Lancelot Loan Opinion that the Lancelot Loan Documents "comply with any test required by law of good faith or fairness"[1895] could not have been relied upon by the Hawley Troxell Defendants. They knew that CropUSA had been stolen[1896] from AIA Services and that CropUSA had in turn misappropriated millions of dollars of business and assets from the AIA Corporations. Under the circumstances, that assumption was in the words of the 1998 TriBar Report "subject to the limitation…on rendering misleading opinions."[1897] and therefore could not be relied upon by the Hawley Troxell Defendants in rendering the Lancelot Loan Opinion.

The Plaintiff's Characterization of The Lancelot Loan Opinion

12.     Paragraph 41(6) (p. 14). Mr. Lidstone seems to be equating "authenticity" with "authorized." With regard to signatures, Section 2.3(a) of the 1998 TriBar Report states that, among the common factual assumptions made by an opinion giver is "that the signatures on executed documents such as AIA Insurance's Guarantee of the Lancelot Loan are genuine." The assumption therefor is not of "authenticity" as Mr. Lidstone states, but that the signatures are "genuine" without any inference that the signor was authorized.[1898] Paragraph 111 1 (p. 5) of the Lancelot Legal Opinion contains an express assumption that signatures are "genuine," not that they were authorized.

---

[1895] Dkt. 1-10, p. 6.

[1896] For example, the February 7, 2001 engagement letter relating to legal services the Hawley Troxell Defendants performed for CropUSA (formed under the name AIA Crop Insurance, Inc. on November 18, 1999 (DLM – 0033418), contained a representation by AIA Insurance that it is "an affiliate and equity owner of CropUSA." HTEH000188. I have seen nothing which suggests that the AIA Corporations were compensated for their loss of ownership of CropUSA, only that millions of dollars in business and assets were subsequently and wrongfully transferred from the AIA Corporations to CropUSA.

[1897] Section 2.3, 1998 TriBar Report, 53 Bus. Law at 616.

[1898] Moreover, Mr. Lidstone did not address the question as to whether, in connection with the preparation of the Lancelot Loan Opinion, the Hawley Troxell Defendants exercised customary diligence as articulated by TriBar (See Section 1.4 (c) 1998 TriBar Report, 53 Bus. Law. at 601-02.) In the light of the recent testimony of John Taylor concerning the pervasive absence of board resolutions adopted by the Controlling AIA Defendants' coupled with the Hawley Troxell Defendants' practice of failing to confirm compliance with commonly accepted corporate governance procedures, any third party legal opinion expert given the opportunity to examine that issue would have concluded that not only was the Lancelot Loan Opinion wrong on the substance, the execution of the purported agreements relating to the Lancelot Loan were not authorized by the AIA Corporations.

13.     Paragraph 41(8) (p. 14-15). A stated above, the "authenticity" of the signatures was not assumed in the Lancelot Opinion, only that the signatures were genuine A factual assumption in a third party Legal Opinion that a document is authentic does not mean that it was *authorized*. The latter is a matter of law—not fact.[1899]

14.     Paragraph 41(9) (pp. 15-16). The Lancelot Opinion was delivered on or about October 27, 2006. As stated above in this Report, the Hawley Troxell Defendants were general counsel to the AIA Corporations from not later than 2007 until on or about May 3, 2012, with all of the duties and responsibilities attendant thereto. With reference to footnote 3 on page 15, the Unredacted Billing Records reveal that Riley was also working on the Liquidator matter since at least March 30, 2004 and communicating with John Taylor.[1900] Moreover, the fact that the Lancelot Loan Opinion does not reflect that the Hawley Troxell Defendants represented AIA Services is irrelevant to the question as to whether the Lancelot Opinion was negligently prepared, which, in my opinion, it was.

15.     My opinion that a conflict waiver from the AIA Corporations for the Lancelot Opinion would have been invalid is "substantiated" by, among other things, the following facts in Section X of this Report (and as known by the Hawley Troxell Defendants).The Controlling AIA Defendants caused the AIA Services' corporate opportunity to engage in the crop insurance business to be diverted to Crop USA, the ownership of which they then took from AIA Services and gave a controlling interest therein to themselves. In connection with that diversion, Crop USA misappropriated millions of dollars in business assets and personnel from the AIA Corporations. Consequently, the AIA Corporations and Crop USA were in direct conflict and entirely adverse to each other. Moreover, by reason of the adverse interest exception, the AIA Corporations had no knowledge of the Lancelot Loan, AIA Insurance's Guarantee of the Lancelot Loan or the Lancelot Loan Opinion. With reference to Mr. Lidstone's statement in footnote 2 on page15, that Duclos and Freeman did not have a material financial interest in the Lancelot Loan, in addition to their ownership interests in Crop USA, Duclos and Freeman were under the control of, and participated in the misconduct of, John Taylor who was responsible for their positions and their compensation and thus they had a material financial interest in CropUSA and the Lancelot Loan. Moreover, Duclos and Freeman were not "qualified directors" within the meaning of Idaho Code section 30-1-862(4) as discussed elsewhere in this Report.

---

[1899] Section 6.4, 1998 TriBar Report, 53 Bus. Law. at 654.
[1900] E.g., FB 0597.

16.     Paragraph 44 (pp. 17-18). For the reasons stated above and in Sections X and XI of this Report and, as known by the Hawley Troxell Defendants, Sections 4.14 and 14.1 of the AIA Insurance Bylaws could not have been complied with in connection with the Lancelot Loan. Accordingly, contrary to Mr. Lidstone's statement on page 18, in my opinion, the "September Insurance Consent," as Mr. Lidstone refers to it, could not reasonably have been relied upon by the Hawley Troxell Defendants in rendering the Lancelot Opinion. Section 2.1.4 of the 1998 TriBar Report, entitled "No Reliance On Unreliable Information"[1901] makes this abundantly clear.

Issues Regarding Services.

17.     Paragraph 45 (p. 18). I do not, as Mr. Lidstone asserts, paint "Services and Insurance with the same brush" in this Report. Instead, I address AIA Insurance's lack of power and authority to enter into AIA Insurance's Guarantee of the Lancelot Loan.

18.     Paragraph 46 (p. 18). The fact that the Lancelot Loan Opinion does not define AIA Services as a "Client" is irrelevant to the fact that AIA Insurance did not have the power and authority to enter into AIA Insurance's Guarantee of the Lancelot Loan.

19.     Paragraph 47 (p. 18). Contrary to Mr. Lidstone's statements, the issue is not whether the AIA Services Amended Articles of Incorporation imposed an obligation on AIA Insurance, but whether AIA Insurance had the requisite power and authority to enter into AIA Insurance's Guarantee of the Lancelot Loan. He also omits the unmistakable authority language in the preamble to Section 4.2.9 thereof which provides "So long as any shares of Series A Preferred Stock are outstanding, and except with the *consent* of the holders of a majority of the outstanding shares of Serie A Preferred Stock…" [1902] Finally, to say, as Mr. Lidstone does, that the Lancelot Loan Opinion "did not offer any opinion with respect to Services" is similar to saying, for example, an opinion addressing the validity of a merger agreement does not offer any opinion with respect to compliance with an applicable corporate statute requiring shareholder approval thereof. In that example, the agreement and the statute are interconnected, as were

---

[1901] 53 Bus. Law. at 610.

[1902] Emphasis supplied.

Exhibit - 1, p. 608

13-ER-3027

the AIA Services Amended Articles of Incorporation, the Guarantee Prohibition and AIA Insurance's Guarantee of the Lancelot Loan.

20.    Paragraph 48 (pp. 18-19). Each of Mr. Lidstone's statements is incorrect. First, the opinions in Section II(e), (f) and (g) on page 4 of the Lancelot Legal Opinion are unqualified, or "clean" opinions which are subject standard exceptions, but are not qualified by "knowledge," "our knowledge," "current actual knowledge," "to the best of our knowledge" or "known to us,"; thus the definitions of knowledge in paragraph(m) on pages 8-9 of the Lancelot Legal Opinion do not apply to those opinions[1903] Importantly, Section 2.6.1 of the 1998 TriBar Report[1904] which is cited by Mr. Lidstone, refers to matters of fact, not law; it appears under the heading "2.6 STATEMENTS IN OPINION LETTERS REGARDING COUNSEL'S RESPONSIBILITIES FOR ESTABLISHING FACTS." Second, in my opinion, that degree of care which an ordinarily prudent lawyer would exercise under the same or similar circumstances ("Due Care") [1905] and the customary diligence aspect of customary opinion practice which "relates to the extent of factual and legal investigation an opinion giver undertakes to support particular opinions[1906] ("Customary Diligence") each required, in connection with the Lancelot Legal Opinion, an examination of the AIA Services' Amended Articles of Incorporation and thus the Guarantee Prohibition. Had that been done, and had the Guarantee Prohibition been complied with by obtaining the consent of Donna Taylor, the Hawley Troxell Defendants (including Mr. Collins) would not have breached their standard of care and failed to comply with customary practice. Although Mr. Lidstone states that "there is no indication that Mr. Riley retained 'actual knowledge' of the documents prepared for a former client more than ten

---

[1903] In opinion practice, the term knowledge refers only to matters of fact, not law. As footnote 59 to the 1998 Tribar Report (53 Bus. Law. at 619) states: "The 'to our knowledge' limitation deals with facts. This limitation should not be used with respect to matters of law." If those opinions had been qualified by knowledge, they would have been meaningless "nonopinion opinions," which, as stated above, they were not.

[1904] 53 Bus. Law. at 618-19.

[1905] Under Idaho law, an opinion giver has a duty of care "to an opinion recipient and is liable to the recipient for malpractice for failing to exercise due care." *Taylor v. Riley* 157 Idaho 323, 329, 336 P.3d 256, 272 (2014).

[1906] 1998 TriBar Report Section 1.4(c).53 Bus. Law. at 601-02.

13-ER-3029

years ago."[1907] Because of Riley's extensive involvement in the preparation of, and past compliance with, the AIA Services Amended Articles of Incorporation,[1908] it is inconceivable that Riley would not have retained such actual knowledge. Moreover, as stated above, there is no indication that Mr. Lidstone interviewed Riley.

21.    The additional reasons supporting my opinion in this respect are as follows.

## A.

22.    The Hawley Troxell Opinion dealt with the validity and enforceability of AIA Insurance's Guarantee of the Lancelot Loan. The obligations purportedly being guaranteed were those of CropUSA under the Loan and Security Agreement between CropUSA and Lancelot Investor's Fund L.P. dated October 27, 2006 (the "Lancelot Loan Agreement"). Any opinion giver exercising due care, would, of course, have reviewed the Lancelot Loan Agreement.[1909]

23.     Such a review would have included a reading of Section 6.2(d) thereof which provides as follows:

24.    "NEGATIVE COVENANTS. During the term of this Agreement and until the Indebtedness secured hereby has been paid in full and all of Lenders' obligations to make advances under this Agreement have terminated, each Related Party covenants and agrees that they shall not, without Administrative Agent's and Required Lenders prior written consent, do any of the following:

* * * *

(d) Cause or take any of the following actions with respect to any
Related Party: (i) redeem, retire, purchase or otherwise acquire, directly

---

[1907] The Unredacted Billing Records produced by the Controlling AIA Defendants on December 27, 2019 and not disclosed by the Hawley Troxell Defendants to their experts or Miesen, and other documents reveal that AIA Services was in fact a *present* client of the Hawley Troxell Defendants at the time the Lancelot Loan Opinion was prepared (*E.g.,* FB 0597),
and that the transition of Hawley Troxell Defendants to general counsel to the AIA enterprise began in 2001, was complete by the commencement of the relevant time periods and lasted through May 3, 2012.

[1908] Sections X(C) and (D) of this Report.

[1909] The Unredacted Billing Records reveal that the Hawley Troxell Defendants did in fact review the Lancelot Loan Agreement. *E.g.,* FB 1122; FB 1130.

Exhibit - 1, p. 610

or indirectly, any Related Party's outstanding securities; or (ii) purchase or acquire, directly or indirectly, any Related Party's shares of capital stock, evidences of indebtedness or other securities of any person or entity.

25.     Notwithstanding the previous sentence, so long as no Default or Event of Default has occurred and is continuing, AIA[Insurance] may declare and issue dividends to AIA Services Corporation, an Idaho corporation ("AIA Services") for the sole purpose of funding AIA Services' obligations under that certain Stock Redemption Restructure Agreement dated July1, 1996 among AIA Services, Reed J. Taylor, and Donna J. Taylor; provided, however, in no event shall AIA[Insurance] declare or issue a dividend in excess of $32,000.00 to AIA Services in any calendar month." [1910]

26.     A reading of that Section of the Lancelot Loan Agreement would direct a Lancelot Loan Opinion giver to the Stock Redemption Restructure Agreement dated as of July 1,1996 among AIA Services, Reed J. Taylor and Donna J. Taylor (the "Stock Redemption Restructure Agreement") which recites that:

"F. Series A Preferred Shareholder is the holder of all the shares of Company's Series A Stated Value Preferred Stock. Pursuant to (i)

---

[1910] In beginning my review of the documents transmitted to me on December 6 which had been provided by the Hawley Troxell Defendants to Mr. Lidstone, I came across a draft of the Lancelot Loan that indicated that an even earlier draft apparently did not contain the provision set forth above permitting Series A Preferred Stock redemption payments to Donna Taylor. Again, a lawyer expressing a third party opinion relating to the Lancelot Loan Agreement would have been led, as night the day, to the AIA Services' Amended Articles of Incorporation and the Guarantee Prohibition, particularly because the provision appears to have been added during the Lancelot Loan Agreement negotiations; in fact it further appears that the "in any one calendar month" clause above was added, during the negotiations after the circulation of the draft provided to me. Contrary to the claim of the Hawley Troxell Defendants and Mr. Lidstone's opinion, a lawyer prudently exercising due care would have been aware of the Guarantee Prohibition when preparing the Lancelot Loan Legal Opinion (to the extent that the Hawley Troxell Defendants were not already aware of the Guarantee). In that same review I also discovered that the Hawley Troxell Defendants had prepared a chart which clearly reflects an awareness that AIA Insurance is a subsidiary of AIA Services and an awareness of Donna Taylor's ownership of shares of the Series A Preferred Stock of AIA Services which also should have led to the discovery (to the extent it was not already known by the Hawley Troxell Defendants) of the effect of the Guarantee Prohibition on AIA Insurance's Guarantee of the Lancelot Loan. Riley testified that he prepared the chart and explained it to Patrick Collins. 3/3/2020 Riley Depo. Transcript, p. 639-41.

Exhibit - 1, p. 611

13-ER-3030

Company's Articles of Incorporation and (ii) that certain letter agreement among the parties hereto and Cumer L. Green ("Green") dated January 11, 1995, as amended by (a) that certain letter from Green to Richard A. Riley[1911] ("Riley") dated March 22, 1995, (b) that certain letter agreement among the parties, Green and Richard W. Campanaro dated July 18, 1995, (c) that certain letter from Green to Riley dated August 10, 1995, and (d) that certain letter from Creditor to Series A Preferred Shareholder dated April 16, 1996 (collectively, the "Series A Preferred Shareholder Letter Agreements"), the parties thereto agreed that Series A Preferred Shareholder would have her stock in Company redeemed in accordance with a specified payment plan, and that certain payments to Creditor under the Original Documents would be subordinated to the Company's obligation to pay Series A Preferred Shareholder. Concurrent with this Agreement, Creditor, Company and Series A Preferred Shareholder have entered into a new agreement ("Series A Preferred Shareholder Agreement") which supersedes and replaces the Series A Preferred Shareholder Letter Agreements."

27.     The reference to a "new Series A Preferred Shareholder Agreement" would then have guided the Lancelot Loan Opinion giver to the following recital therein:

"Series A Preferred Shareholder is the owner of all of Company's issued and Outstanding Series A Preferred Stock. Company is redeeming that stock pursuant to (i) Company's articles of incorporation and (ii) that certain letter agreement among the parties hereto…"

28.     Section 5 of the new Series A Preferred Shareholder Agreement provides:

"Agreement to Forbear. Notwithstanding the foregoing release, Series A Preferred Shareholder's rights and protection under Company's articles of incorporation shall be preserved; provided, however, that so long as Company has not failed to pay principal or interest for redemption of the Series A Preferred Stock hereunder when due or

---

[1911] The reference to Riley in this document reflects his "real time" participation in matters pertaining to Donna Taylor's rights under AIA Services' Amended Articles of Incorporation, including the Guarantee Prohibition, which it is inconceivable that he would not have recalled in 2006.

Exhibit - 1, p. 612

13-ER-3031

within the thirty-day cure period provided in Section 1(c) hereof, Series A Preferred Shareholder agrees to forbear from alleging any default under Company's articles of incorporation and further agrees to forbear from exercising or attempting to exercise any remedy for such default, whether arising from the terms of the articles of incorporation or under legal or equitable principles."

29.     Accordingly, a Lancelot Loan Opinion giver exercising Due Care would have been directed to the Guarantee Prohibition and would have concluded that AIA Insurance's Guarantee of the Lancelot Loan could not have occurred without obtaining the consent of Donna Taylor, the owner of all of the outstanding shares of Series A Preferred Stock of AIA Services, and that, in the absence of such consent: (i) AIA Insurance did not have the power and authority to execute, deliver and perform the AIA Insurance's Guarantee of the Lancelot Loan, (ii) such Guarantee was not "enforceable in accordance with [its] terms" but was ultra vires because it violated the Guarantee Prohibition, (iii) it was not duly authorized and (iv) its officers were not duly authorized to execute and deliver the same. [1912]

## B.

30.     In addition to the above described steps that the Hawley Troxell Defendants should have taken, in my opinion, an opinion giver exercising Due Care in connection with rendering a power and authority third party opinion on a guarantee by a wholly owned subsidiary of a parent corporation of a loan to a third corporation (with respect to which there is no ownership affiliation) would examine the articles of incorporation of the sole stockholder parent of the guaranteeing subsidiary. There is no indication that Mr. Lidstone examined the Articles of Incorporation of AIA Insurance, which also would have led the reader to the AIA Services' Amended Articles of Incorporation.[1913] Presumably because he is unaware of the critical corporate history, Mr. Lidstone refers to AIA Insurance as being a wholly owned subsidiary of AIA Services only "since August 1995," when in fact AIA Insurance was a wholly owned subsidiary of AIA Services starting in

---

[1912] The Lancelot Loan Opinion, in opinion (g) thereof, expressed the opinion that in effect the approval of the members of AIA Insurance was not required. Dkt. 1-10, p. 8 ¶ (g). To the extent that, as is customarily the case with respect to business entities, the term member denotes an equity owner of AIA Insurance (which is AIA Services), the Lancelot Loan Opinion was wrong and negligently prepared for that reason as well.

[1913] Unlike the part dealing with AIA Services, the segment of Mr. Lidstone's Report dealing with AIA Insurance does not contain an "Entity Documents" section.

Exhibit - 1, p. 613

13-ER-3032

December 1983 and again in August 1995 (it was subsequently made a subsidiary of the Universe Life Insurance, another prior wholly owned subsidiary of AIA Services and then became wholly owned again in August 1995). AIA Insurance was incorporated in Idaho under the name A.I.A., Inc. on January 31, 1977; AIA Services was incorporated under the name AIA Insurance Corporation on December 20, 1983. They both shared a common name of "AIA." In any event, the May 17, 2004 Engagement Letter contained within the Hawley Troxell Defendants' files specifically stated that they were representing both AIA Services and AIA Insurance in litigation and that matter was pending at the time in 2006.[1914] Mr. Lidstone does not address this issue. There was simply no reason why any attorney at Hawley Troxell could not have quickly and easily concluded that AIA Insurance was a wholly owned subsidiary and that there were restrictions under AIA Services' Amended Articles of Incorporation that prohibited the Guarantee of the Lancelot Loan and prevented Hawley Troxell from delivering the Lancelot Legal Opinion on issues pertaining to AIA Insurance.

31.     An examination of the certified copy of the Articles of Incorporation of AIA Insurance, which I obtained from the Secretary of State of the State of Idaho on or about July 23, 2019, contains, as part of the Articles of Incorporation of AIA Insurance, the Articles of Exchange Of AIA Services Corporation and A.I.A., Inc., filed on January 5, 1988, providing for a Plan of Exchange of Stock for Stock and Other Property (the "Plan of Exchange").The Plan of Exchange provided for the exchange of Common Stock of AIA Insurance for Common and Preferred Stock of AIA Services, and required AIA Services to call a special meeting of its shareholders to approve and authorize a new class of preferred stock. The Plan of Exchange was adopted by the shareholders of each of the constituent corporations on December 14,1987, following the execution by Reed Taylor ("Reed") and Donna Taylor ("Donna") of a Property Settlement Agreement (the "Settlement Agreement") which implemented the financial terms of their divorce. The Settlement Agreement, provided for, *inter alia*, a reorganization of the AIA Insurance business in the form of the "AIA Reorganization Plan" attached as Schedule 2.1 to the Settlement Agreement. Pursuant that Plan, Reed and Donna contributed their controlling common stock interest in AIA Insurance, and other entities to AIA Services in exchange for 200,000 shares of Series A Preferred Stock of AIA Services (then referred to as the Stated Value Preferred Stock), all of which were transferred to Donna, and 5,963 additional shares of Common Stock of Services, all which were issued to Reed. In order to protect the rights of Donna as a preferred stockholder, the Settlement Agreement required that certain special

---

[1914] HTEH000172-74; Dkt. 783-24 at 23-40.

redemption rights and operational restrictions regarding AIA Services (set forth in Schedule 2.2 to the Settlement Agreement) be included in AIA Services' Amended Articles of Incorporation.

32. Accordingly, in my opinion, an opinion giver conducting an examination of the above described documents would have been led inexorably to the AIA Services' Amended Articles of Incorporation and the Guarantee Prohibition and, as stated above, would have concluded that AIA Insurance's Guarantee of the Lancelot Loan could not occur without the consent of Donna Taylor, the owner of all of the outstanding shares of Series A Preferred Stock of AIA Services and that, in the absence of such consent: (i) AIA Insurance did not have the power and authority to execute, deliver and perform the AIA Insurance's Guarantee of the Lancelot Loan, (ii) it was not duly authorized (iii) such Guarantee was not "enforceable in accordance with [its] terms" but was ultra vires because it violated the Guarantee Prohibition, and (iv) its officers were not duly authorized to execute and deliver the same.

33. Third, contrary to Mr. Lidstone, there is every "indication" that, at the time of the Lancelot Opinion, Riley was aware of the AIA Services Articles of Incorporation and the Guarantee Prohibition.[1915]

34. Riley's involvement in and familiarity with those documents was long standing and extensive. As discussed in Section X(C) of this Report and Paragraph 26 above Riley represented Reed Taylor in connection with the Property Settlement Agreement which, as also stated above, provided for the inclusion in the AIA Services' Articles of Series A Preferred Stock protective provisions including the Guarantee Prohibition.

35. As also discussed in Section X(D) of this Report when John Taylor and others proposed that AIA Services redeem Reed Taylor's common stock, a transaction which would have violated a number of provisions of the AIA Services Articles of Incorporation and thus required Donna Taylor's consent, Riley signed two of the Letter Agreements relating thereto.

---

[1915] As stated earlier in this Report, in my opinion, the Hawley Troxell Defendants were general counsel to the AIA Services from not later than 2007 to on or about May 3, 2012. In any event, because of the continuing nature of the engagement, at the time of the October 27, 2006 Lancelot Legal Opinion, as reflected in the Unredacted Billing Records AIA Services was not a "former client" of Riley or the Hawley Troxell Defendants.

Against that background, in my opinion it is simply inconceivable that Riley was not aware of the Guarantee Prohibition at the time the Lancelot Loan Opinion was delivered Nevertheless, as stated above, there is no indication that Mr. Lidstone inquired of Riley as to his knowledge of such matters as the Guarantee Prohibition; nor did Mr. Lidstone interviewed any of the other Hawley Troxell Defendants or John Taylor, who in a Rule 30(b)(6) deposition has provided previously undisclosed evidence indicating that the Guarantee Prohibition was very much a part of the Lancelot Loan Opinion discussions:

Q. Do you recognize Exhibit 178 as the Lancelot guarantee?
A. Yes, I do.
Q. And the guarantor on that document was AIA Insurance?
A. Yes, it was.
Q. Do you remember whether or not AIA Services Corporation was asked to be a guarantor on the Lancelot loan?
A. I believe they were.
Q. Okay. And is there a reason that AIA Services Corporation did not become a guarantor for the Lancelot loan?
A. Yes.
Q. What was the reason?
A. Because they were not allowed to be a guarantor for - - a guarantor, as I remember.
Q. And AIA Services Corporation was not permitted to be a guarantor?
A. Yeah. According to the - - according to our officer - -  two attorney opinion letters.
Q. Okay. So did you seek a legal opinion as to whether or not AIA Services Corporation could serve as the corporate guarantor for Exhibit 178?
A. I believe that we received a legal opinion for this guarantee, but not for AIA Services.
Q. Okay. Did AIA Services Corporation seek any legal advice as to whether or not it could serve as a guarantor for the Lancelot loan?
A. I believe that we our advice from Mr. Gatziolis was You know, I can't answer that. I don't know that for sure. I believe that they were asked to do both, and we ended up doing only this one.
Q. As you sit here, do you remember any of the reasons for that?
A. I believe it had to do with the Service's articles.
Q. The articles of incorporation for AIA Services Corporation?
A. That's my recollection. [1916]

---

[1916] 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript, pp. 895-97.

Page - 607

36.     Accordingly, there appears to be no question that the AIA Services Amended Articles of Incorporation were front and center in the Lancelot Loan negotiations and discussions. It is more probable than not that one or more of the Hawley Troxell Defendants who authored the Lancelot Loan Opinion would have been involved in, or at least aware of, that dialog.

37.     In addition to AIA Insurance not having the power and authority to execute AIA Insurance's Guarantee of the Lancelot Loan by reason of the Guarantee Prohibition, the transaction was unfair to AIA Insurance[1917] and was unauthorized by reason of the AIA Corporations' failure to comply with Section 4.14 of AIA Insurance's Bylaws which, by reason of the AIA Insurance's Directors having a relationship with, and financial interest in, CropUSA, required that the transaction be authorized by a fully informed vote of the shareholder of AIA Insurance, AIA Services. Under Section 4.14 of AIA Services' New Restated Bylaws, however, by reason of the AIA Services' Directors' relationship with, and financial interest in, CropUSA, the transaction was required to be authorized by a fully informed vote of the shareholders of AIA Services which was not obtained. Additionally, Section 14.1 of AIA Insurance's Bylaws requires its shareholder's approval of, *inter alia*, a guarantee of indebtedness to assist any officer of AIA Insurance or AIA Services (which the guarantee of the Lancelot Loan did) unless AIA Insurance's Board of Directors reasonably determines that such guarantee may be expected to benefit AIA Insurance which, as stated above received no benefit from the guarantee. If no such reasonable determination is made (it could not be made here), the guarantee must be approved by AIA Insurance. Again, under AIA Services' New Restated Bylaws such approval must be obtained from the fully informed vote of AIA Services' shareholders.

38.     With further reference to Riley, in my opinion, based on my work in the *Reed Taylor v. Riley* and *Reed Taylor v. Bell* cases, there is a serious question as to his credibility.[1918] For example, in connection with the redemption of Reed Taylor's shares of common stock pursuant to the Stock Redemption Agreement,

---

[1917] The AIA Corporations received no consideration for or benefit from the Lancelot Loan.
[1918] This concern has been expressed in the past. At a January 12, 1995 AIA Services Board meeting Cumer Green, in referring to a then proposed private placement by AIA Services, "questioned the exposure of the directors. Mr. Riley responded that it was the obligation of the directors to exercise due diligence in review of the documents and understanding the transaction. Mr. Riley also advised that prior to the sale of any securities, the law firm of Eberle Berlin, et. al. must give an opinion that all acts have been performed in accordance with law. Mr. Green requested confirmation that the opinion would not be given unless it was true, and Mr. Riley confirmed that fact." AIA0025224.

Riley delivered a legal opinion to Reed Taylor saying that the transaction was legal and valid under Idaho law when in fact it violated then applicable Idaho Code section 30-1-6. As I have previously opined in *Reed Taylor v. Riley*,[1919] that Legal Opinion was both incorrect and misleading (not to mention a classic example of a breach of the standard of care and customary practice, which opinions are incorporated by reference herein). Riley failed to disclose that he had "intentionally engaged in an extreme deviation from opinion practice standards by disregarding the plain meaning" of the statute. Moreover, although Reed Taylor repeatedly sought Riley's assistance in Reed Taylor's attempt to enforce the Stock Redemption Agreement, Riley refused to cooperate and support his opinion. Instead, by obtaining a stay of discovery in *Taylor v. Riley*, he intentionally concealed his alleged factual basis and legal reasoning from Reed Taylor until *after* Judge Brudie had ruled that the Stock Redemption Agreement was illegal[1920], and the Idaho Supreme Court had affirmed that decision. Even more egregious was Riley's permitting the Hawley Troxell Defendants to assert, apparently with his substantial assistance,[1921] that the Stock Redemption Agreement was *illegal*, thus disavowing the legal opinion he had delivered to Reed Taylor, conduct unheard of by an opinion giver. [1922] Moreover, Riley's lack of candor also misled Judge Brudie[1923] and the Idaho Supreme Court who were not apprised of the basis for Riley's opinion, as well as the belief that he finally expressed, *after* the court rulings, that his 1995 opinion was correct after all because the existence and amount of earned surplus should be based on the fair value of the AIA Services assets This is the

---

[1919] DLM – 0038478.

[1920] The Unredacted Billing Records (FB 1349) reveal that Riley drafted a letter to the AIA Corporations and Crop USA in which the Hawley Troxell Defendants acknowledged that Riley's "testimony concerning Eberle Berlin's analysis of the applicable law and application of that law to the facts . . . might assist Reed's counsel in convincing the Supreme Court to reverse Judge Brudie's decision or influencing Judge Brudie to reconsider his decision . . . "HTEH 000249.

[1921] Riley spent 473.10 hours in the defense of AIA Services in Reed Taylor's suit against it, approximately 436 of which were recorded *after* Henderson and Beck first challenged the legality of the Stock Redemption Agreement. The Unredacted Billing Records received on December 27, 2019 from the Controlling AIA Defendants confirm that Riley was in fact running away from his third party legal opinion to Reed Taylor and seeking the Idaho Supreme Court's invalidation of the Stock Redemption Agreement. *E.g.,* FB 0789; FB 0813.

[1922] However, it does not appear to be unheard of in the case of the Hawley Troxell Defendants. *See Fagin, Inc. v. Exergy Dev. Group, LLC,* 2013 WL 5781473 (D. Minn. 2013).

[1923] In his illegality ruling, Judge Brudie stated "there is no question that all parties, including plaintiff, either ignored or failed to consider I.C. [Section] 30-1-6." Likewise, without Riley's reasoning and the basis for his opinion, the Idaho Supreme Court stated: "it appears that none of the parties recognized the potential violation of I.C. 30-1-6..." *Taylor v. AIA Services Corp.,* 151 Idaho 552, 567, 261 P.3d 829, 844 (2011).

Page - 609

Exhibit - 1, p. 618

13-ER-3037

same person who, on February 9, 2009, after speaking with Ipsen, his malpractice defense lawyer, recorded the following time entry "conference with G. Babbitt re deposition of protective order to educate Judge on irrelevance of R. Bond's arguments on the fair value of assets and liabilities."[1924] Yet, as stated above,[1925]in their letter to the "Boards" of the AIA Corporations and Crop USA the Hawley Troxell Defendants expressed concern that Riley's deposition testimony "might assist Reed's counsel in convincing the Supreme Court reverse Judge Brudie's decision or influencing Judge Brudie to reconsider his decision if the case is remanded for other reasons." The duplicity of the Hawley Troxell Defendants and Riley is further evidenced by the statement in their letter of April 6, 2009[1926] to the AIA Corporations and CropUSA that "Riley's testimony is not relevant to the illegality issue and that, even if he is compelled to testify, his testimony would not undermine the illegality defense." Riley was allowed to delay testifying under oath because a stay of discovery was obtained. The true purpose of the stay is explained in the billing records of his defense counsel.[1927] When he finally did testify, Riley asserted that in preparing his opinion he had been well aware of Idaho Code section 30-1-6 and that the stock redemption agreement did not violate that statute because a fair value test can be applied to determine compliance with Section 30-1-6.[1928] In addition to what it says about Riley, this portrait of a conflict is another reason why the Hawley Troxell Defendants shouldn't have been representing the AIA Corporations in the first place. In addition to the above described conduct, as a testimonial matter, Riley has trouble keeping his story straight, even in the same deposition: "(Q) so you were receiving the origination credit for this work, correct? (A)We don't have origination credit"[1929] "(Q) And then you just used the word 'origination,' and I thought that you had said earlier that Hawley Troxell didn't use origination. Did I misunderstand? (A) I think so, yes. (Q) Okay. (A)When a new matter is set up, you designate the responsible attorney, the billing attorney and the originating attorney. And the firm keeps track of revenues that are attributable to

---

[1924] FB 0787.

[1925] See note 1207.

[1926] HTEH000222.

[1927] "10/30/09…Analysis of whether deposition of Riley, if allowed, could be used in underlying cases currently on appeal." DLM – 0037137.

[1928] Conversely, a Reply Memorandum in support of a motion for summary judgment filed by the Hawley Troxell Defendants and reviewed and revised by Riley (FB0793-94) states "[Reed Taylor's expert] focuses on the concept of 'fair market value' a concept that is mentioned nowhere in Idaho Code [Section]30-1-6 and is unrelated to earned surplus." DLM 0016760.

[1929] 3/3/2020 Riley Depo. Transcript, p. 471.

the originating attorneys, and that information is one of the factors that's taken into account in determining compensation.[1930]

## C.

39.   49 (p. 19). Mr. Lidstone is mistaken in saying that "there is no indication that" Riley was "one of the opinion preparers." Riley was the responsible attorney for the AIA Corporations' matters and Duclos had told James Gatziolis to request the Lancelot Legal Opinion from Riley[1931] Moreover, as responsible attorney Riley would have been aware of each of the AIA Corporations' and Crop USA's matter that the Hawley Troxell Defendants were involved in from time to time. The Unredacted Billing Records show that on October 27, 2006 (the date of the Lancelot Loan Opinion) Riley conferred with Michael M. Stoddard (whose time entry shows that he was engaged in opinion committee review of the Lancelot Opinion) and Patrick Collins who was involved in the preparation of the Lancelot Loan Opinion.[1932] I am assuming that Mr. Lidstone is not making the too fine a distinction between discussing a proposed opinion with both a partner working on a transaction and a Firm Opinion Committee member and being "one of the opinion preparers".

40.   I have previously addressed the subjects of "knowledge" and Customary Diligence to which Mr. Lidstone refers in his Paragraph 49.

41.   Paragraph 50 (p. 19). Section 2.2.2(a) of the 1998 TriBar Report refers primarily to large multi- state or multinational offices with hundreds of lawyers, not a local firm of the size of the Hawley Troxell. Moreover, in my opinion it is highly probable, if not certain, that the Hawley Troxell Defendants had the articles of incorporation and bylaws of AIA Services in their files.[1933] I have previously addressed the matter of Riley's knowledge.

42.   Paragraph 51 (pp. 19-20). I have addressed above the matter of Riley participating in the preparation and delivery of the opinion as well as the non-

---

[1930] *Id.* at 583.

[1931] HTEH000278.

[1932] FB 1125. In his July 1, 2019 Deposition in this Lawsuit, Riley did not disclose that he met with Stoddard and Collins on the date of the Lancelot Legal Opinion.

[1933] Mr. Lidstone's statement that there is no allegation to that effect in third amended complaint is hardly probative of whether the Hawley Troxell Defendants had those documents in their files. Moreover, Mr. Lidstone apparently did not inquire of the Hawley Troxell Defendants as to whether those documents were in their files.

applicability of Section 2.2.2(a) of the 1998 TriBar Report.[1934] AIA Services, for which the Hawley Troxell Defendants were general counsel, was undisputedly adversely affected by the Lancelot Loan Opinion.

Lidstone's Opinions.

43.     Paragraph 52(a) (p. 20). Miesen is not claiming that he relied upon the Lancelot Loan Opinion; far from it. Instead, he is claiming that the erroneous and negligently prepared Lancelot Loan Opinion provided substantial assistance to the Controlling AIA Defendants in their unlawful use of the funds and other assets of the AIA Corporations and led, less than two years later, to the Hudson Transaction which involved the sale and transfer to Hudson Insurance Company by Crop USA of the $11,588,245 of business assets (including AIA Insurance's valuable book of business, which Crop USA had wrongfully taken from the AIA Corporations) in exchange for a forgiveness of the Lancelot Loan, thereby relieving Crop USA of the Lancelot indebtedness and separately causing millions of dollars of damages to the AIA Corporations. Notably, the Controlling AIA Defendants are asserting that they relied on the Lancelot Legal Opinion for subsequent unauthorized guarantees.[1935] To the extent that they are successful, the Hawley Troxell Defendants are further liable for those damages.[1936]

44.     Paragraph 52(b) (p. 20). As stated immediately above, the Lancelot Loan Opinion led, less than two years later, to the Hudson Transaction and the resulting loss of millions of dollars in assets Crop USA had wrongfully taken from the AIA Corporations.

45.     Paragraph 52(c) (p. 20). The substance of the opinion Mr. Lidstone is trying to express is unclear. For the reasons stated in this Report, which are based on my knowledge of the facts and documents (see, e.g., Sections X, XI and XII of this Report) none of the conditions set forth in Section 4.14 of AIA Insurance's Bylaws were complied with.

---

[1934] 53 Bus. Law. at 614.

[1935] However, in his July 1, 2020 deposition, Beck testified that he had no recollection of requesting permission from the Hawley Troxell Defendants to rely on that opinion.7/01/2020 Beck Depo. Transcript, p. 105. Cashman had no recollection of speaking with the Hawley Troxell Defendants to obtain authority to so rely. (6/29/2020 Cashman Depo. Transcript, p. 162).

[1936] I acknowledge that the Controlling AIA Defendants were not permitted parties to rely on the Lancelot Legal Opinion. Nevertheless, this issue has not been addressed by the court.

46.     Paragraph 52(c)(i). There were no disinterested directors of AIA Insurance within the meaning of Section 4.14(a). All three of them were shareholders, directors and officers of Crop USA.

47.     Paragraph 52(c)(ii). Section 4.14(b) does not by its terms refer to approval "by the sole shareholder of Insurance", but instead to approval by "the shareholders entitled to vote," which in this instance is not limited to AIA Services, but includes Donna Taylor by reason of the Guarantee Prohibition. Moreover, because of their pervasive conflicts of interest discussed in this Report, including Sections X and XI, the purported directors of AIA Services could not have caused AIA Insurance to approve the Lancelot Loan.

48.     Paragraph 52(c)(iii). Section 4.14(c) does not apply because, as set forth in this Report, including Sections X and XI, the Lancelot Loan was materially adverse to the AIA Corporations, including because that high interest, hard money loan was prohibited by AIA Services' Amended Articles of Incorporation and the loan proceeds were utilized by CropUSA including to pay excessive salaries (including to John Taylor) and not used by or for the benefit of the AIA Corporations.

49.     Paragraph 52(d) (p. 20-21). No responsible lawyer with a knowledge of the facts in this Lawsuit would have given an opinion or even assumed that the conclusions of the AIA Insurance "directors" as to the "benefits" of the Lancelot Loan to AIA Insurance were "accurate or adequate," since it is abundantly clear that they were not. The same is true of their purported conclusion that AIA Insurance "may reasonably be expected to benefit" from the Lancelot Loan.

50.     Paragraph 52(e) (p. 21). First, there is no question that the Controlling AIA Defendants knew that Crop USA itself and the assets subsequently transferred to it had been misappropriated from the AIA Corporations (because it was they who did it) and that in my opinion Lancelot itself had unclean hands. Second, as stated above, any purported reliance by the Hawley Troxell Defendants was a classic case of an opinion giver relying upon "Unreliable Information" in contravention of Section 2.1.4 of the 1998 TriBar Report,[1937] as well as a violation of their obligation to refrain from rendering a misleading opinion and their failure to exercise due care.

---

[1937] 53 Bus. Law. at 610.

Exhibit - 1, p. 622

13-ER-3041

51.     Paragraph 52(f) (p. 21). My opinion in response to this paragraph is the same as that in my response to Mr. Lidstone's paragraph 48 (p. 18-19) which is set forth above.

52.     Paragraph 52(g) (p. 21). Based on my knowledge and experience, my review of the relevant documents among the tens of thousands of pages that are part of this Lawsuit, the over 850 docket entries, and the numerous legal authorities I have examined, for all of the facts and reasons set forth in this Report, in my opinion, Mr. Lidstone is unaware of all of the relevant underlying facts and circumstances and that, in any event, his opinions are incorrect. No prudent opinion giver would have not requested and reviewed the certified copy of AIA Services' Amended Articles of Incorporation in connection with preparing and delivering the Lancelot Legal Opinion.

53.     As stated many times in Sections X, XI and XII of this Report, the damages referred to in this rebuttal of Mr. Lidstone's Report and elsewhere in this Report which have been sustained by the AIA Corporations would have been prevented had the Hawley Troxell Defendants performed their duties to the AIA Corporations of due care and loyalty and insisted that a director designated by Donna Taylor or an otherwise independent one be placed on the AIA Services' Board and given authority to pass upon any actions and transactions proposed by John Taylor and/or the Controlling AIA Defendants or that any such transaction be disclosed to the AIA Disinterested Shareholders for their approval. A similar result could have been achieved had the Hawley Troxell Defendants not opposed the appointment of a receiver for AIA Services. In the latter case, the receiver would have also sought redress from those whose conduct had harmed the AIA Corporations.

54.     The Lidstone Report does not specifically refer to or address my opinions contained in Section X of this Report which are incorporated by reference into Sections XI and XII and are therefore unrebutted.

### AA. Rebuttal to Mr. Pinkerton's Report and Opinions.

Having carefully and fully reviewed the Pinkerton Report and based upon my education, training, knowledge, and experience, together with the authorities, facts, documents, analysis, and data that I have reviewed, considered, assumed, relied upon, and disclosed in this Report, I hereby incorporate by reference herein my prior analysis and opinions (including those expressed in Sections I, X and XII and

Page - 614

Exhibits A-H attached hereto), and I to rebut the Pinkerton Report and I express the following additional rebuttal opinions:

1. Since preparing my rebuttal opinions to Mr. Pinkerton's Report, Miesen prepared a detailed summary and itemization of his damages in the attached Exhibit A hereto. Because Mr. Pinkerton has never submitted a revised or supplemental report since Miesen has provided the calculations in Exhibit A (including the prior versions), the mathematical issues appear to be resolved and Mr. Pinkerton has not offered any further opinions since that time, I have not significantly modified my opinions. If Mr. Pinkerton does provide a revised or supplemental report, I will address his opinions in detail. However, I have offered more analysis and additional opinions in Sections X-XIII which are incorporated by reference herein to offer additional rebuttals to Mr. Pinkerton's opinions.

2. I have organized this portion of this Report according to the headings and page numbers in the Pinkerton Report. As a preliminary matter, Mr. Pinkerton is responding to Miesen's "preliminary" damage items. Mr. Miesen has now cured any deficiencies by providing Exhibit A attached hereto. Because Mr. Pinkerton has not submitted a revised report addressing Miesen's concise damages in Exhibit attached hereto, I have not substantively revised any of my rebuttal opinions below (although I have addressed certain of those opinions in other Sections of this Report). However, as noted, I am relying on Exhibit A to rebut Mr. Pinkerton as to the mathematical calculations and other details in Exhibit A. In addition, as mentioned in this Report, the Hawley Troxell Defendants only produced the documents that they provided to Mr. Pinkerton and that he relied upon for his Report (including his billing records) on December 17, 2019. As stated many times in Sections X,XI and XII of this Report, the damages referred to in this rebuttal of Mr. Pinkerton's Report and elsewhere in this Report which have been sustained by the AIA Corporations would have been prevented had the Hawley Troxell Defendants performed their duties to the AIA Corporations of due care and loyalty and insisted that a director designated by Donna Taylor or if there were no such designation an otherwise independent be placed on the AIA Services' Board and given authority to pass upon any actions and transactions proposed by John Taylor and/or the Controlling AIA Defendants or that any such transaction be disclosed to the AIA Disinterested Shareholders for their approval. A similar result could have been achieved had the Hawley Troxell Defendants not opposed the appointment of a receiver for AIA Services. In the latter case, the receiver could have also sought redress from those whose conduct had harmed the AIA Corporations, the Controlling AIA Defendants and the Hawley Troxell Defendants.

**Exhibit - 1, p. 624**

**13-ER-3043**

<u>Identification and Overview (pp. 1-2).</u>

3.      In this Section, Mr. Pinkerton makes reference to his "Appraisal" of the Series C shares as of December 31, 2017[1938] in which, to the detriment of the participants in AIA Services 401(k) Plan, he blithely states that because AIA Services has a negative shareholders' equity, "the Series C preferred shares are quite a long way from being 'in the money.' " He appears[1939] to attribute that to the fact that the Pacific Empire Radio loans are worthless; he also states that there is the possibility of additional deficits because of the AIA Corporations' Amended Guarantee of the GemCap Loan. He also states that a sound valuation judgment is "based on all relevant facts." Nevertheless, although he makes passing reference to " the ongoing litigation involving AIA" he makes no reference to, or valuation judgment of, the AIA Corporations' possibility of recovery from the Defendants in this Lawsuit, or that the two items he addresses were caused by the misconduct of John Taylor as aided and abetted by the Hawley Troxell Defendants. Since the net result of Mr. Pinkerton's "appraisal is to render the former employees" interests in the Plan worthless, he has put himself in the position of also aiding and abetting John Taylor by assisting him in avoiding obligations to the AIA Services' 401(k) Plan.[1940]

4.      Mr. Pinkerton, does not, however disclose that in December 2015 he apparently worked on another matter for John Taylor, a project involving other entities.[1941]

5.      It is surprising that there is no indication that Mr. Pinkerton has reviewed the work papers, management representation letters, auditor's management letters, internal control reports, comments on insider transactions or other material pertaining to the matters he purports to address in his Report, including those for 2008, the year in which the Hudson Transaction occurred. Moreover, on March 4, 2020, Ashby testified that [i]t is my understanding that Pinkerton has not interviewed Hawley Troxell [attorneys].[1942] These deficiencies

---

[1938] Mr. Pinkerton did not obtain a conflict waiver or consent from the AIA Corporations to act as an expert witness for the Hawley Troxell Defendants. 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript, p. 1137.

[1939] The Pinkerton Report is not a model of clarity generally.

[1940] Mr. Pinkerton has not been deposed yet.

[1941] *See* AIAPROD00320706.

[1942] Tr. p. 165.

reveal the lack of factual basis or support for the opinions Mr. Pinkerton purports to express.

Basis for Preliminary Damage Claims Asserted (pp. 3-7).

6.      It appears that the cornerstone of Mr. Pinkerton's criticism of Miesen's damage claims is that they lack "economic certainty" and what he refers to as the "substantive detail about the relevant economic aspects of the assertion." [1943] What Mr. Pinkerton seems not realize is that as a legal matter Miesen's damage claims are certain, simple and straight forward and do not require sophisticated economic analysis. They can be ascertained by mathematical calculations.[1944]

7.      In this Section, and throughout much of his Report,[1945] Mr. Pinkerton focuses on the Hudson Transaction pursuant to the Asset Purchase Agreement discussed below. For this transaction, at this stage of the case Miesen's claim on behalf of the AIA Corporations is in an amount equal to at least the $11,588,245 purchase price Crop USA received,[1946] plus 12 percent prejudgment interest if awarded.

8.      Mr. Pinkerton's emphasis in this Section on what he calls the speculative current value of Hudson Insurance's crop insurance business is a red herring. Those statements regarding the present value of Hudson Insurance's crop insurance simply confirm why Hudson Insurance paid $11,588,245[1947] for the AIA Corporations' crop insurance business. I will be supplementing my report as additional information becomes available. I understand that the testimony of a Hudson Insurance representative on this matter will be perpetuated for trial.

9.      The support for the statements in this Report (concerning the source of the crop insurance business sold to Hudson Insurance is the testimony of John Taylor in *Donna Taylor v. Taylor*. Roderick Bond has stated to me that, in a

---

[1943] Pages 3 & 7.

[1944] *See, e.g., Doolittle v. Meriden Joint School District*, 128 Idaho 805, 814, 919 P.3d 334, 343 (1996) (dealing with the availability of prejudgment interest).

[1945] Fourteen of the twenty-five pages deal with the Hudson Transaction.

[1946] According to the Form 8594 filed with CropUSA's 2008 federal tax return, the sales price for the Hudson Transaction was $11,588,245; Note 11 to its 2008 financial statements shows that CropUSA realized a gain of $10,406,000 on the sale. The *form* of consideration received by CropUSA is discussed below in my Rebuttal of another of Mr. Pinkerton's opinions.

[1947] Hudson Insurance also paid certain expenses in subsequent years, the amount of which is subject to confirmation.

deposition in that case, John Taylor testified that at least seventy percent of the book of business sold by Crop USA to Hudson Insurance came from AIA Insurance's agents.[1948] With that admission in sworn testimony, no "analysis" is required to establish that fact.

10.     With reference to the "PRELIMINARY DAMAGES" listed in Miesen's second Amended Responses, I agree that, in Mr. Pinkerton's words, "a simple arithmetic error" appears to have been made." However, that slightly more than one percent miscalculation hardly "exemplifies" "incredibly sloppy and incomplete work" as Mr. Pinkerton states. Moreover, Mr. Pinkerton does not provide the correct calculations for each of Miesen's damage items.

Preliminary Damage Claim Item 1 (pp. 8-13).

11.     On pages 8-9 of this Section Mr. Pinkerton opines in effect that because Crop USA did not receive an actual payment of $11,588,245 for the crop insurance business; Hudson Insurance did not pay Crop USA for it. This is belied by CropUSA's 2008 tax return and financial statements discussed above. Specifically, on page 8 of his report, Mr. Pinkerton states:

> "Interestingly, none of the cited pages provides for a purchase price of $10,000,000 paid to CropUSA. Instead, all references to the purchase price refer to the amount of CropUSA' liabilities to be assumed by Hudson and not the amount of a check to be written to CropUSA.

---

[1948] John Taylor recently refined and reaffirmed his seventy percent belief: "I believe that would be consistent with my memory of 70 percent of the business assigned to regional managers or regional managers who had already worked for AIA and Crop USA at the same time." 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript, p. 769.

Exhibit - 1, p. 627

13-ER-3046

There is no reference in any document I have seen that would result in net cash inflow to CropUSA."[1949]

12.     Mr. Pinkerton apparently believes that in an asset acquisition transaction a buyer's assumption of seller liabilities does not constitute payment to the seller. Mr. Pinkerton is incorrect. A contractual assumption by the buyer of a seller liabilities is a common occurrence in nearly every asset acquisition transaction and constitutes consideration paid to the seller. Even the Hawley Troxell Defendants' counsel recognized that Hudson's assumption of liabilities of CropUSA was the consideration for the sale: "So do I understand correctly that the majority of the consideration for the sale was just the cancellation of that note, right," to which John Taylor's answer was "That and the assumption of other liabilities.[1950]

13.     The reason why an assumption of liabilities is consideration flowing to a seller of assets is the economic benefit being provided to the seller – the seller is relieved from an obligation it would otherwise owe. The same result would be reached if the buyer paid cash to the seller and the seller then used the cash to pay the liability. Contrary to Mr. Pinkerton, this is concept is certainly "economically coherent."

14.     This economic reality is illustrated by the following example. Under the pre-acquisition reporting requirements of the federal antitrust laws[1951] acquisition transactions meeting certain purchase price thresholds must be reported to the federal antitrust authorities. In determining the total amount of an asset

---

[1949] For purposes of clarity, I wish to point out that among the liabilities of Crop USA that were assumed by Hudson Insurance pursuant to the Asset Purchase Agreement was, as stated in Schedule 1.3 thereof, "Surge Note [the Lancelot Loan] – all obligations without limitation." At the time of the Hudson Transaction, Crop USA's obligations under the Lancelot Loan had been acquired by Hudson Insurance pursuant to an Assignment Agreement as of August 11, 2008. Because in the Asset Purchase Agreement Hudson Insurance assumed a liability that was then owed to itself, Crop USA's Lancelot Loan obligation and AIA Insurance's purported Guarantee of the Lancelot Loan were extinguished. The net results were that Hudson Insurance had assets that had been stolen from AIA Insurance, Crop USA was no longer liable for the Lancelot Loan and AIA Insurance was "relieved" from an obligation it didn't have the power and authority to enter into to begin with. Thus, the beneficiaries of the Hudson Transaction were Crop USA and the lawyers who had rendered the erroneous legal opinions regarding AIA Insurance's Guarantee of the Lancelot Loan, the Hawley Troxell Defendants and Quarles & Brady.

[1950] 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript, p. 881.

[1951] Hart-Scott-Rodino Antitrust Improvements Act of 1976 (15 U.S.C Section 18a).

Exhibit - 1, p. 628

13-ER-3047

acquisition transaction's purchase price, a buyer's assumption of liabilities of the seller's is included.[1952]

15.     On page 10 of this Section Mr. Pinkerton states that the AIA Corporations and the AIA Disinterested Shareholders benefitted from the Controlling AIA Defendants' misappropriation of the AIA Corporations' crop insurance business opportunity and their conversion of AIA Insurance's business assets because of the operating losses Crop USA sustained. That the Controlling AIA Defendants subsequently ran Crop USA into the ground[1953] is irrelevant to the fact that, as demonstrated above and in this Report that the AIA Corporations are entitled to recover the $11,588,245 purchase price plus prejudgment interest for the business assets stolen from them. In my opinion as stated in Sections X and XII of this Report, the Hawley Troxell Defendants could have and should have prevented this serious harm from happening to their clients

Preliminary Damage Claim Item 2 (pp. 14-15).

16.     With reference to Mr. Pinkerton's statements concerning Miesen's claim to recover for the AIA Corporations the $120,000 received by John Taylor again, no analysis of the type he discusses is required. In my opinion, the performance of consulting services to Hudson Insurance were a violation of the non

---

[1952] 16 C.F.R. 801.10(c)(2); "The acquisition price in an asset acquisition includes any liabilities relating to the acquired asset that will be assumed by the purchaser." ABA SECTION OF ANTITRUST LAW, PREMERGER NOTIFICATION PRACTICE MANUAL 105 (5th Ed. 2015.
[1953] Although it was later ruined by waste and mismanagement, including paying exorbitant interest rates on the Lancelot Loan, AIA's Services' crop insurance business began on an optimistic note. For example, on June 18, 2001, John Taylor told Beck, Cashman and others:

> "Over the last few years, AIA's management and directors have been looking for ways to create an exit strategy for your investment in AIA. We had originally planned to take AIA public, but it is unlikely in the foreseeable future. Market conditions may change, but there can be no assurance for a public market. With CropUSA, we believe there is a better opportunity for a clearly defined exit strategy. Once the company reaches its goal of $100 million in crop insurance premiums, management believes that Crop USA will have the potential to be acquired or become fully tradable. AIA has been working on a project and market strategy referred to as Crop USA. CropUSA was created by AIA…"

On February 16, 2005 Beck wrote: "[Cashman] and I are so convinced that Crop USA is a winner that anything standing in the way of a good result will be a crime." If the Hawley Troxell Defendants had acted promptly to protect the AIA Corporations by having the AIA Corporations interpose cross claims against the Controlling AIA Defendants, the losses listed by Mr. Pinkerton would have been avoided.

**Exhibit - 1, p. 629**

**13-ER-3048**

compete provisions in John Taylor's Executive Officer's Agreement and his common law obligations to not compete against the AIA Corporations. Based on the significant documents and evidence that I have reviewed as discussed in this Report, John Taylor has consistently placed his interests above the interests of the AIA Corporations in complete disregard of his duties of loyalty, including by competing against the AIA Corporations through CropUSA, which was founded and funded primarily by the AIA Corporations. The $120,000 in payments belonged to the AIA Corporations—not John Taylor or CropUSA. The Hawley Troxell Defendants breached their duties of care and loyalty by allowing John Taylor to retain those funds or permit CropUSA to retain them.

Preliminary Damage Claim Item 3 (pp. 17-18).

17.    Mr. Pinkerton complains that I focus "only on the legal aspects;" however, no complex economic analysis is required for proving this mathematically calculable conversion claim. In short, a $1,510,993 commission check was received by AIA Insurance, placed by John Taylor in a secret checking account using his home address and, like the crop insurance business assets themselves, illegally transferred to Crop USA ostensibly in exchange for AIA Services Series C Shares. As stated in Section X(L) of this Report. That $1,510,993 should have been used by the AIA Corporations to redeem Donna Taylor's Series A Shares and/or for other legitimate corporate purposes of the AIA Corporations. The illegal transfer also permitted Crop USA to recognize a paid in capital gain on its financial statement of $1,488, 843 because Crop USA had been carrying the Series C shares on its books for only $21,850. As stated in Section XI of this Report, Mr. Pinkerton's reliance on the Report of Robert Gartrell is misplaced. That limited report was restricted to serving as a valuation basis for the profit sharing plan and did not adhere to standard valuation report guidelines.[1954] Moreover, it relied on the premises that AIA Services "is a going concern" and that it "is and will remain an operating and ongoing business enterprise with management acting in a rational manner with a goal of maximizing shareholder value."[1955] Those assumptions were unreasonable since they AIA Corporations were instead being looted by John Taylor, who has said the Series C shares held by the AIA Services' 401(k) Plan are worthless.

Preliminary Damage Claim Item 4 (pp. 19-20).

---

[1954] AIAPROD00139991.
[1955] AIAPROD00139992.

Exhibit - 1, p. 630

13-ER-3049

18.     This claim concerns legal matters, with respect to which Mr. Pinkerton acknowledges at the outset of his Report he is not qualified to render opinions on. The issue of fee disgorgement for the Hawley Troxell Defendants' breach of the RPCs and fiduciary duties is a legal one and requires no economic analysis.[1956] In addition, Mr. Pinkerton misses the point with respect to my opinion concerning the Hawley Troxell Defendants' mishandling of the illegality defense (e.g., Section XII(U) of this Report). There is of course no suggestion in this Report that AIA Services should not have asserted (or prevailed on) the illegality defense. In my opinion, the issue as to the violation of Section 30-1-6 should have come to light in the first fifteen minutes of the Hawley Troxell Defendants' legal analysis of the *Reed Taylor* case, not after at least $800,000 had been waisted by the AIA Corporations on the defense of the stock redemption agreement claim, as also was the $353,918.87 in legal fees and expenses advanced to the Controlling AIA Defendants and the $193,258.77 for the unnecessary[1957] legal fees paid to the lawyer purportedly representing the AIA Services' 401(k) Plan.[1958]

Preliminary Damage Claim Item 5 (pp. 21-22).

19.     Again, Mr. Pinkerton ventures into legal matters by questioning whether the Hawley Troxell Defendants could or should have taken action to ensure that the Series C shares held by the AIA Services' 401(k) Plan were redeemed. First, he refers to the wrong Articles. The operative ones are the 1996 AIA Services Amended Articles of Incorporation.[1959] Moreover, he also refers to a redemption price that would have only applied to a redemption date within two years of the 1995 issuance or a specified number of days thereafter. My opinions on this issue are expressed in Section XII(A) and (K) of this of Report. He even suggests those Defendants have a "non general counsel" defense. As stated above he is not competent to address such matters as the Hawley Troxell fiduciary duties to the AIA Corporations even though he may be receiving instructions from counsel for the Hawley Troxell Defendants. As is the case with Miesen's other claims, the

---

[1956] Neither Mr. Lidstone nor Mr. Remele has addressed the fee disgorgement issue or the recent *Parkinson* decision which I have addressed in Sections X(T) and XII(A) of this Report.

[1957] The AIA Corporations received no benefit from this work, including any assistance with the assertion of the illegality defense by John Taylor and Henderson. Moreover, if the Hawley Troxell Defendants were truly representing the interests of the AIA Corporations and the AIA Services' 401(k) Plan participants, they would have insisted that the Plan have a competent, disinterested trustee.

[1958] This assumes the AIA Corporations paid those fees through the transfer of the interest of AIA Services' Former Headquarters to the AIA Services' 401(k) Plan.

[1959] DLM – 0033059-63.

Exhibit - 1, p. 631

13-ER-3050

damages for the accumulated dividends of $1,040,625.00 through March 30, 2020 relates to a mathematically calculable amount that does not require by any "elementary principl[e] of investment analysis." In addition, the issue of whether the Hawley Troxell Defendants were general counsel for the AIA Corporations is a distinction without a difference—the transactions and malfeasance were at issue in *Reed Taylor v. AIA Services* and/or could have been prevented by the Hawley Troxell Defendants, including in *Donna Taylor v. AIA Services*. Instead, the Hawley Troxell Defendants were focused on wasting time researching issues relating to having the AIA Services 401(k) Plan intervene, rather than requiring the shares to be redeemed to prevent further violations under ERISA and eliminate any further accumulated dividends.

Preliminary Damage Claim Items 6, 7, 8 and 9 (p. 23).

20.     Mr. Pinkerton has now ventured into the area of construing Judge Brudie's order, which he is also not qualified to do. The reasons why in my opinion those orders are inapposite to this Lawsuit are discussed above in Section XI and Section XII(Y) in my rebuttal opinions to Mr. Remele's Report. this Report.

Preliminary Damage Claim Item 18 (p. 24).

21.     To the extent that Mr. Pinkerton ever expresses any specific opinions with respect the matters in this Claim Item, they will be addressed in a Supplement to this Report.

Preliminary Damage Claim Item 16 (p. 24).

22.     The settlement statement[1960] shows that the contract sale price of $946,119.69 was reduced by $227,191.20, with $719,139.92 being paid to the seller. Those reductions are irrelevant to the question of the actual value of the property being sold, because, among other reasons the transaction was carried out in the context of a "fire sale." In 2013, a WA Certified General Appraiser concluded that the property had an orderly liquidation value of $1,384,500, and a forced liquidation value of $1,053,000.[1961] Consequently, it is reasonable to conclude that the true value of the property was in excess of the contract sale price of $946,119.69. In any event, the $946,119.69 establishes the minimum value of the

---

[1960] PINK – 2672.
[1961] GC0772750.

Exhibit - 1, p. 632

**13-ER-3051**

property because the sale price was established by a willing buyer and a willing seller.

Preliminary Damage Claim Item 13 - Unauthorized Pacific Empire Loans (p. 25).

23.     Irrespective as to whether the Pacific Empire Radio Loans were just over $2.2 million or $1,627,973, as stated in Sections XI, XII(A) and XII(Q) of this Report they were in violation of the AIA Corporations' charter documents and constituted a text book case of corporate waste and corporate malfeasance (including unauthorized transactions), the loans having been made to an insolvent company partially owned by a corporate insider, John Taylor. *See* Section XI(L). As also stated in Sections XII(A) and (Q) of this Report, the Hawley Troxell Defendants could have and should have prevented these illegal and wasteful loans from being made and are liable to the AIA Corporations for those amounts because of their breaches of fiduciary duties of care and loyalty.

Prejudgment Interest (p. 25).

24.     Under Idaho law, prejudgment interest may be recoverable on the damage amounts referred to in Miesen's Second Amended Responses and this Report because, pursuant to Idaho Code section 28-22-104(2) "[p]rejudgment interest may be awarded where the amount of liability is liquidated or capable of ascertainment by a mere mathematical calculation in order to fully compensate the injured party."[1962]

25.     The Pinkerton Report does not specifically refer to or address any of my analysis or opinions contained in Section X of my August 11, 2019 Report (pp. 34-69), or Sections X of my subsequent Report or this Report, which are incorporated by reference into Sections XI and XII thereof and are therefore unrebutted. In addition, my revised Sections X-XII, together with the attached Exhibit A, rebut Mr. Pinkerton.

### BB. Mr. Pinkerton's Rebuttal Report.

1.     Having reviewed Mr. Pinkerton's rebuttal report, I have not changed any of my opinions. I also note that Miesen has corrected the "math" problems in

---

[1962] *Doolittle v. Meriden Joint School District*, 128 Idaho 805, 814, 919 P.3d 334, 343 (1996). Prejudgment interest may also be awarded on an equitable basis.

**Exhibit - 1, p. 633**

**13-ER-3052**

his answers to discovery with an Excel spreadsheet that provided detailed calculations and support for each entry. *See* Exhibit A attached hereto. I am relying on Exhibit A and the citations to the documents therein for my opinions in this Report, including in response to Mr. Pinkerton's report and rebuttal report. In response to Mr. Pinkerton's rebuttal opinions and for my primary opinions to which Mr. Pinkerton may address, I will rely on my opinions in Sections X-XIII of this Report and Exhibits A-H attached hereto, some of which include specific references to Mr. Pinkerton and others of which address the specific topic of his opinions. Prior to trial, I will have prepared a chart that lists specific opinions in response to Mr. Pinkerton, Mr. Remele and Mr. Lidstone's opinions so that I can streamline my testimony.

## CC. Rebuttal to Mr. Remele's Supplemental Report.

1.      On October 18, 2019, Mr. Remele submitted his Expert Witness Report responding to my Preliminary Reports of August 5, 2019 and August 11, 2019, respectively. On October 17, 2019, I submitted a revised Preliminary Report (in part based on the issuance by the Idaho Supreme Court of its opinion in *Parkinson*). Thus, our respective October 2019 Reports "crossed in the mail." After additional discovery and document production subsequent to my October 2019 Report, including my receipt of the critically important Unredacted Billing Records, I submitted an Expert Witness Report on February 21, 2020. Owing to the extensive discovery that occurred subsequent to February 21, 2020 (including the taking of nine depositions), I have prepared this Report, nearly all of which was submitted during the week ended October 30, 2020.[1963] On the evening of October 30, 2020 while in the midst of completing Sections XII and XIII of this Report (as was known by the Hawley Troxell Defendants' lawyers), I finally received Mr. Remele's Supplemental Report (the "Remele Supplement"), more than a year after my October 2019, 2020 Report and more than eight months after my February 21, 2020 Report.[1964]

2.      In Section I of this Report (which was provided days before the Remele Supplement) and prior Reports, I have noted that, in the Remele Report,

---

[1963] This recitation illustrates how the expert witness report schedule in this Lawsuit has been entirely backwards. Report submission deadlines have been set prior to the completion of discovery, rather than the other way around, resulting in the height of inefficiency and causing me to submit several supplemental Reports.

[1964] I was not provided with an explanation why Mr. Remele waited so long to provide his Supplemental Report.

Exhibit - 1, p. 634

13-ER-3053

Mr. Remele had distanced himself from John Taylor and therefor fatally (rendered meaningless) all of his opinions in his October 18, 2019 Report.

3.      In the Remele Supplement, Mr. Remele is "sticking with his story." The striking footnote 16 in the Remele Report remains intact, and apparently, he still has not lifted a finger to examine the serial misconduct of John Taylor. [1965] Moreover, the Remele Supplement is keeping with his apparently nearly exclusive litigation background continues to read more like a brief for the Hawley Troxell Defendants than a series of expert opinions.[1966] My detailed and meaningful evaluation of the Hawley Troxell Defendants' conduct requires evaluating all of the facts and circumstances, looking at the big picture, seeing how they failed their clients, and then calling balls and strikes.

4.      Mr. Remele is fundamentally wrong when he says the misconduct of John Taylor is separate and distinct from the misconduct of the Hawley Troxell Defendants. The facts demonstrate and the authorities dictate the two are in intertwined and inseparable. After all, the only way a corporate client can act is through properly elected directors and duly appointed officers following proper corporate governance procedures. Indeed, even if the conduct of Controlling AIA Defendants was not known by the Hawley Troxell Defendants before, which is unlikely, John Taylor was far from a presumably innocent client who walked in the door. Instead, the details and effects of John Taylor's and the other Controlling AIA Defendants' misconduct and the harm they inflicted on the clients of the Hawley Troxell Defendants were spelled out in meticulous detail in the complaints in the very lawsuit, *Reed Taylor v. AIA Services*, for which the Hawley Troxell Defendants first represented John Taylor and then were also purportedly retained to represent the AIA Corporations; the misconduct was also revealed in their subsequent engagements, *Donna Taylor v. Taylor* and *Donna Taylor v. AIA Services*. As discussed in this Report, setting aside that the improper corporate governance and many improper transactions were directly at issue and being addressed by the Hawley Troxell Defendants, the egregious misconduct of the

---

[1965] Mr. Remele states that he has reviewed transcripts of depositions of John Taylor, but there is no indication that he looked at any of the exhibits or otherwise got his finger nails dirty doing the necessary "pick and shovel" work to understand the issues in this case. In short, he is still relying on spoon fed information selected by the lawyers for the Hawley Troxell Defendants. By contrast I have been provided with all of the documents and information I have requested and is necessary to express my opinions. I am certain that there has been no hold back.

[1966] Contrary to Mr. Remele's conclusory opinions, the Hawley Troxell Defendants were one of the proximate causes of all of the AIA Corporations. Nothing in his conclusory opinions changes my mind.

**Exhibit - 1, p. 635**

**13-ER-3054**

Controlling AIA Defendants, which has come to light even more in recent months, caused the AIA Corporations to become disabled clients and required that the Hawley Troxell Defendants take the necessary steps to prevent such misconduct in the future, which they failed to properly do. Instead, after breaching their duties owed in *Reed Taylor v. AIA Services*, the Hawley Troxell Defendants breached their duties again later in *Donna Taylor v. AIA Services*, in which the improper corporate governance was at the heart of the lawsuit. The Hawley Troxell Defendants even went so far as to breaching their fundamental and common sense duties of care, good faith and loyalty by preventing the court from issuing a badly needed injunction requiring the AIA Corporations to simply comply with their articles of incorporation and bylaws, and cease the improper transaction and corporate governance. In the vernacular, "you can't make this stuff up." Mr. Remle has no explanation for any of the egregious breach of duties and misconduct.

5.    Contrary to Mr. Remele's assertion, I did not rely primarily on John Taylor's "single statement" as support for my opinion that the Hawley Troxell Defendants were acting as general counsel to the AIA Corporations. Instead, my opinion is based on the totality of the facts and the circumstances. What I found telling about John Taylor's 2016 deposition testimony is that he voluntarily provided the information that "Hawley Troxell, for example, was our general counsel for years."[1967] I also found support based on Riley having previously served as general counsel for the AIA Corporations while at Eberle Berlin and his immediate solicitation of them as clients the day he joined Hawley Troxell. However, the best evidence of general counsel work comes directly from the Unredacted Billing Records produced by the Controlling AIA Defendants.[1968]

6.    Likewise, the existence of engagement letters is irrelevant to the Hawley Troxell Defendants being general counsel. Once again, I find the work performed in the Unredacted Billing records and other documents such as Riley's Memorandum to Mike McNichols advising him that he had a conflict of interest as

---

[1967] 8/29/2016 John Taylor Depo. Transcript, p. 83. I also acknowledge that John Taylor testified otherwise more recently after seeing my Report and consistent with his other answers attempting to protect the Hawley Troxell Defendants. On cross examination from Attorney Bond after the 2016 deposition transcript was marked an exhibit, John Taylor did dispute the above-quoted testimony.

[1968] Mr. Remele has no explanation for the fact that the Unredacted Billing Records were produced by the Controlling AIA Defendants—not the Hawley Troxell Defendants. Had the Hawley Troxell Defendants truly believed that those billing records supported their defense that they were not general counsel, I have no doubt that they would have voluntarily produced them for their defense as they did for "selected" other privileged and work product documents.

Page - 627

**Exhibit - 1, p. 636**

**13-ER-3055**

more determinative on the general counsel issue—that is precisely the type of work that general counsel performs. As I point out in this Report, the Hawley Troxell Defendants' engagement letters and certain other communications were nothing more than a futile and ineffective effort to limit their responsibilities after the fact and disingenuously communicating with boards which were never properly elected and officers who were never duly appointed, and most importantly, who never properly addressed and resolved a single conflict of interest.[1969] Mr. Remele also fails to meaningfully address the countless conflicts of interest. With respect to the misconduct of the Hawley Defendants in this Lawsuit, the fact is that the Hawley Troxell Defendants remain counsel of record to the AIA Defendants in *Reed Taylor v. AIA Services*.

7.      It is noteworthy, however, how easily Mr. Remele embraced the substantive changes that Riley made to his deposition answers, which were made akin to a "take home exam." Yet, Mr. Remele makes no mention in his Supplement of Riley's subsequent admission that he never performed the director conflict of interest analysis under Idaho Code section 30-1-861, *et seq*., and, in fact, Riley referred to, and brought to the deposition with him, Idaho Code sections that did not exist until 2015 and thus could not have been in the Hawley Troxell files or part of any analysis. Riley also admitted that he never performed this analysis contemporaneously with his work in 2007 and 2008.

8.      In responding to the Remele Supplement reference is also made to the entirety of this Report, including Sections X-XIII, which I also rely upon to rebut Mr. Remele's newest opinions.

### DD. Roderick Bond and Michael Bissell.

1.      Another revelation contained in the Unredacted Billing Records are the efforts,[1970] of the Hawley Troxell Defendants (primarily Riley) bordering on an obsession, to have Mr. Bond disqualified and accused of the illegal practice of law. Mr. Bond is a member in good standing of the Idaho Bar; his "offense" appears to have been that he had the "temerity" seek recovery for his former client, Reed

---

[1969] I acknowledge that the Petition for a Court Appointed Inquiry would properly resolved the conflicts of interest of John Taylor, Beck and Henderson assuming they had been duly elected and assuming the Hawley Troxell Defendants had properly followed through with the Petition. However, much like other communications, the Petition was nothing more than "window dressing."

[1970] *E.g.,* FB 0752-57.

Taylor, from the AIA Controlling Defendants. Had the Hawley Troxell Defendants been as diligent and conscientious as Mr. Bond, it would not have been necessary for Miesen to bring this Lawsuit. The Hawley Troxell Defendants also apparently sought[1971] to have Michael Bissell disqualified for the same "offense" and also on baseless grounds. The AIA Corporations should not have had to pay for any of that "work." The Unredacted Billing Records confirm that the Hawley Troxell Defendants wasted time researching matters relating to Messrs. Bissell and Bond when that time should have been used to address the unauthorized and unlawful conduct of the Controlling AIA Defendants. Indeed, if the Hawley Troxell Defendants had truly been representing the interests of the AIA Corporations, they would have been communicating with Messrs. Bond and Bissell to ascertain their knowledge of the vast number of unauthorized and improper transactions. A reasonably prudent lawyer would have been on the phone with both of them interviewing them and finding out as much information as possible to benefit the AIA Corporations. Instead, the Hawley Troxell Defendants denied the allegations of established malfeasance and improper corporate governance and continued breaching their duties of care and loyalty owed to the AIA Corporations by representing the interests of the Controlling AIA Defendants and CropUSA.

2.       John Taylor's recent Rule 30(b)(6) testimony has turned up some additional surprises. One of his newest excuses is to blame Reed Taylor, Donna Taylor, Miesen and Attorney Bond for the Controlling AIA Defendants, Hawley Troxell Defendants and GemCap's actions decimating the AIA Corporations. While I am not defending Reed Taylor's illegal redemption (which was engineered by John Taylor and he bragged to people that he "bought" Reed Taylor out), I would note that Reed Taylor's expert witness in Reed *Taylor v. AIA Services*, Paul Pederson, opined that the AIA Corporations generated sufficient revenues to pay Reed Taylor, but he was simply not paid. Accordingly, Reed Taylor filing suit in 2007 and the failure to have timely paid him on or before August 1, 2005 was not

---

[1971] FB 0759.

Exhibit - 1, p. 638

the fault of Reed Taylor or his counsel.[1972] As to Donna Taylor, Donna Taylor's Series A Preferred Stock was not fully redeemed as required on or before December 3, 2003, which excludes any additional $100,000 payments that were never made under the illegal Series A Preferred Shareholder Agreement, nor has any payment been made to her since 2008. Donna Taylor ultimately filed suit in 2008, 2009 and 2013 in an effort to be timely paid as agreed in the written agreements and to protect the AIA Corporations. Accordingly, all three of Donna Taylor's lawsuits were not her or her counsel's fault. As to Miesen and other shareholders, if the Controlling AIA Defendants and Hawley Troxell Defendants had properly discharged their duties, Miesen would have had no claims to file and this Lawsuit would have never been filed. Accordingly, this Lawsuit is not the fault of Miesen, Donna Taylor or their counsel. In addition, if the Controlling AIA Defendants had not sought to improperly effectuate the 2012 reverse stock split with the assistance of the Hawley Troxell Defendants, AIA Services would have never filed suit against Miesen, Durant and other common shareholders. Accordingly, the filing of *AIA Services v. Durant* and the resulting judgment against AIA Services, was not the fault of Miesen, Durant or the other defendants or their counsel. Finally, Donna Taylor's failed intervention in *GemCap v. CropUSA* and the lawsuit filed by Durant, Miesen and Donna Taylor against GemCap and the AIA Corporations were not the fault of those shareholders or their counsel; they were not involved in the guarantees or improper GemCap Settlement Agreement and those instruments were all concealed from them and should never have occurred if the Defendants in this Lawsuit had properly discharged their duties and complied with the law.

3. Indeed, a review of Exhibit D attached hereto demonstrates that at least 43 lawsuits have been filed since 1996 and three other legal actions, none of which were the fault of Donna Taylor, Reed Taylor, Miesen or their counsel. Indeed, a review of the forty three different lawsuits and three other legal filings that I have located that are traced directly or indirectly to John Taylor or an entity that he is

---

[1972] Again while I have not had an opportunity to review Moran's deposition transcript, I was advised by Attorney Bond that Moran was asked whether he complied with the standard of care by not ascertaining that the 1995 redemption transaction was illegal. Apparently, the Hawley Troxell Defendants are trying to set up a possible defense to try to blame Reed Taylor's counsel Moran or Attorney Bond. Even if Reed Taylor were fully aware that his redemption transaction was illegal and Judge Brudie had secretly advised him that he was going to rule it was illegal and unenforceable, Reed Taylor would have still needed to litigate his claims the same way in an effort to mitigate his damages before pursuing claims against the attorneys who advised him to enter into that illegal transaction and for Eberle Berlin's incorrect Legal Opinion (which was prepared by Riley and was his first Legal Opinion, much like the representation agreements in this Lawsuit were also Riley's first ones).

involved in, reveal that John Taylor has a serious problem complying with his contractual and legal obligations. *See* Exhibit D attached hereto.

## XIII.    ADDITIONAL OPINIONS PRIMARILY ON GEMCAP, BUT NOT LIMITED TO GEMCAP

Based upon my education, training, knowledge, and experience, together with the authorities, facts, documents, and data that I have reviewed, considered, assumed, relied upon, and disclosed in this Report (including the exhibits described in Section II and attached hereto), I hereby express the opinions in Sections I, II and X of this Report and the attached Exhibits A-H (which I incorporate by reference herein), the opinions in Sections XI and XII (which I incorporate by reference herein to the extent that those opinions are applicable), the opinions previously filed in my declarations with this Court, and the following opinions as to GemCap:

I have concluded and opine, *inter alia*, that: (a) GemCap was aware that AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporation' Amended Guarantee of the GemCap Loan and that the GemCap Settlement Agreement were all prohibited by AIA Services' Amended Articles of Incorporation and the AIA Corporations' bylaws and were never properly authorized (GemCap obtained copies of AIA Services' Amended Articles of Incorporation and information in litigation reports, including (i) a copy of the docket in this Lawsuit; (ii) a copy of Donna Taylor's First Amended Complaint in this Lawsuit, which included allegations regarding unlawful guarantees of loans in violation of AIA Services' Amended Articles of Incorporation and intentional breaches of fiduciary duties (as well as allegations that CropUSA was unlawfully taken and funded by the AIA Corporations); (iii) a copy of the docket in *Reed Taylor v. AIA Services*; and (iv) a copy of Reed Taylor's Fifth Amended Complaint in *Reed Taylor v. AIA Services*, which included numerous allegations regarding unlawful guarantees in violation of AIA Services' Amended Articles of Incorporation and the Controlling AIA Defendants' intentional breaches of fiduciary duties, including allegations that CropUSA was unlawfully taken from, and funded by, the AIA Corporations, and other information contained in litigation reports), but GemCap nevertheless proceeded with the guarantees hoping to make significant profits from charging an exorbitant interest rate for the GemCap Loan and later proceeded with the GemCap Settlement Agreement when GemCap was aware that shareholders were asserting any such settlement was prohibited, unapproved, and unauthorized; (b) AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporation' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement were

Page - 631

unapproved, unauthorized, illegal, ultra vires and/or intra vires (but unauthorized), the AIA Corporations received no benefit and the AIA Corporations should be entitled to recover the real property transferred and later sold; (c) the AIA Corporations received no consideration for AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporation' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement; (d) since GemCap had actual knowledge of the Controlling AIA Defendants' fiduciary duties, GemCap intentionally substantially assisted them in breaching their duties of good faith and loyalty, and by concealing facts, by accepting and/or entering into AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporation' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement thereby being one of the proximate causes of the damages requested by Miesen;[1973] (e) GemCap could not reasonably rely on any Legal Opinions provided as to the validity, power, authority and enforceability of AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement for all of the reasons stated in this Report; (f) GemCap could not rely on an apparent authority as a defense to the unauthorized AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement because GemCap was aware, or should have been aware if it or its attorneys were reasonably prudent, that they were unauthorized and prohibited for all of the reasons stated in this Report; and (g) after considering the evidence and the long-term course of intentional conduct (including while this Lawsuit and *Durant v. GemCap* were pending), GemCap's conduct towards the AIA Corporations and AIA Services' Disinterested Shareholders was intentional, oppressive and fraudulent—they intentionally assisted the Controlling AIA Defendants in concealing facts from AIA Services' Disinterested Shareholders and substantially assisted John Taylor in having the AIA Corporations enter into the unauthorized and unlawful GemCap Settlement Agreement and transfer three parcels of real property to GemCap that sold for over $1,000,000, among the other Damage Item Numbers that GemCap is one of the proximate causes of, which actions were malicious and/or outrageous for the reasons stated in this Report.

---

[1973] While GemCap's substantial assistance of John Taylor and the other Controlling AIA Defendants ties them to other damages sought by Miesen, Damage Item Numbers 15, 16, 17, 25 and 36 are the primary Damage Item Numbers GemCap has been one of proximate causes of.

Exhibit - 1, p. 641

13-ER-3060

In addition, I also render the following additional opinions:[1974]

> **A.** **Apparent Authority Does Not Apply Here Because Everyone, Including GemCap, Was Aware that AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement Were Not Authorized and Exceeded the Power of the AIA Corporations.**

1. GemCap is unable to rely on the Controlling AIA Defendants' alleged authority or "apparent authority"[1975] to purportedly act on behalf of the AIA Corporations because GemCap and its attorneys were provided with written notice before entering into the AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan,[1976] and the GemCap Settlement Agreement that the Controlling AIA Defendants were not properly elected or appointed and lacked the authority, and the Corporations' lacked the power,[1977] to enter into any of those instruments or the transactions contemplated

---

[1974] While I continue to use "Controlling AIA Defendants" to address matters involving GemCap, my opinions are primarily focused on the conduct of John Taylor, Duclos, Beck and Henderson. Cashman became aware of the GemCap matters and remains a member of the control group.

[1975] "Apparent authority is created when a principal voluntarily places an agent in such a position that a person of ordinary prudence, conversant with the business usages and the nature of a particular business, is justified in believing that the agent is acting pursuant to existing authority. Where the existence of an agency relationship is disputed, it is a question for the trier of fact to resolve from the evidence." *Middlekauff v. Lake Cascade, Inc.*, 110 Idaho 909 (1986) (citations omitted): *Texas Co. v. Peacock*, 77 Idaho 408, 413-14, 293 P.2d 949, 951-52 (1956) ("Under the circumstances shown herein, with the limitations of the agency of appellant's representatives known to respondents, the respondents could not acquire rights against appellant contrary to those known limitations…On the other hand, apparent authority does not arise where the lack of the agent's authority is known, or should be known to the party dealing with the agent.") (citations omitted).

[1976] *See* Section IX(C). Therein I defined "AIA Corporations' Amended Guarantee of the GemCap Loan" to include the October 2012 guarantee and security agreements and the alleged 2013 reaffirmation of the guarantee.

[1977] 2 Fletcher Cyc. Corp. § 445 (Westlaw 2018) ("A corporation clearly cannot authorize its officers or agents to engage in ultra vires transactions…It is well settled, however, that no authority to exceed powers set out in the articles of incorporation will be implied merely from the fact that an officer or agent has been authorized or allowed to manage the business of the corporation, since it is to be presumed, in the absence of evidence to the contrary, that it was intended that they should manage it within the limits imposed by its articles of incorporation.") (footnotes and citations omitted).

**Exhibit - 1, p. 642**

**13-ER-3061**

thereby or related thereto.[1978] In addition to there being a lack of authority by the Controlling AIA Defendants to act for the AIA Corporations to enter into AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement or any of the related instruments and agreements, the AIA Corporations also lacked the power to do so, i.e., the instruments and agreements were ultra vires.[1979] Accordingly, GemCap could not have reasonably relied on the authority of any of the Controlling AIA Defendants to act for the AIA Corporations as to any matter, and GemCap had confirmation that the AIA Corporations lacked the power to, enter into any of AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement or any of the related instruments and agreements [1980] Moreover, as discussed in Sections X-XII, GemCap should have quickly determined that the AIA Corporations were for all practical purposes "disabled," being looted by the Controlling AIA Defendants and unable to authorize any guarantee, instrument or agreement with GemCap.

     2.    The Controlling AIA Defendants' lack of authority, and the AIA Corporations' lack of power, were clear to any lay or represented third party dealing with the AIA Corporations for all of the reasons stated in this Report, including in Sections X-XI. While I discuss a number of the restrictions under AIA Services' Amended Articles of Incorporation which prohibited all of the guarantees and the GemCap Settlement Agreement in this Report, any reasonably prudent attorney or

---

[1978] For example, after GemCap asserted a default of the GemCap Loan but prior to filing suit, GemCap improperly required the AIA Insurance to enter into a $10,000,000 Open-End Deed of Trust, Assignment of Rents and Security Agreement, which was recorded May 29, 2013. That instrument was never authorized, violated AIA Services' Amended Articles of Incorporation and AIA Insurance Bylaws and was prohibited for the same reasons the other instruments and guarantees were prohibited as discussed in this Report. This Deed of Trust was notarized by David Riley, who had worked with Hawley Troxell in prior AIA matters, and he was also aware of the prohibitions as he readily conceded in a filing approximately one year later.

[1979] They were also illegal for the reasons stated in this Report.

[1980] While the Controlling AIA Defendants and Hawley Troxell Defendants have not asserted apparent authority as a defense for any matter in this Lawsuit and even if they had done so, the defense fails for the same reasons and discussed elsewhere in this Report, including in Sections X-XII. Mr. Remele does not address these issues, or the obvious lack of authority of the Controlling AIA Defendants, in his reports either, assuming because he is not opining on John Taylor's conduct.

lay person[1981] need look no further than to the clear and easily understood Guarantee Prohibition restriction terms under Section 4.2.9 of AIA Services' Amended Articles of Incorporation to easily conclude that AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement and all related instruments and agreements exceeded the AIA Corporations' power and that none of the Controlling AIA Defendants had the authority to approve or purportedly authorize the AIA Corporations to enter into any of those guarantees, agreements or instruments:

> 4.2.9 <u>Covenants</u>. So long as any shares of Series A Preferred Stock are outstanding, and except with the consent of the holders of a majority of the outstanding shares of Series A Preferred Stock.[1982] * * *

> (c) <u>Indebtedness</u>. ***[AIA Services] will not, and will not permit any of its Subsidiaries to, directly or indirectly, create, incur, assume, guaranty or otherwise become or remain directly liable with respect to, any Indebtedness***,[1983] except…[listing a number of exceptions which do not apply to any of the guarantees or material Indebtedness at issue in this Lawsuit].[1984]

3. The facts could not be clearer that GemCap could not rely on the alleged authority of John Taylor, Beck, Henderson or anyone else as to any matter involving the AIA Corporations' power or authority to enter into any of the guarantees, the GemCap Settlement Agreement or related instruments and agreements. There is no dispute that GemCap requested, and was provided with, AIA Services' Amended Articles of Incorporation prior to accepting AIA Services' Amended Guarantee of the GemCap Loan in 2011. In addition to breaching the Guarantee Prohibition provision (Section 4.2.9(c)) quoted above, which prohibited all forms of debts as well as guarantees, AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan (both in 2012 and 2013), the GemCap Settlement Agreement and any other instruments and agreements with GemCap were prohibited by Section 4.2.9(h)

---

[1981] At his recent deposition, Miesen, a lay person with no legal training, testified that he had no problem reading and understating the restrictions under the AIA Services' Amended Articles of Incorporation. 9/19/2020 Miesen Depo. Transcript, p. 333.

[1982] DLM – 0033053 § 4.2.9.

[1983] "Indebtedness" is broadly defined in Section 4.2.10. DLM – 0033057.

[1984] DLM – 0032953-54 § 4.2.9(c) (Emphasis supplied). One of the exceptions would be if CropUSA had been wholly owned subsidiary of AIA Services. It was not (albeit it previously was a subsidiary and was subsequently improperly taken by the Controlling AIA Defendants).

Exhibit - 1, p. 644

13-ER-3063

because AIA Services' Consolidated Net Worth after considering the amount of indebtedness assumed to GemCap and the sums owed to Donna Taylor for her Series A Preferred Shares[1985] resulted in a deeply *negative* Consolidated Net Worth and Section 4.2.9(j) because the Consolidated Long-Term Debt to net worth cannot exceed a ratio of 3.6 to 1 and any indebtedness to GemCap far exceeded that ratio. Moreover, the GemCap Settlement Agreement's requirement that AIA Services' Former Headquarters be transferred to GemCap resulted in the transfer of AIA Services' material asset in violation of Section 4.2.9(c) of AIA Services' Amended Articles of Incorporation[1986] and none of the transactions with GemCap were reasonable nor would any third-party have entered into them with the affiliates CropUSA Entities and John Taylor, which violated Section 4.2.9(g). Equally important is that there is no dispute that Donna Taylor, the controlling Series A Preferred Shareholder, was never provided prior notice of, nor consented to, the entry into the AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement or any other agreement, deed of trust or instrument involving GemCap nor were any of the AIA Disinterested Shareholders, nor did she waive any of the violations of Section 4.2.9 of AIA Services' Amended Articles of Incorporation. Moreover, as the Idaho Supreme Court recently confirmed in *Donna Taylor v. Taylor* (a case that could not be more on point in terms of addressing the violations of the articles and the requirement for shareholder approval),[1987] even if Donna

---

[1985] The Controlling AIA Defendants have listed a number of different sums owed to Donna Taylor in the financial statements since the last payment was made to Donna Taylor in May 2008. From 2011 through 2015, AIA Services' financial statements have fluctuated with respect to the amount owed to Donna Taylor from of a high of $419,286 to as low as $80,008. However, the issue is immaterial because the amounts owed under guarantees and Settlement Agreement resulted in the Consolidated Net Worth (as that term is defined in Section 4.2.10) to be deeply negative by over a million dollars for the AIA Services' Amended Guarantee of the GemCap Loan and by millions of dollars for AIA Services' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement.

[1986] Idaho Code section 3-1-1202.

[1987] The Idaho Supreme Court found that the 1995 Letter Agreements that Riley approved for AIA Services in 1995 violated the interest rate and amortization schedule provisions under Article Fourth of AIA Services' Amended Articles of Incorporation (Section 4, *et seq.*) even though Donna Taylor had provided consent to the breaches because AIA Services' shareholders also needed to consent to authorize the violations. The Court found the 1995 Letter Agreements to be ultra vires but nevertheless elected to enforce them on appeal because there was confirmed evidence that AIA Services actually received a benefit through its reorganization in 1995. Here, there is no evidence of AIA Services' receiving any benefit from any of the guarantees, instruments, agreements or transactions with GemCap, and Donna Taylor never consented to any of them. To the contrary, the AIA Corporations have received nothing but detriment.

Taylor's consent had been obtained, AIA Services' shareholders would have been required to consent as well, which was never done.[1988] Finally, the boards of the AIA Corporations never made a determination with respect to any of the guarantees with GemCap as having any benefit to the AIA Corporations in violation of Section 14.1 of the AIA Corporations' bylaws and those determinations would have need to be made by AIA Services' shareholders because of the conflicts of interest John Taylor, Beck and Henderson had as purported board members and also as shareholders of CropUSA (and for other reasons stated in this Report) in violation of Section 4.14 of the AIA Corporations' bylaws.[1989] GemCap has written confirmation of these conflicts of interest through receipt of Donna Taylor's First Amended Complaint in this Lawsuit.

4.     At the recent GemCap Rule 30(b)(6) deposition, Richard Ellis, GemCap's Co-President, confirmed that GemCap was not innocent wherein he testified, *inter alia*: (a) "[t]hat is correct. We never sought or obtained consent from Donna Taylor," [1990] who was the Series A Preferred Shareholder who was required to provide consent for any violations, for any of the AIA Corporations' guarantees of the GemCap Loan, and for the GemCap Settlement Agreement; (b) that GemCap was aware that shareholders of AIA were challenging the AIA corporations' authority to enter into the GemCap Settlement Agreement;[1991] (c) there was no contract provision requiring AIA Services' shareholders to approve the GemCap Settlement Agreement included in the Settlement Agreement because "We didn't make an active decision. It wasn't included;"[1992] (d) that Attorney Bond was emailing GemCap regarding the power and authority issues; (e) GemCap didn't bother to look at the allegations in Reed Taylor's and Donna Taylor's complaints

---

[1988] AIA Services' shareholders were never provided notice of any of the guarantees until they learned of them after GemCap filed suit. Despite complaints from the shareholder, GemCap never sought or obtained shareholder consent for the GemCap Settlement Agreement or any other instrument or agreement.

[1989] John Taylor, Beck and Henderson were also interested directors under I.C. §§ 30-1-861 and 3-862, which required shareholder approval for the guarantees and Settlement Agreement under I.C. § 30-1-863. The Controlling AIA Defendants never addressed these statutes or the related ones after Idaho Code was amended in 2015 and 2019 for any transaction, contract or corporate action at issue in this Lawsuit with the exception of the improper failed effort to do so to authorize advancing fees in March 2007. The Controlling AIA Defendants and the Hawley Troxell Defendants failed to comply with these Idaho Code sections and GemCap failed to ensure compliance with those Code sections. See also the corporate actions and transactions in Sections X-XII with respect to which these Code sections were not complied with.

[1990] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 159.

[1991] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 512.

[1992] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 533.

contained in the ligation searches that it obtained, which included allegations of unauthorized loan guarantees and improper corporate governance (including no annual shareholder meetings to elect directors),[1993] because its only concern was allegedly GemCap's "ability to secure our lien position;"[1994] (f) GemCap allegedly did not request copies of the AIA Corporations' articles of incorporation and bylaws to ensure the guarantees were authorized but only to ensure that corporations were "in good standing" and "has the requisite documents that we expect most;"[1995] (g) that GemCap's due diligence for the AIA Corporations' guarantee of the GemCap Loan, if actually conducted in the manner as alleged by Mr. Ellis,[1996] was inadequate and not conducted in a prudent manner;[1997] and (h) although the litigation memo that John Taylor had provided regarding the lawsuits filed by Reed Taylor, Donna Taylor and Miesen "was unusual, [and] sparked conversation."[1998]

---

[1993] GEM0153409-920 (the Litigation Search obtained in 2011 with copies of Reed Taylor and Donna Taylor's complaints included in the results). The subsequent searches provided notice to GemCap that Donna Taylor was seeking to lift the stay in this Lawsuit. Yet, GemCap disregarded the credible allegations in Reed and Donna Taylor's complaints and forged ahead anyway.

[1994] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 127. Indeed, Donna Taylor alleged in her First Amended Complaint in this Lawsuit that CropUSA was unlawfully taken from the AIA Corporations. It difficult to imagine how GemCap was not concerned about those allegations because they drove to the heart its alleged collateral by CropUSA.

[1995] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 173. Assuming this testimony is true, GemCap and its attorneys breached their duties of care by failing to review AIA Services' Amended Articles and the AIA Corporation's bylaws to ensure that the guarantees, instruments and agreements were within the power of the AIA Corporations and whether there were any impediments or special consents required. As a lender or an attorney for a lender, it is critical to conduct the necessary due diligence and work to ensure the transaction documents were within the power of the borrower or guarantor and properly authorized by the borrow or guarantor in order to ensure that the lender could realize on its collateral or obtain judgment if the money was not repaid. GemCap and its attorney failed to conduct the required work or they conducted the work and forged ahead with the guarantees anyway, knowing that they were not authorized or within the power of the AIA Corporations, which is precisely what GemCap did with respect to the GemCap Settlement Agreement.

[1996] I find it difficult, if not impossible, to believe that GemCap and its New York based transactional lawyers conducted due diligence in the manner described by Mr. Ellis. Instead, I am of the opinion that GemCap was aware of the guarantees were prohibited and simply elected to take the risk, just as GemCap did went it entered into the GemCap Settlement Agreement with the AIA Corporations.

[1997] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, pp. 114-16.

[1998] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 115.

Exhibit - 1, p. 647

13-ER-3066

5.      Under the circumstances, GemCap's positions defy comprehension. For example, Adam Stein, counsel to GemCap has testified that in connection with AIA Services' Limited Guarantee of the GemCap Loan in 2011, he read Donna Taylor's First Amended Complaint in this Lawsuit, but, when asked, couldn't recall whom he discussed it with other than people with whom he may have discussed it with at GemCap.[1999] In 2012,after John Taylor told Ellis that an unlimited guarantee was prohibited,[2000] GemCap forged ahead with the 2012 unlimited AIA Corporations' Amended Guaranty of the GemCap Loan without obtaining a legal opinion or even a board resolution from the AIA Corporations. On January 30, 2013, shortly before the February 4, 2013 execution of the AIA Corporations' Reaffirmation and Ratification of the AIA Corporations' Amended Guarantee of the GemCap Loan, Stein emailed recent litigation search results to Gatziolis. Those search results disclosed not only the *AIA Services v. Washington Bank Properties* foreclosure action, but also the docket entries in this Lawsuit, *Taylor v. Taylor* and *AIA Services* v. *Durant*. In the email to Gatziolis Stein stated: "We are fine from a UCC standpoint. Could you please let me know the status of the existing suits."[2001] The word "suits" refers to all three actions, not just the *Washington Bank Properties* foreclosure action, and is further evidence that Stein on behalf of GemCap was continuing to devote attention to the litigation alleging misconduct on the part of John Taylor and others, including violations of the Guarantee Prohibition. Ellis attempted to dismiss the significance of Stein's inquiry to Gatziolis by calling it a "curiosity issue,[2002] but there is no factual support for that claim.

6.      Based on my experience as a director of a successful business corporation and also representing directors of such corporations individually, under the circumstances no reasonable director of either GemCap or the AIA Corporations would have authorized or approved the AIA Services' Limited Guaranty of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan or the GemCap Settlement Agreement without ensuring that the guarantees, instruments and agreements were within the power and authority of the AIA Corporations and to ensure that there would be no challenges by shareholders. Moreover, based on my experience in working with asset based lenders on behalf of borrowers and representing other parties contemplating an investment in or loan to a business enterprise, such a "head in the sand" approach that Ellis states GemCap adopted in connection with the GemCap Loan would have fallen far short of

---

[1999] 5/18/2017 Adam Stein Depo. Transcript, p.109.
[2000] 7/8-312/2020 John Taylor Rule 30(b)(6) Depo. Transcript, pp. 888-89.
[2001] GC0748976.
[2002] 8/27-29/20/20 Richard Ellis 30(b)(6) Depo. Transcript, p. 337.

standard practice and required due care. Accordingly, it is my opinion that either (i) GemCap's radical departure from a lender's ordinary due diligence practices, or (more probable than not) (ii) its decision to proceed with the GemCap loan and collect 18.5 percent interest (24 per cent upon default), one percent annual loan fee and other fees, penalties and expenses, notwithstanding GemCap's actual knowledge of the allegations of such misconduct of John Taylor, Beck, Henderson and others, resulted in either case in GemCap's providing substantial assistance to those same persons in connection with their wrongfully causing the AIA Corporations to enter into the AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan resulting in the GemCap Settlement Agreement in violation of the Guarantee Prohibition[2003] as described in this Report, including Sections X and XI. Indeed, as stated in Section XI, it was obvious to GemCap that the resolutions purporting to authorize and approve those actions were signed by the very persons accused of previously engaging in the same or similar misconduct and who were the owners of CropUSA, the beneficiary of the illegal Guarantees, and that those same individuals were not properly elected directors or duly appointed officers of the AIA Corporations. The September 15, 2014 GemCap Settlement Agreement which resulted in the transfer and sale of AIA Services' Former Headquarters and AIA Insurance's Two Condos and the subsequent litigation in *GemCap v. AIA Services* were one of the causes of substantial damage to the AIA Corporations (*see* Damage Item Numbers 15-17, 25 and 36 in Exhibit A attached hereto; *see also* Damage Item Numbers 1-40).[2004]

7. In addition, GemCap and the other parties acknowledged in Assignment of 1 of the GemCap Settlement Agreement that the AIA Corporations' "authority has been challenged by certain shareholders of AIA in two separate derivative suits filed by certain shareholders and in a third pending consolidated

---

[2003] As stated elsewhere in this Report, including for the reasons stated in Sections X and XI, I am also of the opinion that the AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan which resulted in the GemCap Settlement Agreement also violated the financial covenants in Sections 4.2.9(h), (j), and (k) of AIA Services' Amended Articles of Incorporation based on the AIA Corporation's present assets, liabilities and the sums owed to Donna Taylor, and the improper transactions and conflicts with affiliates Section provision in Section 4.2.9(g) thereof; and Section 4.14 (the guarantee prohibition provision) and Section 4.14 (conflict of interest provisions) in AIA Services' New Restated Bylaws and AIA Insurance's Bylaws as addressed in this Report.

[2004] As discussed in Sections XI-XII, the Controlling AIA Defendants and the Hawley Troxell Defendants were also one of the proximate causes of the damages involving GemCap; they could have prevented the damages.

case filed by Donna Taylor,"[2005] which "was part of the agreed-upon language between the attorneys as they were drafting it."[2006] It is also noteworthy that, on September 7, 2011 well prior to AIA Services' Limited Guarantee of the GemCap Loan, the Idaho Supreme Court had issued its published decision noting a prior illegal transaction involving AIA Services.[2007] While John Taylor testified that he had conversations with Mr. Ellis after entering into AIA Services' Limited Guarantee of the GemCap Loan advising him that AIA Services' Amended Articles of Incorporation would be violated by having the AIA Corporations guarantee the GemCap Loan and Mr. Ellis disputes this contention, the issue is irrelevant because GemCap already had written notice of the non-compliance with the Guarantee Prohibition of AIA Services' Amended Articles of Incorporation. Despite the testimony that AIA Services' Limited Guarantee of the GemCap Loan was purportedly justified because the AIA Corporations' were allegedly indebted to CropUSA in the amount of the limited $1,113,930 guarantee, there are no provisions under AIA Services' Amended Articles that permits a the AIA Corporations to guarantee any loans for a party because it allegedly owes that party money[2008] and the AIA Corporations did not owe CropUSA any money as discussed in this Report; rather CropUSA owed the AIA Corporations and its corporate opportunity and assets belonged to them. Moreover, John Taylor recently testified that he told GemCap that an unlimited guarantee was prohibited by the Guarantee Prohibition and GemCap's hard ball reply, with complete disregard for the power of the AIA Corporations, was "sign it or file bankruptcy."[2009]

       8.     The Legal Opinion that GemCap obtained in connection with AIA Services' Limited Guarantee of the GemCap Loan and the 2013 reaffirmation of the AIA Corporations' Amended Guarantees of the GemCap Loan provide no basis for GemCap ort its attorneys to have believed that John Taylor, Beck or Henderson had the authority to permit the AIA Corporations to enter into those guarantees. As stated in Sections X and XI of this Report, in 2011 and 2013 at the time of the execution of both the AIA Services' Limited Guarantee of the GemCap Loan and

---

[2005] Dkt. 128, p. 36.

[2006] 8/27-28/2020 Richard Ellis GemCap Rule 30(b)(6) Depo. Transcript, p. 511.

[2007] *Taylor v. AIA Services Corp.*, 151 Idaho 552, 261 P.3d 829 (2011).

[2008] Even the lawyers representing the interests of the Controlling AIA Defendants in *Donna Taylor v. Taylor* conceded the obvious in a filing in that lawsuit on May 9, 2014 wherein they asserted: "If the California court ultimately determines that [the AIA Corporations] guaranteed the CropUSA loan and the lender pursues the remedies that are available to it under the guaranty, then [the AIA Corporations] will have incurred a prohibited indebtedness under Section 4.2.9(c). DLM – 0005207.

[2009] 7/28-31/2020 John Taylor Rule 30(b)(6) Depo. Transcript, pp. 888-89.

**Exhibit - 1, p. 650**

**13-ER-3069**

the AIA Corporations' Amended Guarantee of the GemCap Loan, GemCap obtained Legal Opinions from Quarles & Brady regarding those guarantees, including that the AIA Corporations' Amended Guarantee of the GemCap Loan was valid and enforceable and from Robert Van Idour confirming that the AIA Corporations had the requisite power and authority to enter into the AIA Services' Limited Guaranty of the GemCap Loan and the AIA Corporations' Amended Guarantee of the GemCap Loan. By their terms, however, the Quarles & Brady opinions excluded coverage of Idaho law and thus provided no confirmation with respect to any matter governed by Idaho Law. Van Idour, whose opinions were therefore the only ones covering Idaho law, had never rendered a third party legal opinion during his entire legal career (his 2013 Legal Opinion to GemCap would be his second. His areas of practice were primarily criminal law, and was a public defender[2010] who reportedly has even been sued for malpractice in that capacity.[2011]The text of each of Van Idour's opinions was written by Gatziolis and transmitted to him through John Taylor. Van Idour never communicated orally or in writing with Gatziolis, GemCap's representatives or its attorneys to discuss his legal opinion experience and whether he had an understanding of customary practice and customary diligence with respect to the rendering of third party Legal Opinions. This failure is contrary to and not in accordance with the customary practice and customary diligence required in the representation of a recipient of a third party opinion letter. Van Idour was paid by John Taylor for the 2011 and 2013 Legal Opinions in barter transactions by crediting the office rent that Van Idour owed AIA Insurance. It defies comprehension that counsel for GemCap did not speak with Van Idour to confirm that he was qualified to render the Legal Opinions and that he understood and had thoroughly considered the matters addressed in those opinions, including the critical issues of the power and authority of the AIA Corporations to enter into the Guarantees; but it does confirm that the opinions were window dressing. GemCap had no basis for relying on Van Idour's Legal Opinions. Moreover, even if GemCap's reliance had been reasonable, but the opinions found to be wrong (which they would have been for the reasons discussed in this Report), the 2011 and 2013 Guarantees would not have been enforced by a court.[2012] In such a case, GemCap's remedy would normally have been to sue Van Idour (and Quarles & Brady by reason of Gatziolis' participation in the preparation of the two Van Idour Legal Opinions) for failing to exercise due care in the preparation of Van

---

[2010] 9/10/2020 Connie Taylor Henderson Depo. Transcript, p. 172.

[2011] According to the Lewiston Tribune, Van Idour was recently sued for malpractice for his work as a criminal public defender.

[2012] *Taylor v. AIA Services Corp.*, 151 Idaho 552, 261 P.3d 829 (2011).

Page - 642

Idour's Legal Opinions.[2013] In addition, GemCap, would have had a remedy against their own counsel, Adam Stein and Cohen Tauber Spievack & Wagner, P.C., for failing to comply with customary practice in connection with such counsel's representation of a Legal Opinion recipient.[2014] In addition to that failure, GemCap's lawyers also apparently failed to notice that the February2013 resolution purporting to authorize the AIA Corporations' Amended Guarantee of the GemCap Loan instead makes specific reference only to "the limited Continuing Guarantee"[2015] not to an unlimited guarantee such as the AIA Corporations' Amended Guarantee of the GemCap Loan purports to be. This seems to confirm Henderson's testimony discussed in Section XI of this Report that her understanding was that the 2013 Guarantee was limited to $1,113,930, as was AIA Services' Limited Guarantee of the GemCap Loan.

9.      GemCap did not obtain a Legal Opinion[2016] or even a board resolution relating to the GemCap Settlement Agreement (*see* Section XI(A) in this Report). Had a power and authority and validity opinion been obtained, it would have been wrong, and GemCap could not have relied upon it because, among other reasons, *Durant v. GemCap* had been commenced two months earlier, on July 21, 2014.The *Durant* Complaint spelled out in meticulous detail why the AIA Corporations' Amended Guarantee of the Gem Cap Loan was illegal and, among other claims for relief, sought to enjoin GemCap from entering into any settlement agreement with the AIA Corporations. Under those circumstances, instead of obtaining a Legal Opinion (which no responsible lawyer would have given to begin with) or even a board resolution, Ellis testified that GemCap relied on the fact that the AIA

---

[2013] *Taylor v. Riley*, 157 Idaho 323, 336 P.3d 256 (2014). On October 14, 2014 GemCap did in fact sue Quarles & Brady regarding that firm's 2011 and 2013 Legal Opinions to GemCap. Even in the face of the numerous meritorious assertions that AIA Services' Limited Guarantee of the GemCap Loan and the AIA Corporations 'Amended Guarantee of the GemCap Loan were unauthorized, GemCap did not even assert claims relating to the unauthorized guarantees in its action against Quarles & Brady. When asked why, Richard Ellis simply said he did not know. 8/27-28/2020 Richard Ellis Rule 30(b)(6) Depo. Transcript, p. 417-18. In my opinion, a more probable than not explanation is that GemCap knew all along that those guarantees were unauthorized, unapproved, and unenforceable and thus GemCap could not have prevailed against Quarles & Brady with respect to those claims.

[2014] *Taylor v. Bell*, 185 Wash. App. 270, 288, 340 P.3d 951, 961 (2014). "What is clear, however, is that the issuance of the opinion letter could not make the stock purchase transaction legal. And Taylor sought out independent counsel to further his goal of legally selling his shares."

[2015] AIAPROD00172406.

[2016] The GemCap Loan Legal Opinions did not cover the GemCap Settlement Agreement because by their specific terms those opinions spoke only as of their date and did not obligate the respective opinion givers to update their opinions.

13-ER-3071

Corporations' purported attorney,[2017] Munding "was there" and had "affirmed that this was a valid and binding guarantee (sic)."[2018] As discussed in this Report, including Section XI , there is no factual or legal basis for the notion that the GemCap Settlement Agreement was authorized, approved or binding on the AIA Corporations. The responsibility for the illegality of the GemCap Settlement lies at the feet of John Taylor, GemCap and their respective lawyers, including those who participated in the California federal court hearings.

10.     To reiterate, based on the facts, circumstances and legal authorities discussed in this Section XIII(A) and Sections X-XII:

(a) the AIA Corporations did not voluntarily place any of the Controlling AIA Defendants as being in the position of being an agent for any matter involving GemCap because John Taylor, Beck and Henderson had not been properly elected[2019] or appointed as directors of the AIA corporations, or that John Taylor, Freeman, Gordon and Duclos had not been properly appointed

---

[2017] I use the word purported here to emphasize that there were no filings by Munding to seek to have the guarantees declared unauthorized, ultra vires, illegal or otherwise change them.

[2018] Neither Ellis nor any of the attorneys advised Judge Otero that *Durant v. GemCap* (which had not yet been stayed by Judge Brudie - who decided to stay the case on September 18, 2014) was then pending in Idaho. 8/27-28/2020 Richard Ellis Depo. Transcript, p. 161. Ellis knew that, as discussed in Section X of this Report, Attorney Bond had communicated with Munding and GemCap. In fact, on July 22, 2014, Attorney Bond sent Munding a copy of the *Durant v. GemCap* complaint and urged him to begin to represent the AIA Corporations properly. Munding never did. He continued wrongfully to take direction from John Taylor rather than having the AIA Corporations assert the obvious illegality of the GemCap Settlement Agreement. Munding even had the AIA Corporations oppose the intervention by Donna Taylor in *GemCap v. CropUSA* in which she would have asserted the obvious illegality of the GemCap Settlement Agreement. Moreover, as discussed above, no proper board or shareholder approval was obtained to retain Munding or consent to his various conflicts of interest (including, without limitation, that the AIA Corporations should not be liable to GemCap, but his other clients John Taylor and the CropUSA Entities should be liable).

[2019] As discussed in Section XI(A), there are no minutes or resolutions showing any annual shareholder meetings were held for AIA Services from 1999 until the last one held on July 17, 2012, which was improperly held and full disclosure was never made at that meeting. Indeed, there are no board meeting minutes or resolution by the purported unelected boards of the AIA Corporations to properly nominate John Taylor, Beck or Henderson to be elected directors prior to the end of 2011 in order for them to be timely considered for the annual shareholder meeting held on July 17, 2012, as required by Section 3.13 of the AIA Services New Restated Bylaws. GemCap had notice of the irregularities and lack of proper corporate governance, which it subsequent disingenuously raised in its lawsuit against Quarles & Brady.

**Exhibit - 1, p. 653**

**13-ER-3072**

as officers, and they had been acting diametrically opposed to the interests of the AIA Corporations for the reasons stated in this Report;

(b) GemCap and its attorneys had no viable reason, nor any viable facts, to believe or justify believing that Henderson, Beck, John Taylor, or any other purported officer or director of the AIA Corporations had any authority approve or purport to authorize, the AIA Corporations to incur the indebtedness created under AIA Services' Limited Guarantee of the GemCap Loan, the Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement or any other instrument or agreement with GemCap;

(c) GemCap's acceptance of the AIA Services' Limited Guarantee of $1,113,930 in 2011 and presumably again in 2013 was based on the flawed legal rational that AIA Services' could purportedly guarantee that $1,113,930 or such other amounts as the AIA Corporations may owe CropUSA as confirmed in Section 2 of that guarantee[2020] and is not supported by any rational or prudent interpretation of AIA Services' Amended Articles of Incorporation[2021] or AIA Services' New Restated Bylaws; neither charter documents contained such an exception and, in fact, the alleged debt owed to CropUSA was also prohibited;

(c) GemCap had either improperly or inadequately conducted due diligence, or simply chose not to do so as alleged by Ellis, with respect to GemCap's decision to not review and consider any of the allegations raised in Reed

---

[2020] RJT – 036170.

[2021] Even assuming that the $1,113,930 limited guarantee was somehow permitted based on the arguments made by GemCap and the Controlling AIA Defendants, Section 2 of the limited guarantee provision also stated that the limitation did not include any attorneys' fees or costs which could be awarded. RJT – 036170. This results in AIA Services' Limited Guarantee (in 2011 or 2013) as being prohibited because the liability of fees and costs would exceed the $1,113,930 of limited indebtedness. As subsequently seen in the Settlement Agreement, GemCap required the payment of $3,986,368.78 in penalties, fees and costs, which proves this violation as does the requirement of the AIA Corporations to pay the $8,140,165.82 in principal. Under any scenario, the guarantees and the Settlement Agreement were prohibited.

Page - 645

Taylor and Donna Taylor's pending lawsuits[2022] and the AIA Corporations' power and authority to enter into any guarantee, instrument or agreement with GemCap because no reasonably prudent layperson or attorney should have easily determined that the guarantees and subsequent settlement agreement with GemCap were not authorized and exceeded the powers of the AIA Corporations;[2023]

(d) GemCap and its lawyers were familiar with, and had in their possession prior to the first guarantee in 2011, the clearly written AIA Services' Amended Articles of Incorporation prohibiting and requiring Donna Taylor's consent to AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan and the GemCap Settlement Agreement, along with copies of Reed Taylor's Fifth Amended Complaint in *Reed Taylor v. AIA Services* and Donna Taylor's First Amended Complaint in this Lawsuit, which it had obtained through litigation searches, both of which complaints spelling out in detail numerous instances in which the Controlling AIA Defendants caused prior violations of AIA Services' Amended Articles of Incorporation and the bylaws of the AIA Corporations for prior loan guarantees, that they were engaging in improper transactions and corporate governance and were engaged in self-dealing and

---

[2022] This included GemCap having apparently chosen to not review the allegations of improper corporate governance, unlawful loan guarantees, conflicts of interest and other improper acts contained within Donna Taylor's First Amended Complaint filed in this Lawsuit. It can be no surprise to GemCap that it would be named as a defendant in this Lawsuit after engaging in the same improper acts and transaction as with the Controlling AIA Defendants who were also named as defendants in this Lawsuit for that same conduct.

[2023] It is noteworthy that GemCap took a different position in its lawsuit against Quarles & Brady, There, GemCap's position, as articulated by the trial court, was [GemCap] construes the paragraph differently to mean that no litigation was pending that might adversely 'impair the collateral.' An adverse ruling in either aforementioned case might have impaired the Collateral because Crop USA would be subjected to 'significant monetary damages.'" *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.Supp.3d 1007, 1037 (C.D. Cal. 2017). In other words, GemCap asserted that the outcome of the Reed and Donna Taylor lawsuits were important to its concerns over its collateral. In my opinion, GemCap position, as alleged through Ellis, that it did not review the allegations in Reed Taylor and Donna Taylor's complaints part of its due diligence was because admitting that it reviewed those complaints is fatal to its positions that it had no knowledge of issues regarding authority. However, even if GemCap did not actually review the complaints, in my opinion, GemCap and its attorneys breached their duties of care by not reviewing the complaints and by not contacting the attorneys listed on the complaints (including Attorney Bond) because the allegations in those complaints provided proof that the guarantees, agreements and instruments were not authorized and exceeded the AIA Corporations' power.

Page - 646

other conflicts of interest transactions. Despite having those allegations in its possession, which included specific allegations of loan guarantees by AIA for CropUSA in violation of AIA Services' Amended Articles of Incorporation, GemCap never sought or obtained consent from Donna Taylor and never obtained any proof that John Taylor, Beck and Henderson's conflicts of interest had been properly resolved by a shareholder vote as required under Section 4.14 of the AIA Corporation's bylaws (let alone proof that annual shareholder meetings had been held to properly elect directors or annual board meetings held to properly appoint officers);

(e) GemCap was not entitled to rely on the erroneous Legal Opinions (discussed in Sections X and XI of this Report) that GemCap obtained in connection with AIA Services' Limited Guarantee of the GemCap Loan and the 2013 AIA Corporations' Amended Guarantee of the GemCap Loan,[2024] and that those opinions were simply window dressing requested by GemCap in an attempt to bring the appearance of legitimacy to the illegitimate and unauthorized guarantees with the GemCap Loan;[2025]

(f) GemCap did not obtain a Legal Opinion GemCap Settlement Agreement (which includes the 2014 binding term sheet), including to address power, authority and enforceability of the GemCap Settlement Agreement. Even if GemCap had done so, its remedy would have been to file suit against the opinion giver;

(g) one of the primary purposes of third party opinion practice is its role in conducting due diligence, including, to ascertain the other side's view on issues like power, authority and enforceability. Upon my review of the evidence as discussed in this Report (including Section X-XII), the parties on both sides of the transaction did not comply with and properly discharge their duties of care with respect to the third party opinion practice for the 2011 and

---

[2024] Again, GemCap did not obtain a board resolution or any other board approval for the 2012 AIA Corporations' Amended Guarantee of the GemCap Loan (or for the Security Agreement) and GemCap also did not obtain a Legal Opinion for the same.

[2025] It is noteworthy that another court has already ruled against GemCap on its ability to rely on the Legal Opinions provided by Quarles & Brady. *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.Supp.3d 1007, 1039 (C.D. Cal. 2017) ("it was unreasonable for [GemCap] to rely on its interpretation of [Quarles & Brady's] Opinion Letters due to the notice it had to the contrary.").

2013 Legal Opinions provided to GemCap by Quarles & Brady and Van Idour;[2026]

(h) GemCap could not rely on Munding or John Taylor as to John Taylor's authority to bind the AIA Corporations to the Settlement Agreement when Miesen's counsel, Attorney Bond, had emailed the attorneys representing GemCap and the AIA Corporations specifically advising them of the restrictions under AIA Services' Amended Articles of Incorporation and that no settlement was authorized;

(i) for the same reasons discussed above and in this Report, GemCap could not reasonably rely, nor even relay at all, on any representations or warranties with respect to the AIA Corporations contained within AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement or any other instrument or agreement, in particular with respect to representations regarding authority, power and enforceability, because GemCap had evidence that those representations and warranties were not accurate or true;

(j) GemCap could not rely on any representations or warranties made by John Taylor on behalf of the AIA Corporations for the GemCap Settlement Agreement because GemCap had asserted fraud claims against John Taylor and GemCap had reserved its fraud claims against John Taylor in the Agreement—GemCap knew that it was dealing with John Taylor and that his representations and warranties could not be believed, particularly based on the other facts as discussed in this Report; and

(k) GemCap could not reasonably rely on John Taylor's authority on behalf of the AIA Corporations to enter into the GemCap Settlement Agreement when GemCap and/or its attorneys knew or should have known that the Agreement was not enforceable by reasons of its containing provisions that assigned legal malpractice claims[2027] and prevented the AIA Corporations

---

[2026] The $10,000,000 question is whether both sides were aware of these breaches. In my opinion, they were aware of the legal impediments involving the AIA Corporations and GemCap and simply obtained the Legal Opinions as to the AIA Corporations for "window dressing" purposes.
[2027] *In re Cole*, 226 B.R. 647, 651-54 (B.A.P. 9th Cir. 1998); *In re Tru Block Concrete Prods., Inc.*, 27 B.R. 486, 492 (Bankr. S.D. Cal. 1983) ("It is a well settled principal that an advance agreement to waive the benefits conferred by the bankruptcy laws is wholly void as against public policy.").

Exhibit - 1, p. 657

**13-ER-3076**

from filing bankruptcy[2028] (the latter was presumably because GemCap did not want to be scrutinized for its improper conduct by a bankruptcy judge experienced in these matters).

### B. No Benefit to the AIA Corporations.

1. The GemCap Loan, AIA Services' Limited Guarantee of the GemCap Loan, the AIA Corporations' Amended Guarantee of the GemCap Loan, the GemCap Settlement Agreement, and any related instruments or agreement provided no benefit to the AIA Corporations, nor were any of those guarantees, instruments or agreements fair to the AIA Corporations. There is no benefit in allowing the Controlling AIA Defendants to have continued to improperly operate the AIA Corporations through engaging in any transactions with GemCap. GemCap has surrendered its lending license in California and has terminated all of its employees for a reason; that reason is not because it has engaged in good faith a lender, in particular based on any of its dealings with the AIA Corporations.

2. There was no benefit provided to the AIA Corporations by entering into the GemCap Settlement Agreement to resolve GemCap's claims against the AIA Corporation, including to end the need for the AIA Corporations to pay attorneys' fees and costs, because the AIA Corporations should have never been named as defendants in *GemCap v. CropUSA*. As discussed in Sections X, XI and XIII(A) of this Report, AIA Services' Limited Guarantee of the GemCap Loan and the AIA Corporations' Amended Guarantee of the GemCap Loan were prohibited by various provisions under Section 4.2.9 of AIA Services' Amended Articles of Incorporation. There was no benefit in the AIA Corporations paying Munding to purportedly represent them in *GemCap v. CropUSA* (Damage Item Number 25 in Exhibit A attached hereto). There was no benefit for the AIA Corporations to become obligation to pay $8,140,165.82 in principal, plus any interest, or the $3,986,368.78 in interest, penalties and costs in the Settlement Agreement. The AIA Corporations also received no benefit by transferred their ownership in AIA Insurance's Two Condos to GemCap. AIA Services received no benefit from the transfer of its 67% interest in AIA Services' Former Headquarters to GemCap. AIA Services also received no benefit in being a party in *GemCap v. AIA Services*, nor did it obtain a benefit from the improper fees and costs paid in that lawsuit or any resulting judgment or fee award. Even assuming GemCap could prove that GemCap Loan funds flowed to the AIA Corporations, those funds would be included in the

---

[2028] *See St. Luke's Magic Valley Reg'l Med. Ctr. v. Luciani*, 154 Idaho 37, 43, 293 P.3d 661, 667 (2012) (general assignments of legal malpractice claims prohibited).

Page - 649

funds improperly used by the Controlling AIA Defendants as discussed in this Report, including for improper loans to PERC. In sum, because the AIA Corporations have received no benefit from the Controlling AIA Defendants operating them during any time from 2011 through the present time, there could be no benefit from any proceeds from the GemCap Loan.

3.      Although Ellis testified that it appeared from the general ledgers in AIA Corporations' financial records "AIA was receiving operational benefit from GemCap's loan,"[2029] when he was asked whether "GemCap looked at the details to find out whether expenses that were allegedly incurred for AIA were actually AIA expenses," he unresponsively answered "we looked at the information that was available to us at the time, yes." He was also asked if he agreed that "just because there's a- - a general ledger does not mean that the money was actually used for the purpose indicated in the general ledger," and he replied that "there are clearly intentionally – misleading general ledger entries" and that "the intention of the entries are to mislead anyone looking at the books as to the ultimate use of the money."[2030] When pressed further on the specific information to support GemCap's allegation that $2.7 million of the GemCap Loan proceeds were diverted to the AIA Corporations, Ellis testified: "I am not. It is attorney work product" and GemCap's counsel, William Adams, instructed Ellis to not provide the information regarding the unsupported allegations.[2031] GemCap has no evidence of benefit to the AIA Corporations.

4.      When Ellis was asked "what benefit did the AIA corporations receive by entering into the settlement agreement?" he answered "They spared the expense of the trial, which they felt that they would not prevail in, and they received a judgment only in the amount of - - amounts due to us at that - - at that time."[2032] As already discussed above, there was no benefit to the AIA Corporations because they should have never been named defendants in *GemCap v. CropUSA*, and the AIA Corporations would have been better served by proceeding to trial than signing on to an over $12,000,000 settlement obligation. At least if there had been a trial, a judgment would have been entered against John Taylor and he would have been forced to pay on the judgment and/or be garnished or executed upon. Instead, he has

---

[2029] 8/27-28/2020 Richard Ellis Rule 30(b)(6) Depo. Transcript, pp. 295-96,

[2030] 8/27-28/2020 Richard Ellis Rule 30(b)(6) Depo. Transcript, pp. 40-41. When Ellis was asked if he recalled that Judge Brudie stated at a hearing that "he didn't think he could trust any document that came from AIA," Ellis answered 40 "It has the ring of truth." *Id.* at 40.

[2031] 8/27-28/2020 Richard Ellis Rule 30(b)(6) Depo. Transcript, pp.55-56.

[2032] 8/27-28/2020 Richard Ellis Rule 30(b)(6) Depo. Transcript, p. 619.

lived a life of leisure and I am advised his new wife recently purchased a $1.1 million home solely in her name in Asotin, Washington, while the AIA Corporations and the AIA Disinterested Shareholders continue to suffer. This is par for the course for John Taylor's benefitting while other suffer. I have found no evidence that the AIA Corporations received any benefit or other form of consideration from the GemCap Loan or the proceeds therefrom. Merely because loan proceeds may have been funneled through the AIA Corporations and used for other purposes does not mean that they received any benefit therefor.

5.     To recap, there was no benefit for the AIA Corporations to be wrongfully: (i) saddled with a possible liability of the magnitude of $20,130,701.01, according to GemCap; (ii) deprived of AIA Services' former headquarters and AIA Insurance's Two Condos as well as AIA's Parking Lot; (iii) caused to pay legal fees to the very law firm responsible for the AIA Corporations' entering into the improper and unauthorized GemCap Settlement Agreement; (iv) caused to pay the legal fees, including to GemCap itself in *GemCap v. AIA Services*; and (v) caused to have the Controlling AIA Defendants, in particular John Taylor, to remain in control of the AIA Corporations and his misconduct to go unredressed. *See* Damage Item Numbers 1-40 in Exhibit A attached hereto).

6.     As stated in Sections X and XI of this Report, in addition to its misconduct in connection with the GemCap Loan, GemCap's unlawful activities have also included such illegal activities as violations of California lender regulations, which caused GemCap recently to surrender to the authorities its license to loan money. GemCap is now down to its last two employees, Richard Ellis and his brother David. While the AIA Corporations would have benefitted from GemCap no longer being a lender in 2011, this occurred nine years too late, to the detriment of the AIA Corporations.

## C.  GemCap's Substantial Assistance in Controlling AIA Defendants' Defendants' Duties of Good Faith and Loyalty.

1.     For all of the reasons stated in this Report, GemCap has substantially assisted the Controlling AIA Defendants, with an emphasis on John Taylor, in breaching their duties of care and loyalty owed to the AIA Corporations and their shareholders, thereby being one of the proximate causes of the damages to the AIA Corporations (*see* Damage Items Number 1-40 in Exhibit A attached hereto). Stated differently, the GemCap Loan substantially assisted John Taylor and the other applicable Controlling AIA Defendants in breaching their duties of good faith and

loyalty owed to the AIA Corporations by allowing the to remain in control of the AIA Corporations, substantially assistant them in engaging in the guarantees, transactions, and subsequent lawsuits and Settlement Agreement with GemCap and substantially assisting in allowing there misconduct to go unredressed, thereby being one of the proximate causes of the damages to the AIA Corporations (*see also* Damage Item Numbers 1-40 in Exhibit A attached hereto).

### D. Improper Use of Sealing of Settlement Agreements, Court Filings and Transcripts to Conceal Facts from the AIA Corporations and AIA Services' Disinterested Shareholders.

1. GemCap is misusing the sealing of the Gem Cap Settlement and related documents and transcripts in *GemCap v. Crop USA* and *GemCap v. AIA Services* as both a shield and a sword to conceal relevant facts from Meissen and me and to prevent us from utilizing the GemCap Settlement Agreement and information pertaining to that Agreement to which we already have legal and proper access. For example, on October 15, 2019, GemCap attempted to prevent us from observing the trial that was scheduled to begin that day in *GemCap v. AIA Services*, but was overruled by Judge Brudie. Our purpose in attending the trial was to acquire information and gather facts about the GemCap Settlement Agreement and related matters pertinent to Miesen's claims against the Controlling AIA Defendants and GemCap. In utilizing the sealing as a sword, GemCap is seeking sanctions against Mr. Bond for using the GemCap Settlement Agreement in a June 11, 2019 deposition of James Gatziolis of Quarles & Brady, who confirmed in that deposition that, contrary to a defense raised by GemCap, Quarles & Brady's Legal Opinions regarding the GemCap Loan, dated November 23, 2011 and February 4, 2013, respectively, did not express any opinion as to the GemCap Settlement Agreement, which refutes GemCap's purported Legal Opinion defense. GemCap is also substantially assisting John Taylor is breaching his duties of loyalty and good faith owed to the AIA Corporations by assisting him in concealing facts through sealing them and refusing to provide them to Miesen or otherwise provide full disclosure to the AIA Corporations and AIA Services' Disinterested Shareholders.[2033]

---

[2033] To this day, John Taylor has never disclosed the terms of the GemCap Settlement Agreement to AIA Services' Disinterested Shareholders nor did he ever properly seek shareholder approval as discussed in this Report. Indeed, to this day, the AIA Corporations still have no knowledge of the GemCap Settlement Agreement by reason of the adverse interest exception (as discussed above).

## XIV.   SUPPLEMENTATION

This Report supplements, clarifies and replaces the Reports as produced on August 5, 2019, August 11, 2019, October 17, 2019, and February 21, 2020, respectively. Since information is still being improperly withheld and I have not had an opportunity to review Mr. Hile or Mr. Moran's deposition. I will continue to supplement this Report as more information is provided to me since significant discovery and discovery disputes remain incomplete. As in past versions, I have not had sufficient time to adequately proofread this Report for typographical errors. I will do so in conjunction with my next supplement.

## XV.   CONCLUSION AND TRIAL TESTIMONY

As noted above, in addition to my analysis and opinions stated above and the reservation of my right to supplement this Report and my opinions and rebuttal opinions as additional information becomes available. If Messrs. Lidstone or Pinkerton provide any supplemental or revised reports, I will address those reports as soon as I am able.

I also will attend trial and listen to the testimony and review evidence presented. At that time, I will also offer expert testimony in support of Miesen and to rebut any expert or lay testimony within the scope of my education, qualifications, experience and/or expertise.

Very Truly Yours,

Richard T. McDermott

**Exhibit - 1, p. 662**

**13-ER-3081**

**Dale L. Miesen v. Hawley Troxell Ennis & Hawley LLP, et al.**

| Item No. | Description of Damages | Base Damages |
|---|---|---|
| 1. | Book of Business Belonging to AIA and sold to Hudson Insurance in 2008 (sold during *Reed Taylor v. AIA Services, et al.* and at issue in that lawsuit)[1] | $11,588,245.00 |
| 2. | Consulting Fees for John Taylor paid to CropUSA by Hudson Insurance in 2008 - 2009 which should have been paid to AIA (See Item No. 1)* | $120,000.00 |
| 3. | Unauthorized Series C Preferred Shares repurchased in 2004 by AIA Insurance from CropUSA with the $1,510,693.00 bonus paid by Trustmark to AIA Insurance | $1,510,693.00 |
| 4. | Unauthorized Attorneys' Fees and Costs Paid to Hawley Troxell for legal representation of AIA and CropUSA in *Reed Taylor v. AIA Services, et al* . and *Donna Taylor v. John Taylor, et al.* which should separately be disgorged* | $1,007,786.72 |
| 5. | Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009)[2] | $1,063,750.00 |
| 6. | Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor in *Reed Taylor v. AIA Services, et al.* and *Donna Taylor v. John Taylor, et al.* * | $187,027.16 |
| 7. | Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson in *Reed Taylor v. AIA Services, et al.* and *Donna Taylor v. John Taylor, et al.* * | $361,131.28 |
| 8. | Unauthorized Attorney's Fees and Costs paid to David Gittins' firm for legal representation of JoLee Duclos and Bryan Freeman in *Reed Taylor v. AIA Services, et al.* * | $99,710.30 |
| 9. | Unauthorized Attorney's Fees and Costs paid to Chuck Brown for legal representation of AIA Services' 401(k) Plan in *Reed Taylor v. AIA Services, et al.* * | $193,258.77 |
| 10. | Money owed to AIA Policyholders from Settlement of Trust Litigation in 2008 which was never paid or submitted as Unclaimed Property to each respective State | $425,116.00 |
| 11. | Settlement Proceeds received by AIA Insurance in 2008 for prosecuting claims in the Trust Litigation | $800,000.00 |
| 12. | Security Posted in Court Registry in *Reed Taylor v. AIA Services, et al* . which was improperly released and not safeguarded* | $413,972.05 |
| 13. | Unauthorized loans and advances made to Pacific Empire Radio Corporation by AIA Corporations (face value of four Promissory Notes and advances without accrued interest)* | $2,264,359.92 |
| 14. | Interest, Attorneys' Fees, and Costs owed to Donna Taylor re: *Donna v. John, et al.* (Donna's Series A Shares should have been redeemed by 2003)* [1] | $1,067,188.91 |
| 15. | AIA Corporations' liability under the 2015 Settlement Agreement as claimed by GemCap (Dkt. 128 at 31-48) in *GemCap v. CropUSA, et al* .[3] | $20,130,701.01 |
| 16. | Value of AIA Services' Former Headquarters and AIA Insurance's Two Condos which were improperly transferred to GemCap and Sold (See Item No. 15) | $1,154,634.72 |

DLM - 107484

Summary of Base Damages

**Exhibit - 1, p. 663**

**Exhibit - A, p. 1**
**13-ER-3082**

**Dale L. Miesen v. Hawley Troxell Ennis & Hawley LLP, et al.**

| Item No. | Description of Damages | Base Damages |
|---|---|---|
| 17. | Value of Parking Lot purchased by John Taylor and Connie Henderson in 2001 and the Rent paid to John Taylor and Connie Henderson (or John Taylor) which was subsequently transferred to Jordan Taylor and sold for $50,000.00* | $123,749.89 |
| 18. | Identified Compensation paid to John Taylor by AIA from Tax Returns and IRS Forms (does not include other improper advances/benefits/compensation)[1] * | $3,043,705.45 |
| 19. | Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014* | $163,480.74 |
| 20. | Certain known payments made by AIA on behalf of CropUSA and various other entities (does not include many unallocated and unknown payments and/or advances)* | $1,505,303.84 |
| 21. | Unauthorized Attorney's Fees and Costs paid to David Risely's firms for legal representation of Connie Henderson on other legal matters* | $7,211.28 |
| 22. | Unauthorized Attorneys' Fees and Costs paid to Martelle Law Offices for legal representation in *Miesen v. HTEH, et al .; GemCap v. AIA, et al.;* and *Donna Taylor v. John Taylor, et al.* * | $176,837.54 |
| 23. | Unauthorized Attorneys' Fees and Costs paid to Steve Wieland and Shawnee Perdue's firms for legal representation in *Miesen v. HTEH, et al.; Donna Taylor v. John Taylor, et al .;* and other legal matters* | $99,756.55 |
| 24. | Unauthorized Attorneys' Fees and Costs paid to Daniel Glynn's firm for legal representation in *Miesen v. HTEH, et al.; GemCap v. AIA, et al.; and Donna Taylor v. John Taylor, et al.* * | $97,500.00 |
| 25. | Unauthorized Attorneys' Fees and Costs paid to Crumb & Munding for legal representation in *GemCap v. CropUSA, et al.* * | $109,854.41 |
| 26. | Unauthorized Attorney's Fees and Costs paid to Connie Henderson and her firms for legal representation in other legal matters* | $18,283.48 |
| 27. | Payments to/for Reed Taylor for his Illegal Redemption in 2007 and 2008 (the illegality defense should have been asserted no later than January of 2007)* | $394,630.00 |
| 28. | Certain known payments made to credit cards and other creditors on behalf of John Taylor* | $553,155.71 |
| 29. | Unauthorized Attorneys' Costs paid in *Maile v. Taylor* * | $19,718.51 |
| 30. | Unauthorized Attorneys' Fees and Costs paid to Doug Siddoway's firm for legal representation, including the reverse stock split and in *AIA Services v. Paul Durant, et al.* (includes the sums paid from the sale of AIA Services' former headquarters)* | $162,013.29 |
| 31. | Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.;* and *Donna Taylor v. John Taylor, et al.* * | $90,446.71 |
| 32. | Unauthorized Attorneys' Fees and Costs paid to Clark & Feeney for legal representation of Connie Henderson in *Donna Taylor v. John Taylor, et al.* * | $21,877.83 |

DLM - 107485

**Exhibit - 1, p. 664**

**Exhibit - A, p. 2**

**13-ER-3083**

**Dale L. Miesen v. Hawley Troxell Ennis & Hawley LLP, et al.**

| Item No. | Description of Damages | Base Damages |
|---|---|---|
| 33. | Unauthorized Fees and Costs paid to Coles Reinstein Accounting & Consulting for improper valuation of $0 for the Series C Shares in 401(k) Plan* | $4,263.00 |
| 34. | Growers National Cooperative (GNC) Settlement with CropUSA which should have been paid to AIA since AIA formed and initially funded GNC | $430,000.00 |
| 35. | Unauthorized Compensation paid to certain competing employees of AIA who competed by also working for CropUSA* | $863,617.20 |
| 36. | Attorney Fees and Costs awarded to GemCap in *GemCap v. AIA, et al*. (to the extent any such fees and costs are awarded against AIA Services)* | $466,372.49 |
| 37. | Principal and Interest owed by John Taylor for advances taken from AIA Corporations which were never paid back* [1] | $307,271.00 |
| 38. | Revenues of AIA Corporations from 1999 through the Present Time (the Defendants have not proven where the money went, whether any payments or transactions were authorized, or the fairness of any transactions and payments because they all involve conflicts of interest)* | $39,577,697.00 |
| 39. | Sale of Sound Insurance Agency to CropUSA in 2006 for $240,000 which was a business formed and operated using the AIA Corporations, improperly competing against AIA, and usurping yet another corporate opportunity of the AIA Corporations | $240,000.00 |
| 40. | John Taylor's Series A Preferred Shares and Common Shares in AIA Services which were improperly Issued to John Taylor and should be canceled** | $0.00 |
| | | $90,864,320.76 |

[1]Alternative scenarios set forth on spreadsheet with itemization of damges, but alternative with most substantial amount of damages are used for purposes of this summary.
[2] Interest has been calculated through June 30, 2020, as dividends are paid quarterly.

[3]GemCap has failed to produce sufficient information to justify the amount owed by AIA, and the numbers used to calculate damages have been provided by GemCap.  GemCap has calculated interest at 10% although the Settlement Agreement is based upon the Federal Post-Judgement Interest Rate.  GemCap has included attorney fees and costs in the amount of $8,004,116.40 without accrued interest as part of the amount due.

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

** No value is placed on the common and Series A Preferred shares because they should be canceled and the shares were never authorized to be issued.

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 666 of 879

**Dale L. Miesen v. Hawley Troxell Ennis & Hawley LLP, et al.**

| Item No. | Description of Damages | Base Damages | Per Diem Interest (12% Interest) | Accrued Interest Through 8/31/2020 | Base Damages Plus Accrued Interest Through 8/31/2020 |
|---|---|---|---|---|---|
| 1. | Book of Business Belonging to AIA and sold to Hudson Insurance in 2008 (sold during *Reed Taylor v. AIA Services, et al.* and at issue in that lawsuit)[1] | $11,588,245.00 | $3,809.83 | $16,706,121.97 | $28,294,366.97 |
| 2. | Consulting Fees for John Taylor paid to CropUSA by Hudson Insurance in 2008 - 2009 which should have been paid to AIA (See Item No. 1)* | $120,000.00 | $39.45 | $165,941.92 | $285,941.92 |
| 3. | Unauthorized Series C Preferred Shares repurchased in 2004 by AIA Insurance from CropUSA with the $1,510,693.00 bonus paid by Trustmark to AIA Insurance | $1,510,693.00 | $496.67 | $2,915,927.21 | $4,426,620.21 |
| 4. | Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA in *Reed Taylor v. AIA Services, et al.* and *Donna Taylor v. John Taylor, et al.* which should separately be disgorged* | $1,007,786.72 | $331.33 | $1,402,960.02 | $2,410,746.74 |
| 5. | Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009)[2] | $1,063,750.00 | $349.73 | $717,759.45 | $1,781,509.45 |
| 6. | Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor in *Reed Taylor v. AIA Services, et al. and Donna Taylor v. John Taylor, et al.* * | $187,027.16 | $61.49 | $274,470.95 | $461,498.11 |
| 7. | Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson in *Reed Taylor v. AIA Services, et al.* and *Donna Taylor v. John Taylor, et al.* * | $361,131.28 | $118.73 | $442,406.25 | $803,537.53 |
| 8. | Unauthorized Attorney's Fees and Costs paid to David Gittins' firm for legal representation of JoLee Duclos and Bryan Freeman in *Reed Taylor v. AIA Services, et al.* | $99,710.30 | $32.78 | $143,773.05 | $243,483.35 |
| 9. | Unauthorized Attorney's Fees and Costs paid to Chuck Brown for legal representation of AIA Services' 401(k) Plan in *Reed Taylor v. AIA Services, et al.* * | $193,258.77 | $63.54 | $264,805.51 | $458,064.28 |
| 10. | Money owed to AIA Policyholders from Settlement of Trust Litigation in 2008 which was never paid or submitted as Unclaimed Property to each respective State | $425,116.00 | $139.76 | $608,253.64 | $1,033,369.64 |
| 11. | Settlement Proceeds received by AIA Insurance in 2008 for prosecuting claims in the Trust Litigation | $800,000.00 | $263.01 | $1,144,635.62 | $1,944,635.62 |
| 12. | Security Posted in Court Registry in *Reed Taylor v. AIA Services, et al.* which was improperly released and not safeguarded* | $413,972.05 | $136.10 | $411,844.14 | $825,816.19 |
| 13. | Unauthorized loans and advances made to Pacific Empire Radio Corporation by AIA Corporations (face value of four Promissory Notes and advances without accrued interest)* | $2,264,359.92 | $744.45 | $2,406,422.74 | $4,670,782.66 |
| 14. | Interest, Attorneys' Fees, and Costs owed to Donna Taylor re: *Donna v. John, et al.* (her Series A Shares should have been redeemed by 2003)* [1] | $1,067,188.91 | $146.11 | $6,642.84 | $1,073,831.75 |
| 15. | AIA Corporations' liability under the 2015 Settlement Agreement as claimed by GemCap (Dkt. 128 at 31-48) in *GemCap v. CropUSA, et al.* [3] | $20,130,701.01 | $3,322.35 | $7,232,760.19 | $27,363,461.20 |
| 16. | Value of AIA Services' Former Headquarters and AIA Insurance's Two Condos which were improperly transferred to GemCap and Sold (See Item 15) | $1,154,634.72 | $379.61 | $548,530.58 | $1,703,165.30 |
| 17. | Value of Parking Lot purchased by John Taylor and Connie Henderson in 2001 and the Rent paid to John Taylor and Connie Henderson (or John Taylor) which was subsequently transferred to Jordan Taylor and sold for $50,000.00* | $123,749.89 | $40.68 | $157,983.20 | $281,733.09 |

Summary of Damages

**DLM - 107487**

Page 1 of 3

**Exhibit - 1, p. 666**

**Exhibit - A, p. 4**

**13-ER-3085**

*Dale L. Miesen v. Hawley Troxell Ennis & Hawley LLP, et al.*

| Item No. | Description of Damages | Base Damages | Per Diem Interest (12% Interest) | Accrued Interest Through 8/31/2020 | Base Damages Plus Accrued Interest Through 8/31/2020 |
|---|---|---|---|---|---|
| 18. | Identified Compensation paid to John Taylor by AIA from Tax Returns and IRS Forms (does not include other improper advances/benefits/compensation)[1] * | $3,043,705.45 | $1,000.67 | $5,308,011.46 | $8,351,716.91 |
| 19. | Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014* | $163,480.74 | $53.75 | $211,365.25 | $374,845.99 |
| 20. | Certain known payments made by AIA on behalf of CropUSA and various other entities (does not include many unallocated and unknown payments and/or advances)* | $1,505,303.84 | $494.89 | $1,990,351.65 | $3,495,655.49 |
| 21. | Unauthorized Attorney's Fees and Costs paid to David Risely's firms for legal representation on other legal matters* | $7,211.28 | $2.37 | $6,275.61 | $13,486.89 |
| 22. | Unauthorized Attorneys' Fees and Costs paid to Martelle Law Offices for legal representation in *Miesen v. HTEH, et al .; GemCap v. AIA, et al .; and Donna Taylor v. John Taylor, et al. * | $176,837.54 | $58.14 | $38,511.56 | $215,349.10 |
| 23. | Unauthorized Attorneys' Fees and Costs paid to Steve Wieland and Shawnee Perdue's firms for legal representation in *Miesen v. HTEH, et al.; Donna Taylor v. John Taylor, et al .; and other matters* * | $99,756.55 | $32.80 | $50,139.79 | $149,896.34 |
| 24. | Unauthorized Attorneys' Fees and Costs paid to Daniel Glynn's firm for legal representation in *Miesen v. HTEH, et al.; GemCap v. AIA, et al.; and Donna Taylor v. John Taylor, et al. * | $97,500.00 | $32.05 | $12,003.29 | $109,503.29 |
| 25. | Unauthorized Attorneys' Fees and Costs paid to Crumb & Munding for legal representation in *GemCap v. CropUSA, et al. * | $109,854.41 | $36.12 | $83,305.17 | $193,159.58 |
| 26. | Unauthorized Attorney's Fees and Costs paid to Connie Henderson and her firms for legal representation in other matters* | $18,283.48 | $6.01 | $40,829.63 | $59,113.11 |
| 27. | Payments to/for Reed Taylor for his Illegal Redemption in 2007 and 2008 (the illegality defense should have been asserted no later than January of 2007)* | $394,630.00 | $129.74 | $586,210.31 | $980,840.31 |
| 28. | Certain known payments made to credit cards and other creditors on behalf of John Taylor* | $553,155.71 | $181.86 | $450,329.00 | $1,003,484.71 |
| 29. | Unauthorized Attorneys' Costs paid in *Maile v. Taylor* * | $19,718.51 | $6.48 | $18,586.86 | $38,305.37 |
| 30. | Unauthorized Attorneys' Fees and Costs paid to Doug Siddoway's firm for legal representation, including the reverse stock split and in *AIA Services v. Paul Durant, et al.* (includes the sums paid from the sale of AIA Services' former headquarters)* | $162,013.29 | $53.26 | $95,599.79 | $257,613.08 |
| 31. | Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al. * | $90,446.71 | $29.74 | $61,971.98 | $152,418.69 |
| 32. | Unauthorized Attorneys' Fees and Costs paid to Clark & Feeney for legal representation of Connie Henderson in *Donna Taylor v. John Taylor, et al. * | $21,877.83 | $7.19 | $26,781.78 | $48,659.61 |
| 33. | Unauthorized Fees and Costs paid to Coles Reinstein Accounting & Consulting for improper valuation of $0 for the Series C Shares in 401(k) Plan* | $4,263.00 | $1.40 | $751.22 | $5,014.22 |
| 34. | Growers National Cooperative (GNC) Settlement with CropUSA which should have been paid to AIA since AIA formed and initially funded GNC | $430,000.00 | $141.37 | $522,223.56 | $952,223.56 |
| 35. | Unauthorized Compensation paid to certain competing employees of AIA who competed by also working for CropUSA* | $863,617.20 | $283.93 | $1,574,833.21 | $2,438,450.41 |
| 36. | Attorney Fees and Costs awarded to GemCap in *GemCap v. AIA, et al .* (to the extent any such fees and costs are awarded against AIA Services)* | $466,372.49 | $153.33 | $7,206.41 | $473,578.90 |

DLM - 107488

Exhibit - 1, p. 667

Exhibit - A, p. 5

13-ER-3086

*Dale L. Miesen v. Hawley Troxell Ennis & Hawley LLP, et al.*

| Item No. | Description of Damages | Base Damages | Per Diem Interest (12% Interest) | Accrued Interest Through 8/31/2020 | Base Damages Plus Accrued Interest Through 8/31/2020 |
|---|---|---|---|---|---|
| 37. | Principal and Interest owed by John Taylor for advances taken from AIA Corporations which were never paid back* [1] | $307,271.00 | $101.02 | $762,604.53 | $1,069,875.53 |
| 38. | Revenues of AIA Corporations from 1999 through the Present Time (the Defendants have not proven where the money went, whether any payments or transactions were authorized, or the fairness of any transactions and payments because they all involve conflicts of interest)* | $39,577,697.00 | N/A | N/A | $39,577,697.00 |
| 39. | Sale of Sound Insurance Agency to CropUSA in 2006 for $240,000 which was a business formed and operated using the AIA Corporations, improperly competing against AIA, and usurping yet another corporate opportunity of the AIA Corporations | $240,000.00 | $78.90 | $393,731.51 | $633,731.51 |
| 40. | John Taylor's Series A Preferred Shares and Common Shares in AIA Services which were improperly issued to John Taylor and should be canceled** | $0.00 | $0.00 | $0.00 | $0.00 |
| | | **$90,864,320.76** | **$13,360.65** | **$47,792,862.84** | **$138,657,183.59** |

[1]Alternative scenarios set forth on spreadsheet with itemization of damges, but alternative with most substantial amount of damages are used for purposes of this summary.

[2] Interest has been calculated through June 30, 2020, as dividends are paid quarterly.

[3]GemCap has failed to produce sufficient information to justify the amount owed by AIA, and the numbers used to calculate damages have been provided by GemCap.  GemCap has calculated interest at 10% although the Settlement Agreement is based upon the Federal Post-Judgement Interest Rate.  GemCap has included attorney fees and costs in the amount of $8,004,116.40 without accrued interest as part of the amount due.

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

** No value is placed on the common and Series A Preferred shares because they should be canceled and the shares were never authorized to be issued.

**Item No. 1:  Book of Business Belonging to AIA and sold to Hudson Insurance in 2008 (sold during *Reed Taylor v. AIA Services, et al* . and at issue in that lawsuit)**

**Alternative No. 1:  Gross Sale Price of Assets Sold to Hudson[1]**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/29/2008 | $11,588,245.00 | $3,809.83 | 4385 | $16,706,121.97 | 4507 | $17,170,921.71 | AIAPROD00003201-24 | CropUSA 2008 Corporate Tax Return | |
| | | | | | | | RJT 068675-87 | CropUSA 2007 - 2009 Financial Statements | |
| | | | | | | | CROP002329-2471 | Asset Purchase Agreement dated August 29, 2008 | |
| | $11,588,245.00 | $3,809.83 | | $16,706,121.97 | | $17,170,921.71 | | | |

| | |
|---|---|
| **Base Damages:** | **$11,588,245.00** |
| **Per Diem Interest:** | **$3,809.83** |
| **Interest accrued from 8/29/2008 through 8/31/2020:** | **$16,706,121.97** |
| **Interest accrued from 8/29/2008 through 12/31/2020:** | **$17,170,921.71** |
| **Base Damages plus interest accrued from 8/29/2008 through 8/31/2020:** | **$28,294,366.97** |
| **Base Damages plus interest accrued from 8/29/2008 through 12/31/2020:** | **$28,759,166.71** |

Item No. 1   **DLM - 107490**

Page 1 of 4

**Exhibit - 1, p. 669**

**Exhibit - A, p. 7**

**13-ER-3088**

**Item No. 1:  Book of Business Belonging to AIA and sold to Hudson Insurance in 2008 (sold during *Reed Taylor v. AIA Services, et al*. and at issue in that lawsuit)**

**Alternative 2:  Reported Gain on Fair Market Value of Assets[1]**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/29/2008 | $10,406,000.00 | $3,421.15 | 4385 | $15,001,745.75 | 4507 | $15,419,126.14 | AIAPROD00003201-24 | CropUSA 2008 Corporate Tax Return | |
| | | | | | | | RJT 068675-87 | CropUSA 2007 - 2009 Financial Statements | |
| | | | | | | | CROP002329-2471 | Asset Purchase Agreement dated August 29, 2008 | |
| | $10,406,000.00 | $3,421.15 | | $15,001,745.75 | | $15,419,126.14 | | | |

| | |
|---|---|
| **Base Damages:** | **$10,406,000.00** |
| **Per Diem Interest:** | **$3,421.15** |
| **Interest accrued from 8/29/2008 through 8/31/2020:** | **$15,001,745.75** |
| **Interest accrued from 8/29/2008 through 12/31/2020:** | **$15,419,126.14** |
| **Base Damages plus interest accrued from 8/29/2008 through 8/31/2020:** | **$25,407,745.75** |
| **Base Damages plus interest accrued from 8/29/2008 through 12/31/2020:** | **$25,825,126.14** |

**Item No. 1:  Book of Business Belonging to AIA and sold to Hudson Insurance in 2008 (sold during** *Reed Taylor v. AIA Services, et al* **. and at issue in that lawsuit)**

**Alternative 3:  70% of Gross Sale Price[1]**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/29/2008 | $8,111,771.50 | $2,666.88 | 4385 | $11,694,285.38 | 4507 | $12,019,645.20 | AIAPROD00003201-24 | CropUSA 2008 Corporate Tax Return | |
| | | | | | | | RJT 068675-87 | CropUSA 2007 - 2009 Financial Statements | |
| | | | | | | | CROP002329-2471 | Asset Purchase Agreement dated August 29, 2008 | |
| | $8,111,771.50 | $2,666.88 | | $11,694,285.38 | | $12,019,645.20 | | | |

**Base Damages:** $8,111,771.50
**Per Diem Interest:** $2,666.88
**Interest accrued from 8/29/2008 through 8/31/2020:** $11,694,285.38
**Interest accrued from 8/29/2008 through 12/31/2020:** $12,019,645.20
**Base Damages plus interest accrued from 8/29/2008 through 8/31/2020:** $19,806,056.88
**Base Damages plus interest accrued from 8/29/2008 through 12/31/2020:** $20,131,416.70

Item No. 1   **DLM - 107492**

Page 3 of 4

**Exhibit - 1, p. 671**

**Exhibit - A, p. 9**
**13-ER-3090**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 672 of 879

**Item No. 1:  Book of Business Belonging to AIA and sold to Hudson Insurance in 2008 (sold during *Reed Taylor v. AIA Services, et al*. and at issue in that lawsuit)**

**Alternative 4:  70% of Reported Gain on Fair Market Value of Assets[1]**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/29/2008 | $7,284,200.00 | $2,394.81 | 4385 | $10,501,222.03 | 4507 | $10,793,388.30 | AIAPROD00003201-24 | CropUSA 2008 Corporate Tax Return | |
| | | | | | | | RJT 068675-87 | CropUSA 2007 - 2009 Financial Statements | |
| | | | | | | | CROP002329-2471 | Asset Purchase Agreement dated August 29, 2008 | |
| | $7,284,200.00 | $2,394.81 | | $10,501,222.03 | | $10,793,388.30 | | | |

| | |
|---|---|
| **Base Damages:** | **$7,284,200.00** |
| **Per Diem Interest:** | **$2,394.81** |
| **Interest accrued from 8/29/2008 through 8/31/2020:** | **$10,501,222.03** |
| **Interest accrued from 8/29/2008 through 12/31/2020:** | **$10,793,388.30** |
| **Base Damages plus interest accrued from 8/29/2008 through 8/31/2020:** | **$17,785,422.03** |
| **Base Damages plus interest accrued from 8/29/2008 through 12/31/2020:** | **$18,077,588.30** |

[1]Alternative scenarios set forth on spreadsheet with itemization of damges, but alternative with most substantial amount of damages are used for purposes of the summaries.

**Item No. 2:  Consulting Fees for John Taylor paid to CropUSA by Hudson Insurance in 2008 and 2009 which should have been paid to AIA\***

| Date of Payment | Fees Paid to John Taylor | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/10/2008 | $10,000.00 | $3.29 | 4373 | $14,376.99 | 4495 | $14,778.08 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 10/10/2008 | $10,000.00 | $3.29 | 4343 | $14,278.36 | 4465 | $14,679.45 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 11/10/2008 | $10,000.00 | $3.29 | 4312 | $14,176.44 | 4434 | $14,577.53 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 12/10/2008 | $10,000.00 | $3.29 | 4282 | $14,077.81 | 4404 | $14,478.90 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 1/10/2009 | $10,000.00 | $3.29 | 4251 | $13,975.89 | 4373 | $14,376.99 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 2/10/2009 | $10,000.00 | $3.29 | 4220 | $13,873.97 | 4342 | $14,275.07 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 3/10/2009 | $10,000.00 | $3.29 | 4192 | $13,781.92 | 4314 | $14,183.01 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 4/10/2009 | $10,000.00 | $3.29 | 4161 | $13,680.00 | 4283 | $14,081.10 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 5/10/2009 | $10,000.00 | $3.29 | 4131 | $13,581.37 | 4253 | $13,982.47 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 6/10/2009 | $10,000.00 | $3.29 | 4100 | $13,479.45 | 4222 | $13,880.55 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 7/10/2009 | $10,000.00 | $3.29 | 4070 | $13,380.82 | 4192 | $13,781.92 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| 8/10/2009 | $10,000.00 | $3.29 | 4039 | $13,278.90 | 4161 | $13,680.00 | Crop002329-471 | Hudson and CropUSA  Asset Purchase Agreement dated August 29, 2008 | For purposes of calculating interest, it is assumed that the payments were made to John Taylor on the 10th day of each month |
| | | | | | | | Crop002417-20 | Consulting Agreement dated August 29, 2008 | |
| | **$120,000.00** | **$39.45** | | **$165,941.92** | | **$170,755.07** | | | |

| | |
|---|---|
| **Consulting Compensation paid to John Taylor:** | **$120,000.00** |
| **Per Diem Interest:** | **$39.45** |
| **Interest accrued through 8/31/2020:** | **$165,941.92** |
| **Interest accrued through 12/31/2020:** | **$170,755.07** |
| **Compensation paid to John Taylor plus interest accrued through 8/31/2020:** | **$285,941.92** |
| **Compensation paid to John Taylor plus interest accrued through 12/31/2020:** | **$290,755.07** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 2    **DLM - 107494**

Page 1 of 1

**Exhibit - 1, p. 673**

**Exhibit - A, p. 11**

**13-ER-3092**

**Item No. 3:  2004 Unauthorized Series C Preferred Shares repurchased by AIA Insurance from CropUSA with the same $1,510,693.00 bonus paid by Trustmark**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation |
|---|---|---|---|---|---|---|---|---|
| 8/4/2004 | $1,510,693.00 | $496.67 | 5871 | $2,915,927.21 | 5993 | $2,976,520.49 | AIA0024413 | AIA Services Corporation Preferred C Stock Shareholders List dated February 6, 1998 |
| | | | | | | | CROP000334-46 | Crop USA Insurance Agency, Inc. Financial Statements for Year Ended December 31, 2002 |
| | | | | | | | AIA0000214720 | Trustmark Insurance email to John Taylor dated July 30, 2004 re Accrued Rating Credit Exhibits |
| | | | | | | | AIA0027502 | AIA Insurance Board of Directors Consent in Lieu of Meeting dated August 26, 2004 |
| | | | | | | | AIA0027355 | CropUSA Insurance Agency Board of Directors Consent in Lieu of Meeting dated August 26, 2004 |
| | | | | | | | AIAPROD00135778-79 | AIA Inc Trust Mark 3Q2004 Journal Entries dated September 30, 2004 |
| | | | | | | | AIAPROD00135780-81 | Marcus McNabb Meeting Notes dated November 1, 2004 |
| | | | | | | | AIAPROD00135782-83 | AIA Insurance AmericanWest Bank Statement dated September 6, 2004 and History Inquiry dated September 29, 2004 |
| | | | | | | | AIAPROD00135784 | John Taylor's notes regarding journal entries for CropUSA and AIA Insurance |
| | | | | | | | AIAPROD00135785 | John Taylor and Marcus McNabb email exchange dated October 8-9, 2004 regarding additional journal entries for CropUSA |
| | | | | | | | RJT 068646-59 | Crop USA Insurance Agency, Inc. Financial Statements for Year Ended December 31, 2005 and 2004 |
| | | | | | | | AIAPROD00135787 | Marcus McNabb and JoLee Duclos email exchange dated October 12-27, 2004 regarding Crop investment of AIA Services |
| | | | | | | | AIAPROD00135788 | AIA Services Corporation Preferred C Stock Shareholders List dated June 30, 2004 |
| | | | | | | | AIAPROD00135789 | GL Detail List for Crop USA dated September 30, 2004 |
| | | | | | | | AIAPROD00135790-93 | AIA Insurance and CropUSA Book Corrections ($40,000.00 check from John Taylor to CropUSA) |
| | | | | | | | AIAPROD00135794 | Fair Market Value of Series C Preferred Shares dated October 13, 2004 |
| | | | | | | | AIA000229-43 | AIA Insurance Financial Statements and Independent Auditors' Report dated December 31, 2005 and 2004 |
| | | | | | | | AIAPROD00135786 | Paul Rieckers email to John Taylor and Marcus McNabb dated September 13, 2004 regarding balance of journal entry should be posted to Additional Paid in Capital at Crop |
| | $1,510,693.00 | $496.67 | | $2,915,927.21 | | $2,976,520.49 | | |

**Monies paid for repurchased Series C Preferred Shares from CropUSA:**     **$1,510,693.00**
**Per Diem Interest:**     **$496.67**
**Interest accrued from 8/4/2004 through 8/31/2020:**     **$2,915,927.21**
**Interest accrued from 8/4/2004 through 12/31/2020:**     **$2,976,520.49**
**Repurchase of Series C Preferred Shares plus interest accrued from 8/4/2004 through 8/31/2020:**     **$4,426,620.21**
**Repurchase of Series C Preferred Shares plus interest accrued from 8/4/2004 through 12/31/2020:**     **$4,487,213.49**

Item No. 3   **DLM - 107495**        Page 1 of 1        **Exhibit - 1, p. 674**

**Exhibit - A, p. 12**
**13-ER-3093**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/16/2007 | $31,317.51 | $10.30 | 4795 | $49,370.12 | 4917 | $50,626.26 | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Check No. 15418 issued to HTEH by AIA Services |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/6/2007 | $35,480.87 | $11.66 | 4774 | $55,688.44 | 4896 | $57,111.56 | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Check No. 15423 issued to HTEH by AIA Services |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/10/2007 | $16,629.87 | $5.47 | 4739 | $25,909.79 | 4861 | $26,576.81 | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Check No. 15426 issued to HTEH by AIA Services |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/18/2007 | $31,920.16 | $10.49 | 4701 | $49,333.70 | 4823 | $50,614.00 | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Check No. 15438  issued to HTEH by AIA Services |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/5/2007 | $22,978.47 | $7.55 | 4683 | $35,378.03 | 4805 | $36,299.69 | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Check No. 15441 issued to HTEH by AIA Services |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/7/2007 | $41,054.24 | $13.50 | 4651 | $62,775.87 | 4773 | $64,422.54 | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Check No. 15444 issued to HTEH by AIA Services |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA | |
| 1/17/2008 | $29,538.08 | $9.71 | 4610 | $44,768.40 | 4732 | $45,953.16 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check 15455 issued to HTEH by AIA Services 11/07 PROFSVCS-REED V AIA |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/19/2008 | $32,065.50 | $10.54 | 4577 | $48,251.11 | 4699 | $49,537.24 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15458 issued to HTEH by AIA Services 12/07 REED V SERVICES |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/29/2008 | $25,250.94 | $8.30 | 4567 | $37,913.77 | 4689 | $38,926.57 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15463 issued to HTEH by AIA Services Corporation 1/08 SVCS-REED V AIA SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA Services, et al. | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**DLM - 107496**

**Exhibit - 1, p. 675**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/5/2008 | $57,763.07 | $18.99 | 4501 | $85,476.68 | 4623 | $87,793.54 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15476 issued to HTEH by AIA Services Corporation 2/08 LEGAL-REED V AIASVCS |
| | | | | | | | RJT 036953 | AIA Services Corporation US Bank Canceled Check No. 15476 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/22/2008 | $52,226.93 | $17.17 | 4484 | $76,992.51 | 4606 | $79,087.31 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15481 issued to HTEH by AIA Services Corporation 2/17-3/28/08 REED V SVCS |
| | | | | | | | RJT 036954 | AIA Services Corporation US Bank Canceled Check No. 15481 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/18/2008 | $69,856.75 | $22.97 | 4396 | $100,961.19 | 4518 | $103,763.11 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15495 issued to HTEH by AIA Services Corporation ($123,551.67) - 4/08 LEGAL-REED V SVCS |
| | | | | | | | RJT 036955 | AIA Services Corporation US Bank Canceled Check No. 15495 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/18/2008 | $37,401.26 | $12.30 | 4396 | $54,054.56 | 4518 | $55,554.70 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15495 issued to HTEH by AIA Services Corporation 5/08 PROF SVCS-REED V AIA |
| | | | | | | | RJT 036955 | AIA Services Corporation US Bank Canceled Check No. 15495 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/18/2008 | $16,293.66 | $5.36 | 4396 | $23,548.58 | 4518 | $24,202.11 | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15495 issued to HTEH by AIA Services Corporation 6/08 LEGAL-REED V AIA SVC |
| | | | | | | | RJT 036955 | AIA Services Corporation US Bank Canceled Check No. 15495 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/30/2008 | $15,315.00 | $5.04 | 4323 | $21,766.60 | 4445 | $22,380.88 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15517 issued to HTEH by AIA Services Corporation PMT ON ACCOUNT-PER JT |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4    **DLM - 107497**

**Exhibit - 1, p. 676**

**Exhibit - A, p. 14**

**13-ER-3095**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/30/2008 | $15,315.09 | $5.04 | 4292 | $21,610.64 | 4414 | $22,224.92 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15524 issued to HTEH by AIA Services Corporation 7/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/30/2008 | $5,684.91 | $1.87 | 4292 | $8,021.80 | 4414 | $8,249.82 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15524 issued to HTEH by AIA Services Corporation 7/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA Services, et al. | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/29/2008 | $20,000.00 | $6.58 | 4263 | $28,030.68 | 4385 | $28,832.88 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15529 issued to HTEH by AIA Services Corporation PMT ON ACCOUNT, PER JT |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/21/2009 | $10,842.13 | $3.56 | 4240 | $15,113.63 | 4362 | $15,548.51 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15538 issued to HTEH by AIA Services Corporation 8/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/21/2009 | $9,157.87 | $3.01 | 4240 | $12,765.82 | 4362 | $13,133.14 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15538 issued to HTEH to AIA Services Corporation 8/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/27/2009 | $295.58 | $0.10 | 4203 | $408.43 | 4325 | $420.29 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15546 issued to HTEH by AIA Services Corporation ($35,000.00) 9/08 LEGAL-REED V SVCS |
| | | | | | | | RJT 036962 | AIA Services Corporation US Bank Canceled Check No. 15546 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/27/2009 | $22,336.83 | $7.34 | 4203 | $30,865.22 | 4325 | $31,761.14 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15546 issued to HTEH by AIA Services Corporation ($35,000.00) 9/08 LEGAL-REED V SVCS |
| | | | | | | | RJT 036962 | AIA Services Corporation US Bank Canceled Check No. 15546 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4    **DLM - 107498**

Page 3 of 26                     **Exhibit - 1, p. 677**

**Exhibit - A, p. 15**

**13-ER-3096**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/27/2009 | $12,077.73 | $3.97 | 4203 | $16,689.11 | 4325 | $17,173.54 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15546 issued to HTEH by AIA Services Corporation ($35,000.00) 9/08 LEGAL-REED V SVCS |
| | | | | | | | RJT 036962 | AIA Services Corporation US Bank Canceled Check No. 15546 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/27/2009 | $289.78 | $0.10 | 4203 | $400.42 | 4325 | $412.04 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15546 issued to HTEH by AIA Services Corporation ($35,000.00) 9/08 LEGAL-REED V SVCS |
| | | | | | | | RJT 036962 | AIA Services Corporation US Bank Canceled Check No. 15546 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/27/2009 | $0.08 | $0.00 | 4203 | $0.11 | 4325 | $0.11 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15546 issued to HTEH by AIA Services Corporation ($35,000.00) 9/08 LEGAL-REED V SVCS |
| | | | | | | | RJT 036962 | AIA Services Corporation US Bank Canceled Check No. 15546 | |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/31/2009 | $10,713.22 | $3.52 | 4171 | $14,690.91 | 4293 | $15,120.61 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15555 issued to HTEH by AIA Services Corporation ($20,000.00) 10/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/31/2009 | $9,286.78 | $3.05 | 4171 | $12,734.85 | 4293 | $13,107.34 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15555 issued to HTEH by AIA Services Corporation ($20,000.00) 10/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/30/2009 | $182.52 | $0.06 | 4141 | $248.49 | 4263 | $255.81 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15560 issued to HTEH by AIA Services Corporation ($40,000.00) 11/08 LEGAL-REED V SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/30/2009 | $8,804.87 | $2.89 | 4141 | $11,987.17 | 4263 | $12,340.33 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15560 issued to HTEH by AIA Services Corporation ($40,000.00) NOV-DEC08 LEGAL-REED.SVCS |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/30/2009 | $31,012.61 | $10.20 | 4141 | $42,221.33 | 4263 | $43,465.23 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15560 issued to HTEH by AIA Services Corporation ($40,000.00) PMT ON ACCT-PER JT 4/28 |
| | | | | | | | FB 0654 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/29/2009 | $14,442.86 | $4.75 | 4112 | $19,525.16 | 4234 | $20,104.46 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor AIA Services repaid $20,000.00 plus interest |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/29/2009 | $1,433.42 | $0.47 | 4112 | $1,937.83 | 4234 | $1,995.32 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor AIA Services repaid $20,000.00 plus interest |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/29/2009 | $2,309.90 | $0.76 | 4112 | $3,122.73 | 4234 | $3,215.38 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor AIA Services repaid $20,000.00 plus interest |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/29/2009 | $1,813.82 | $0.60 | 4112 | $2,452.09 | 4234 | $2,524.84 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor AIA Services repaid $20,000.00 plus interest |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2009 | $3,217.27 | $1.06 | 4080 | $4,315.55 | 4202 | $4,444.59 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15570 issued to HTEH by AIA Services Corporation ($20,000.00) PMT ON ACCT-PER JT 6/30 |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2009 | $16,782.73 | $5.52 | 4080 | $22,511.85 | 4202 | $23,185.00 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15570 issued to HTEH by AIA Services Corporation ($20,000.00) PMT ON ACCT-PER JT 6/30 |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA Services, et al. | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/31/2009 | $19,699.90 | $6.48 | 4049 | $26,224.08 | 4171 | $27,014.23 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15578 issued to HTEH by AIA Services Corporation ($20,000.00) MONTHLY PMT ON ACCT-PERJT |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/31/2009 | $272.56 | $0.09 | 4049 | $362.83 | 4171 | $373.76 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15578 issued to HTEH by AIA Services Corporation ($20,000.00) MONTHLY PMT ON ACCT-PERJT |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/31/2009 | $27.54 | $0.01 | 4049 | $36.66 | 4171 | $37.77 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15578 issued to HTEH by AIA Services Corporation ($20,000.00) MONTHLY PMT ON ACCT-PERJT |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/31/2009 | $19,737.54 | $6.49 | 4018 | $26,073.02 | 4140 | $26,864.68 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/31/2009 | $262.46 | $0.09 | 4018 | $346.71 | 4140 | $357.23 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/30/2009 | $9,689.83 | $3.19 | 3988 | $12,704.56 | 4110 | $13,093.22 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 9590 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/30/2009 | $10,303.87 | $3.39 | 3988 | $13,509.64 | 4110 | $13,922.93 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 9590 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/30/2009 | $6.30 | $0.00 | 3988 | $8.26 | 4110 | $8.51 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 9590 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/28/2009 | $15,509.13 | $5.10 | 3960 | $20,191.61 | 4082 | $20,813.68 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 8227 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4   **DLM - 107501**

**Exhibit - 1, p. 680**

**Exhibit - A, p. 18**
**13-ER-3099**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/28/2009 | $4,490.87 | $1.48 | 3960 | $5,846.74 | 4082 | $6,026.87 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 8227 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/30/2009 | $20,000.00 | $6.58 | 3927 | $25,821.37 | 4049 | $26,623.56 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/23/2009 | $4,372.13 | $1.44 | 3904 | $5,611.66 | 4026 | $5,787.02 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15604 issued to HTEH by AIA Services Corporation ($19,604.00) PMT ON ACCT-PER JT 12/21 |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/23/2009 | $6,070.50 | $2.00 | 3904 | $7,791.53 | 4026 | $8,035.01 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15604 issued to HTEH by AIA Services Corporation ($19,604.00) PMT ON ACCT-PER JT 12/21 |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/23/2009 | $5,807.00 | $1.91 | 3904 | $7,453.32 | 4026 | $7,686.24 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15604 issued to HTEH by AIA Services Corporation ($19,604.00) PMT ON ACCT-PER JT 12/21 |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/23/2009 | $3,354.37 | $1.10 | 3904 | $4,305.36 | 4026 | $4,439.90 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15604 issued to HTEH by AIA Services Corporation ($19,604.00) PMT ON ACCT-PER JT 12/21 |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $1,544.43 | $0.51 | 3868 | $1,964.01 | 3990 | $2,025.95 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $8,000.00 | $2.63 | 3868 | $10,173.37 | 3990 | $10,494.25 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 4381 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $20.08 | $0.01 | 3868 | $25.54 | 3990 | $26.34 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/28/2010 | $185.26 | $0.06 | 3868 | $235.59 | 3990 | $243.02 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $8.57 | $0.00 | 3868 | $10.90 | 3868 | $10.90 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $241.66 | $0.08 | 3868 | $307.31 | 3990 | $317.00 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/29/2010 | $1,625.20 | $0.53 | 3867 | $2,066.19 | 3989 | $2,131.37 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/29/2010 | $153.00 | $0.05 | 3867 | $194.52 | 3989 | $200.65 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/29/2010 | $4,988.80 | $1.64 | 3867 | $6,342.47 | 3989 | $6,542.57 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/1/2010 | $1,757.70 | $0.58 | 3836 | $2,216.72 | 3958 | $2,287.23 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/1/2010 | $1,242.30 | $0.41 | 3836 | $1,566.73 | 3958 | $1,616.56 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/1/2010 | $5,000.00 | $1.64 | 3805 | $6,254.79 | 3927 | $6,455.34 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | Paid with MasterCard ending in 9169 by John Taylor |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $276.40 | $0.09 | 3715 | $337.59 | 3837 | $348.67 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4        **DLM - 107503**

**Exhibit - 1, p. 682**

**Exhibit - A, p. 20**
**13-ER-3101**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/2010 | $1,235.59 | $0.41 | 3715 | $1,509.11 | 3837 | $1,558.67 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $844.72 | $0.28 | 3715 | $1,031.72 | 3837 | $1,065.60 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $1,232.72 | $0.41 | 3715 | $1,505.61 | 3837 | $1,555.05 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $1,101.46 | $0.36 | 3715 | $1,345.29 | 3837 | $1,389.47 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $901.74 | $0.30 | 3715 | $1,101.36 | 3837 | $1,137.53 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $907.68 | $0.30 | 3715 | $1,108.61 | 3837 | $1,145.02 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $707.74 | $0.23 | 3715 | $864.41 | 3837 | $892.80 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $2,024.64 | $0.67 | 3715 | $2,472.83 | 3837 | $2,554.04 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4      **DLM - 107504**

**Exhibit - 1, p. 683**

**Exhibit - A, p. 21**
**13-ER-3102**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/2010 | $2,654.44 | $0.87 | 3715 | $3,242.05 | 3837 | $3,348.52 | RJT 087325 | AIA Services Check Register from 1-2-2008 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $380.01 | $0.12 | 3715 | $464.13 | 3837 | $479.37 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $118.24 | $0.04 | 3715 | $144.41 | 3837 | $149.16 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) 01/10 INTEREST |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $88.24 | $0.03 | 3715 | $107.77 | 3837 | $111.31 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) 01/10 INTEREST |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $2,158.18 | $0.71 | 3715 | $2,635.94 | 3837 | $2,722.50 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) 03/10 LEGAL-RRED V SVCS |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $2,971.42 | $0.98 | 3715 | $3,629.20 | 3837 | $3,748.39 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) 4/10 LEGAL-REED V AIASVCS |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/30/2010 | $5,716.84 | $1.88 | 3715 | $6,982.38 | 3837 | $7,211.68 | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | Check No. 15636 issued to HTEH by AIA Services Corporation ($23,320.06) 05/10 LEGAL-REED V SVCS |
| | | | | | | | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/7/2010 | $2,500.00 | $0.82 | 3646 | $2,996.71 | 3768 | $3,096.99 | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006: Reed J. Taylor v. AIA | Paid with Visa ending in 3651 by John Taylor |
|  |  |  |  |  |  |  | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 5/23/2011 | $5,000.00 | $1.64 | 3388 | $5,569.32 | 3510 | $5,769.86 | AIA_19INSP_0015116 | May 2011 AIA Services Corp US Bank Statement | Check No. 15711 issued to HTEH by AIA Services Corporation 6/10 LEGAL-REED V SVCS |
|  |  |  |  |  |  |  | AIA_19INSP_0015119 | AIA Services May 2011 Check Reconcile Close List |  |
|  |  |  |  |  |  |  | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | FB 0655 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006: Reed J. Taylor v. AIA |  |
|  |  |  |  |  |  |  | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 6/16/2011 | $5,000.00 | $1.64 | 3364 | $5,529.86 | 3486 | $5,730.41 | AIA_19INSP_0015121 | June 2011 AIA Services Corp US Bank Statement | Check No. 15716 issued to HTEH by AIA Services Corporation 6/11 PMT ON ACCT-PER JT |
|  |  |  |  |  |  |  | AIA_19INSP_0015124 | AIA Services June 2011 Check Reconcile Close List |  |
|  |  |  |  |  |  |  | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006: Reed J. Taylor v. AIA |  |
|  |  |  |  |  |  |  | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 7/21/2011 | $2,500.00 | $0.82 | 3329 | $2,736.16 | 3451 | $2,836.44 | AIA_19INSP_0015126 | July 2011 AIA Services Corp US Bank Statement | Check No. 15724 issued to HTEH by AIA Services Corporation PMT ON ACCT-PER JT |
|  |  |  |  |  |  |  | AIA_19INSP_0015129 | AIA Services July 2011 Check Reconcile Close List |  |
|  |  |  |  |  |  |  | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006: Reed J. Taylor v. AIA |  |
|  |  |  |  |  |  |  | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 8/18/2011 | $5,022.13 | $1.65 | 3301 | $5,450.32 | 3423 | $5,651.75 | AIA_19INSP_0015131 | August 2011 AIA Services Corp US Bank Statement | Check No. 15729 issued to HTEH by AIA Services Corporation 8/10 LEGAL-REED V SVCS |
|  |  |  |  |  |  |  | AIA_19INSP_00151133 | AIA Services August 2011 Check Reconcile Close List |  |
|  |  |  |  |  |  |  | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006: Reed J. Taylor v. AIA |  |
|  |  |  |  |  |  |  | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/11/2011 | $5,312.25 | $1.75 | 3277 | $5,723.26 | 3399 | $5,936.33 | AIA_19INSP_0015135 | September 2011 AIA Services Corp US Bank Statement | Check No. 5312.25 issued to HTEH by AIA Services Corporation 07/10 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015138 | AIA Services September 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/17/2011 | $3,023.45 | $0.99 | 3241 | $3,221.59 | 3363 | $3,342.86 | AIA_19INSP_0015141 | October 2011 AIA Services Corp US Bank Statement | Check No. 15754 issued to HTEH by AIA Services Corporation 10/10 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015142 | 2011-11-9 - AIA Services Check Register from 10-1-2011 through 10-31-2011 | |
| | | | | | | | AIA_19INSP_0015144 | AIA Services October 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/17/2011 | $546.72 | $0.18 | 3241 | $582.55 | 3363 | $604.48 | AIA_19INSP_0015141 | October 2011 AIA Services Corp US Bank Statement | Check No. 15754 issued to HTEH by AIA Services Corporation 10/10 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015142 | 2011-11-9 - AIA Services Check Register from 10-1-2011 through 10-31-2011 | |
| | | | | | | | AIA_19INSP_0015144 | AIA Services October 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/17/2011 | $1,134.68 | $0.37 | 3241 | $1,209.04 | 3363 | $1,254.55 | AIA_19INSP_0015141 | October 2011 AIA Services Corp US Bank Statement | Check No. 15754 issued to HTEH by AIA Services Corporation 10/10 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015142 | 2011-11-9 - AIA Services Check Register from 10-1-2011 through 10-31-2011 | |
| | | | | | | | AIA_19INSP_0015144 | AIA Services October 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/17/2011 | $266.54 | $0.09 | 3241 | $284.01 | 3363 | $294.70 | AIA_19INSP_0015141 | October 2011 AIA Services Corp US Bank Statement | Check No. 15754 issued to HTEH by AIA Services Corporation 10/10 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015142 | 2011-11-9 - AIA Services Check Register from 10-1-2011 through 10-31-2011 | |
| | | | | | | | AIA_19INSP_0015144 | AIA Services October 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/17/2011 | $266.54 | $0.09 | 3241 | $284.01 | 3363 | $294.70 | AIA_19INSP_0015141 | October 2011 AIA Services Corp US Bank Statement | Check No. 15754 issued to HTEH by AIA Services Corporation 10/10 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015142 | 2011-11-9 - AIA Services Check Register from 10-1-2011 through 10-31-2011 | |
| | | | | | | | AIA_19INSP_0015144 | AIA Services October 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/19/2011 | $374.62 | $0.12 | 3178 | $391.41 | 3300 | $406.44 | AIA_19INSP_0015151 | December 2011 AIA Services Corp US Bank Statement | Check No. 15768 issued to HTEH by AIA Services Corporation 3/11 LEGAL-REED V AIASVCS |
| | | | | | | | AIA_19INSP_0015154 | AIA Services December 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/19/2011 | $266.54 | $0.09 | 3178 | $278.49 | 3300 | $289.18 | AIA_19INSP_0015151 | December 2011 AIA Services Corp US Bank Statement | Check No. 15768 issued to HTEH by AIA Services Corporation 3/11 LEGAL-REED V AIASVCS |
| | | | | | | | AIA_19INSP_0015154 | AIA Services December 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/19/2011 | $902.54 | $0.30 | 3178 | $942.99 | 3300 | $979.19 | AIA_19INSP_0015151 | December 2011 AIA Services Corp US Bank Statement | Check No. 15768 issued to HTEH by AIA Services Corporation 3/11 LEGAL-REED V AIASVCS |
| | | | | | | | AIA_19INSP_0015154 | AIA Services December 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/19/2011 | $3,456.30 | $1.14 | 3178 | $3,611.22 | 3300 | $3,749.85 | AIA_19INSP_0015151 | December 2011 AIA Services Corp US Bank Statement | Check No. 15768 issued to HTEH by AIA Services Corporation 3/11 LEGAL-REED V AIASVCS |
| | | | | | | | AIA_19INSP_0015154 | AIA Services December 2011 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/12/2012 | $5,000.00 | $1.64 | 3154 | $5,184.66 | 3276 | $5,385.21 | AIA_19INSP_0015029 | January 2012 AIA Services Corp US Bank Statement | Check No. 15780 issued to HTEH by AIA Services Corporation 01/12-PMT ON ACCT-PER JT |
| | | | | | | | AIA_19INSP_0015033 | AIA Services January 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/21/2012 | $961.29 | $0.32 | 3114 | $984.15 | 3236 | $1,022.71 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/21/2012 | $235.31 | $0.08 | 3114 | $240.91 | 3114 | $240.91 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/21/2012 | $265.47 | $0.09 | 3114 | $271.78 | 3236 | $282.43 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4      **DLM - 107510**

**Exhibit - 1, p. 689**

**Exhibit - A, p. 27**
**13-ER-3108**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/21/2012 | $240.58 | $0.08 | 3114 | $246.30 | 3236 | $255.95 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/21/2012 | $190.36 | $0.06 | 3114 | $194.89 | 3236 | $202.52 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/21/2012 | $139.24 | $0.05 | 3114 | $142.55 | 3236 | $148.14 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/21/2012 | $99.04 | $0.03 | 3114 | $101.40 | 3236 | $105.37 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4      DLM - 107511

**Exhibit - 1, p. 690**

**Exhibit - A, p. 28**

**13-ER-3109**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/21/2012 | $2,888.71 | $0.95 | 3114 | $2,957.41 | 3236 | $3,073.27 | AIA_19INSP_0015036 | February 2012 AIA Services Corp US Bank Statement | Check No. 15788 issued to HTEH by AIA Services Corporation ($5,000.00) 5/11 LEGAL-REED V SVCS |
| | | | | | | | AIA_19INSP_0015038 | AIA Services February 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/19/2012 | $2,096.97 | $0.69 | 3087 | $2,128.22 | 3209 | $2,212.33 | AIA_19INSP_0015040 | March 2012 AIA Services Corp US Bank Statement | Check No. 15793 issued to HTEH by AIA Services Corporation ($5,000.00) 9/7-10/12/11-REED V SVCS |
| | | | | | | | AIA_19INSP_0015043 | AIA Services March 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/19/2012 | $2,903.03 | $0.95 | 3087 | $2,946.30 | 3087 | $2,946.30 | AIA_19INSP_0015040 | March 2012 AIA Services Corp US Bank Statement | Check No. 15793 issued to HTEH by AIA Services Corporation ($5,000.00) 9/7-10/12/11-REED V SVCS |
| | | | | | | | AIA_19INSP_0015043 | AIA Services March 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/17/2012 | $99.04 | $0.03 | 3028 | $98.59 | 3150 | $102.57 | AIA_19INSP_0015050 | May 2012 AIA Services Corp US Bank Statement | Check No. 15832 issued to HTEH by AIA Services Corporation ($4,909.65) 11/3-11/26/11 REED V AIA |
| | | | | | | | AIA_19INSP_0015054 | AIA Services May 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4    **DLM - 107512**

**Exhibit - 1, p. 691**

**Exhibit - A, p. 29**
**13-ER-3110**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/17/2012 | $4,810.61 | $1.58 | 3028 | $4,789.00 | 3150 | $4,981.95 | AIA_19INSP_0015050 | May 2012 AIA Services Corp US Bank Statement | Check No. 15832 issued to HTEH by AIA Services Corporation ($4,909.65) 11/3-11/26/11 REED V AIA |
| | | | | | | | AIA_19INSP_0015054 | AIA Services May 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/20/2012 | $1,249.42 | $0.41 | 2994 | $1,229.84 | 3116 | $1,279.95 | AIA_19INSP_0015056 | June 2012 AIA Services Corp US Bank Statement | Check No. 15837 issued to HTEH by AIA Services Corporation ($5,000.00) 3/26-3/26/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015059 | AIA Services June 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/20/2012 | $519.58 | $0.17 | 2994 | $511.44 | 3116 | $532.28 | AIA_19INSP_0015056 | June 2012 AIA Services Corp US Bank Statement | Check No. 15837 issued to HTEH by AIA Services Corporation ($5,000.00) 3/26-3/26/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015059 | AIA Services June 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/20/2012 | $107.58 | $0.04 | 2994 | $105.89 | 3116 | $110.21 | AIA_19INSP_0015056 | June 2012 AIA Services Corp US Bank Statement | Check No. 15837 issued to HTEH by AIA Services Corporation ($5,000.00) 3/26-3/26/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015059 | AIA Services June 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4   **DLM - 107513**

**Exhibit - 1, p. 692**

**Exhibit - A, p. 30**

**13-ER-3111**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/20/2012 | $331.46 | $0.11 | 2994 | $326.27 | 3116 | $339.56 | AIA_19INSP_0015056 | June 2012 AIA Services Corp US Bank Statement | Check No. 15837 issued to HTEH by AIA Services Corporation ($5,000.00) 3/26-3/26/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015059 | AIA Services June 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA Services, et al. | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/20/2012 | $184.65 | $0.06 | 2994 | $181.76 | 3116 | $189.16 | AIA_19INSP_0015056 | June 2012 AIA Services Corp US Bank Statement | Check No. 15837 issued to HTEH by AIA Services Corporation ($5,000.00) 3/26-3/26/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015059 | AIA Services June 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/20/2012 | $2,607.31 | $0.86 | 2994 | $2,566.45 | 3116 | $2,671.03 | AIA_19INSP_0015056 | June 2012 AIA Services Corp US Bank Statement | Check No. 15837 issued to HTEH by AIA Services Corporation ($5,000.00) 3/26-3/26/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015059 | AIA Services June 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/20/2012 | $1,882.93 | $0.62 | 2964 | $1,834.85 | 3086 | $1,910.37 | AIA_19INSP_0015062 | July 2012 AIA Services Corp US Bank Statement | Check No. 15847 issued to HTEH by AIA Services Corporation 4/2-4/30/12 REED V. SVCS |
| | | | | | | | AIA_19INSP_0015065 | AIA Services July 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 4          **DLM - 107514**

Page 19 of 26

**Exhibit - 1, p. 693**

**Exhibit - A, p. 31**

**13-ER-3112**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0006:  Reed J. Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/13/2012 | $95.65 | $0.03 | 2940 | $92.45 | 3062 | $96.29 | AIA_19INSP_0015068 | August 2012 AIA Services Corp US Bank Statement | Check No. 15853 issued to HTEH by AIA Services Corporation 6/12 LEGAL-REED V AIASVSC |
| | | | | | | | AIA_19INSP_0015073 | AIA Services August 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/17/2012 | $408.27 | $0.13 | 2905 | $389.93 | 3027 | $406.30 | AIA_19INSP_0015075 | September 2012 AIA Services Corp US Bank Statement | Check No. 15869 issued to HTEH by AIA Services Corporation 7/12 LEGAL-REED V. SVCS |
| | | | | | | | AIA_19INSP_0015079 | AIA Services September 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | FB 0656 | 2012-10-23 - Hawley Troxell Ledger History for Matter 40005-0006:  Reed J. Taylor v. AIA | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $941,672.18 | $309.59 | | $1,324,307.01 | | $1,361,950.88 | | | |

**Fees and costs paid in *Reed Taylor v. AIA, et al.* :**      $941,672.18
**Per Diem Interest**      $309.59
**Interest accrued through 8/31/2020:**      $1,324,307.01
**Interest accrued through 12/31/2020:**      $1,361,950.88
**Fees and costs plus interest accrued through 8/31/2020:**      $2,265,979.19
**Fees and costs plus interest accrued through 12/31/2020:**      $2,303,623.06

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0001:  AIA Insurance Inc.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/5/2008 | $210.16 | $0.07 | 4470 | $308.85 | 4592 | $317.28 | AIA_19INSP_0079219 | June 2008 AIA Insurance US Bank Statement | Check No. 200746 issued to Hawley Troxell by AIA Insurance |
| | | | | | | | AIA_19INSP_0079345 | AIA Inc. US Bank Canceled Check No. 200746 | Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | FB 1137 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0001:  AIA Insurance, Inc. | |
| | $210.16 | $0.07 | | $308.85 | | $317.28 | | | |

| | |
|---|---|
| **Fees and costs paid:** | **$210.16** |
| **Per Diem Interest:** | **$0.07** |
| **Interest accrued through 8/31/2020:** | **$308.85** |
| **Interest accrued through 12/31/2020:** | **$317.28** |
| **Fees and costs plus interest accrued through 8/31/2020:** | **$519.01** |
| **Fees and costs plus interest accrued through 12/31/2020:** | **$527.44** |

Item No. 4    **DLM - 107516**

Page 21 of 26

**Exhibit - 1, p. 695**

**Exhibit - A, p. 33**

**13-ER-3114**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0003:  General**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/25/2007 | $50.00 | $0.02 | 4816 | $79.17 | 4938 | $81.17 | FB 0578 | 2012-10-24 - Hawley Troxell Ledger History for Matter 400005-003:  General | Check No. 15417 issued to Hawley Troxell by AIA Services<br>Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | $50.00 | $0.02 | | $79.17 | | $81.17 | | | |

| | |
|---|---|
| **Fees and costs paid:** | **$50.00** |
| **Per Diem Interest:** | **$0.02** |
| **Interest accrued through 8/31/2020:** | **$79.17** |
| **Interest accrued through 12/31/2020:** | **$81.17** |
| **Fees and costs plus interest accrued through 8/31/2020:** | **$129.17** |
| **Fees and costs plus interest accrued through 12/31/2020:** | **$131.17** |

Item No. 4        **DLM - 107517**

**Exhibit - 1, p. 696**

**Exhibit - A, p. 34**
**13-ER-3115**

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged\***

**40005-0005:  Liqudator's Suit re Lewis Clark Plaza Lease**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/8/2007 | $1,433.98 | $0.47 | 4984 | $2,349.68 | 5106 | $2,407.20 | AIA_19INSP_0072025 | January 2007 AIA Insurance US Bank Statement | Check No. 199177 issued to Hawley Troxell by AIA Insurance. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | AIA_19INSP_0072121-22 | AIA Inc. US Bank Canceled Check No. 199177 | |
| | | | | | | | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | |
| 2/12/2007 | $340.90 | $0.11 | 4949 | $554.67 | 5071 | $568.34 | AIA_19INSP_0073571 | February 2007 AIA Insurance US Bank Statement | Check No. 199298 issued to Hawley Troxell by AIA Insurance. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | AIA_19INSP_0073719-20 | AIA Inc. US Bank Canceled Check No. 199298 | |
| | | | | | | | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | |
| 3/8/2007 | $90.00 | $0.03 | 4925 | $145.73 | 5047 | $149.34 | AIA_19INSP_0073343 | March 2007 AIA Insurance US Bank Statement | Check No. 199400 issued to Hawley Troxell by AIA Insurance. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | AIA_19INSP_0073436-37 | AIA Inc. US Bank Canceled Check No. 199400 | |
| | | | | | | | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | |
| 6/4/2007 | $270.00 | $0.09 | 4837 | $429.37 | 4959 | $440.20 | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | Check No. 15415 issued to Hawley Troxell by AIA Services Corporation. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| 6/25/2007 | $315.00 | $0.10 | 4816 | $498.75 | 4938 | $511.39 | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | Check No. 15417 issued to Hawley Troxell by AIA Services Corporation. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| 8/6/2007 | $655.50 | $0.22 | 4774 | $1,028.83 | 4896 | $1,055.12 | AIA_19INSP_0071044 | August 2007 AIA Insurance US Bank Statement | Check No. 199848 issued to Hawley Troxell by AIA Insurance. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | AIA_19INSP_0071109-10 | AIA Inc. US Bank Canceled Check No. 199848 | |
| | | | | | | | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | |
| 8/27/2007 | $67.50 | $0.02 | 4753 | $105.48 | 4875 | $108.18 | AIA_19INSP_0071044 | August 2007 AIA Insurance US Bank Statement | Check No. 199888 issued to Hawley Troxell by AIA Insurance. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | AIA_19INSP_0071221-22 | AIA Inc. US Bank Canceled Check No. 199888 | |
| | | | | | | | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | |
| 11/26/2007 | $111.48 | $0.04 | 4662 | $170.87 | 4784 | $175.34 | AIA_19INSP_0070458 | November 2007 AIA Insurance US Bank Statement | Check No. 200167 issued to Hawley Troxell by AIA Insurance. Omitted from John Taylor's spreadsheet of attorney fees paid by AIA |
| | | | | | | | AIA_19INSP_0070646-47 | AIA Inc. US Bank Canceled Check No. 200167 | |
| | | | | | | | FB 0595 | 2012-10-24 - Hawley Troxell Ledger History for Matter 40005-0005:  Liquidator Suit | |
| | $3,284.36 | $1.08 | | $5,283.37 | | $5,415.11 | | | |

Fees and costs paid:                                                                                    $3,284.36
Per Diem Interest:                                                                                          $1.08
Interest accrued through 8/31/2020:                                                          $5,283.37
Interest accrued through 12/31/2020:                                                        $5,415.11
Fees and costs plus interest accrued through 8/31/2020:                        $8,567.73
Fees and costs plus interest accrued through 12/31/2020:                      $8,699.47

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0007:  Trust Claims Settlement Agreement**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/13/2008 | $781.26 | $0.26 | 4401 | $1,130.41 | 4523 | $1,161.74 | AIA_19INSP_0078898 | August 2008 AIA Insurance US Bank Statement | Check No. 200914 issued to Hawley Troxell by AIA Insurance |
| | | | | | | | AIA_19INSP_0078984-85 | AIA Inc. US Bank Canceled Check No. 200916 | |
| | $781.26 | $0.26 | | $1,130.41 | | $1,161.74 | | | |

| | |
|---|---|
| **Fees and costs paid:** | **$781.26** |
| **Per Diem Interest:** | **$0.26** |
| **Interest accrued through 8/31/2020:** | **$1,130.41** |
| **Interest accrued through 12/31/2020:** | **$1,161.74** |
| **Fees and costs plus interest accrued through 8/31/2020:** | **$1,911.67** |
| **Fees and costs plus interest accrued through 12/31/2020:** | **$1,943.00** |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**40005-0009:  Donna Taylor v. AIA Services Corporation, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/8/2012 | $6,100.86 | $2.01 | 2823 | $5,662.27 | 2945 | $5,906.97 | DLM 104333 | | |
| 12/8/2012 | $3,626.00 | $1.19 | 2823 | $3,365.33 | 2945 | $3,510.76 | DLM 104333 | | |
| 12/8/2012 | $74.37 | $0.02 | 2823 | $69.02 | 2945 | $72.01 | DLM 104333 | | |
| 12/8/2012 | $198.77 | $0.07 | 2823 | $184.48 | 2945 | $192.45 | DLM 104333 | | |
| 12/9/2012 | $30,000.00 | $9.86 | 2822 | $27,833.42 | 2944 | $29,036.71 | AIA_19INSP_003487 | December 2012 CropUSA Insurance Agency US Bank Statement | |
| | | | | | | | AIA_19INSP_0035028-29 | US Bank Canceled Check No. 11185 | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor dated May 9, 2014 *Donna Taylor v. AIA Services, et al.* ; Nez Perce County Case No. CV-08-1150 | |
| | $40,000.00 | $13.15 | | $37,114.52 | | $38,718.90 | | | |

| | |
|---|---|
| **Fees and costs paid:** | **$40,000.00** |
| **Per Diem Interest:** | **$13.15** |
| **Interest accrued through 8/31/2020:** | **$37,114.52** |
| **Interest accrued through 12/31/2020:** | **$38,718.90** |
| **Fees and costs plus interest accrued through 8/31/2020:** | **$77,114.52** |
| **Fees and costs plus interest accrued through 12/31/2020:** | **$78,718.90** |

**Item No. 4:  Unauthorized Attorneys' Fees and Costs paid to Hawley Troxell for legal representation of AIA and CropUSA which should separately be disgorged***

**43369-0002:  Reed J. Taylor v. R. John Taylor, et al.**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/5/2007 | $4,420.00 | $1.45 | 4897 | $7,116.08 | 5019 | $7,293.36 | AIA_19INSP_0071814-15 | April 2007 AIA Insurance US Bank Statement | Check No. 199486 issued to Hawley Troxell by AIA Inc. |
| | | | | | | | AIA_19INSP_0071893-94 | AIA Inc. US Bank Canceled Check No. 199486 | |
| | | | | | | | FB 0639 | 2008-10-20 - Hawley Troxell Ledger History for Matter 43369-0002:  Reed Taylor v. John Taylor | |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/4/2007 | $8,202.01 | $2.70 | 4837 | $13,043.22 | 4959 | $13,372.20 | FB 0639 | 2008-10-20 - Hawley Troxell Ledger History for Matter 43369-0002:  Reed Taylor v. John Taylor | Check No. 15415 issued to Hawley Troxell by AIA Services in the amount of $17,368.76 |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/4/2007 | $9,166.75 | $3.01 | 4837 | $14,577.39 | 4959 | $14,945.07 | FB 0639 | 2008-10-20 - Hawley Troxell Ledger History for Matter 43369-0002:  Reed Taylor v. John Taylor | Check No. 15415 issued to Hawley Troxell by AIA Services in the amount of $17,368.76 |
| | | | | | | | AIAPROD00308018 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $21,788.76 | $7.16 | | $34,736.69 | | $35,610.63 | | | |

| | |
|---|---|
| **Fees and costs paid:** | **$21,788.76** |
| **Per Diem Interest:** | **$7.16** |
| **Interest accrued through 8/31/2020:** | **$34,736.69** |
| **Interest accrued through 12/31/2020:** | **$35,610.63** |
| **Fees and costs plus interest accrued through 8/31/2020:** | **$56,525.45** |
| **Fees and costs plus interest accrued through 12/31/2020:** | **$57,399.39** |

| | |
|---|---|
| **Total fees and costs paid to Hawley Troxell:** | **$1,007,786.72** |
| **Total Per Diem Interest:** | **$331.33** |
| **Total interest accrued through 8/31/2020:** | **$1,402,960.02** |
| **Total interest accrued through 12/31/2020:** | **$1,443,255.71** |
| **Total fees and costs paid plus interest accrued through 8/31/2020:** | **$2,410,746.74** |
| **Total fees and costs paid plus interest accrued through 12/31/2020:** | **$2,451,042.43** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as

Item No. 4      **DLM - 107521**                                          Page 26 of 26                              **Exhibit - 1, p. 700**

**Exhibit - A, p. 38**

**13-ER-3119**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) ²**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/31/2009 | $23,125.00 | $7.60 | 4109 | $31,239.66 | 4293 | $32,638.56 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2009 | $23,125.00 | $7.60 | 4018 | $30,547.81 | 4202 | $31,946.71 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2009 | $23,125.00 | $7.60 | 3926 | $29,848.36 | 4110 | $31,247.26 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2009 | $23,125.00 | $7.60 | 3834 | $29,148.90 | 4018 | $30,547.81 | DLM 0033396 - DLM 0033412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2010 | $23,125.00 | $7.60 | 3744 | $28,464.66 | 3928 | $29,863.56 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

Item No. 5   **DLM - 107522**

Page 1 of 10

**Exhibit - 1, p. 701**

**Exhibit - A, p. 39**

**13-ER-3120**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) [2]**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/2010 | $23,125.00 | $7.60 | 3653 | $27,772.81 | 3837 | $29,171.71 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2010 | $23,125.00 | $7.60 | 3561 | $27,073.36 | 3745 | $28,472.26 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2010 | $23,125.00 | $7.60 | 3469 | $26,373.90 | 3653 | $27,772.81 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2011 | $23,125.00 | $7.60 | 3379 | $25,689.66 | 3563 | $27,088.56 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2011 | $23,125.00 | $7.60 | 3288 | $24,997.81 | 3472 | $26,396.71 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) [2]**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/30/2011 | $23,125.00 | $7.60 | 3196 | $24,298.36 | 3380 | $25,697.26 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2011 | $23,125.00 | $7.60 | 3104 | $23,598.90 | 3288 | $24,997.81 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2012 | $23,125.00 | $7.60 | 3013 | $22,907.05 | 3197 | $24,305.96 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2012 | $23,125.00 | $7.60 | 2922 | $22,215.21 | 3106 | $23,614.11 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2012 | $23,125.00 | $7.60 | 2830 | $21,515.75 | 3014 | $22,914.66 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009)** [2]

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/31/2012 | $23,125.00 | $7.60 | 2738 | $20,816.30 | 2922 | $22,215.21 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2013 | $23,125.00 | $7.60 | 2648 | $20,132.05 | 2832 | $21,530.96 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2013 | $23,125.00 | $7.60 | 2557 | $19,440.21 | 2741 | $20,839.11 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2013 | $23,125.00 | $7.60 | 2465 | $18,740.75 | 2649 | $20,139.66 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2013 | $23,125.00 | $7.60 | 2373 | $18,041.30 | 2557 | $19,440.21 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

Item No. 5   **DLM - 107525**

Page 4 of 10

**Exhibit - 1, p. 704**

**Exhibit - A, p. 42**

**13-ER-3123**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) ²**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/31/2014 | $23,125.00 | $7.60 | 2283 | $17,357.05 | 2467 | $18,755.96 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2014 | $23,125.00 | $7.60 | 2192 | $16,665.21 | 2376 | $18,064.11 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2014 | $23,125.00 | $7.60 | 2100 | $15,965.75 | 2284 | $17,364.66 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2014 | $23,125.00 | $7.60 | 2008 | $15,266.30 | 2192 | $16,665.21 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2015 | $23,125.00 | $7.60 | 1918 | $14,582.05 | 2102 | $15,980.96 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

Item No. 5   **DLM - 107526**

Page 5 of 10

**Exhibit - 1, p. 705**

**Exhibit - A, p. 43**

**13-ER-3124**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) [2]**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/2015 | $23,125.00 | $7.60 | 1827 | $13,890.21 | 2011 | $15,289.11 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2015 | $23,125.00 | $7.60 | 1735 | $13,190.75 | 1919 | $14,589.66 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2015 | $23,125.00 | $7.60 | 1643 | $12,491.30 | 1827 | $13,890.21 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2016 | $23,125.00 | $7.60 | 1552 | $11,799.45 | 1736 | $13,198.36 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2016 | $23,125.00 | $7.60 | 1461 | $11,107.60 | 1645 | $12,506.51 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

Item No. 5   **DLM - 107527**

**Exhibit - 1, p. 706**

**Exhibit - A, p. 44**

**13-ER-3125**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009)** [2]

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/30/2016 | $23,125.00 | $7.60 | 1369 | $10,408.15 | 1553 | $11,807.05 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2016 | $23,125.00 | $7.60 | 1277 | $9,708.70 | 1461 | $11,107.60 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2017 | $23,125.00 | $7.60 | 1187 | $9,024.45 | 1371 | $10,423.36 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2017 | $23,125.00 | $7.60 | 1096 | $8,332.60 | 1280 | $9,731.51 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2017 | $23,125.00 | $7.60 | 912 | $6,933.70 | 1188 | $9,032.05 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

Item No. 5   **DLM - 107528**

**Exhibit - 1, p. 707**

**Exhibit - A, p. 45**

**13-ER-3126**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) [2]**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/31/2017 | $23,125.00 | $7.60 | 912 | $6,933.70 | 1096 | $8,332.60 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2018 | $23,125.00 | $7.60 | 822 | $6,249.45 | 1006 | $7,648.36 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2018 | $23,125.00 | $7.60 | 731 | $5,557.60 | 915 | $6,956.51 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2018 | $23,125.00 | $7.60 | 639 | $4,858.15 | 823 | $6,257.05 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2018 | $23,125.00 | $7.60 | 547 | $4,158.70 | 731 | $5,557.60 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) [2]**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/31/2019 | $23,125.00 | $7.60 | 457 | $3,474.45 | 641 | $4,873.36 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 6/30/2019 | $23,125.00 | $7.60 | 366 | $2,782.60 | 550 | $4,181.51 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2019 | $23,125.00 | $7.60 | 274 | $2,083.15 | 458 | $3,482.05 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2019 | $23,125.00 | $7.60 | 182 | $1,383.70 | 366 | $2,782.60 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 3/31/2020 | $23,125.00 | $7.60 | 91 | $691.85 | 275 | $2,090.75 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |

Item No. 5   **DLM - 107530**

**Exhibit - 1, p. 709**

**Exhibit - A, p. 47**
**13-ER-3128**

**Item No. 5:  Unpaid Dividends owed to Series C Shares in AIA Services' 401(k) Plan since 2009 (Shares should have been redeemed no later than 2009) ²**

| Due Date of Payment | Amount of Dividend | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/30/2020 | $23,125.00 | $7.60 | 0 | $0.00 | 184 | $1,398.90 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 9/30/2020 | | $0.00 | | $0.00 | 92 | $0.00 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| 12/31/2020 | | $0.00 | | $0.00 | 0 | $0.00 | DLM 0033396-412 | AIA Services Amended Articles of Incorporation dated May 1, 1996 | |
| | | | | | | | AIA0024421 | AIA Services List of Dividends Paid or Accrued dated December 31, 1997 | |
| | | | | | | | AIA0024413 | AIA Services Preferred C Stock Shareholders List dated February 6, 1998 | |
| | | | | | | | AIAS_0000001 | AIA Services List of Outstanding Shares and Options dated December 31, 1996 | |
| | $1,063,750.00 | $349.73 | | $717,759.45 | | $782,808.49 | | | |

| | |
|---|---|
| **Dividends accumulated and owed through 6/30/2020:** | **$1,063,750.00** |
| **Per Diem Interest for Dividends accumulated and owed through 6/30/2020:** | **$349.73** |
| **Interest accrued from 3/31/2009 through 6/30/2020:** | **$717,759.45** |
| **Interest accrued from 3/31/09 through 12/31/2020 on Dividends accumulated and owed through 6/30/2020:** | **$782,808.49** |
| **Dividends accumulated and owed from 3/31/2009 to 6/30/2020, plus accrued interest through 6/30/2020:** | **$1,781,509.45** |
| **Dividends accumulated and owed from 3/31/2009 through 6/30/2020, plus accrued interest through 12/31/2020:** | **$1,846,558.49** |

² Interest has been calculated through June 30, 2020, as dividends should be paid quarterly.

Item No. 5   **DLM - 107531**                    Page 10 of 10                    **Exhibit - 1, p. 710**

**Exhibit - A, p. 48**

**13-ER-3129**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 711 of 879

Item No. 6:  Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor*

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/3/2007 | $29,474.20 | $9.69 | 4808 | $46,590.23 | 4930 | $47,772.43 | AIA_19INSP_0068090 | July 2007 Crop USA US Bank Statement | Check No. 5083 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0068316-17 | US Bank Canceled Check No. 5083 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/2/2007 | $4,740.20 | $1.56 | 4778 | $7,446.14 | 4900 | $7,636.27 | AIA_19INSP_0067245 | August 2007 Crop USA US Bank Statement | Check No. 5291 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0067698-99 | US Bank Canceled Check No. 5291 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/29/2007 | $4,121.28 | $1.35 | 4751 | $6,437.33 | 4873 | $6,602.63 | AIA_19INSP_0067245 | August 2007 Crop USA US Bank Statement | Check No. 5519 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0067488 | US Bank Canceled Check No. 5519 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/20/2007 | $11,162.71 | $3.67 | 4729 | $17,355.11 | 4851 | $17,802.84 | AIA_19INSP_0066669 | September 2007 Crop USA US Bank Statement | Check No. 5684 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP066761 | US Bank Canceled Check No. 5519 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/1/2007 | $4,944.94 | $1.63 | 4687 | $7,619.81 | 4809 | $7,818.15 | AIA_19INSP_0064987 | November 2007 Crop USA US Bank Statement | Check No. 6043 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP-0065278-79 | US Bank Canceled Check No. 6043 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/4/2007 | $3,105.15 | $1.02 | 4654 | $4,751.13 | 4776 | $4,875.68 | AIA_19INSP_0064036 | December 2007 Crop USA US Bank Statement | Check No. 6295 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0064149-50 | US Bank Canceled Check No. 6295 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 6    **DLM - 107532**

Page 1 of 6

**Exhibit - 1, p. 711**

**Exhibit - A, p. 49**
**13-ER-3130**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 712 of 879

**Item No. 6:  Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/21/2007 | $6,402.30 | $2.10 | 4637 | $9,760.26 | 4759 | $10,017.06 | AIA_19INSP_0064037 | December 2007 Crop USA US Bank Statement | Check No. 6434 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0064382-83 | US Bank Canceled Check No. 6434 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/14/2008 | $9,662.20 | $3.18 | 4582 | $14,555.24 | 4704 | $14,942.79 | AIA_19INSP_0060299 | February 2008 US Bank Statement | Check No. 6796 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0060152-53 | US Bank Canceled Check No. 6796 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/28/2008 | $9,471.63 | $3.11 | 4568 | $14,224.57 | 4690 | $14,604.47 | AIA_19INSP_0059824 | March 2008 Crop USA US Bank Statement | Check No. 6916 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0059492-93 | US Bank Canceled Check No. 6916 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/3/2008 | $7,572.16 | $2.49 | 4533 | $11,284.80 | 4655 | $11,588.52 | AIA_19INSP_0059314 | April 2008 Crop USA US Bank Statement | Check No. 7145 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0059251-52 | US Bank Canceled Check No. 7145 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/24/2008 | $3,454.11 | $1.14 | 4512 | $5,123.82 | 4634 | $5,262.36 | AIA_19INSP_0059314 | April 2008 Crop USA US Bank Statement | Check No. 7277 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0059117-18 | US Bank Canceled Check No. 7277 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/20/2008 | $8,113.26 | $2.67 | 4486 | $11,965.84 | 4608 | $12,291.26 | AIA_19INSP_0058819 | May 2008 Crop USA US Bank Statement | Check No. 7403 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0058470-71 | US Bank Canceled Check No. 7403 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 6    **DLM - 107533**                    Page 2 of 6                    **Exhibit - 1, p. 712**

**Exhibit - A, p. 50**
**13-ER-3131**

**Item No. 6:  Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/24/2008 | $3,889.92 | $1.28 | 4451 | $5,692.29 | 4573 | $5,848.31 | AIA_19INSP_0058329 | June 2008 Crop USA US Bank Statement | Check No. 7619 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0058348-49 | US Bank Canceled Check No. 7619 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/13/2008 | $4,511.10 | $1.48 | 4401 | $6,527.13 | 4523 | $6,708.07 | AIA_19INSP_0057523 | August 2008 Crop USA US Bank Statement | Check No. 7917 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0057151-52 | US Bank Canceled Check No. 7917 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/28/2008 | $9,027.15 | $2.97 | 4386 | $13,016.90 | 4508 | $13,378.98 | AIA_19INSP_0056977 | September 2008 Crop USA US Bank Statement | Check No. 8091 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0056721-22 | US Bank Canceled Check No. 8091 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/30/2008 | $5,833.60 | $1.92 | 4353 | $8,348.60 | 4475 | $8,582.58 | AIA_19INSP_0056400 | October 2008 Crop USA US Bank Statement | Check No. 8219 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP-0056524-25 | US Bank Cancled Check No. 8219 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/16/2008 | $7,687.20 | $2.53 | 4276 | $10,806.73 | 4398 | $11,115.06 | AIA_19INSP_0056106 | December 2008 Crop USA US Bank Statement | Check No. 8406 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0056076-77 | US Bank Canceled Check No. 8406 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 6   **DLM - 107534**

**Exhibit - 1, p. 713**

**Item No. 6:  Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/20/2009 | $11,000.00 | $3.62 | 4241 | $15,337.32 | 4363 | $15,778.52 | AIA_19INSP_0094934-39 | Clements, Brown & McNichols Statement dated January 31, 2009 | Check No. 8508 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0046154 | January 2009 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0046130 | US Bank Canceled Check No. 8508 | |
| | | | | | | | AIA_19INSP_0094961 | Crop USA Check Stub | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/26/2009 | $15,000.00 | $4.93 | 4204 | $20,732.05 | 4326 | $21,333.70 | AIA_19INSP_0094947-53 | Clements, Brown & McNichols Statement dated October 31, 2008 | Check No. 8591 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0094954-56 | Clements, Brown & McNichols Statement dated November 30, 2008 | |
| | | | | | | | AIA_19INSP_0094957-60 | Clements, Brown & McNichols Statement dated December 31, 2008 | |
| | | | | | | | AIA_19INSP_0094940-44 | Clements, Brown & McNichols Statement dated February 28, 2009 | |
| | | | | | | | AIA_19INSP_0045872 | February 2009 US Bank Statement | |
| | | | | | | | AIA_19INSP_0045807-08 | US Bank Canceled Check No. 8591 | |
| | | | | | | | AIA_19INSP_0094945-46 | Crop USA Check Stub | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/30/2009 | $15,000.00 | $4.93 | 4172 | $20,574.25 | 4294 | $21,175.89 | AIA_19INSP_0094918-23 | Clements, Brown & McNichols Statement dated March 31, 2009 | Check No. 8680 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0045699 | March 2009 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0045535 | US Bank Canceled Check No. 8680 | |
| | | | | | | | AIA_19INSP_0094930 | Crop USA Check Stub | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 6   **DLM - 107535**

Page 4 of 6

**Exhibit - 1, p. 714**

**Exhibit - A, p. 52**

**13-ER-3133**

**Item No. 6:  Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/30/2009 | $7,500.00 | $2.47 | 4050 | $9,986.30 | 4172 | $10,287.12 | AIA_19INSP_0094924-27 | Clements, Brown & McNichols Statement dated April 30, 2009 | Check No. 1518 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0094928-29 | Clements, Brown & McNichols Statement dated May 31, 2009 | |
| | | | | | | | AIA_19INSP_0094913-15 | Clements, Brown & McNichols Statement dated June 30, 2009 | |
| | | | | | | | AIA_19INSP_0044540 | August 2009 Crop USA Insurance Agency Zions Bank Statement | |
| | | | | | | | AIA_19INSP_0044545 | Zions Bank Canceled Check No. 1518 | |
| | | | | | | | AIA_19INSP_0094916 | Crop USA Check Stub | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/21/2009 | $957.41 | $0.31 | 3906 | $1,229.47 | 4028 | $1,267.87 | AIA_19INSP_0094910 | Clements, Brown & McNichols Statement dated November 30, 2009 | Check No. 9151 issued to Clements Brown McNichols by Crop USA. John's spreadsheet listed the date as 12/21/2010 |
| | | | | | | | AIA_19INSP_0043863 | December 2009 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0043813-14 | US Bank Canceled Check No. 9151 | |
| | | | | | | | AIA_19INSP_0094911 | Crop USA Check Stub | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $500.00 | $0.16 | 3868 | $635.84 | 3990 | $655.89 | AIA_19INSP_0043732 | January 2010 Crop USA US Bank Statement | Check No. 9237 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0043700-01 | US Bank Canceled Check No. 9237 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/25/2010 | $500.00 | $0.16 | 3840 | $631.23 | 3962 | $651.29 | AIA_19INSP_0043519 | February 2010 Crop USA US Bank Business Statement | Check No. 9280 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0043436-37 | US Bank Canceled Check No. 43436 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 6    **DLM - 107536**

**Exhibit - 1, p. 715**

**Exhibit - A, p. 53**

**13-ER-3134**

**Item No. 6:  Unauthorized Attorneys' Fees and Costs paid to Clements, Brown & McNichols for legal representation of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/28/2010 | $500.00 | $0.16 | 3717 | $611.01 | 3839 | $631.07 | AIA_19INSP_0042356 | June 2010 Crop USA US Bank Statement | Check No. 9466 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0042375-76 | US Bank Canceled Check No. 9466 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/1/2010 | $500.00 | $0.16 | 3652 | $600.33 | 3774 | $620.38 | AIA_19INSP_0041318 | September 2010 Crop USA US Bank Statement | Check No. 9587 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0041358-59 | US Bank Canceled Check No. 9587 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/28/2010 | $518.74 | $0.17 | 3625 | $618.22 | 3747 | $639.03 | AIA_19INSP_0041318 | September 2010 Crop USA US Bank Statement | Check No. 9625 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0041348-49 | US Bank Canceled Check No. 9625 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/4/2011 | $1,877.90 | $0.62 | 3254 | $2,008.99 | 3376 | $2,084.31 | AIA_19INSP_0007920 | October 2011 Crop USA US Bank Statement | Check No. 10295 issued to Clements Brown McNichols by Crop USA |
| | | | | | | | AIA_19INSP_0007817-18 | US Bank Canceled Check No. 10295 | |
| | | | | | | | AIAPROD00240038 | John Taylor email dated November 21, 2011 regarding Guarantee of AIA | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | | | | | | | AIAPROD00308031 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $187,027.16 | $61.49 | | $274,470.95 | | $281,972.53 | | | |

| | |
|---|---|
| **Total fees and costs paid to Michael McNichols:** | **$187,027.16** |
| **Per Diem Interest:** | **$61.49** |
| **Interest accrued through 8/31/2020:** | **$274,470.95** |
| **Interest accrued through 12/31/2020:** | **$281,972.53** |
| **Total fees and costs paid plus interest accrued through 8/31/2020:** | **$461,498.11** |
| **Total fees and costs paid plus interest accrued through 12/31/2020:** | **$468,999.69** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson***

**Clark & Feeney**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/31/2007 | $6,235.50 | $2.05 | 4841 | $9,924.18 | 4963 | $10,174.29 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15414 issued to Clark and Feeney by AIA Services |
| 6/14/2007 | $565.75 | $0.19 | 4827 | $897.82 | 4949 | $920.51 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15416 issued to Clark and Feeney by AIA Services |
| 7/17/2007 | $3,553.25 | $1.17 | 4794 | $5,600.31 | 4916 | $5,742.83 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15421 issued to Clark and Feeney by AIA Services |
| 8/16/2007 | $3,441.47 | $1.13 | 4764 | $5,390.19 | 4886 | $5,528.23 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15424 issued to Clark and Feenye by AIA Services |
| 9/19/2007 | $758.50 | $0.25 | 4730 | $1,179.52 | 4852 | $1,209.94 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15432 issued to Clark and Feeney by AIA Services |
| 10/16/2007 | $1,892.50 | $0.62 | 4703 | $2,926.17 | 4825 | $3,002.08 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15437 issued to Clark and Feeney by AIA Services |
| 12/20/2007 | $1,260.00 | $0.41 | 4638 | $1,921.28 | 4760 | $1,971.81 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15448 issued to Clark and Feeney by AIA Services |
| 12/21/2007 | $3,428.68 | $1.13 | 4637 | $5,227.00 | 4759 | $5,364.52 | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15449 issued to Clark and Feeney by AIA Services |
| 2/14/2008 | $3,853.96 | $1.27 | 4582 | $5,805.65 | 4704 | $5,960.23 | AIA_19INSP_0109804 | AIA Services Check Stub | *Check No. 15457 issued to Clark and Feeney by AIA Services 11/26-12/31/07 REED V AIA* |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/28/2008 | $1,328.43 | $0.44 | 4568 | $1,995.05 | 4690 | $2,048.33 | AIA_19INSP_0109801 | AIA Services Check Stub | *Check No. 15462 issued to Clark and Feeney by AIA Services 1/08 PROF SVSC-REED V AIA* |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/13/2008 | $867.08 | $0.29 | 4554 | $1,298.20 | 4676 | $1,332.98 | AIA_19INSP_0109798 | AIA Services Check Stub | *Check No. 15469 issued to Clark and Feeney by AIA Services 2/08 SVCS-REED V AIA* |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/24/2008 | $787.50 | $0.26 | 4512 | $1,168.18 | 4634 | $1,199.76 | AIA_19INSP_0109795 | AIA Services Check Stub | Check No. 15474 issued to Clark and Feeney by AIA Services 2/26-3/23 LEGAL-TAY V AIA |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/20/2008 | $3,015.68 | $0.99 | 4486 | $4,447.67 | 4608 | $4,568.63 | AIA_19INSP_0109791 | AIA Services Check Stub | *Check No. 15480 issued to Clark and Feeney by AIA Services 4/08 LEGAL-REED V AIA* |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/17/2008 | $4,785.64 | $1.57 | 4458 | $7,014.04 | 4580 | $7,205.99 | AIA_19INSP_0109787 | AIA Services Check Stub | Check No. 15485 issued on to Clark and Feeney by AIA Services 4/28-5/25 LEGAL/SVCS |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 7  **DLM - 107538**

**Exhibit - 1, p. 717**

**Exhibit - A, p. 55**
**13-ER-3136**

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson\***

**Clark & Feeney**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/13/2008 | $793.91 | $0.26 | 4401 | $1,148.71 | 4523 | $1,180.56 | AIA_19INSP_019783 | AIA Services Check Stub | Check No. 15494 issued to Clark and Feeney by AIA Services 5/28-6/25 LEGAL-REED-AIA |
|  |  |  |  |  |  |  | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 11/6/2008 | $4,000.00 | $1.32 | 4316 | $5,675.84 | 4438 | $5,836.27 | AIA_19INSP_0109781 | AIA Services Check Stub | Check No. 15519 issued to Clark and Feeney by AIA Services PAYMENT ON ACCT-PER JT |
|  |  |  |  |  |  |  | RJT 036956 | AIA Services US Bank Canceled Check No. 15519 |  |
|  |  |  |  |  |  |  | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 1/20/2009 | $4,547.82 | $1.50 | 4241 | $6,341.03 | 4363 | $6,523.44 | RJT 036961 | AIA Services US Bank Canceled Check No. 15536 | *Check No. 15536 issued to Clark and Feeney by AIA Services* *$86.31 - 12/08 INTEREST ON ACCT* *$235.14 - 11/08 LEGAL-REED V AIA* *$312.22 - SEPT/OCT08 INTEREST* *$1,621.88 - 6/30-7/25 LEGAL-REED/AIA* *$2,292.27 - 7/28-8/25 LEGAL-REED.AIA* |
|  |  |  |  |  |  |  | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 4/30/2009 | $180.06 | $0.06 | 4141 | $245.14 | 4263 | $252.36 | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | *Reed Taylor v. AIA Services, et al.* *Check No. 15563 issued on 4/30/2009* *$1.85 - 2/09 LEGAL-ISB GRIEVANCE* *2/09 LEGAL-REED V AIA* |
|  |  |  |  |  |  |  | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
|  | $45,295.73 | $14.89 |  | $68,205.97 |  | $70,022.76 |  |  |  |

| | |
|---|---|
| **Fees and costs paid to Clark & Feeney:** | **$45,295.73** |
| **Per Diem Interest:** | **$14.89** |
| **Interest accrued through 8/31/2020:** | **$68,205.97** |
| **Interest accrued through 12/31/2020:** | **$70,022.76** |
| **Fees and costs plus interest accrued through 8/31/2020:** | **$113,501.70** |
| **Fees and costs plus interest accrued through 12/31/2020:** | **$115,318.49** |

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/15/2008 | $15,715.79 | $5.17 | 4338 | $22,413.73 | 4460 | $23,044.08 | AIA_19INSP_0109936 | AIA Services Check Stub | Check No. 15513 issued to Randall Blake & Cox by AIA Services 7/17-9/15/08 PROF FEES |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/6/2008 | $2,260.00 | $0.74 | 4316 | $3,206.85 | 4438 | $3,297.49 | AIA_19INSP_0109936 | AIA Services Check Stub | Check No. 15521 issued to Randall Blake & Cox by AIA Services 9/08-LEGAL-TAYLOR V AIA |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/23/2008 | $15,550.35 | $5.11 | 4269 | $21,825.02 | 4391 | $22,448.74 | AIA_19INSP_0109920 | AIA Services Check Stub | Check No. 15530 issued to Randall Blake & Cox by AIA Services 9/26-11/5 LEGAL-REED-AIA |
| | | | | | | | RJT 036958 | AIA Services US Bank Canceled Check No. 15530 | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/26/2009 | $3,721.60 | $1.22 | 4204 | $5,143.76 | 4326 | $5,293.03 | AIA_19INSP_015456 | AIA Services Check Stub | Check No. 15549 issued to Randall Blake & Cox by AIA Services $1,675.60 - 11/08 LEGAL-TAYLOR V AIA $2,046.00 - 12/08 LEGAL-TAYLOR V AIA |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/30/2009 | $22,000.00 | $7.23 | 4172 | $30,175.56 | 4294 | $31,057.97 | AIA_19INSP_015453 | AIA Services Check Stub | Check No. 15556 issued to Randall Blake & Cox by AIA Services 12/29-2/25/09 LEGAL-REED |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/28/2009 | $10,000.00 | $3.29 | 4143 | $13,620.82 | 4265 | $14,021.92 | AIA_19INSP_015451 | AIA Services Check Stub | Check No. 15561 issued to Randall Blake & Cox by AIA Services PMT ON ACCT-PER JT 4/28 |
| | | | | | | | RJT 036963 | AIA Services US Bank Canceled Check No. 15561 | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/5/2009 | $10,000.00 | $3.29 | 4105 | $13,495.89 | 4227 | $13,896.99 | AIA_19INSP_015448 | AIA Services Check Stub | Check No. 15566 issued to Randall Blake & Cox by AIA Services PMT ON ACCT-PER JT 6/5/09 |
| | | | | | | | RJT 036964 | AIA Services US Bank Canceled Check No. 15566 | |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson\***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/2/2009 | $10,000.00 | $3.29 | 4078 | $13,407.12 | 4200 | $13,808.22 | AIA_19INSP_015433 | AIA Services Check Stub | Check No. 15574 issued to Randall, Blake & Cox by AIA Services $1,073.72 - 12/29-2/25/09 LEGAL-REED $8,926.28 - 2/09-4/09 LEGAL-TAYLR.AIA |
| | | | | | | | AIA_19INSP_0091530-34 | Randall, Blake & Cox Statement dated July 28, 2009 | |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/30/2009 | $5,000.00 | $1.64 | 4050 | $6,657.53 | 4172 | $6,858.08 | AIA_19INSP_015432 | AIA Services Check Stub | Check No. 15580 issued to Randall Blake & Cox by AIA Services PMT ON ACCT PER JT 7/30 |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/29/2009 | $7,432.00 | $2.44 | 3959 | $9,673.41 | 4081 | $9,971.50 | AIA_19INSP_015426 | AIA Services Check Stub | Check No. 15594 issued to Randall Blake & Cox by AIA Services 8/09-9/09 LEGAL-TAYLOR V. |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/29/2010 | $5,000.00 | $1.64 | 3867 | $6,356.71 | 3989 | $6,557.26 | AIA_19INSP_00915556 | Pacific Empire Radio Corporation Check Stub | Check No. 015212 issued to Dave Risley Law Office by Pacific Empire Radio Corporation |
| | | | | | | | AIAPROD00300495 | AIA Services General Ledger Entry (Due to/from PERC) dated 9-28-2010 | |
| | | | | | | | AIA_19INSP_0091494-96 | Risley Law Office Statement dated March 4, 2010 | |
| | | | | | | | AIAPROD00300496 | Internal email dated June 30, 2010 regarding payments to Risley by PERC | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/27/2010 | $5,000.00 | $1.64 | 3838 | $6,309.04 | 3960 | $6,509.59 | AIA_19INSP_00915554 | Citi Advantage MasterCard Statement dated March 22, 2010 | Paid by PERC Citi Card ending in 9169 |
| | | | | | | | AIA_19INSP_0091494-96 | Risley Law Office Statement dated March 4, 2010 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/1/2010 | $5,000.00 | $1.64 | 3805 | $6,254.79 | 3927 | $6,455.34 | AIA_19INSP_0091499-500 | Risley Law Office Statement dated May 3, 2010 | Paid by PERC |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/28/2010 | $25,000.00 | $8.22 | 3717 | $30,550.68 | 3839 | $31,553.42 | AIA_19INSP_0091551 | AIA Services Check Stub | Check No. 15635 issued to Risley Law Office by AIA Services $7,835.49 - 2/09-4/09 LEGAL-TAYLR.AIA $8,304.65 - 5/09 LEGAL-TAYLOR V AIA $8,859.86 - 6/09 LEGAL-TAYLOR V AIA |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/3/2010 | $2,500.00 | $0.82 | 3681 | $3,025.48 | 3803 | $3,125.75 | AIA_19INSP_0091551 | AIA Services Check Stub | Check No. 15646 issued to Risley Law Office by AIA Services 8/10 PMT ON ACCT-PER JT |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 7   **DLM - 107541**

Page 4 of 10

**Exhibit - 1, p. 720**

**Exhibit - A, p. 58**

**13-ER-3139**

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/1/2010 | $2,500.00 | $0.82 | 3652 | $3,001.64 | 3774 | $3,101.92 | AIA_19INSP_0091547 | AIA Services Check Stub | Check No. 15652 issued to Risley Law Office by AIA Services 07/09 LEGAL-TAYLOR V AIA |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/25/2010 | $25,000.00 | $8.22 | 3598 | $29,572.60 | 3720 | $30,575.34 | AIA_19INSP_0091521 | AIA Services Check Stub | Check No. 15670 issued to Risley Law Office by AIA Services $2,971.03 - 6/18-8/31 LEGAL-TAYLR.AIA $5,404.91 - 7/09 LEGAL-TAYLOR V AIA $16,624.06 - 10/09 LEGAL-TAYLR V AIA |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/16/2010 | $5,000.00 | $1.64 | 3576 | $5,878.36 | 3698 | $6,078.90 | AIA_19INSP_0091519 | AIA Services Check Stub | Check No. 15673 issued to Risley Law Office by AIA Services MONTHLY PMT ON ACCT-JT |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/16/2010 | $5,000.00 | $1.64 | 3546 | $5,829.04 | 3668 | $6,029.59 | AIA_19INSP_0091492 | AIA Services Check Stub | Check No. 15679 issued to Risley Law Office by AIA Services $1,054.00 - 04/10 LEGAL-TAYLOR V AIA $1,140.20 - 03/10 LEGAL-TAYLOR V AIA $1,330.33 - 2/10 LEGAL-TAYLOR V AIA |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/18/2011 | $5,520.33 | $1.81 | 3513 | $6,375.75 | 3635 | $6,597.17 | AIA_19INSP_0015097 | January 2011 AIA Services US Bank Statement | Check No. 15686 issued to Risley Law Office by AIA Services 8/10 LEGAL-TAYLOR V AIA |
| | | | | | | | AIA+19INSP_0015099 | January 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087726 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/15/2011 | $5,000.00 | $1.64 | 3485 | $5,728.77 | 3607 | $5,929.32 | AIA_19INSP_0015102 | February 2011 AIA Services US Bank Statement | Check No. 15692 issued to Risley Law Office by AIA Services 02/11 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015104 | February 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087724 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/15/2011 | $5,000.00 | $1.64 | 3457 | $5,682.74 | 3579 | $5,883.29 | AIA_19INSP_0015107 | March 2011 AIA Services US Bank Statement | Check No. 15698 issued to Risley Law Office by AIA Services 8/26-9/30/10 TAYLOR.AIA |
| | | | | | | | AIA_19INSP_0015110 | March 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087716 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 7   **DLM - 107542**

**Exhibit - 1, p. 721**

**Exhibit - A, p. 59**

**13-ER-3140**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 722 of 879

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson\***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/19/2011 | $5,000.00 | $1.64 | 3422 | $5,625.21 | 3544 | $5,825.75 | AIA_19INSP_0015112 | April 2011 AIA Services US Bank Statement | Check No. 15703 issued to Risley Law Office by AIA Services 9/26-10/25 TAYLOR V AIA |
| | | | | | | | AIA_19INSP_0015114 | April 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087705 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/17/2011 | $5,000.00 | $1.64 | 3394 | $5,579.18 | 3516 | $5,779.73 | AIA_19INSP_0015116 | May 2011 AIA Services US Bank Statement | Check No. 15710 issued to Risley Law Office by AIA Services 05/11 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015119 | May 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087705 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/14/2011 | $5,000.00 | $1.64 | 3366 | $5,533.15 | 3488 | $5,733.70 | AIA_19INSP_0015121 | June 2011 AIA Services US Bank Statement | Check No. 15717 issued to Risley Law Office by AIA Services 6/11 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015124 | June 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087704 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/15/2011 | $5,000.00 | $1.64 | 3335 | $5,482.19 | 3457 | $5,682.74 | AIA_19INSP_0015126 | July 2011 AIA Services US Bank Statement | Check No. 15723 issued to Risley Law Office by AIA Services 10/26-11/22-TAYLOR V AIA |
| | | | | | | | AIA_19INSP_0015129 | July 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087693 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/15/2011 | $5,000.00 | $1.64 | 3304 | $5,431.23 | 3426 | $5,631.78 | AIA_19INSP_0015131 | August 2011 AIA Services US Bank Statement | Check No. 15730 issued to Risley Law Office by AIA Services 08/11 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015133 | August 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087679 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/20/2011 | $5,000.00 | $1.64 | 3268 | $5,372.05 | 3390 | $5,572.60 | AIA_19INSP_0015135 | September 2011 AIA Services US Bank Statement | Check No. 15745 issued to Risley Law Office by AIA Services 09/11 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015138 | September 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087679 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/13/2011 | $5,000.00 | $1.64 | 3245 | $5,334.25 | 3367 | $5,534.79 | AIA_19INSP_0015141 | October 2011 AIA Services US Bank Statement | Check No. 15755 issued to Risley Law Office by AIA Services 3/11 LEGAL-TAYLOR V AIA |
| | | | | | | | AIA_19INSP_0015144 | October 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087673 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 11/16/2011 | $5,000.00 | $1.64 | 3211 | $5,278.36 | 3333 | $5,478.90 | AIA_19INSP_0015146 | November 2011 AIA Services US Bank Statement | Check No. 15761 issued to Risley Law Office by AIA Services 11/11 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015149 | November 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0087671 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/15/2011 | $5,000.00 | $1.64 | 3182 | $5,230.68 | 3304 | $5,431.23 | AIA_19INSP_0015029 | January 2012 AIA Services US Bank Statement | Check No. 15771 issued to Risley Law Office by AIA Services 4/11 LEGAL-TAYLOR V. AIA |
| | | | | | | | AIA_19INSP_0015033 | January 2012 AIA Services Check Reconcile Clost List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/3/2012 | $257.00 | $0.08 | 3163 | $267.25 | 3285 | $277.56 | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Paid by Credit Card on 1/3/2012 |
| 1/10/2012 | $5,000.00 | $1.64 | 3156 | $5,187.95 | 3278 | $5,388.49 | AIA_19INSP_0015029 | January 2012 AIA Services US Bank Statement | Check No. 15781 issued to Risley Law Office by AIA Services 6/27-7/8/11 TAYLOR V AIA |
| | | | | | | | AIA_19INSP_0015033 | January 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 724 of 879

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson\***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/16/2012 | $5,000.00 | $1.64 | 3119 | $5,127.12 | 3241 | $5,327.67 | AIA_19INSP_0015036 | February 2012 AIA Services US Bank Statement | Check No. 15790 issued to Risley Law Office by AIA Services 9/7-9/22/11 TAYLOR V AIA |
| | | | | | | | AIA_19INSP_0015038 | February 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 3/15/2012 | $5,279.43 | $1.74 | 3091 | $5,365.06 | 3213 | $5,576.81 | AIA_19INSP_0015040 | March 2012 AIA Services US Bank Statement | Check No. 15794 issued to Risley Law Office by AIA Services 10/26-11/22/11 REED V AIA |
| | | | | | | | AIA_19INSP_0015043 | March 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/15/2012 | $10,000.00 | $3.29 | 3030 | $9,961.64 | 3152 | $10,362.74 | AIA_19INSP_0015050 | May 2012 AIA Services US Bank Statement | Check No. 15834 issued to Risley Law Office by AIA Services 1/1-2/29/12 LEGAL-REED |
| | | | | | | | AIA_19INSP_0015054 | May 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/18/2012 | $5,000.00 | $1.64 | 2996 | $4,924.93 | 3118 | $5,125.48 | AIA_19INSP_0015056 | June 2012 AIA Services US Bank Statement | Check No. 15839 issued to Risley Law Office by AIA Services 06/12 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015059 | June 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/17/2012 | $5,000.00 | $1.64 | 2967 | $4,877.26 | 3089 | $5,077.81 | AIA_19INSP_0015062 | July 2012 AIA Services US Bank Statement | Check No. 15846 issued to Risley Law Office by AIA Services 2/26-3/28/12 LEGAL-REED |
| | | | | | | | AIA_19INSP_0015065 | July 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308015 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 8/14/2012 | $5,000.00 | $1.64 | 2939 | $4,831.23 | 3061 | $5,031.78 | AIA_19INSP_0015068 | August 2012 AIA Services US Bank Statement | Check No. 15855 issued to Risley Law Office by AIA Services 08/12 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015073 | August 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson\***

**David Risley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/13/2012 | $7,000.00 | $2.30 | 2909 | $6,694.68 | 3031 | $6,975.45 | AIA_19INSP_0015075 | September 2012 AIA Services US Bank Statement | Check No. 15870 issued tp Risley Law Office by AIA Services 09/12 PMT ON ACCT-JT |
| | | | | | | | AIA_19INSP_0015079 | September 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| 10/16/2012 | $7,000.00 | $2.30 | 2876 | $6,618.74 | 2998 | $6,899.51 | AIA_19INSP_0015081 | October 2012 AIA Services US Bank Statement | Check No. 15882 issued to Risley Law Office by AIA Services 3/26-4/25/12 LEGAL-REED |
| | | | | | | | AIA_19INSP_0015084 | October 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| 11/15/2012 | $5,099.05 | $1.68 | 2846 | $4,771.03 | 2968 | $4,975.56 | AIA_19INSP_0015086 | November 2012 AIA Services US Bank | Check No. 15889 issued to Risley Law Office by AIA Services ($7,310.33) 4/26-5/25/12 LEGAL-REED (balance paid for LC Plaza) |
| | | | | | | | AIA_19INSP_0015089 | November 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | AIAPROD00303436 | AIA Services General Ledger dated November 16, 2012 | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| 12/21/2012 | $7,000.00 | $2.30 | 2810 | $6,466.85 | 2932 | $6,747.62 | AIA_19INSP_0034583 | January 2013 Crop USA US Bank Statement | Check No. 11193 issued to Risley Law Office by CropUSA |
| | | | | | | | AIA_19INSP_0034609-10 | US Bank Canceled Check No. 11193 | |
| | | | | | | | GC0055351 | CropUSA Check Register from 12-16-2012 through 12-22-2012 | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor dated May 9, 2014 *Donna Taylor v. AIA Services, et al.* ; Nez Perce County Case No. CV-08-1150 | |
| 6/18/2013 | $7,000.00 | $2.30 | 2631 | $6,054.90 | 2753 | $6,335.67 | AIA_19INSP_0036413 | June 2013 Crop USA Payroll Account US Bank Statement | Check No. 1195 issued to Risley Law Office by CropUSA (Payroll Account) |
| | | | | | | | AIA_19INSP_0036449-50 | US Bank Canceled Check No. 1195 | |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor dated May 9, 2014 *Donna Taylor v. AIA Services, et al.* ; Nez Perce County Case No. CV-08-1150 | |
| | $315,835.55 | $103.84 | | $374,200.28 | | $386,868.31 | | | |

Fees and costs paid to David Risley:                                   $315,835.55
Per Diem Interest:            $103.84
Interest accrued through 8/31/2020:       $374,200.28
Interest accrued through 12/31/2020:       $386,868.31
Fees and costs plus interest accrued through 8/31/2020:       $690,035.83
Fees and costs plus interest accrued through 12/31/2020:       $702,703.86

**Item No. 7:  Unauthorized Attorneys' Fees and Costs paid to David Risley's firms and Clark & Feeney for legal representation of James Beck and Connie Henderson***

| | |
|---|---|
| **Total fees and costs paid for representation of James Beck and Connie Henderson:** | **$361,131.28** |
| **Total Per Diem Interest:** | **$118.73** |
| **Total interest accrued through 8/31/2020:** | **$442,406.25** |
| **Total interest accrued through 12/31/2020:** | **$456,891.08** |
| **Total fees and costs paid plus interest accrued through 8/31/2020:** | **$803,537.53** |
| **Total fees and costs paid plus interest accrued through 12/31/2020:** | **$818,022.36** |

Item No. 7    **DLM - 107547**                        Page 10 of 10                        **Exhibit - 1, p. 726**

**Exhibit - A, p. 64**

**13-ER-3145**

**Item No. 8:  Unauthorized Attorney's Fees and Costs paid to David Gittins' firm for legal representation of JoLee Duclos and Bryan Freeman in *Reed Taylor v. AIA Services, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/29/2007 | $5,000.00 | $1.64 | 4904 | $8,061.37 | 5026 | $8,261.92 | AIA_19INSP_0071814 | April 2007 AIA Insurance Inc US Bank Statement | Check No. 199458 issued to Law Office of David Gittins by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0071903-04 | US Bank Canceled Check No. 199458 |  |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 7/17/2007 | $4,357.76 | $1.43 | 4794 | $6,868.31 | 4916 | $7,043.10 | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15422 issued to Law Office of David Gittins by AIA Services |
| 8/16/2007 | $2,929.86 | $0.96 | 4764 | $4,588.88 | 4886 | $4,706.40 | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15425 issued to Law Office of David Gittins by AIA Services |
| 10/11/2007 | $2,286.35 | $0.75 | 4708 | $3,538.89 | 4830 | $3,630.60 | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15436 issued to Law Office of David Gittins by AIA Services |
| 12/4/2007 | $4,781.93 | $1.57 | 4654 | $7,316.75 | 4776 | $7,508.55 | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15445 issued to Law Office of David Gittins by AIA Services |
| 12/21/2007 | $9,652.80 | $3.17 | 4637 | $14,715.63 | 4759 | $15,102.80 | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 15451 issued to Law Office of David Gittins by AIA Services |
| 2/14/2008 | $8,578.52 | $2.82 | 4582 | $12,922.78 | 4704 | $13,266.86 | RJT 087322 | AIA Check Register from 1-1-2008 through 4-30-2015 | Check No. 15460 issued to Law Office of David Gittins by AIA Services 11/20/07-1/20/08 Lawsuit |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 3/13/2008 | $4,100.20 | $1.35 | 4554 | $6,138.84 | 4676 | $6,303.30 | RJT 087322 | AIA Check Register from 1-1-2008 through 4-30-2015 | Check No. 15470 issued to Law Office of David Gittins by AIA Services 2/08 SVCS-DUCLOS/FREEMAN |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 4/24/2008 | $4,586.33 | $1.51 | 4512 | $6,803.35 | 4634 | $6,987.31 | RJT 087322 | AIA Check Register from 1-1-2008 through 4-30-2015 | Check No. 15475 issued to Law Office of David Gittins by AIA Services 3/08 LEGAL-DUCLOS/FREEMAN |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 5/29/2008 | $11,402.20 | $3.75 | 4477 | $16,782.79 | 4599 | $17,240.13 | RJT 087322 | AIA Check Register from 1-1-2008 through 4-30-2015 | Check No. 15482 issued to Law Office of David Gittins by AIA Services 4/10-5/12/08 LEGAL-JD/BF |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 7/1/2008 | $3,836.30 | $1.26 | 4444 | $5,604.99 | 4566 | $5,758.86 | RJT 087322 | AIA Check Register from 1-1-2008 through 4-30-2015 | Check No. 15487 issued to Law Office of David Gittins by AIA Services 5/08 PROF SVSC-DCLS/FREMN |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 8/13/2008 | $1,909.25 | $0.63 | 4401 | $2,762.50 | 4523 | $2,839.08 | AIA_19INSP_0109853 | AIA Services Corporation Check Stub | Check No. 15496 issued to Law Office of David Gittins by AIA Services 5/5-7/8 LEGAL-JOLEE/BRYAN |
|  |  |  |  |  |  |  | RJT 087322 | AIA Check Register from 1-1-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 10/15/2008 | $8,577.87 | $2.82 | 4338 | $12,233.69 | 4460 | $12,577.74 | AIA_19INSP_0109842 | AIA Services Corporation Check Stub | Check No. 15514 issued to Law Office of David Gittins by AIA Services 7/09-8/04 LEGAL-DUC/FRMAN |
|  |  |  |  |  |  |  | RJT 087323 | AIA Check Register from 1-1-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |
| 11/6/2008 | $3,853.68 | $1.27 | 4316 | $5,468.21 | 4438 | $5,622.78 | AIA_19INSP_0109837 | AIA Services Corporation Check Stub | Check No. 15520 issued to Law Office of David Gittins by AIA Services 9/8-10/3 LEGAL-JOLEE/BRYAN |
|  |  |  |  |  |  |  | RJT 087323 | AIA Check Register from 1-1-2008 through 4-30-2015 |  |
|  |  |  |  |  |  |  | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) |  |

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 728 of 879

**Item No. 8:  Unauthorized Attorney's Fees and Costs paid to David Gittins' firm for legal representation of JoLee Duclos and Bryan Freeman in *Reed Taylor v. AIA Services, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/26/2009 | $2,566.58 | $0.84 | 4204 | $3,547.37 | 4326 | $3,650.31 | AIA_19INSP_0105369 | AIA Services Corporation Check Stub | Check No. 15547 issued to Law Office of David Gittins by AIA Services 9/08-12/8/08 LEGAL-REED |
| | | | | | | | RJT 087323 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 5/5/2009 | $5,000.00 | $1.64 | 4136 | $6,798.90 | 4258 | $6,999.45 | AIA_19INSP_0105364 | AIA Services Corporation Check Stub | Check No. 15565 issued to Law Office of David Gittins by AIA Services 12/8-1/9 LEGAL-JOLEE/BRYN |
| | | | | | | | RJT 087323 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/16/2009 | $3,505.60 | $1.15 | 4064 | $4,683.87 | 4186 | $4,824.47 | AIA_19INSP_0105357 | AIA Services Corporation Check Stub | Check No. 15577 issued to Law Office of David Gittins by AIA Services 1/9-2/24 LEGAL-JOLEE/BRYN |
| | | | | | | | RJT 087324 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/30/2009 | $2,500.00 | $0.82 | 4050 | $3,328.77 | 4172 | $3,429.04 | AIA_19INSP_0105356 | AIA Services Corporation Check Stub | Check No. 15579 issued to Law Office of David Gittins by AIA Services PMT ON ACCT PER JT 7/30 |
| | | | | | | | RJT 087324 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/29/2009 | $2,000.00 | $0.66 | 3959 | $2,603.18 | 4081 | $2,683.40 | AIA_19INSP_00105353 | AIA Services Corporation Check Stub | Check No. 15595 issued to Law Office of David Gittins by AIA Services PMT ON ACCT-PER JT & A |
| | | | | | | | RJT 087324 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/21/2009 | $980.00 | $0.32 | 3906 | $1,258.48 | 4028 | $1,297.79 | AIA_19INSP_0105344 | AIA Services Corporation Check Stub | Check No. 15603 issued to Law Office of David Gittins by AIA Services 2/24-3/27/09 LEGAL-DUCLOS |
| | | | | | | | RJT 087324 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $500.00 | $0.16 | 3868 | $635.84 | 3990 | $655.89 | AIA_19INSP_0091468 | AIA Services Corporation Check Stub | Check No. 15610 issued to Law Office of David Gittins by AIA Services PMT ON ACCT-PER JT 1/28 |
| | | | | | | | RJT 087324 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/25/2010 | $500.00 | $0.16 | 3840 | $631.23 | 3962 | $651.29 | AIA_19INSP_0091466 | AIA Services Corporation Check Stub | Check No. 15615 issued to Law Office of David Gittins by AIA Services PMT ON ACCT-PER JT 2/25 |
| | | | | | | | RJT 087324 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/29/2010 | $500.00 | $0.16 | 3716 | $610.85 | 3838 | $630.90 | AIA_19INSP_0091465 | AIA Services Corporation Check Stub | Check No. 15637 issued to Law Office of David Gittins by AIA Services PMT ON ACCT-PER A 6/29/10 |
| | | | | | | | RJT 087325 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

**Item No. 8:  Unauthorized Attorney's Fees and Costs paid to David Gittins' firm for legal representation of JoLee Duclos and Bryan Freeman in *Reed Taylor v. AIA Services, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/4/2011 | $1,612.45 | $0.53 | 3254 | $1,725.01 | 3376 | $1,789.69 | AIA_19INSP_0015141 | October 2011 AIA Services Corp US Bank Statement | Check No. 15751 issued to Law Office of David Gittins by AIA Services 4/09 LEGAL-DUCLOS/FREEMAN |
| | | | | | | | AIA_19INSP_0015144 | October 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/15/2012 | $1,071.62 | $0.35 | 3120 | $1,099.22 | 3242 | $1,142.20 | AIA_19INSP_0015036 | February 2012 AIA Services US Bank Statement | Check No. 15789 issued to Law Office of David Gittins by AIA Services 6/09 LEGAL-JOLEE/BRYAN |
| | | | | | | | AIA_19INSP_0015038 | February 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 7/18/2012 | $3,121.00 | $1.03 | 2966 | $3,043.36 | 3088 | $3,168.54 | AIA_19INSP_0015062 | July 2012 AIA Services US Bank Statement | Check No. 15848 issued to Law Office of David Gittins by AIA Services 9/09 LEGAL-DUCLOS/FREEMAN |
| | | | | | | | AIA_19INSP_0015065 | July 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIAPROD00308028 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $99,710.30 | $32.78 | | $143,773.05 | | $147,772.39 | | | |

| | |
|---|---|
| **Total fees and costs paid to David Gittins:** | **$99,710.30** |
| **Per Diem Interest:** | **$32.78** |
| **Interest accrued through 8/31/2020:** | **$143,773.05** |
| **Interest accrued through 12/31/2020:** | **$147,772.39** |
| **Total fees and costs plus interest accrued through 8/31/2020:** | **$243,483.35** |
| **Total fees and costs plus interest accrued through 12/31/2020:** | **$247,482.69** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records

Item No. 8      **DLM - 107550**

**Exhibit - 1, p. 729**

**Exhibit - A, p. 67**

**13-ER-3148**

**Item No. 9:  Unauthorized Attorney's Fees and Costs paid to Chuck Brown for legal representation of AIA Services' 401(k) Plan in** *Reed Taylor v. AIA Services, et al.*

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/8/2008 | $35,000.00 | $11.51 | 4406 | $50,699.18 | 4528 | $52,103.01 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 189 issued on 8/8/2008 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 11/18/2008 | $5,000.00 | $1.64 | 4304 | $7,075.07 | 4426 | $7,275.62 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 198 issued on 11/18/2008 - FTI Consulting |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 12/2/2008 | $22,431.83 | $7.37 | 4290 | $31,638.10 | 4412 | $32,537.83 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 199 issued on 12/2/2008 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 2/9/2009 | $21,166.50 | $6.96 | 4221 | $29,373.30 | 4343 | $30,222.28 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 201 issued on 2/9/2009 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 3/10/2009 | $2,457.18 | $0.81 | 4192 | $3,386.47 | 4314 | $3,485.02 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 202 issued on 3/10/2009 - Clearwater Reporting |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 3/12/2009 | $29,104.30 | $9.57 | 4190 | $40,092.17 | 4312 | $41,259.53 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 203 issued on 3/12/2009 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 4/29/2009 | $12,733.21 | $4.19 | 4142 | $17,339.49 | 4264 | $17,850.22 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 205 issued on 4/29/2009 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 5/12/2009 | $1,975.00 | $0.65 | 4129 | $2,681.02 | 4251 | $2,760.24 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 206 issued on 5/12/2009 - Thorson, Barnett |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 6/2/2009 | $15,606.46 | $5.13 | 4108 | $21,077.70 | 4230 | $21,703.67 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 208 issued on 6/2/2009 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 6/25/2009 | $21,575.42 | $7.09 | 4085 | $28,976.08 | 4207 | $29,841.47 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 218 issued on 6/25/2009 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 11/3/2009 | $5,348.66 | $1.76 | 3954 | $6,952.96 | 4076 | $7,167.50 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 241 issued on 11/3/2009 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 2/3/2010 | $730.50 | $0.24 | 3862 | $927.51 | 3984 | $956.81 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 246 issued on 2/3/2010 - Thorson, Barnett |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 2/3/2010 | $3,267.18 | $1.07 | 3862 | $4,148.33 | 3984 | $4,279.38 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 245 issued on 2/3/2010 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |

Item No. 9   **DLM - 107551**

Page 1 of 2

**Exhibit - 1, p. 730**

**Exhibit - A, p. 68**

**13-ER-3149**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 731 of 879

**Item No. 9:  Unauthorized Attorney's Fees and Costs paid to Chuck Brown for legal representation of AIA Services' 401(k) Plan in *Reed Taylor v. AIA Services, et al.***

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5/25/2010 | $4,241.34 | $1.39 | 3751 | $5,230.44 | 3873 | $5,400.56 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 258 issued on 5/25/2010 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| 8/19/2010 | $12,621.19 | $4.15 | 3665 | $15,207.67 | 3787 | $15,713.90 | AIAPROD00308033 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | Check No. 262 issued on 8/19/2010 |
| | | | | | | | DLM 0036058 | Declaration of R. John Taylor filed May 9, 2014 in *Donna v. AIA, et al.* | |
| | $193,258.77 | $63.54 | | $264,805.51 | | $272,557.04 | | | |

| | |
|---|---|
| **Total fees and costs paid to Chuck Brown:** | **$193,258.77** |
| **Per Diem Interest:** | **$63.54** |
| **Interest accrued through 8/31/2020:** | **$264,805.51** |
| **Interest accrued through 12/31/2020:** | **$272,557.04** |
| **Total fees and costs plus interest accrued through 8/31/2020:** | **$458,064.28** |
| **Total fees and costs plus interest accrued through 12/31/2020:** | **$465,815.81** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 9    **DLM - 107552**                    Page 2 of 2                    **Exhibit - 1, p. 731**

**Exhibit - A, p. 69**

**13-ER-3150**

**Item No. 10:  Money owed to AIA Policyholders from Settlement of Trust Litigation in 2008 which was never paid or submitted as Unclaimed Property to each respective State**

| Date of Agreement | Amount Owed | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/1/2008 | $425,116.00 | $139.76 | 4352 | $608,253.64 | 4474 | $625,304.87 | AIAS_0000034 | AIA Services 2015-2016 Balance Sheet | It is assumed that the Policyholders are owed interest |
| | | | | | | | AIAS_0000059 | AIA Services 2016-2017 Balance Sheet | |
| | | | | | | | AIAPROD00301922-302061 | ULIC Settlement Agreement and Release | |
| | **$425,116.00** | **$139.76** | | **$608,253.64** | | **$625,304.87** | | | |

**Monies owed to Policyholders:**                                                                                  **$425,116.00**
**Per Diem Interest:**                                                                                              **$139.76**
**Interest accrued from 10/1/2008 through 8/31/2020:**                                                              **$608,253.64**
**Interest accrued from 10/1/2008 through 12/31/2020:**                                                             **$625,304.87**
**Monies owed to Policyholders plus interest accrued from 10/1/2008 through 8/31/2020:**                            **$1,033,369.64**
**Monies owed to Policyholders plus interest accrued from 10/1/2008 through 12/31/2020:**                           **$1,050,420.87**

**Item No. 11:  Settlement Proceeds received in 2008 by AIA Insurance for prosecuting claims in the Trust Litigation**

| Date of Agreement | Amount of Settlement | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/1/2008 | $800,000.00 | $263.01 | 4352 | $1,144,635.62 | 4474 | $1,176,723.29 | AIAPROD00301922-302061 | ULIC Settlement Agreement and Release | It is assumed that the payment was made on 10/1/2008 |
|  | $800,000.00 | $263.01 |  | $1,144,635.62 |  | $1,176,723.29 |  |  |  |

| | |
|---|---|
| **Settlement Proceeds Received by AIA Insurance:** | **$800,000.00** |
| **Per Diem Interest:** | **$263.01** |
| **Interest accrued from 10/1/2008 through 8/31/2020:** | **$1,144,635.62** |
| **Interest accrued from 10/1/2008 through 12/31/2020:** | **$1,176,723.29** |
| **Settlement proceeds plus interest accrued from 10/1/2008 through 8/31/2020:** | **$1,944,635.62** |
| **Settlement proceeds plus interest accrued from 10/1/2008 through 12/31/2020:** | **$1,976,723.29** |

Item No. 11     **DLM - 107554**                                Page 1 of 1                         **Exhibit - 1, p. 733**

**Exhibit - A, p. 71**
**13-ER-3152**

**Item No. 12:  Security posted in Court Registry in *Reed Taylor v. AIA Services, et al* . which was improperly released and not safeguarded**

| Date of Order | Amount | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/17/2012 | $400,000.00 | $131.51 | 3028 | $398,202.74 | 3150 | $414,246.58 | DLM 0000251 | AIA Services 2012 Consolidated Financial Statements | It is assumed that the money was released on the date of the Order. |
| | | | | | | | DLM 0019370-72 | Order on Motion for Release of Security Deposit dated May 17, 2012 | |
| 6/30/2012 | $3,972.05 | $1.31 | 2984 | $3,896.74 | 3106 | $4,056.06 | DLM 0000251 | AIA Services 2012 Consolidated Financial Statements | Interest accrued from Twin River Bank |
| | | | | | | | AIAPROD00299263 | AIA Services Prepaid Insurance Register from 4-1-2012 through 6-30-2012 | |
| 7/20/2012 | $10,000.00 | $3.29 | 2964 | $9,744.66 | 3086 | $10,145.75 | DLM 0000251 | AIA Services 2012 Consolidated Financial Statements | It is assumed that the money was released on the date of the Order. |
| | | | | | | | DLM 0019378-81 | Order Regarding $10,000 Deposit dated July 20, 2012 | |
| | $413,972.05 | $136.10 | | $411,844.14 | | $428,448.39 | | | |

**Total security posted in Court Registry and Interest Earned while deposited in Twin River Bank Account:**      $413,972.05
**Per Diem Interest:**      $136.10
**Interest accrued on base damages through 8/31/2020:**      $411,844.14
**Interest accrued on base damages through 12/31/2020:**      $428,448.39
**Total security posted plus interest accrued on base damages through  8/31/2020:**      $825,816.19
**Total security posted plus interest accrued on base damages through 12/31/2020:**      $842,420.44

**Item No. 13:  Unauthorized loans and advances made to Pacific Empire Radio Corporation by AIA Corporations***

| Date of Loan | Amount of Loan | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/1/2010 | $680,365.85 | $223.68 | 3895 | $871,241.09 | 4017 | $898,530.29 | RJT 090251-53 | PERC Promissory Note dated January 1, 2010 | It is assumed that no other loans were made nor were any payments made on the loans.  Please refer to page 2 of AIA's financials showing $1,627,973 were |
| | | | | | | | Dkt. 152-5, p. 3 | AIA Services 2010-2011 Financial Statements | |
| | | | | | | | AIAS_0000033-36 | AIA Services 2015-2016 Financial Statement | |
| 9/20/2011 | $787,599.07 | $258.94 | 3268 | $846,205.07 | 3390 | $877,795.35 | RJT090254-56 | PERC Promissory Note dated September 20, 2011 | It is assumed that no other loans were made nor were any payments made on the loans.  Please refer to page 2 of AIA's financials showing $1,627,973 were |
| | | | | | | | Dkt. 152-5, p. 3 | AIA Services 2010-2011 Financial Statements | |
| | | | | | | | AIAS_0000033-36 | AIA Services 2015-2016 Financial Statement | |
| 12/31/2012 | $457,650.00 | $150.46 | 2800 | $421,288.77 | 2922 | $439,644.92 | AIAPROD00294298-300 | PERC Promissory Note dated December 31, 2012 | It is assumed that no other loans were made nor were any payments made on the loans.  Please refer to page 2 of AIA's financials showing $1,627,973 were owed as of 12/31/2016, but that information has not been verfied and cannot be relied upon. |
| | | | | | | | AIAPROD00294301-303 | UCC Financing Statement filed with Idaho Secretary of State on March 19, 2010 | |
| | | | | | | | AIAPROD00294304-11 | Subordination Agreement dated September 29, 2011 | |
| | | | | | | | AIAPROD00299266 | AIA Services Due From PERC Ledger dated June 30, 2012 | |
| | | | | | | | AIAS_0000033-36 | AIA Services 2015-2016 Financial Statement | |
| 12/31/2013 | $310,245.00 | $102.00 | 2435 | $248,366.00 | 2557 | $260,809.80 | RJT090269-71 | PERC Promissory Note dated December 31, 2013 | It is assumed that no other loans were made nor were any payments made on the loans.  Please refer to |
| | | | | | | | AIAS_0000033-36 | AIA Services 2015-2016 Financial Statement | |
| 6/3/2014 | $18,000.00 | $5.92 | 2281 | $13,498.52 | 2403 | $14,220.49 | AIA_19INSP_0046171 | June 2014 AIA Insurance US Bank Statement | Check No. 206449 issued to Pacific Empire Radio Corp by AIA Insurance |
| | | | | | | | AIA_19INSP_0046176 | US Bank Canceled Check No. 206449 | |
| | | | | | | | AIAS_0000033-36 | AIA Services 2015-2016 Financial Statement | |
| 1/15/2016 | $4,000.00 | $1.32 | 1690 | $2,222.47 | 1812 | $2,382.90 | AIA_19INSP_0015160 | January 2016 AIA Insurance US Bank Statement | Check No. 206931 issued to Pacific Empire Radio Corp by AIA Insurance |
| | | | | | | | AIA_19INSP_0015165 | US Bank Canceled Check No. 206931 | |
| | | | | | | | AIA_19INSP_0021579 | AIA Insurance Check Stub | |
| 1/20/2016 | $6,500.00 | $2.14 | 1685 | $3,600.82 | 1807 | $3,861.53 | AIA_19INSP_0015160 | January 2016 AIA Insurance US Bank Statement | Check No. 206940 issued to Pacifice Empire Radio Corp by AIA Insurance |
| | | | | | | | AIA_19INSP_0015165 | US Bank Canceled Check No. 206940 | |
| | | | | | | | AIA_19INSP_0021577 | AIA Insurance Check Stub | |
| | **$2,264,359.92** | **$744.45** | | **$2,406,422.74** | | **$2,497,245.28** | | | |

| | |
|---|---|
| **Unauthorized loans made to Pacific Empire Radio Corporation:** | **$2,264,359.92** |
| **Per Diem Interest:** | **$744.45** |
| **Interest accrued through 8/31/2020:** | **$2,406,422.74** |
| **Interest accrued through 12/31/2020:** | **$2,497,245.28** |
| **Unauthorized loans plus accrued intererst through 8/31/2020:** | **$4,670,782.66** |
| **Unauthorized loans plus accrued interest through 12/31/2020:** | **$4,761,605.20** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 13    **DLM - 107556**                    Page 1 of 1                    **Exhibit - 1, p. 735**

**Exhibit - A, p. 73**

**13-ER-3154**

**Item No. 14:  Interest, Attorneys' Fees, and Costs owed to Donna Taylor re *Donna Taylor v. John Taylor, et al.*  (Donna's Series A Shares should have been redeemed by 2003) ***

**Alternative No. 1:  12% Interest on Monies owed to Donna Taylor (excluding Attorney Fees and Costs)[1]**

| Date | Amount Owed*** | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/31/2008 | $416,510.00 | $136.93 | 4475 | $612,783.21 | 4597 | $629,489.25 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Last payment to Donna Taylor was on May 30, 2008.  Balance on the principal amount owed is $416,510.00 per AIA Services' May 31, 2008 Financial Statement.  1995 Letter Agreements do not provide for post maturity interest and Idaho law has not decided the issue when a contract is silent |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | **$416,510.00** | **$136.93** | | **$612,783.21** | | **$629,489.25** | | | |

**Attorney Fees and Costs awarded to Donna Taylor on Appeal**

| Date | Base Damages | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/7/2018 | $27,907.89 | $9.18 | 724 | $6,642.84 | 846 | $7,762.22 | DLM-0046060-61 | Order Awarding Costs and Attorney Fees dated September 7, 2018 | Amounts owed per Idaho Supreme Court decision and Judge Brudie's prior decision.  The trial court has not yet awarded additional fees and costs, thus this damage claim does not include those sums and accrued interest at this time. |
| | **$27,907.89** | **$9.18** | | **$6,642.84** | | **$7,762.22** | | | |

**Attorney Fees, Costs, and Expert Witness Fees incurred by Donna Taylor to date◆**

| Date | Base Damages | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/1/2020 | $302,221.23 | N/A | N/A | N/A | N/A | N/A | | Based upon Donna Taylor's calucations of what she is owed | Attorney Fees and Costs and Court Costs |
| 9/1/2020 | $124,276.58 | NA | NA | NA | NA | NA | | Based upon Donna Taylor's calucations of what she is owed | Expert Witness Fees |
| | **$426,497.81** | **$0.00** | | **$0.00** | | **$0.00** | | | |

| | |
|---|---|
| Attorneys' Fees and costs owed to Donna Taylor: | $454,405.70 |
| Interest accrued exclusively on principal amount of shares (calculated as base damages) through 8/31/2020: | $612,783.21 |
| Total base damages (excludes principle amount of shares): | $1,067,188.91 |
| Per Diem Interest: | $146.11 |
| Interest accrued on attorneys' fees and costs through 8/31/2020: | $6,642.84 |
| Interest accrued on attorneys' fees and costs through 12/31/2020: | $7,762.22 |
| Fees, costs, and interest owed to Donna Taylor plus interest accrued through 8/31/2020: | $1,073,831.75 |
| Fees, costs, and interest owed to Donna Taylor plus interest accrued through 12/31/2020: | $1,074,951.12 |

Item No. 14    **DLM - 107557**

Page 1 of 5

**Exhibit - 1, p. 736**

**Exhibit - A, p. 74**

**13-ER-3155**

**Item No. 14:  Interest, Attorneys' Fees, and Costs owed to Donna Taylor re *Donna Taylor v. John Taylor, et al.*  (Donna's Series A Shares should have been redeemed by 2003) ***

**Alternative 2:  Contract Interest Rate on Monies owed to Donnie Taylor (excluding Atttorney Fees and Costs)[1]**

| Beginning Date | Ending Date | Interest Rate | Interest Rate (+.25%) | Days in Intererst Period | Per Diem Interest | Interest Per Period | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/1/2008 | 10/7/2008 | 5.00% | 0.000143836 | 128 | $59.91 | $7,668.35 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 10/8/2008 | 10/28/2008 | 4.50% | 0.000130137 | 20 | $54.20 | $1,084.07 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 10/29/2008 | 12/15/2008 | 4.00% | 0.000116438 | 47 | $48.50 | $2,279.39 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 12/16/2008 | 12/16/2015 | 3.25% | 0.000096 | 2556 | $39.94 | $102,084.89 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 12/17/2015 | 12/14/2016 | 3.50% | 0.00010274 | 363 | $42.79 | $15,533.54 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 12/15/2016 | 3/15/2017 | 4% | 0.000109589 | 90 | $45.64 | $4,108.04 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |

Item No. 14   **DLM - 107558**

Page 2 of 5

**Exhibit - 1, p. 737**

**Exhibit - A, p. 75**

**13-ER-3156**

**Item No. 14:  Interest, Attorneys' Fees, and Costs owed to Donna Taylor re** *Donna Taylor v. John Taylor, et al.*  **(Donna's Series A Shares should have been redeemed by 2003) ***

**Alternative 2:  Contract Interest Rate on Monies owed to Donnie Taylor (excluding Atttorney Fees and Costs)¹**

| Beginning Date | Ending Date | Interest Rate | Interest Rate (+.25%) | Days in Intererst Period | Per Diem Interest | Interest Per Period | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/16/2017 | 6/14/2017 | 4.00% | 0.000116438 | 90 | $48.50 | $4,364.80 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 6/15/2017 | 12/13/2017 | 4.25% | 0.000123288 | 181 | $51.35 | $9,294.45 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 12/14/2017 | 3/21/2018 | 4.50% | 0.000130137 | 97 | $54.20 | $5,257.73 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 3/22/2018 | 6/13/2018 | 5% | 0.000136986 | 83 | $57.06 | $4,735.66 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 6/14/2018 | 9/26/2018 | 5.00% | 0.000143836 | 104 | $59.91 | $6,230.53 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 9/27/2018 | 12/19/2018 | 5.25% | 0.000150685 | 83 | $62.76 | $5,209.23 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |

Item No. 14    **DLM - 107559**

**Exhibit - 1, p. 738**

**Exhibit - A, p. 76**

**13-ER-3157**

**Item No. 14:  Interest, Attorneys' Fees, and Costs owed to Donna Taylor re *Donna Taylor v. John Taylor, et al.*  (Donna's Series A Shares should have been redeemed by 2003) ***

**Alternative 2:  Contract Interest Rate on Monies owed to Donnie Taylor (excluding Atttorney Fees and Costs)[1]**

| Beginning Date | Ending Date | Interest Rate | Interest Rate (+.25%) | Days in Interest Period | Per Diem Interest | Interest Per Period | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/20/2018 | 7/31/2019 | 5.50% | 0.000157534 | 223 | $65.61 | $14,632.05 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 8/1/2019 | 9/18/2019 | 5.25% | 0.000150685 | 48 | $62.76 | $3,012.57 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 9/19/2019 | 10/30/2019 | 5.00% | 0.000143836 | 41 | $59.91 | $2,456.27 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 10/31/2019 | 3/3/2020 | 4.75% | 0.000136986 | 124 | $57.06 | $7,074.96 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 3/4/2020 | 3/15/2020 | 4.25% | 0.000123288 | 11 | $51.35 | $564.86 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| 3/16/2020 | 8/31/2020 | 3.25% | 0.0000958904 | 168 | $39.94 | $6,709.80 | AIA0028658-701 | AIA Services 1994-1995 Financial Statements | Calculated using JP Morgan's Historical Prime Rate 1983 - Present Table |
| | | | | | | | AIA0028749-79 | AIA Services 1998-1999 Financial Statements | |
| | | | | | | | AIA000049-74 | AIA Services 2000-2001 Financial Statements | |
| | | | | | | | AIA0027668-75 | AIA Services 2007-2008 Financial Statements | |
| | | | | | | | DLM-0003472-80 | Series A Preferred Shareholder Agreement dated July 1, 1996 | |
| | | | | | | | RJT088955-57 | Letter to Green re Donna's Agreement dated January 11, 1995 | |
| | | | | | | | DLM0003380-85 | Affidavit of Donna Taylor filed May 23, 2013 | |
| | | | | | | | RJT089075 | Letter to Riley from Green re Agreement dated March 22, 1995 | |
| | | | | | | | DLM - 093862-66 | JP Morgan Historical Prime Rate from 1983 to Present | |
| | | | | | | $195,026.53 | | | |

Item No. 14     **DLM - 107560**

Page 4 of 5

**Exhibit - 1, p. 739**

**Exhibit - A, p. 77**

**13-ER-3158**

**Item No. 14:  Interest, Attorneys' Fees, and Costs owed to Donna Taylor re *Donna Taylor v. John Taylor, et al.*  (Donna's Series A Shares should have been redeemed by 2003) ***

| Attorney Fees and Costs awarded to Donna Taylor | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Base Damages | Per Diem Interest (12% Interest Rate) | Days in Interest Period (August 31, 2020) | Interest accrued through August 31, 2020 | Days in Interest Period (December 31, 2020) | Interest accrued through December 31, 2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
| 9/7/2018 | $27,907.89 | $9.18 | 724 | $6,642.84 | 846 | $7,762.22 | DLM-0046060-61 | | Amounts owed per Idaho Supreme Court decision and Judge Brudie's prior decision. The trial court has not yet awarded additional fees and costs, thus this damage claim does not include those sums and accrued interest at this time. |
| | $27,907.89 | $9.18 | | $6,642.84 | | $7,762.22 | | | |

| Attorney Fees, Costs, and Expert Witness Fees incurred by Donna Taylor to date◆ | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Base Damages | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
| 9/1/2020 | $302,221.23 | N/A | N/A | N/A | N/A | N/A | | Based upon Donna Taylor's caluculations of what she is owed to-date | Attorney Fees and Costs and Court Costs |
| 9/1/2020 | $124,276.58 | NA | NA | NA | NA | NA | | Based upon Donna Taylor's caluculations of what she is owed to-date | Expert Witness Fees |
| | $426,497.81 | $0.00 | | $0.00 | | $0.00 | | | |

| | |
|---|---|
| Attorneys' Fees and costs owed to Donna Taylor: | $454,405.70 |
| Interest accrued exclusively on principal amount of shares (calculated as base damages) through 8/31/2020: | $195,026.53 |
| Total base damages (excludes principle amount of shares): | $649,432.23 |
| Attorneys' fees and costs Per Diem Interest: | $9.18 |
| Interest accrued on attorneys' fees and costs through 8/31/2020: | $6,642.84 |
| Interest accrued on attorneys' fees and costs through 12/31/2020: | $7,762.22 |
| Fees, costs, and interest owed to Donna Taylor plus interest accrued through 8/31/2020: | $656,075.07 |
| Fees, costs, and interest owed to Donna Taylor plus interest accrued through 12/31/2020: | $657,194.44 |

[1]Alternative scenarios set forth on spreadsheet with itemization of damges, but alternative with most substantial amount of damages are used for purposes of the summaries.

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and

*** The $416,510.00 owed to Donna is not included in this damage claim.  This amount is used for the sole purpose of calculating the interest owed to Donna Taylor.

◆ This information has been provided by Roderick Bond.

**Item No. 15:  AIA Corporations' liability under 2015 Settlement Agreement as claimed by GemCap (Dkt. 128 at 31-48) in *GemCap v. CropUSA, et al* .\*\***

| Date | Amount Due | Per Diem Interest (10% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 9/15/2014 | $12,126,584.61 | $3,322.35 | 2177 | $7,232,760.19 | 2299 | $7,638,087.13 | GemCap's First Supplemental Discovery Responses dated August 21, 2020 | Balance based upon GemCap's First Supplemental Response to Miesen's Second Set of Interrogatories and Requests for Production dated August 21, 2020. |
| 8/21/2020 | $8,004,116.40 | | | | | | GemCap's First Supplemental Discovery Responses dated August 21, 2020 | GemCap's litigation expenses from the execution of the Settlement Agreement |
| | $20,130,701.01 | $3,322.35 | | $7,232,760.19 | | $7,638,087.13 | | |

| | |
|---|---|
| **Amount Due (Based Upon GemCap's Calcuations):** | **$20,130,701.01** |
| **Per Diem Interest:** | **$3,322.35** |
| **Interest accrued through 8/31/2020:** | **$7,232,760.19** |
| **Interest accrued through 12/31/2020:** | **$7,638,087.13** |
| **Total fees and costs plus interest accrued through 8/31/2020:** | **$27,363,461.20** |
| **Total fees and costs plus interest accrued through 12/31/2020:** | **$27,768,788.14** |

\*\* GemCap has failed to produce sufficient information to justify the amount owed by AIA, and the numbers used to calculate damages have been provided by GemCap.  GemCap has calculated interest at 10% although the Settlement Agreement is based upon the Federal Post-Judgement Interest Rate.  GemCap has included attorney fees and costs in the amount of $8,004,116.40 without accrued interest as part of the amount due.

**Item No. 16:  Value of AIA Services' Former Headquarters and AIA Insurance's Two Condos which were improperly transferred to GemCap and Sold**

**AIA Services Corporation's Former Headquarters**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/16/2016 | $946,119.69 | $311.05 | 1445 | $449,471.66 | 1567 | $487,420.13 | GC0771914-31 | Land Title Settlement Statement and closing documents dated September 15, 2016 | |
| | | | | | | | L.T. 2122-25 | Warranty Deed from GemCap Lending to Alexander Investors dated September 15, 2016 | |
| | | | | | | | GC0772747-891 | Summary Appraisal Report dated June 14, 2013 | |
| | | | | | | | AIAS_0001471-87 | Memorandum of Agreement dated April 10, 2010 | |
| | | | | | | | AIAS_0001454-70 | Memorandum of Agreement dated February 28, 2014 | |
| | | | | | | | L.T. 1715-34 | Memorandum of Agreement dated January 11, 2016 | |
| | $946,119.69 | $311.05 | | $449,471.66 | | $487,420.13 | | | |

**Monies received from sale of property:** $946,119.69
**Per Diem Interest:** $311.05
**Interest accrued from 9/16/2016 through 8/31/2020:** $449,471.66
**Interest accrued from 9/16/2016 through 12/31/2020:** $487,420.13
**Amount paid for property plus interest accrued from 9/16/2016 through 8/31/2020:** $1,395,591.35
**Amount paid for property plus interest accrued from 9/16/2016 through 12/31/2020:** $1,433,539.82

**Item No. 16:  Value of AIA Services' Former Headquarters and AIA Insurance's Two Condos which were improperly transferred to GemCap and Sold**

**AIA Insurance, Inc.'s Former Condo (Condo No. 1)**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/16/2016 | $104,257.51 | $34.28 | 1445 | $49,529.46 | 1567 | $53,711.18 | L.T. 1753-54 | Land Title Settlement Statement dated September 15, 2016 | |
| | | | | | | | L.T. 2129-31 | Warranty Deed from GemCap Lending to Alexander Investors dated September 15, 2016 | |
| | | | | | | | L.T. 1715-34 | Memorandum of Agreement dated January 11, 2016 | |
| | $104,257.51 | $34.28 | | $49,529.46 | | $53,711.18 | | | |

Monies received from sale of property:                          $104,257.51
Per Diem Interest:                                              $34.28
Interest accrued from 9/16/2016 through 8/31/2020:             $49,529.46
Interest accrued from 9/16/2016 through 12/31/2020:            $53,711.18
Amount paid for property plus interest accrued from 9/16/2016 thr $153,786.97
Amount paid for property plus interest accrued from 9/16/2016 thr $157,968.69

**Item No. 16:  Value of AIA Services' Former Headquarters and AIA Insurance's Two Condos which were improperly transferred to GemCap and Sold**

**AIA Services Corporation's Former Condo (Condo No. 2)**

| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/16/2016 | $104,257.52 | $34.28 | 1445 | $49,529.46 | 1567 | $53,711.19 | L.T. 1838-39 | Land Title Settlement Statement dated September 15, 2016 | |
| | | | | | | | L.T. 2132-34 | Warranty Deed from GemCap Lending to Alexander Investors dated September 15, 2016 | |
| | | | | | | | L.T. 1715-34 | Memorandum of Agreement dated January 11, 2016 | |
| | $104,257.52 | $34.28 | | $49,529.46 | | $53,711.19 | | | |

| | |
|---|---|
| Monies received from sale of property: | $104,257.52 |
| Per Diem Interest: | $34.28 |
| Interest accrued from 9/16/2016 through 8/31/2020: | $49,529.46 |
| Interest accrued from 9/16/2016 through 12/31/2020: | $53,711.19 |
| Amount paid for property plus interest accrued from 9/16/2016 through 8/31/2020: | $153,786.98 |
| Amount paid for property plus interest accrued from 9/16/2016 through 12/31/2020: | $157,968.71 |

| | |
|---|---|
| Total monies received from sale of AIA's Former Headquarters and AIA Insurance's Condos: | $1,154,634.72 |
| Total Per Diem Interest on three properties: | $379.61 |
| Total Interest accrued from 9/16/2016 through 8/31/2020 on three properties: | $548,530.58 |
| Total Interest accrued from 9/16/2016 through 12/31/2020 on three properties: | $594,842.50 |
| Total monies received from sale of three properties plus interest accrued from 9/16/2016 through 8/31/2020: | $1,703,165.30 |
| Total monies received from sale of three properties plus interest accrued from 9/16/2016 through 12/31/2020: | $1,749,477.22 |

**Item No. 17:  Value of Parking Lot purchased by John Taylor and Connie Henderson in 2001 and the Rent paid to John Taylor and Connie Henderson (or John Taylor)**

| Sale of Parking Lot | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date of Sale | Amount of Sale | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
| 9/19/2016 | $50,000.00 | $16.44 | 1442 | $23,704.11 | 1564 | $25,709.59 | AIA0001024-26 | John and Connie Taylor's Offer to Purchase from Camas Prairie RailNet dated November 20, 2001 | The sales price establishes the minimum value of the parking lot and the closing costs are not relevant |
| | | | | | | | DLM 0033552-53 | Quitclaim Deed from John Taylor to 17 State Street Partners dated August 23, 2006 | |
| | | | | | | | DLM 0033554-55 | Quitclaim Deed from Connie Taylor to 17 State Street Partners dated August 24, 2006 | |
| | | | | | | | DLM 0036174-75 | Quitclaim Deed from 17 State Street Partners to Jordan Taylor dated July 2, 2014 | |
| | | | | | | | L.T. 0897-900 | Real Estate Purchase & Sale Agreement between Alexander Investors and Jordan Taylor dated January 11, 2016 | |
| | | | | | | | L.T. 1715-34 | Memorandum of Agreement between Alexander Investors and GemCap Lending dated January 11, 2016 | |
| | | | | | | | DLM 0039075-76 | Quitclaim Deed between Jordan Taylor and Alexander Investors dated September 15, 2016 | |
| | $50,000.00 | $16.44 | | $23,704.11 | | $25,709.59 | | | |

| | |
|---|---|
| Monies received from sale of parking lot: | $50,000.00 |
| Per Diem Interest: | $16.44 |
| Interest accrued from 9/19/2016 through 8/31/2020: | $23,704.11 |
| Interest accrued from 9/19/2016 through 12/31/2020: | $25,709.59 |
| Sale of parking lot plus interest accrued from 9/19/2016 through 8/31/2020: | $73,704.11 |
| Sale of parking lot plus interest accrued from 9/19/2016 through 12/31/2020: | $75,709.59 |

Item No. 17  **DLM - 107566**

Page 1 of 3

**Exhibit - 1, p. 745**

**Exhibit - A, p. 83**
**13-ER-3164**

**Item No. 17:  Value of Parking Lot purchased by John Taylor and Connie Henderson in 2001 and the Rent paid to John Taylor and Connie Henderson (or John Taylor)**

**Parking Lot Rent**

| Date of Payment | Rent Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/24/2001 | $6,500.00 | $2.14 | 6825 | $14,584.93 | 6947 | $14,845.64 | AIA0021915-17 | Purchase of North Parking Lot and Supporting Memorandum | Advance from Wells Fargo by John Taylor to purchase parking lot from railroad |
| 3/31/2002 | $812.49 | $0.27 | 6728 | $1,797.18 | 6850 | $1,829.77 | AIA0023426 | AIA Insurance Prepaid Rents/Deposits dated December 31, 2004 | Rent used to be recorded as prepaid until John Taylor borrowed money from AIA to purchase the parking lot |
| 6/30/2002 | $812.50 | $0.27 | 6637 | $1,772.90 | 6759 | $1,805.49 | AIA0023426 | AIA Insurance Prepaid Rents/Deposits dated December 31, 2004 | Rent used to be recorded as prepaid until John Taylor borrowed money from AIA to purchase the parking lot |
| 9/30/2002 | $812.49 | $0.27 | 6545 | $1,748.30 | 6667 | $1,780.89 | AIA0023426 | AIA Insurance Prepaid Rents/Deposits dated December 31, 2004 | Rent used to be recorded as prepaid until John Taylor borrowed money from AIA to purchase the parking lot |
| 12/31/2002 | $812.50 | $0.27 | 6453 | $1,723.75 | 6575 | $1,756.34 | AIA0023426 | AIA Insurance Prepaid Rents/Deposits dated December 31, 2004 | Rent used to be recorded as prepaid until John Taylor borrowed money from AIA to purchase the parking lot |
| 3/31/2003 | $812.49 | $0.27 | 6363 | $1,699.68 | 6485 | $1,732.27 | AIA0023426 | AIA Insurance Prepaid Rents/Deposits dated December 31, 2004 | Rent used to be recorded as prepaid until John Taylor borrowed money from AIA to purchase the parking lot |
| 6/30/2003 | $812.48 | $0.27 | 6272 | $1,675.36 | 6394 | $1,707.94 | AIA0023426 | AIA Insurance Prepaid Rents/Deposits dated December 31, 2004 | Rent used to be recorded as prepaid until John Taylor borrowed money from AIA to purchase the parking lot |
| 9/30/2003 | $812.49 | $0.27 | 6180 | $1,650.80 | 6302 | $1,683.39 | AIA0021915-17 | | |
| 12/31/2003 | $812.49 | $0.27 | 6088 | $1,626.23 | 6210 | $1,658.82 | AIA0021915-17 | | |
| 1/31/2004 | $270.83 | $0.09 | 6057 | $539.32 | 6179 | $550.18 | AIA0021915-17 | | |
| 2/29/2004 | $270.83 | $0.09 | 6028 | $536.73 | 6150 | $547.60 | AIA0021915-17 | | |
| 3/31/2004 | $270.83 | $0.09 | 5997 | $533.97 | 6119 | $544.84 | AIA0021915-17 | | |
| 4/30/2004 | $270.83 | $0.09 | 5967 | $531.30 | 6089 | $542.16 | AIA0021915-17 | | |
| 5/31/2004 | $270.83 | $0.09 | 5936 | $528.54 | 6058 | $539.40 | AIA0021915-17 | | |
| 6/30/2004 | $270.83 | $0.09 | 5906 | $525.87 | 6028 | $536.73 | AIA0021915-17 | | |
| 7/31/2004 | $270.83 | $0.09 | 5875 | $523.11 | 5997 | $533.97 | AIA0021915-17 | | |
| 8/31/2004 | $270.83 | $0.09 | 5844 | $520.35 | 5966 | $531.21 | AIA0021915-17 | | |
| 9/30/2004 | $270.83 | $0.09 | 5814 | $517.68 | 5936 | $528.54 | AIA0021915-17 | | |
| 10/31/2004 | $270.83 | $0.09 | 5783 | $514.92 | 5905 | $525.78 | AIA0021915-17 | | |
| 11/30/2004 | $270.83 | $0.09 | 5753 | $512.25 | 5875 | $523.11 | AIA0021915-17 | | |
| 12/31/2004 | $270.83 | $0.09 | 5722 | $509.49 | 5844 | $520.35 | AIA0021915-17 | | |
| 12/31/2004 | $12,500.00 | $4.11 | 5722 | $23,515.07 | 5844 | $24,016.44 | AIA0021915-17 | | |
| 1/31/2005 | $1,250.00 | $0.41 | 5691 | $2,338.77 | 5813 | $2,388.90 | AIA0021915-17 | | |
| 2/28/2005 | $1,250.00 | $0.41 | 5663 | $2,327.26 | 5785 | $2,377.40 | AIA0021915-17 | | |
| 3/31/2005 | $1,250.00 | $0.41 | 5632 | $2,314.52 | 5754 | $2,364.66 | AIA0021915-17 | | |
| 4/30/2005 | $1,250.00 | $0.41 | 5602 | $2,302.19 | 5724 | $2,352.33 | AIA0021915-17 | | |
| 5/31/2005 | $1,250.00 | $0.41 | 5571 | $2,289.45 | 5693 | $2,339.59 | AIA0021915-17 | | |
| 6/30/2005 | $1,250.00 | $0.41 | 5541 | $2,277.12 | 5663 | $2,327.26 | AIA0021915-17 | | |
| 7/31/2005 | $1,250.00 | $0.41 | 5510 | $2,264.38 | 5632 | $2,314.52 | AIA0021915-17 | | |
| 8/31/2005 | $1,250.00 | $0.41 | 5479 | $2,251.64 | 5601 | $2,301.78 | AIA0021915-17 | | |
| 9/30/2005 | $1,250.00 | $0.41 | 5449 | $2,239.32 | 5571 | $2,289.45 | AIA0021915-17 | | |
| 10/31/2005 | $1,250.00 | $0.41 | 5418 | $2,226.58 | 5540 | $2,276.71 | AIA0021915-17 | | |

Item No. 17   **DLM - 107567**

Page 2 of 3

**Exhibit - 1, p. 746**

**Exhibit - A, p. 84**

**13-ER-3165**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 747 of 879

**Item No. 17:  Value of Parking Lot purchased by John Taylor and Connie Henderson in 2001 and the Rent paid to John Taylor and Connie Henderson (or John Taylor)**

**Parking Lot Rent**

| Date of Payment | Rent Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/30/2005 | $1,250.00 | $0.41 | 5388 | $2,214.25 | 5510 | $2,264.38 | AIA0021915-17 | | |
| 12/31/2005 | $1,250.00 | $0.41 | 5357 | $2,201.51 | 5479 | $2,251.64 | AIA0021915-17 | | |
| 1/31/2006 | $1,250.00 | $0.41 | 5326 | $2,188.77 | 5448 | $2,238.90 | AIA0021915-17 | | |
| 2/28/2006 | $1,250.00 | $0.41 | 5298 | $2,177.26 | 5420 | $2,227.40 | AIA0021915-17 | | |
| 3/31/2006 | $1,250.00 | $0.41 | 5267 | $2,164.52 | 5389 | $2,214.66 | AIA0021915-17 | | |
| 4/30/2006 | $1,250.00 | $0.41 | 5237 | $2,152.19 | 5359 | $2,202.33 | AIA0021915-17 | | |
| 5/31/2006 | $1,250.00 | $0.41 | 5206 | $2,139.45 | 5328 | $2,189.59 | AIA0021915-17 | | |
| 6/30/2006 | $1,250.00 | $0.41 | 5176 | $2,127.12 | 5298 | $2,177.26 | AIA0021915-17 | | |
| 7/31/2006 | $1,250.00 | $0.41 | 5145 | $2,114.38 | 5267 | $2,164.52 | AIA0021915-17 | | |
| 8/31/2006 | $1,250.00 | $0.41 | 5114 | $2,101.64 | 5236 | $2,151.78 | AIA0021915-17 | | |
| 9/30/2006 | $1,250.00 | $0.41 | 5084 | $2,089.32 | 5206 | $2,139.45 | AIA0021915-17 | | |
| 10/31/2006 | $1,250.00 | $0.41 | 5053 | $2,076.58 | 5175 | $2,126.71 | AIA0021915-17 | | |
| 11/30/2006 | $1,250.00 | $0.41 | 5023 | $2,064.25 | 5145 | $2,114.38 | AIA0021915-17 | | |
| 12/31/2006 | $1,250.00 | $0.41 | 4992 | $2,051.51 | 5114 | $2,101.64 | AIA0021915-17 | | |
| 3/31/2007 | $3,750.00 | $1.23 | 4902 | $6,043.56 | 5024 | $6,193.97 | AIAPROD00010195 | AIA Insurance General Ledger Distributions from 12-1-2007 through 12-31-2007 | AIA Insurance paid rent quarterly for a total of $15,000 per year. |
| 6/30/2007 | $3,750.00 | $1.23 | 4811 | $5,931.37 | 4933 | $6,081.78 | AIAPROD00010195 | AIA Insurance General Ledger Distributions from 12-1-2007 through 12-31-2007 | AIA Insurance paid rent quarterly for a total of $15,000 per year. |
| 9/30/2007 | $3,750.00 | $1.23 | 4719 | $5,817.95 | 4841 | $5,968.36 | AIAPROD00010195 | AIA Insurance General Ledger Distributions from 12-1-2007 through 12-31-2007 | AIA Insurance paid rent quarterly for a total of $15,000 per year. |
| 12/31/2007 | $3,750.00 | $1.23 | 4627 | $5,704.52 | 4749 | $5,854.93 | AIAPROD00010195 | AIA Insurance General Ledger Distributions from 12-1-2007 through 12-31-2007 | AIA Insurance paid rent quarterly for a total of $15,000 per year. |
| | $73,749.89 | $24.25 | | $134,279.09 | | $137,237.17 | | | |

| | |
|---|---|
| **Parking lot rent paid to John Taylor:** | **$73,749.89** |
| **Per Diem Interest:** | **$24.25** |
| **Interest accrued through 8/31/2020:** | **$134,279.09** |
| **Interest accrued through 12/31/2020:** | **$137,237.17** |
| **Parking lot rent paid plus interest accrued through 8/31/2020:** | **$208,028.98** |
| **Parking lot rent paid plus interest accrued through 12/31/2020:** | **$210,987.06** |

| | |
|---|---|
| **Rent for Parking Lot paid to John Taylor and money received from sale of Parking Lot:** | **$123,749.89** |
| **Total Per Diem Interest:** | **$40.68** |
| **Total interest accrued through 8/31/2020:** | **$157,983.20** |
| **Total interest accrued through 12/31/2020:** | **$162,946.76** |
| **Rent paid and sale proceeds pertaining to parking lot plus interest accrued through 8/31/2020:** | **$281,733.09** |
| **Rent paid and sale proceeds pertaining to parking lot plus interest accrued through 12/31/2020:** | **$286,696.65** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 17   **DLM - 107568**

Page 3 of 3

**Exhibit - 1, p. 747**

**Exhibit - A, p. 85**

**13-ER-3166**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 748 of 879

Item No. 18:  Identified Compensation paid to John Taylor by AIA from Tax Returns and IRS Forms (does not include other improper advances/benefits/compensation)•

**Alternative No. 1:  Compensation from 1999 through 2017* [1]**

| Date | Compensation Indicated on AIA Tax Returns | AIA Insurance Inc. W2 Wages (Box 5 - Medicare Wages) | AIA Insurance Inc. W2 Wages (Box 14) | 1099 Compensation (AIA Services) | 1099 Compensation (AIA Insurance) | Compensation Used to Calculate Damages | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/31/1999 | $247,111.00 | | | $300.00 | | $247,411.00 | $81.34 | 7549 | $614,040.21 | 7671 | $623,963.76 | AIA0013174 AIA_19INSP_0000181 | Paid by AIA Services Corporation Payment amount was obtained from AIA Services Corporation's 1999 Tax Returns, so the specific dates and exact amount of each payment made in 1999 has not yet been determined |
| 12/31/2000 | $142,459.00 | $142,459.05 | | $4,000.00 | | $146,459.05 | $48.15 | 7183 | $345,868.06 | 7305 | $351,742.47 | AIA0013120 AIA_19INSP_000182-83 | Paid by AIA Services Corporation Payment amount was obtained from AIA Services Corporation's 2000 Tax Returns, so the specific dates and exact amount of each payment made in 2000 has not yet been determined |
| 12/31/2001 | $224,139.00 | $218,428.42 | | | | $218,428.42 | $71.81 | 6818 | $489,614.78 | 6818 | $489,614.78 | AIA0013051 AIA_19INSP_0000184 | Paid by AIA Services Corporation Payment amount was obtained from AIA Services Corporation's 2001 Tax Returns, so the specific dates and exact amount of each payment made in 2001 has not yet been determined |
| 12/31/2002 | $154,440.00 | $152,294.83 | $62,789.48 | | | $215,084.31 | $70.71 | 6453 | $456,308.73 | 6575 | $464,935.67 | AIA0013001 AIA_19INSP_0000185 | Paid by AIA Services Corporation Payment amount was obtained from AIA Services Corporation's 2002 Tax Returns, so the specifc dates and exact amount of each payment made in 2002 has not yet been determined. |
| 12/31/2003 | $218,911.00 | $177,971.20 | $60,598.60 | | $4,500.00 | $243,069.80 | $79.91 | 6088 | $486,512.53 | 6210 | $496,261.96 | AIA0012953 AIA_19INSP_0000186-87 | Paid by AIA Services Corporation Payment amount was obtained from AIA Services Corporation's 2003 Tax Returns, so the specifc dates and exact amount of each payment made in 2003 has not yet been determined. |
| 12/31/2004 | $274,415.00 | $216,169.46 | $98,911.13 | | $15,749.89 | $330,830.48 | $108.77 | 5722 | $622,360.11 | 5722 | $622,360.11 | AIA0012928 AIA_19INSP_0000188 | Paid by AIA Services Corporation Payment amount was obtained from AIA Services Corporation's 2004 Tax Returns, so the specifc dates and exact amount of each payment made in 2004 has not yet been determined AIA Insurance Inc. issued a 1099-MISC for "Rents" |
| 12/31/2005 | $274,415.00 | $224,118.54 | $107,848.68 | | $15,000.00 | $346,967.22 | $114.07 | 5357 | $611,080.57 | 5479 | $624,997.28 | AIA0012898 AIA_19INSP_0000189-91 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2005 Tax Returns, so the specifc dates and exact amount of each payment made in 2005 has not yet been determined. |
| 12/31/2006 | $149,778.00 | $236,952.61 | $124,547.32 | | | $361,499.93 | $118.85 | 4992 | $593,295.67 | 5114 | $607,795.28 | AIA0002020 AIA_19INSP_000192 AIA_19INSP_0002762 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2006 Tax Returns, so the specifc dates and exact amount of each payment made in 2006 has not yet been determined. |
| 12/31/2007 | $64,544.00 | | | | | $64,544.00 | $21.22 | 4627 | $98,184.69 | 4749 | $100,773.52 | RJT 035901 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2007 Tax Returns, so the specifc dates and exact amount of each payment made in 2007 has not yet been determined. |
| 12/31/2008 | $169,177.00 | | | | | $169,177.00 | $55.62 | 4261 | $236,996.12 | 4383 | $243,781.74 | RJT 035945 | Paid $116,166 by AIA Services Corporation Paid $53,011 by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2008 Tax Returns, so the specific date and exact amount of each payment made in 2008 has not yet been determined. |
| 12/31/2009 | $90,848.00 | | | $159,435.00 | | $250,283.00 | $82.28 | 3896 | $320,581.67 | 4018 | $330,620.41 | RJT 035977 AIA_19INSP_0003710 AIA_19INSP_0002762 | Paid $75,885 by AIA Services Corporation Paid $14,963 by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2009 Tax Returns, so the specific date and exact amount of each payment made in 2009 has not yet been determined. |
| 12/31/2010 | $108,551.00 | | | $120,507.00 | | $229,058.00 | $75.31 | 3531 | $265,908.10 | 3653 | $275,095.52 | RJT 036009 | Paid $83,551 by AIA Services Corporation Paid $25,000 by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2010 Tax Returns, so the specifc date and exact amount of each payment made in 2010 has not yet been determined |
| 12/31/2011 | $34,218.00 | | | | | $34,218.00 | $11.25 | 3166 | $35,616.72 | 3288 | $36,989.19 | RJT 036031 AIA_19INSP_0002477 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2011 Tax Returns, so the specifc dates and exact amount of each payment made in 2011 has not yet been determined. |
| 12/31/2012 | $40,066.00 | | | $16,609.24 | | $56,675.24 | $18.63 | 2800 | $52,172.28 | 2922 | $54,445.50 | RJT 036112 AIA_19INSP_0001886-87 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2012 Tax Returns, so the specifc dates and exact amount of each payment made in 2012 has not yet been determined. |
| 12/31/2013 | $0.00 | | | | | $0.00 | $0.00 | 2435 | $0.00 | 2557 | $0.00 | RJT 036144 AIA_19INSP_0001395 | AIA Services Corporation's 2013 Tax Returns show no compensation paid to John Taylor by AIA Services Corporation or AIA Insurance, Inc. |
| 12/31/2014 | $55,000.00 | | | | | $55,000.00 | $18.08 | 2070 | $37,430.14 | 2192 | $39,636.16 | AIAPROD00172478 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2014 Tax Returns, so the specifc dates and exact amount of each payment made in 2014 has not yet been determined. |
| 12/31/2015 | $75,000.00 | | | | | $75,000.00 | $24.66 | 1705 | $42,041.10 | 1827 | $45,049.32 | AIAS_0000204 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2015 Tax Returns, so the specifc dates and exact amount of each payment made in 2015 has not yet been determined. |

Item No. 18

**DLM - 107569**

Page 1 of 4

**Item No. 18:  Identified Compensation paid to John Taylor by AIA from Tax Returns and IRS Forms (does not include other improper advances/benefits/compensation)•**

**Alternative No. 1:  Compensation from 1999 through 2017\* [1]**

| Date | Compensation Indicated on AIA Tax Returns | AIA Insurance Inc. W2 Wages (Box 5 - Medicare Wages) | AIA Insurance Inc. W2 Wages (Box 14) | 1099 Compensation (AIA Services) | 1099 Compensation (AIA Insurance) | Compensation Used to Calculate Damages | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/31/2016 | $0.00 | | | | | $0.00 | $0.00 | 1339 | $0.00 | 1461 | $0.00 | AIAS_0000037 - AIAS_0000056 | AIA Services Corporation's 2016 Tax Returns show no compensation paid to John Taylor by AIA Services Corporation or AIA Insurance, Inc. |
| 12/31/2017 | $0.00 | | | | | $0.00 | $0.00 | 974 | $0.00 | 1096 | $0.00 | AIAS_0000158 - AIAS_0000175 | AIA Services Corporation's 2017 Tax Returns show no compensation paid to John Taylor by AIA Services Corporation or AIA Insurance, Inc. |
| | $2,323,072.00 | $1,368,394.11 | $454,695.21 | $300,851.24 | $35,249.89 | $3,043,705.45 | $1,000.67 | | $5,308,011.46 | | $5,408,062.69 | | |

**Compensation paid to John Taylor by AIA Services Corporation and AIA Insurance Inc.:**          $3,043,705.45
**Per Diem Interest:**          $1,000.67
**Interest accrued through 8/31/2020:**          $5,308,011.46
**Interest accrued through 12/31/2020:**          $5,408,062.69
**Compensation paid to John Taylor plus interest accrued through 8/31/2020:**          $8,351,716.91
**Compensation paid to John Taylor plus interest accrued through 12/31/2020:**          $8,451,768.14

Item No. 18          **DLM - 107570**          Page 2 of 4          **Exhibit - 1, p. 749**

Item No. 18:  Identified Compensation paid to John Taylor by AIA from Tax Returns and IRS Forms (does not include other improper advances/benefits/compensation)•

**Alternative 2:  Compensation from 2007 through 2017* [1]**

| Date | Compensation Indicated on AIA Tax Returns | W2 Wages (Box 5 - Medicare Wages) | W2 Wages (Box 14) | 1099 Compensation (AIA Services) | 1099 Compensation (AIA Insurance) | Compensation Used to Calculate Damages | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/31/2007 | $64,544.00 | | | | | $64,544.00 | $21.22 | 4627 | $98,184.69 | 4749 | $100,773.52 | RJT 035901 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2007 Tax Returns, so the specifc dates and exact amount of each payment made in 2007 has not yet been determined. |
| 12/31/2008 | $169,177.00 | | | | | $169,177.00 | $55.62 | 4261 | $236,996.12 | 4383 | $243,781.74 | RJT 035945 | Paid $116,166 by AIA Services Corporation Paid $53,011 by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2008 Tax Returns, so the specific date and exact amount of each payment made in 2008 has not yet been determined. |
| 12/31/2009 | $90,848.00 | | | $159,435.00 | | $250,283.00 | $82.28 | 3896 | $320,581.67 | 4018 | $330,620.41 | RJT 035977 AIA_19INSP_0003710 AIA_19INSP_0002762 | Paid $75,885 by AIA Services Corporation Paid $14,963 by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2009 Tax Returns, so the specific date and exact amount of each payment made in 2009 has not yet been determined. |
| 12/31/2010 | $108,551.00 | | | $120,507.00 | | $229,058.00 | $75.31 | 3531 | $265,908.10 | 3653 | $275,095.52 | RJT 036009 | Paid $83,551 by AIA Services Corporation Paid $25,000 by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2010 Tax Returns, so the specifc date and exact amount of each payment made in 2010 has not yet been determined |
| 12/31/2011 | $34,218.00 | | | | | $34,218.00 | $11.25 | 3166 | $35,616.72 | 3288 | $36,989.19 | RJT 036031 AIA_19INSP_0002477 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2011 Tax Returns, so the specifc dates and exact amount of each payment made in 2011 has not yet been determined. |
| 12/31/2012 | $40,066.00 | | | $16,609.24 | | $56,675.24 | $18.63 | 2800 | $52,172.28 | 2922 | $54,445.50 | RJT 036112 AIA_19INSP_0001886-87 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2012 Tax Returns, so the specifc dates and exact amount of each payment made in 2012 has not yet been determined. |
| 12/31/2013 | $0.00 | | | | | $0.00 | $0.00 | 2435 | $0.00 | 2557 | $0.00 | RJT 036144 AIA_19INSP_0001395 | AIA Services Corporation's 2013 Tax Returns show no compensation paid to John Taylor by AIA Services Corporation or AIA Insurance, Inc. |
| 12/31/2014 | $55,000.00 | | | | | $55,000.00 | $18.08 | 2070 | $37,430.14 | 2192 | $39,636.16 | AIAPROD00172478 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2014 Tax Returns, so the specifc dates and exact amount of each payment made in 2014 has not yet been determined. |
| 12/31/2015 | $75,000.00 | | | | | $75,000.00 | $24.66 | 1705 | $42,041.10 | 1827 | $45,049.32 | AIAS_0000204 | Paid by AIA Insurance, Inc. Payment amount was obtained from AIA Services Corporation's 2015 Tax Returns, so the specifc dates and exact amount of each payment made in 2015 has not yet been determined. |
| 12/31/2016 | $0.00 | | | | | $0.00 | $0.00 | 1339 | $0.00 | 1461 | $0.00 | AIAS_0000037 - AIAS_0000056 | AIA Services Corporation's 2016 Tax Returns show no compensation paid to John Taylor by AIA Services Corporation or AIA Insurance, Inc. |
| 12/31/2017 | $0.00 | | | | | $0.00 | $0.00 | 974 | $0.00 | 1096 | $0.00 | AIAS_0000158 - AIAS_0000175 | AIA Services Corporation's 2017 Tax Returns show no compensation paid to John Taylor by AIA Services Corporation or AIA Insurance, Inc. |
| | $637,404.00 | | | $296,551.24 | | $933,955.24 | $307.05 | | $1,088,930.80 | | $1,126,391.36 | | |

Compensation paid to John Taylor by AIA Services Corporation and AIA Insurance Inc.:  $933,955.24
Per Diem Interest:  $307.05
Interest accrued through 8/31/2020:  $1,088,930.80
Interest accrued through 12/31/2020:  $1,126,391.36
Compensation paid to John Taylor plus interest accrued through 8/31/2020:  $2,022,886.04
Compensation paid to John Taylor plus interest accrued through 12/31/2020:  $2,060,346.60

Item No. 18

DLM - 107571

Page 3 of 4

Exhibit - 1, p. 750

Exhibit - A, p. 88

13-ER-3169

**Item No. 18:  Identified Compensation paid to John Taylor by AIA from Tax Returns and IRS Forms (does not include other improper advances/benefits/compensation)•**

**CropUSA Insurance Agency\* ·**

| Date | Compensation Indicated on CropUSA Agency Returns | W2 Wages (Box 5 - Medicare Wages) | W2 Wages (Box 14) | 1099 Compensation | Compensation Used to Calculate Damages | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/31/2006 | $144,768.00 | | | $46,500.00 | $191,268.00 | $62.88 | 4992 | $313,910.09 | 5114 | $321,581.77 | CROP000117 AIAPROD00002355 | |
| 12/31/2007 | $83,000.00 | | | | $83,000.00 | $27.29 | 4627 | $126,260.05 | 4749 | $129,589.15 | AIAPROD00002783 | |
| 12/31/2008 | $250,000.00 | | | | $250,000.00 | $82.19 | 3896 | $320,219.18 | 4383 | $360,246.58 | AIAPROD00003222 | |
| 12/31/2009 | $78,737.00 | $164,140.51 | | $78,000.00 | $242,140.51 | $79.61 | 3531 | $281,095.28 | 4018 | $319,864.30 | AIA_19INSP_0002816 AIAPROD00003622 | |
| 12/31/2010 | $17,694.00 | $236,186.04 | | | $236,186.04 | $77.65 | 3531 | $274,182.87 | 3653 | $283,656.20 | AIA_19INSP_0002629 | |
| 12/31/2011 | $153,169.00 | $337,618.64 | | $16,726.71 | $354,345.35 | $116.50 | 3166 | $368,829.82 | 3288 | $383,042.47 | AIA_19INSP_0002240 AIA_19INSP_0002477 AIAPROD00294331 | |
| 12/31/2012 | $40,066.00 | $397,400.52 | | | $397,400.52 | $130.65 | 2800 | $365,826.23 | 2922 | $381,765.80 | AIA_19INSP_0001819 AIAPROD00294378 | |
| 12/31/2013 | $299,429.00 | $116,514.32 | | $190,304.34 | $306,818.66 | $100.87 | 2435 | $245,623.05 | 2557 | $257,929.42 | AIA_19INSP_0001427-39 AIA_19INSP_0001446 AIA_19INSP_0001395 AIAPROD00294566 | |
| | $1,066,863.00 | $1,251,860.03 | | $331,531.05 | $2,061,159.08 | $677.64 | | $2,295,946.58 | | $2,437,675.68 | | |

| | |
|---|---|
| Compensation paid to John Taylor by Crop USA Insurance Agency ·: | $2,061,159.08 |
| Per Diem Interest: | $677.64 |
| Interest accrued through 8/31/2020: | $2,295,946.58 |
| Interest accrued through 12/31/2020: | $2,437,675.68 |
| Compensation paid to John Taylor plus interest accrued through 8/31/2020: | $4,357,105.66 |
| Compensation paid to John Taylor plus interest accrued through 12/31/2020: | $4,498,834.76 |

| | |
|---|---|
| Total compensation paid to John Taylor by AIA Insurance, AIA Services, and CropUSA Insurance Agency\*: | $5,104,864.53 |
| Total Per Diem Interest: | $1,678.31 |
| Total interest accrued through 8/31/2020: | $7,603,958.04 |
| Total interest accrued through 12/31/2020: | $7,845,738.37 |
| Total compensation paid to John Taylor plus interest accrued through 8/31/2020: | $12,708,822.57 |
| Total compensation paid to John Taylor plus interest accrued through 12/31/2020: | $12,950,602.90 |

· John Taylor is also liable for compensation paid by CropUSA as CropUSA was derived from AIA.

¹Alternative scenarios set forth on spreadsheet with itemization of damges, but alternative with most substantial amount of damages are used for purposes of the summaries

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 18   **DLM - 107572**

**Exhibit - 1, p. 751**

**Exhibit - A, p. 89**

**13-ER-3170**

**Item No. 19:  Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014**

**James Beck**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/17/2007 | $5,000.00 | $1.64 | 4794 | $7,880.55 | 4916 | $8,081.10 | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | 2nd Q 2007 Directors Fee |
| 10/2/2007 | $5,000.00 | $1.64 | 4717 | $7,753.97 | 4839 | $7,954.52 | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | 3rd Q 2007 Directors Fee |
| 1/2/2008 | $5,000.00 | $1.64 | 4625 | $7,602.74 | 4747 | $7,803.29 | RJT 036951 | US Bank Canceled Check No. 15452 | Check No. 15452 issued to James Beck by AIA Services Corporation - 4th Q 2007 Directors Fee |
| | | | | | | | AIA_19INSP_0109775 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 4/3/2008 | $5,000.00 | $1.64 | 4533 | $7,451.51 | 4655 | $7,652.05 | AIA_19INSP_0109774 | AIA Services Check Stub | Check No. 15471 issued to James Beck by AIA Services Corporation - 1st Q 2008 Directors Fee |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 9/9/2008 | $5,000.00 | $1.64 | 4374 | $7,190.14 | 4496 | $7,390.68 | AIA_19INSP_0109773 | AIA Services Check Stub | Check No. 15499 issued to James Beck by AIA Services Corporation- 2nd Q 2008 Directors Fee |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 10/2/2008 | $5,000.00 | $1.64 | 4351 | $7,152.33 | 4473 | $7,352.88 | AIA_19INSP_0109772 | AIA Services Check Stub | Check No. 15510 issued to James Beck by AIA Services Corporation - 3rd Q 2008 Directors Fee |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 11/13/2008 | $386.49 | $0.13 | 4309 | $547.52 | 4431 | $563.03 | AIA_19INSP_0078748 | November 2008 AIA Insurance US Bank Statement | Check No. 201141 issued to Global Travel by AIA Inc. ($1,254.49) CHARLES HARPER - $868.00 JAMES BECK - $386.49 |
| | | | | | | | AIA_19INSP_0078817-18 | US Bank Canceled Check No. 201141 | |
| | | | | | | | AIA_19INSP_0107476 | AIA Inc. Check Stub | |
| | | | | | | | AIA_19INSP_0107477 | Global Travel Statement dated October 30, 2008 | |
| 11/13/2008 | $76.72 | $0.03 | 4309 | $108.69 | 4431 | $111.76 | AIA_19INSP_0078748 | November 2008 AIA Insurance US Bank Statement | Check No. 201142 issued to James Beck by AIA Inc. - Courier Service to Ken Schivone paid by personal check no. 9602 - Parking in Minneapolis Airport - Meals Reimbursement for trips to Lewiston and Minneapolis |
| | | | | | | | AIA_19INSP_0078791 | US Bank Canceled Check No. 201142 | |
| | | | | | | | AIA_19INSP_0106680 | AIA Inc. Check Stub | |
| | | | | | | | AIA_19INSP_0106681-84 | Receipts for Reimbursement | |
| 11/13/2008 | $110.29 | $0.04 | 4309 | $156.24 | 4431 | $160.67 | AIA_19INSP_0078748 | November 2008 AIA Insurance US Bank Statement | Check No. 201139 issued to Red Lion Hotel by AIA Inc. ($206.96) - 10/08 HARPER/BECK |
| | | | | | | | AIA_19INSP_0078849 | US Bank Canceled Check No. 201139 | |
| | | | | | | | AIA_19INSP_0108471 | AIA Inc. Check Stub | |
| | | | | | | | AIA_19INSP_0108472 | Red Lion Hotel Invoice dated October 29, 2008 | |
| | | | | | | | AIA_19INSP_0108474-75 | Red Lion Hotel Statement dated October 28, 2008 | |
| 1/6/2009 | $5,000.00 | $1.64 | 4255 | $6,994.52 | 4377 | $7,195.07 | RJT 036959 | US Bank Canceled Check No. 15533 | Check No. 15533 issued to James Beck by AIA Services Corporation - 4th Q 2008 Directors Fee |
| | | | | | | | AIA_19INSP_0105282 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 3/3/2009 | $449.73 | $0.15 | 4199 | $620.85 | 4321 | $638.89 | AIA_19INSP_0105465 | AIA Services Check Stub | Check No. 15550 issued to Red Lion Hotel by AIA Services Corporation - 2/09 James Beck Travel |
| | | | | | | | AIA_19INSP_0105466 | Red Lion Hotel Invoice dated February 10, 2009 | |
| | | | | | | | AIA_19INSP_0105467-71 | Red Lion Hotel Statement dated February 5, 2009 | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 3/3/2009 | $421.05 | $0.14 | 4199 | $581.26 | 4321 | $598.14 | AIA_19INSP_0105276 | AIA Services Check Stub | Check No. 15551 issued to James Beck by AIA Services Corporation - 2/09 Deposition Travel |
| | | | | | | | AIA_19INSP_0105277-78 | James Beck's Bills and Payments for Deposition | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |

Item No. 19

DLM - 107573

Exhibit - 1, p. 752

Exhibit - A, p. 90

13-ER-3171

**Item No. 19:  Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014**

**James Beck**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/31/2009 | $5,000.00 | $1.64 | 4171 | $6,856.44 | 4293 | $7,056.99 | AIA_19INSP_0105281 | AIA Services Check Stub | Check No. 15557 issued to James Beck to AIA Services Corporation - 1st Q Directors Fees |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 4/16/2009 | $1,362.20 | $0.45 | 4155 | $1,860.80 | 4277 | $1,915.44 | AIA_19INSP_0105327 | AIA Services Check Stub | Check No. 15559 issued to Global Travel by AIA Services Corporation - James Beck |
| | | | | | | | AIA_19INSP_0105328 | Global Travel Statement dated February 28, 2009 | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 7/2/2009 | $5,000.00 | $1.64 | 4078 | $6,703.56 | 4200 | $6,904.11 | RJT 036965 | US Bank Canceled Check No. 15572 | Check No. 15572 issued to James Beck by AIA Services Corporation 2nd Q 2009 Directors Fees |
| | | | | | | | AIA_19INSP_0105280 | AIA Services Check Stub | |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 12/21/2009 | $5,000.00 | $1.64 | 3906 | $6,420.82 | 4028 | $6,621.37 | RJT 036969 | US Bank Canceled Check No. 15599 | Check No. 15599 issued to James Beck by AIA Services Corporation 3rd Q 2009 Directors Fees |
| | | | | | | | AIA_19INSP_0105279 | AIA Services Check Stub | |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 7/6/2010 | $5,000.00 | $1.64 | 3709 | $6,096.99 | 3831 | $6,297.53 | RJT 036976 | US Bank Canceled Check No. 15642 | Check No. 15642 issued to James Beck by AIA Services Corporation - Jan-Mar10 Directors Fees |
| | | | | | | | AIA_19INSP_0091406-07 | AIA Services Check Stub | |
| | | | | | | | RJT 087325 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 9/29/2011 | $5,000.00 | $1.64 | 3259 | $5,357.26 | 3381 | $5,557.81 | AIA_19INSP_0015141 | October 2011 AIA Services US Bank Statement | Check No. 15747 issued to James Beck by AIA Services Corporation - 1st Q 2010 Directors Fees |
| | | | | | | | AIA_19INSP_0015144 | October 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 036983 | US Bank Canceled Check No. 15747 | |
| | | | | | | | AIA_19INSP_0087382 | AIA Services Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 12/29/2011 | $10,000.00 | $3.29 | 3168 | $10,415.34 | 3290 | $10,816.44 | AIA_19INSP_0015029 | January 2012 AIA Services US Bank Statement | Check No. 15775 issued to James Beck by AIA Services Corporation - 3rd Q 2010 Directors Fees |
| | | | | | | | AIA_19INSP_0015033 | January 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 036988 | US Bank Canceled Check No. 15775 | |
| | | | | | | | AIA_19INSP_0087378 | AIA Services Check Stub | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |

Item No. 19     **DLM - 107574**

Page 2 of 5

**Exhibit - 1, p. 753**

**Item No. 19:  Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014**

**James Beck**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/13/2012 | $5,000.00 | $1.64 | 2909 | $4,781.92 | 3031 | $4,982.47 | AIA_19INSP_0015075 | September 2012 AIA Services US Bank Statement | Check No. 15867 issued to James Beck by AIA Services Corporation - 4th Q 2010 Directors Fees |
| | | | | | | | AIA_19INSP_0015079 | September 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 036997 | US Bank Canceled Check No. 15867 | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0087377 | James Beck Directors Fee Schedule | |
| 10/17/2019 | $674.26 | $0.22 | 319 | $70.71 | 441 | $97.76 | AIAS_0033975 | October 2019 AIA Insurance US Bank Statement | Check No. 207734 issued to James Beck by AIA Insurance |
| | | | | | | | AIAS_0033977 | US Bank Canceled Check No. 207734 | |
| | $78,480.74 | $25.80 | | $102,604.16 | | $105,751.99 | | | |

| | |
|---|---|
| **Director's Fees & Costs Paid to James Beck:** | **$78,480.74** |
| **Per Diem Interest:** | **$25.80** |
| **Interest accrued through 8/31/2020:** | **$102,604.16** |
| **Interest accrued through 12/31/2020:** | **$105,751.99** |
| **Fees and costs paid to James Beck plus interest accrued through 8/31/2020:** | **$181,084.90** |
| **Fees and costs paid to James Beck plus interest accrued through 12/31/2020:** | **$184,232.73** |

**Item No. 19:  Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014**

**Connie Henderson**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/17/2007 | $5,000.00 | $1.64 | 4794 | $7,880.55 | 4916 | $8,081.10 | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | 2nd Q 2007 Directors Fee |
| 1/2/2008 | $5,000.00 | $1.64 | 4625 | $7,602.74 | 4747 | $7,803.29 | RJT 036952 | US Bank Canceled Check No. 15453 | Check No. 15453 issued to Connie Taylor by AIA Services Corporation - 4TH Q 2007 DIRECTORS FEE |
| | | | | | | | AIA_19INSP_0110021 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 4/3/2008 | $5,000.00 | $1.64 | 4533 | $7,451.51 | 4655 | $7,652.05 | AIA_19INSP_0110019 | AIA Services Check Stub | Check No. 15472 issued to Connie Taylor by AIA Services Corporation - 1ST Q 2008 DIRECTORS FEE |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 5/13/2008 | $5,000.00 | $1.64 | 4493 | $7,385.75 | 4615 | $7,586.30 | AIA_19INSP_0110017 | AIA Services Check Stub | Check No. 15478 issued to Connie Taylor by AIA Services Corporation - REISSUE # 15435-10/02/07 |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 9/9/2008 | $5,000.00 | $1.64 | 4374 | $7,190.14 | 4496 | $7,390.68 | AIA_19INSP_0110016 | AIA Services Check Stub | Check No. 15500 issued to Connie Taylor by AIA Services Corporation - 2ND Q 2008 DIRECTORS FEE |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 10/2/2008 | $5,000.00 | $1.64 | 4351 | $7,152.33 | 4473 | $7,352.88 | AIA_19INSP_0110015 | AIA Services Check Stub | Check No. 15511 issued to Connie Taylor by AIA Services Corporation - 3RD Q 2008 DIRECTORS FEES |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 1/6/2009 | $5,000.00 | $1.64 | 4255 | $6,994.52 | 4377 | $7,195.07 | RJT 036960 | US Bank Canceled Check No. 15534 | Check No. 15534 issued to Connie Taylor by AIA Services Corporation - 4TH Q 2008 DIRECTORS FEES |
| | | | | | | | AIA_19INSP_0105492 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 3/31/2009 | $5,000.00 | $1.64 | 4171 | $6,856.44 | 4293 | $7,056.99 | AIA_19INSP_0105491 | AIA Services Check Stub | Check No. 15558 issued to Connie Taylor by AIA Services Corporation - 1ST Q 2009 DIRECTORS FEES |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 7/2/2009 | $5,000.00 | $1.64 | 4078 | $6,703.56 | 4200 | $6,904.11 | RJT 036966 | US Bank Canceled Check No. 15573 | Check No. 15573 issued to Connie Taylor by AIA Services Corporation 2ND Q 2009 DIRECTORS FEES |
| | | | | | | | AIA_19INSP_0105490 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 12/21/2009 | $5,000.00 | $1.64 | 3906 | $6,420.82 | 4028 | $6,621.37 | RJT 036970 | US Bank Canceled Check No. 15600 | Check No. 15600 issued to Connie Taylor by AIA Services Corporation - 3RD Q 2009 DIRECTORS FEES |
| | | | | | | | AIA_19INSP_0105489 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 9/1/2010 | $5,000.00 | $1.64 | 3652 | $6,003.29 | 3774 | $6,203.84 | RJT 036977 | US Bank Canceled Check No. 15653 | Check No. 15653 issued to Connie Taylor by AIA Services Corporation - 4TH Q 2009 DIRECTORS FEES |
| | | | | | | | AIA_19INSP_0091600 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |

Item No. 19     **DLM - 107576**

**Exhibit - 1, p. 755**

**Exhibit - A, p. 93**
**13-ER-3174**

**Item No. 19:  Directors' Fees and Costs paid to Connie Henderson and James Beck for acting as Directors of AIA Corporations from 2007 to 2014**

**Connie Henderson**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/29/2011 | $5,201.92 | $1.71 | 3259 | $5,573.61 | 3381 | $5,782.25 | AIA_19INSP_0015141 | October 2011 AIA Services US Bank Statement | Check No. 15747 issued to Connie Taylor by AIA Services Corporation<br>1ST Q 2010 DIRECTORS FEES  $5,000.00<br>2010 HEALTH INS PREMIUMS -$4,798.08<br>2ND QUARTER DIRECTORS FEES - $5,000.00 |
| | | | | | | | AIA_19INSP_0015144 | October 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 036984 | US Bank Canceled Check No. 15748 | |
| | | | | | | | AIA_19INSP_0087766 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 9/29/2011 | $4,798.08 | $1.58 | 3259 | $5,140.91 | 3381 | $5,333.36 | AIA_19INSP_0087766 | AIA Services Check Stub | Connie Taylor's Health Insurance Premiums paid by AIA |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| | | | | | | | AIA_19INSP_0002536-37 | February 2011 emails regarding payment of Connie Taylor's Health Insurance Premiums from Directors' Fees | |
| 12/29/2011 | $10,062.65 | $3.31 | 3168 | $10,480.59 | 3290 | $10,884.20 | AIA_19INSP_0015029 | January 2012 AIA Services US Bank Statement | Check No. 15777 issued to Connie Taylor by AIA Services Corporation<br>3RD Q 2010 DIRECTORS FEES  $5,000.00<br>2011 HLTH/DNTL INS PREM  -$4,937.35<br>4TH Q 2010 DIRECTORS FEES  $5,000.00<br>1ST Q 2011 DIRECTORS FEES  $5,000.00 |
| | | | | | | | AIA_19INSP_0015033 | January 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 036989 | US Bank Canceled Check No. 15777 | |
| | | | | | | | AIA_19INSP_0087760 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 12/29/2011 | $4,937.35 | $1.62 | 3168 | $5,142.42 | 3290 | $5,340.45 | AIA_19INSP_0087760 | AIA Services Check Stub | Connie Taylor's Health Insurance Premiums paid by AIA |
| | | | | | | | AIA_19INSP_0004667 | Connie Taylor Directors Fee Schedule | |
| 9/13/2012 | $5,000.00 | $1.64 | 2909 | $4,781.92 | 3031 | $4,982.47 | AIA_19INSP_0015075 | September 2012 AIA Services US Bank Statement | Check No. 15868 issued to Connie Taylor by AIA Services Corporation - 2ND Q 2011 DIRECTORS FEES |
| | | | | | | | AIA_19INSP_0015079 | September 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 036998 | US Bank Canceled Check No. 15868 | |
| | | | | | | | AIA_19INSP_0004666 | AIA Services Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | $85,000.00 | $27.95 | | $108,761.10 | | $112,170.41 | | | |

| | |
|---|---|
| Director's Fees Paid to Connie Henderson: | $85,000.00 |
| Per Diem Interest: | $27.95 |
| Interest accrued through 8/31/2020: | $108,761.10 |
| Interest accrued through 12/31/2020: | $112,170.41 |
| Fees and costs paid to Connie Henderson plus interest accrued through 8/31/2020: | $193,761.10 |
| Fees and costs paid to Connie Henderson plus interest accrued through 12/31/2020: | $197,170.41 |

| | |
|---|---|
| Directors' Fees and Costs paid to James Beck and Connie Henderson: | $163,480.74 |
| Total Per Diem Interest: | $53.75 |
| Total Interest accrued through 8/31/2020: | $211,365.25 |
| Total Interest accrued through 12/31/2020: | $217,922.40 |
| Total fees and costs paid to James Beck and Connie Henderson plus interest accrued through 8/31/2020: | $374,845.99 |
| Total fees and costs paid to James Beck and Connie Henderson plus interest accrued through 12/31/2020: | $381,403.14 |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/31/2001 | $417,529.72 | $137.27 | 6818 | $935,907.17 | 6940 | $952,654.11 | AIA0021963 | Expenses paid by AIA but not allocated to CropUSA |
| 3/31/2002 | $71,379.99 | $23.47 | 6728 | $157,888.63 | 6850 | $160,751.65 | AIA0022310 | Expenses paid by AIA but not allocated to CropUSA |
| 10/15/2009 | $32,000.00 | $10.52 | 3973 | $41,798.14 | 4095 | $43,081.64 | RJT 087324 | ACH to CropUSA (ADVANCE) |
| 10/20/2009 | $4,605.43 | $1.51 | 3968 | $6,008.00 | 4090 | $6,192.73 | AIAPROD00011443 / AIA_19INSP_0050690 | Check No. 203711 issued to Premium Financing Specialists, Inc. Crop USA Insurance Agency Inc. / Sound Insurance |
| 10/22/2009 | $8,000.00 | $2.63 | 3966 | $10,431.12 | 4088 | $10,752.00 | RJT 087324 | ACH to CropUSA (ADVANCE) |
| 10/22/2009 | $25,000.00 | $8.22 | 3966 | $32,597.26 | 4088 | $33,600.00 | RJT 087324 | ACH to CropUSA (ADVANCE) |
| 10/28/2009 | $54,000.00 | $17.75 | 3960 | $70,303.56 | 4082 | $72,469.48 | RJT 087324 | ACH to CropUSA (ADVANCE) |
| 12/22/2009 | $9,000.00 | $2.96 | 3905 | $11,554.52 | 4027 | $11,915.51 | RJT 087324 | ACH to CropUSA (ADVANCE) |
| 12/22/2009 | $51,500.00 | $16.93 | 3905 | $66,117.53 | 4027 | $68,183.18 | RJT 087324 | ACH to CropUSA (ADVANCE) |
| 3/25/2011 | $434.09 | $0.14 | 3447 | $491.94 | 3569 | $509.35 | AIAPROD00297641 | Check No. 204529 issued to Travelers (CROPUSA-#12645888 CUP) |
| 5/28/2013 | $8,990.79 | $2.96 | 2652 | $7,838.98 | 2774 | $8,199.60 | AIAPROD00297650 | Check No. 205485 issued to CropUSA (AIA XFER RPT 5-5-5/25/13) |
| 6/3/2013 | $10,201.26 | $3.35 | 2646 | $8,874.26 | 2768 | $9,283.43 | AIAPROD00287650 | Check No. 205501 issued to CropUSA (5/25-5/31/13 Weekly Xfer) |
| 8/15/2013 | $11.66 | $0.00 | 2573 | $9.86 | 2695 | $10.33 | AIAPROD00287651 | Check No. 205580 issued to Treasure Valley Coffee (7/13 SOUND INS COFFEE) |
| 8/15/2013 | $2,865.47 | $0.94 | 2573 | $2,423.95 | 2695 | $2,538.88 | AIAPROD00287651 | Check No. 205582 issued to Joseph A. Lopp (CONSULTING) |
| 8/15/2013 | $127.30 | $0.04 | 2573 | $107.69 | 2695 | $112.79 | AIAPROD00287651 | Check No. 205583 issued to City of Idaho Falls (7/13 ELECTRICITY) |
| 8/15/2013 | $1,809.50 | $0.59 | 2573 | $1,530.69 | 2695 | $1,603.27 | AIAPROD00287651 | Check No. 205584 issued to Robert Dible (CONSULTING) |
| 8/15/2013 | $1,000.00 | $0.33 | 2573 | $845.92 | 2695 | $886.03 | AIAPROD00287651 | Check No. 205585 issued to Weskan Agency LLC (8/16/13 PAYROLL) |
| 8/16/2013 | $1,743.97 | $0.57 | 2572 | $1,474.68 | 2694 | $1,544.63 | AIAPROD00287651 | Check No. 205590 issued to Ken Goods (CONSULTING) |
| 8/16/2013 | $1,455.72 | $0.48 | 2572 | $1,230.94 | 2694 | $1,289.33 | AIAPROD00287651 | Check No. 205591 issued to Misty Adams (CONSULTING) |

Item No. 20  **DLM - 107578**

**Exhibit - 1, p. 757**

**Exhibit - A, p. 95**
**13-ER-3176**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 8/16/2013 | $980.46 | $0.32 | 2572 | $829.07 | 2694 | $868.39 | AIAPROD00287651 | Check No. 205592 issued to Janice Hillyard (CONSULTING) |
| 8/16/2013 | $2,200.00 | $0.72 | 2572 | $1,860.30 | 2694 | $1,948.54 | AIAPROD00287651 | Check No. 205594 issued to Tom Scabareti (CONSULTING) |
| 8/16/2013 | $535.63 | $0.18 | 2572 | $452.92 | 2694 | $474.41 | AIAPROD00287651 | Check No. 205595 issued to Brett Wilponen (CONSULTING) |
| 8/16/2013 | $890.98 | $0.29 | 2572 | $753.40 | 2694 | $789.14 | AIAPROD00287651 | Check No. 205596 issued to Sean Adams (CONSULTING) |
| 8/20/2013 | $958.00 | $0.31 | 2568 | $808.81 | 2690 | $847.24 | AIAPROD00287651 | Check No. 205608 issued to Custom Land Development I (8/13 SOUND INS OFFICE RNT) |
| 8/20/2013 | $960.53 | $0.32 | 2568 | $810.95 | 2690 | $849.48 | AIAPROD00287651 | Check No. 205610 issued to Joseph A. Lopp (WE 8/10/13 RM TRAVEL) |
| 8/20/2013 | $220.90 | $0.07 | 2568 | $186.50 | 2690 | $195.36 | AIAPROD00287651 | Check No. 205612 issued to CenturyLink (7/13 SOUND INS PHONES) |
| 8/20/2013 | $39.47 | $0.01 | 2568 | $33.32 | 2690 | $34.91 | AIAPROD00287651 | Check No. 205613 issued to CenturyLink (7/13 SOUND INS PHONES) |
| 8/20/2013 | $1,839.72 | $0.60 | 2568 | $1,553.23 | 2690 | $1,627.02 | AIAPROD00287651 | Check No. 205614 issued to Jacobsen Financial SVCS (RY 13 COMM JUL 13) |
| 8/20/2013 | $228.48 | $0.08 | 2568 | $192.90 | 2690 | $202.06 | AIAPROD00287651 | Check No. 205615 issued to Robert Dible (RY 13 COMM JUL 13) |
| 8/20/2013 | $8,409.55 | $2.76 | 2568 | $7,099.96 | 2690 | $7,437.27 | AIAPROD00287651 | Check No. 205616 issued to Robert Spresser Insurance (RY 13 COMM JUL 13) |
| 8/20/2013 | $15,308.85 | $5.03 | 2568 | $12,924.86 | 2690 | $13,538.90 | AIAPROD00287651 | Check No. 205617 issued to Vincent Carswell (RY 13 COMM JUL 13) |
| 8/20/2013 | $8,435.30 | $2.77 | 2568 | $7,121.70 | 2690 | $7,460.04 | AIAPROD00287651 | Check No. 205618 issued to Hayden Inc (RY 13 COMM JUL 13) |
| 8/20/2013 | $49,378.87 | $16.23 | 2568 | $41,689.29 | 2690 | $43,669.86 | AIAPROD00287651 | Check No. 205619 issued to Church Crop Ins Inc (RY 13 COMM JUL 13) |
| 8/20/2013 | $39.79 | $0.01 | 2568 | $33.59 | 2690 | $35.19 | AIAPROD00287651 | Check No. 205620 issued to Jason Zwahlen (RY 13 COMM JUL 13) |
| 8/20/2013 | $6,675.34 | $2.19 | 2568 | $5,635.82 | 2690 | $5,903.56 | AIAPROD00287651 | Check No. 205621 issued to Hammer Insurance & Realty (RY 13 COMM JUL 13) |
| 8/20/2013 | $10,051.26 | $3.30 | 2568 | $8,486.02 | 2690 | $8,889.17 | AIAPROD00287651 | Check No. 205622 issued to Plainsview Ins Agency (RY 13 COMM JUL 13) |
| 8/20/2013 | $800.00 | $0.26 | 2568 | $675.42 | 2690 | $707.51 | AIAPROD00287651 | Check No. 205624 issued to Weskan Agency LLC (MPCI COMM) |
| 8/30/2013 | $3,057.84 | $1.01 | 2558 | $2,571.60 | 2680 | $2,694.25 | AIAPROD00287651 | Check No. 205632 issued to Misty Adams (CONSULTING) |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 8/30/2013 | $1,834.42 | $0.60 | 2558 | $1,542.72 | 2680 | $1,616.30 | AIAPROD00287651 | Check No. 205633 issued to Janice Hillyard (CONSULTING) |
| 8/30/2013 | $125.06 | $0.04 | 2558 | $105.17 | 2680 | $110.19 | AIAPROD00287651 | Check No. 205634 issued to Sprint (7/12-8/11/13 SOUND CELLS) |
| 8/30/2013 | $2,865.47 | $0.94 | 2558 | $2,409.82 | 2680 | $2,524.75 | AIAPROD00287651 | Check No. 205635 issued to Joseph A. Lopp (CONSULTING) |
| 8/30/2013 | $1,809.50 | $0.59 | 2558 | $1,521.76 | 2680 | $1,594.34 | AIAPROD00287651 | Check No. 205636 issued to Robert Dible (CONSULTING) |
| 8/30/2013 | $1,500.00 | $0.49 | 2558 | $1,261.48 | 2680 | $1,321.64 | AIAPROD00237652 | Check No. 205638 issued to Weskan Agency LLC (ADVANCE) |
| 8/30/2013 | $2,200.00 | $0.72 | 2558 | $1,850.17 | 2680 | $1,938.41 | AIAPROD00237652 | Check No. 205639 issued to Tom Scabareti (CONSULTING) |
| 8/30/2013 | $890.98 | $0.29 | 2558 | $749.30 | 2680 | $785.04 | AIAPROD00237652 | Check No. 205640 issued to Sean Adams (CONSULTING) |
| 9/5/2013 | $944.16 | $0.31 | 2552 | $792.16 | 2674 | $830.03 | AIAPROD00237652 | Check No. 205659 issued to AT&T Mobility (7/13-8/12/13 CELL-CROPUSA) |
| 9/5/2013 | $117.34 | $0.04 | 2552 | $98.45 | 2674 | $103.16 | AIAPROD00237652 | Check No. 205660 issued to City of Idaho Falls (7/23-8/22 POWER-SOUND INS) |
| 9/5/2013 | $33.63 | $0.01 | 2552 | $28.22 | 2674 | $29.56 | AIAPROD00237652 | Check No. 205661 issued to CenturyLink (208-232-2700-627B SOUND) |
| 9/12/2013 | $979.00 | $0.32 | 2545 | $819.14 | 2667 | $858.41 | AIAPROD00237652 | Check No. 205677 issued to Registered Agent Solution (STATUTORY REP-CROPUSA) |
| 9/12/2013 | $1,500.00 | $0.49 | 2545 | $1,255.07 | 2667 | $1,315.23 | AIAPROD00237652 | Check No. 205678 issued to Weskan Agency LLC (ADVANCE) |
| 9/16/2013 | $1,455.72 | $0.48 | 2541 | $1,216.10 | 2663 | $1,274.49 | AIAPROD00237652 | Check No. 205684 issued to Misty Adams (CONSULTING) |
| 9/16/2013 | $980.46 | $0.32 | 2541 | $819.07 | 2663 | $858.40 | AIAPROD00237652 | Check No. 205685 issued to Janice Hillyard (CONSULTING) |
| 9/16/2013 | $2,865.47 | $0.94 | 2541 | $2,393.81 | 2663 | $2,508.74 | AIAPROD00237652 | Check No. 205686 issued to Joseph A. Lopp (CONSULTING) |
| 9/16/2013 | $1,809.49 | $0.59 | 2541 | $1,511.64 | 2663 | $1,584.22 | AIAPROD00237652 | Check No. 205687 issued to Robert Dible (CONSULTING) |
| 9/16/2013 | $2,200.00 | $0.72 | 2541 | $1,837.87 | 2663 | $1,926.12 | AIAPROD00237652 | Check No. 205689 issued to Tom Scabareti (CONSULTING) |
| 9/16/2013 | $890.98 | $0.29 | 2541 | $744.32 | 2663 | $780.06 | AIAPROD00237652 | Check No. 205690 issued to Sean Adams (CONSULTING) |
| 9/16/2013 | $30.00 | $0.01 | 2541 | $25.06 | 2663 | $26.27 | AIAPROD00237652 | Check No. 205694 issued to Idaho State Tax Commssn (2012 TAX RETURN-GREENLEAF) |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 9/16/2013 | $42.00 | $0.01 | 2541 | $35.09 | 2663 | $36.77 | AIAPROD00237652 | Check No. 205695 issued to Illinois Dept of Revenue (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $60.00 | $0.02 | 2541 | $50.12 | 2663 | $52.53 | AIAPROD00237652 | Check No. 205696 issued to North Carolina Department (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $100.00 | $0.03 | 2541 | $83.54 | 2663 | $87.55 | AIAPROD00237652 | Check No. 205697 issued to Utah State Tax Commission (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $50.00 | $0.02 | 2541 | $41.77 | 2663 | $43.78 | AIAPROD00237652 | Check No. 205698 issued to Montana Dept of Revenue (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $20.00 | $0.01 | 2541 | $16.71 | 2663 | $17.51 | AIAPROD00237652 | Check No. 205699 issued to Idaho State Tax Comm (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $39.00 | $0.01 | 2541 | $32.58 | 2663 | $34.14 | AIAPROD00237652 | Check No. 205702 issued to Arkansas Dept of Finance (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $28.00 | $0.01 | 2541 | $23.39 | 2663 | $24.51 | AIAPROD00237652 AIA_19INSP_0046490-512 | Check No. 205703 issued to Oklahoma Tax Commission (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $150.00 | $0.05 | 2541 | $125.31 | 2663 | $131.33 | AIAPROD00237652 | Check No. 205704 issued to Ohio Dept of Taxation (2012 TAX RETURN-CROPUSA) |
| 9/16/2013 | $54.00 | $0.02 | 2541 | $45.11 | 2663 | $47.28 | AIAPROD00237652 | Check No. 205075 issued to Colorado Dept of Revenue (2012 TAX RETURN-CROPUSA) |
| 9/19/2013 | $481.31 | $0.16 | 2538 | $401.61 | 2660 | $420.92 | AIAPROD00237652 | Check No. 205714 issued to Symetra Life Insurance Co (9/13 CROPUSA LIFE INS) |
| 9/19/2013 | $1,070.60 | $0.35 | 2538 | $893.32 | 2660 | $936.26 | AIAPROD00237652 | Check No. 205716 issued to Custom Land Development I (9/13 SOUND INS OFFICERENT) |
| 9/19/2013 | $2.06 | $0.00 | 2538 | $1.72 | 2660 | $1.80 | AIAPROD00237652 | Check No. 205717 issued to Intermountain Gas Co (8/13 SOUND INS ELECTRICITY) |
| 9/19/2013 | $16.70 | $0.01 | 2538 | $13.93 | 2660 | $14.60 | AIAPROD00237652 | Check No. 205718 issued to Treasure Valley Coffee (8/13 SOUND INS COFFEE) |
| 9/19/2013 | $44.50 | $0.01 | 2538 | $37.13 | 2660 | $38.92 | AIAPROD00237652 | Check No. 205719 issued to Dex Media West Inc. (9/13 SOUND INS ADV) |
| 9/19/2013 | $892.02 | $0.29 | 2538 | $744.31 | 2660 | $780.09 | AIAPROD00237652 | Check No. 205720 issued to Joseph A. Lopp (WE 8/24/13 TRAVEL) |
| 9/19/2013 | $220.50 | $0.07 | 2538 | $183.99 | 2660 | $192.83 | AIAPROD00237652 | Check No. 205721 issued to CenturyLink (8/10/13 SOUND INS PHONES) |
| 9/19/2013 | $198.00 | $0.07 | 2538 | $165.21 | 2660 | $173.16 | AIAPROD00237652 | Check No. 205724 issued to HIBU INC. - West (SOUND INS PHONEBOOK ADV) |
| 9/20/2013 | $3,845.00 | $1.26 | 2537 | $3,207.05 | 2659 | $3,361.27 | AIAPROD00237652 | Check No. 205725 issued to Jacobsen Financial SVCS (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $1,543.30 | $0.51 | 2537 | $1,287.24 | 2659 | $1,349.14 | AIAPROD00237652 | Check No. 205727 issued to Misty Adams (CROPUSA SOUND INS COMM'S) |

Item No. 20 **DLM - 107581**

**Exhibit - 1, p. 760**

**Exhibit - A, p. 98**
**13-ER-3179**

**Item No. 20: Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 9/20/2013 | $451.58 | $0.15 | 2537 | $376.65 | 2659 | $394.77 | AIAPROD00237652 | Check No. 205728 issued to Janice Hillyard (CROPUSA SOUND INS COMM'S) |
| 9/20/2013 | $15,248.60 | $5.01 | 2537 | $12,718.59 | 2659 | $13,330.20 | AIAPROD00237652 | Check No. 205729 issued to Robert Dible (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $75,930.22 | $24.96 | 2537 | $63,332.04 | 2659 | $66,377.57 | AIAPROD00237652 | Check No. 205730 issued to Robert Spresser Insurance (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $26,413.42 | $8.68 | 2537 | $22,030.96 | 2659 | $23,090.39 | AIAPROD00237652 | Check No. 205731 issued to Vincent Carswell (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $4,054.30 | $1.33 | 2537 | $3,381.62 | 2659 | $3,544.24 | AIAPROD00237652 | Check No. 205732 issued to Jason Zwahlen (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $14,124.04 | $4.64 | 2537 | $11,780.61 | 2659 | $12,347.12 | AIAPROD00237652 AIA_19INSP_0046490-512 | Check No. 205733 issued to Hammer Insurance & Realty (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $758.27 | $0.25 | 2537 | $632.46 | 2659 | $662.87 | AIAPROD00237652 AIA_19INSP_0046490-512 | Check No. 205734 issued to Plainsview Ins Agency (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $4,269.25 | $1.40 | 2537 | $3,560.91 | 2659 | $3,732.14 | AIAPROD00237652 | Check No. 205735 issued to Gage's Ins Agency Inc (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $50,000.00 | $16.44 | 2537 | $41,704.11 | 2659 | $43,709.59 | AIAPROD00237652 | Check No. 205736 issued to Missouri Crop LLC (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $1,977.85 | $0.65 | 2537 | $1,649.69 | 2659 | $1,729.02 | AIAPROD00237652 | Check No. 205737 issued to Diane Sis (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $1,149.84 | $0.38 | 2537 | $959.06 | 2659 | $1,005.18 | AIAPROD00237652 AIA_19INSP_0046490-512 | Check No. 205738 issued to Copeland Ins Agency Inc (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $716.22 | $0.24 | 2537 | $597.39 | 2659 | $626.11 | AIAPROD00237652 | Check No. 205739 issued to Mason City All-Risk Ins (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $105,679.00 | $34.74 | 2537 | $88,144.97 | 2659 | $92,383.71 | AIAPROD00237652 | Check No. 205740 issued to Noahs' Crop Insurance Inc (CROPUSA COMMISSION AUG13) |
| 9/20/2013 | $16,807.72 | $5.53 | 2537 | $14,019.02 | 2659 | $14,693.17 | AIAPROD00237652 AIA_19INSP_0046490-512 | Check No. 205741 issued to Hayden Inc (CROPUSA COMMISSION AUG13) |
| 9/26/2013 | $1,500.00 | $0.49 | 2653 | $1,308.33 | 2653 | $1,308.33 | AIAPROD00237653 | Check No. 205742 issued to Weskan Agency LLC (ADVANCE) |
| 9/27/2013 | $800.00 | $0.26 | 2530 | $665.42 | 2652 | $697.51 | AIAPROD00207653 | Check No. 205754 issued to Weskan Agency LLC (ADVANCE) |
| 9/27/2013 | $2,172.10 | $0.71 | 2530 | $1,806.71 | 2652 | $1,893.83 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205760 issued to Zions Bank (KETTENBAUGH LOAN PMT) |
| 9/27/2013 | $1,002.97 | $0.33 | 2530 | $834.25 | 2652 | $874.48 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205761 issued to AT&T Mobility (8/13-9/12/13 CROPUSA CELL) |
| 9/27/2013 | $126.04 | $0.04 | 2530 | $104.84 | 2652 | $109.89 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205762 issued to Sprint (8/12-9/11/13 SOUND CELL) |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 9/27/2013 | $34.42 | $0.01 | 2530 | $28.63 | 2652 | $30.01 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205764 issued to CenturyLink (9/13 SOUND INS PHONES) |
| 9/30/2013 | $50.00 | $0.02 | 2527 | $41.54 | 2649 | $43.55 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205769 issued to Kansas Insurance Dept (CROPUSA AGENCY LIC RENEWL) |
| 10/1/2013 | $196.82 | $0.06 | 2526 | $163.45 | 2648 | | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205784 issued to Wedbush Morgan Securities |
| 10/1/2013 | $2,200.00 | $0.72 | 2526 | $1,827.02 | 2648 | $1,915.27 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205788 issued to Tom Scabareti (CONSULTING) |
| 10/1/2013 | $1,436.59 | $0.47 | 2526 | $1,193.04 | 2648 | $1,250.66 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205743 issued to Misty Adams (CONSULTING) |
| 10/1/2013 | $980.46 | $0.32 | 2526 | $814.24 | 2648 | $853.56 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205744 issued to Janice Hillyard (CONSULTING) |
| 10/1/2013 | $2,865.47 | $0.94 | 2526 | $2,379.67 | 2648 | $2,494.61 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205745 issued to Joseph A. Lopp (CONSULTING) |
| 10/1/2013 | $1,809.50 | $0.59 | 2526 | $1,502.73 | 2648 | $1,575.31 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205746 issued to Robert Dible (CONSULTING) |
| 10/1/2013 | $1,213.92 | $0.40 | 2526 | $1,008.12 | 2648 | $1,056.81 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205747 issued to Jason Zwahlen (CONSULTING) |
| 10/1/2013 | $890.98 | $0.29 | 2526 | $739.93 | 2648 | $775.67 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205748 issued to Sean Adams (CONSULTING) |
| 10/1/2013 | $29.31 | $0.01 | 2526 | $24.34 | 2648 | $25.52 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205785 issued to Wedbush Morgan Securities |
| 10/2/2013 | $1,500.00 | $0.49 | 2525 | $1,245.21 | 2647 | $1,305.37 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205793 issued to Weskan Agency LLC (ADVANCE) |
| 10/9/2013 | $400.00 | $0.13 | 2518 | $331.13 | 2640 | $347.18 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205795 issued to 17 State Street Partners (MOVE RENT PMT-COMSTRAT) |
| 10/11/2013 | $1,442.61 | $0.47 | 2516 | $1,193.30 | 2638 | $1,251.16 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205796 issued to Misty Adams (CONSULTING) |
| 10/11/2013 | $980.46 | $0.32 | 2516 | $811.02 | 2638 | $850.34 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205797 issued to Janice Hillyard (CONSULTING) |
| 10/11/2013 | $2,865.47 | $0.94 | 2516 | $2,370.25 | 2638 | $2,485.19 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205798 issued to Joseph A. Lopp (CONSULTING) |
| 10/11/2013 | $1,809.50 | $0.59 | 2516 | $1,496.78 | 2638 | $1,569.36 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205799 issued to Robert Dible (CONSULTING) |
| 10/11/2013 | $890.98 | $0.29 | 2516 | $737.00 | 2638 | $772.74 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205800 issued to Sean Adams (CONSULTING) |
| 10/14/2013 | $1,600.00 | $0.53 | 2513 | $1,321.91 | 2635 | $1,386.08 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205802 issued to Weskan Agency LLC (ADVANCE) |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 10/15/2013 | $196.82 | $0.06 | 2512 | $162.55 | 2634 | $170.44 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205809 issued to Wedbush Morgan Securities |
| 10/16/2013 | $29.31 | $0.01 | 2511 | $24.20 | 2633 | $25.37 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205810 issued to Wedbush Morgan Securities |
| 10/17/2013 | $11.86 | $0.00 | 2510 | $9.79 | 2632 | $10.26 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205813 issued to Intermountain Gas Company |
| 10/16/2013 | $16.70 | $0.01 | 2511 | $13.79 | 2633 | $14.46 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205814 issued to Treasure Valley Coffee (9/13 OFFICE COFFEE-SOUND) |
| 10/16/2013 | $2,200.00 | $0.72 | 2511 | $1,816.18 | 2633 | $1,904.42 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205816 issued to Tom Scabareti (CONSULTING) |
| 10/21/2013 | $9,091.47 | $2.99 | 2506 | $7,490.37 | 2628 | $7,855.03 | AIAPROD00237653 | Check No. 205822 issued to James N. Marbach (OCT13-NM PREMIUM REFUND) |
| 10/21/2013 | $10,689.95 | $3.51 | 2506 | $8,807.35 | 2628 | $9,236.12 | AIAPROD00237653 | Check No. 205823 issued to Carol L. Viramontes (OCT13-NM PREMIUM REFUND) |
| 10/21/2013 | $3,878.60 | $1.28 | 2506 | $3,195.54 | 2628 | $3,351.11 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205824 issued to Jess W. Weaks (OCT13-NM PREMIUM REFUND) |
| 10/21/2013 | $14,383.05 | $4.73 | 2506 | $11,850.06 | 2628 | $12,426.96 | AIAPROD00237653 | Check No. 205825 issued to Phillip M Douma Jr (OCT13-NM PREMIUM REFUND) |
| 10/21/2013 | $5,414.04 | $1.78 | 2506 | $4,460.58 | 2628 | $4,677.73 | AIAPROD00237653 | Check No. 205826 issued to David G LeBlanc (OCT13-NM PREMIUM REFUND) |
| 10/21/2013 | $6,042.08 | $1.99 | 2506 | $4,978.01 | 2628 | $5,220.36 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205827 issued to Diners Club (8/15-9/24 JT TRAVEL-CROP) |
| 10/21/2013 | $120.55 | $0.04 | 2506 | $99.32 | 2628 | $104.16 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205828 issued to Plainsview Ins Agency (CROPUSA COMMISSION-CO) |
| 10/21/2013 | $248.28 | $0.08 | 2506 | $204.56 | 2628 | $214.51 | AIAPROD00237653 | Check No. 205829 issued to Copeland Ins Agency Inc. (CROPUSA COMMISSION-KS) |
| 10/21/2013 | $177.22 | $0.06 | 2506 | $146.01 | 2628 | $153.12 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205830 issued to Mason City All-Risk Ins (CROPUSA COMMISSION-IA) |
| 10/30/2013 | $1,900.00 | $0.62 | 2497 | $1,559.77 | 2619 | $1,635.98 | AIAPROD00237653 AIA_19INSP_0046490-512 | Check No. 205831 issued to Weskan Agency LLC (ADVANCE) |
| 10/31/2013 | $123.83 | $0.04 | 2496 | $101.62 | 2618 | $106.58 | AIAPROD00237653 | Check No. 205837 issued to City of Lewiston (9/13-KETTENBAUGH) |
| 10/31/2013 | $236.69 | $0.08 | 2496 | $194.23 | 2618 | $203.72 | AIAPROD00237653 | Check No. 205838 issued to City of Lewiston (JUL13-Q-KETTENBAUGH) |
| 10/31/2013 | $16.03 | $0.01 | 2496 | $13.15 | 2618 | $13.80 | AIAPROD00237653 | Check No. 205843 issued to FedEx Corporation (CROPUSA FEDEX # 106504393) |
| 10/31/2013 | $29.40 | $0.01 | 2496 | $24.13 | 2618 | $25.30 | AIAPROD00237654 | Check No. 205849 issued to Missouri Department of Revenue (2012 TAX RETURN-CROPUSA) |

Item No. 20 **DLM - 107584**

**Exhibit - 1, p. 763**

**Exhibit - A, p. 101**

**13-ER-3182**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 10/31/2013 | $464.30 | $0.15 | 2496 | $381.01 | 2618 | $399.63 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205861 issued to The Hartford (10/13 WRKRS COMP-CROPUSA) |
| 10/31/2013 | $3,130.26 | $1.03 | 2496 | $2,568.70 | 2618 | $2,694.25 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205864 issued to Misty Adams (SEP13-SOUND INS COMM) |
| 10/31/2013 | $974.00 | $0.32 | 2496 | $799.27 | 2618 | $838.33 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205863 issued to Custom Land Development I |
| 10/31/2013 | $1,074.10 | $0.35 | 2496 | $881.41 | 2618 | $924.49 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205866 issued to Janice Hillyard (SEP13-SOUND INS COMM) |
| 10/31/2013 | $44.50 | $0.01 | 2496 | $36.52 | 2618 | $38.30 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205868 issued to Dex Media West Inc (OCT13-ADV-SOUND INS) |
| 10/31/2013 | $126.21 | $0.04 | 2496 | $103.57 | 2618 | $108.63 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205869 issued to Sprint (9/12-10/11/13-CELL-SOUND) |
| 10/31/2013 | $125.26 | $0.04 | 2496 | $102.79 | 2618 | $107.81 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205870 issued to City of Idaho Falls (8/22-9/23/13 SOUND ELECTR) |
| 10/31/2013 | $28.85 | $0.01 | 2496 | $23.67 | 2618 | $24.83 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205871 issued to Registered Agent Solution (10/13 GREEN LEAF RE) |
| 10/31/2013 | $32.15 | $0.01 | 2496 | $26.38 | 2618 | $27.67 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205874 issued to CenturyLink (OCT13-PHONES-SOUND INS) |
| 10/31/2013 | $222.09 | $0.07 | 2496 | $182.25 | 2618 | $191.16 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205875 issued to CenturyLink (9/13 SOUND INS PHONES |
| 11/1/2013 | $196.82 | $0.06 | 2495 | $161.45 | 2617 | $169.34 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205891 issued to Wedbush Morgan Securities (401K LOAN PMTS-CROPUSA) |
| 11/1/2013 | $29.31 | $0.01 | 2495 | $24.04 | 2617 | $25.22 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205892 issued to Wedbush Morgan Securities |
| 11/1/2013 | $2,200.00 | $0.72 | 2495 | $1,804.60 | 2617 | $1,892.84 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205895 issued to Tom Scabareti (CONSULTING) |
| 11/1/2013 | $1,442.61 | $0.47 | 2495 | $1,183.34 | 2617 | $1,241.20 | AIAPROD00237653 AIA_19INSP_0046461-89 | Check No. 205832 issued to Misty Adams (CONSULTING) |
| 11/1/2013 | $980.46 | $0.32 | 2495 | $804.25 | 2617 | $843.57 | AIAPROD00237653 AIA_19INSP_0046461-89 | Check No. 205833 issued to Janice Hillyard (CONSULTING) |
| 11/1/2013 | $2,865.47 | $0.94 | 2495 | $2,350.47 | 2617 | $2,465.40 | AIAPROD00237653 AIA_19INSP_0046461-89 | Check No. 205834 issued to Joseph A. Lopp (CONSULTING) |
| 11/1/2013 | $1,809.50 | $0.59 | 2495 | $1,484.29 | 2617 | $1,556.86 | AIAPROD00237653 AIA_19INSP_0046461-89 | Check No. 205845 issued to Robert Dible (CONSULTING) |
| 11/1/2013 | $890.98 | $0.29 | 2495 | $730.85 | 2617 | $766.58 | AIAPROD00237653 AIA_19INSP_0046461-89 | Check No. 205846 issued to Sean Adams (CONSULTING) |
| 11/7/2013 | $261.40 | $0.09 | 2489 | $213.90 | 2611 | $224.39 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205899 issued to The Hartford (FIDELITY BOND-CROPUSA) |

Item No. 20  **DLM - 107585**

Page 8 of 17

**Exhibit - 1, p. 764**

**Exhibit - A, p. 102**
**13-ER-3183**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 11/7/2013 | $940.77 | $0.31 | 2489 | $769.83 | 2611 | $807.57 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205901 issued to AT&T Mobility (9/13-10/12/13 CELL-CUSA) |
| 11/7/2013 | $10,000.00 | $3.29 | 2489 | $8,183.01 | 2611 | $8,584.11 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205902 issued to Missouri Crop LLC (ADVANCE) |
| 11/7/2013 | $545.46 | $0.18 | 2489 | $446.35 | 2611 | $468.23 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205903 issued to Treasury Management SVCS (7/13 BANK FEES-CROPUSA) |
| 11/13/2013 | $1,442.61 | $0.47 | 2483 | $1,177.64 | 2605 | $1,235.51 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205911 issued to Misty Adams (CONSULTING) |
| 11/13/2013 | $1,069.52 | $0.35 | 2483 | $873.08 | 2605 | $915.98 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205912 issued to Janice Hillyard (CONSULTING) |
| 11/13/2013 | $2,865.47 | $0.94 | 2483 | $2,339.17 | 2605 | $2,454.10 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205913 issued to Joseph A. Lopp (CONSULTING |
| 11/13/2013 | $1,809.49 | $0.59 | 2483 | $1,477.14 | 2605 | $1,549.72 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205914 issued to Robert Dible (CONSULTING) |
| 11/13/2013 | $1,684.41 | $0.55 | 2483 | $1,375.03 | 2605 | $1,442.59 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205916 issued to Tom Scabareti (CONSULTING) |
| 11/13/2013 | $968.45 | $0.32 | 2483 | $790.57 | 2605 | $829.42 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205917 issued to Sean Adams (CONSULTING) |
| 11/13/2013 | $5,820.00 | $1.91 | 2483 | $4,751.03 | 2605 | $4,984.47 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205921 issued to Rusty Bentz (GREEN LEAF BOARD MEETING) |
| 11/14/2013 | $1,000.00 | $0.33 | 2482 | $816.00 | 2604 | $856.11 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205923 issued to Weskan Agency LLC (ADVANCE) |
| 11/20/2013 | $196.82 | $0.06 | 2476 | $160.22 | 2598 | $168.11 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205931 issued to Wedbush Morgan Securities |
| 11/20/2013 | $119.31 | $0.04 | 2476 | $97.12 | 2598 | $101.91 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205932 issued to Wedbush Morgan Securities |
| 11/20/2013 | $40.00 | $0.01 | 2476 | $32.56 | 2598 | $34.17 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205930 issued to Diane Bennett (2013 DCARP PMT #182-CROPU) |
| 11/20/2013 | $38.71 | $0.01 | 2476 | $31.51 | 2598 | $33.06 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205936 issued to Kansas Department of Revenue (8/13 W/H PENALTY-CROPUSA) |
| 11/20/2013 | $32.97 | $0.01 | 2476 | $26.84 | 2598 | $28.16 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205937 issued to Intermountain Gas Company (10/13 ELECTRIC-SOUND INS) |
| 11/20/2013 | $11.66 | $0.00 | 2476 | $9.49 | 2598 | $9.96 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205938 issued to Treasure Valley Coffee (10/13 WATER COOLER-SOUND) |
| 11/20/2013 | $90.45 | $0.03 | 2476 | $73.63 | 2598 | $77.26 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205940 issued to CenturyLink (10/13 - DAHMEN PHONE) |
| 11/20/2013 | $223.08 | $0.07 | 2476 | $181.59 | 2598 | $190.54 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205941 issued to CenturyLink (OCT13-PHONES-SOUND INS) |

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 766 of 879

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 11/25/2013 | $2,000.00 | $0.66 | 2471 | $1,624.77 | 2593 | $1,704.99 | AIAPROD00237655 AIA_19INSP_0046461-89 | Check No. 205957 issued to Weskan Agency LLC (ADVANCE) |
| 11/26/2013 | $2,843.28 | $0.93 | 2470 | $2,308.90 | 2592 | $2,422.94 | AIAPROD00237655 | Check No. 205958 issued to Robert Dible (NOV13 HAIL COMM-CROPUSA) |
| 11/26/2013 | $1,730.52 | $0.57 | 2470 | $1,405.28 | 2592 | $1,474.69 | AIAPROD00237655 | Check No. 205959 issued to Robert Spresser Insurance (NOV13 HAIL COMM-CROPUSA) |
| 11/26/2013 | $303.84 | $0.10 | 2470 | $246.73 | 2592 | $258.92 | AIAPROD00237655 | Check No. 205960 issued to Hayden Inc (NOV13 HAIL COMM-CROPUSA) |
| 11/26/2013 | $7,166.16 | $2.36 | 2470 | $5,819.31 | 2592 | $6,106.75 | AIAPROD00237655 | Check No. 205961 issued to Church Crop Insurance Inc. (NOV13 HAIL COMM-CROPUSA) |
| 11/26/2013 | $10.80 | $0.00 | 2470 | $8.77 | 2592 | $9.20 | AIAPROD00237655 | Check No. 205962 issued to Jason Zwahlen (NOV13 HAIL COMM-CROPUSA) |
| 11/26/2013 | $765.22 | $0.25 | 2470 | $621.40 | 2592 | $652.09 | AIAPROD00237655 | Check No. 205963 issued to Missouri Crop LLC (NOV13 HAIL COMM-CROPUSA) |
| 11/26/2013 | $8,947.80 | $2.94 | 2470 | $7,266.10 | 2592 | $7,625.00 | AIAPROD00237655 AIA_19INSP_0046461-89 | Check No.. 205964 issued to Appert Insurance Services (NOV13 HAIL COMM-CROPUSA) |
| 11/27/2013 | $3,664.42 | $1.20 | 2469 | $2,974.51 | 2591 | $3,121.48 | AIAPROD00237654 AIA_19INSP_0046461-89 | Check No. 205949 issued to Misty Adams (CONSULTING-SOUND COMM) |
| 11/27/2013 | $2,023.78 | $0.67 | 2469 | $1,642.75 | 2591 | $1,723.93 | AIAPROD00237655 AIA_19INSP_0046461-89 | Check No. 205950 issued to Janice Hillyard (CONSULTING-SOUND COMM) |
| 11/27/2013 | $3,298.12 | $1.08 | 2469 | $2,677.17 | 2591 | $2,809.46 | AIAPROD00237655 | Check No. 205951 issued to Joseph A. Lopp (WE 11/17/13 TRAVEL-GLC) |
| 11/27/2013 | $1,809.50 | $0.59 | 2469 | $1,468.82 | 2591 | $1,541.40 | AIAPROD00237655 | Check No. 205952 issued to Robert Dible (CONSULTING) |
| 11/27/2013 | $968.45 | $0.32 | 2469 | $786.12 | 2591 | $824.96 | AIAPROD00237655 AIA_19INSP_0046461-89 | Check No. 205954 issued to Sean Adams (CONSULTING) |
| 11/27/2013 | $381.44 | $0.13 | 2469 | $309.62 | 2591 | $324.92 | AIAPROD00237655 | Check No. 205972 issued to GE Capital (9/23-10/22 COPIER-CROPUSA) |
| 11/27/2013 | $5,609.60 | $1.84 | 2469 | $4,553.46 | 2591 | $4,778.46 | AIAPROD00237655 | Check No. 205973 issued to Diners Club (9/25-10/24/13 JT CROPUSA) |
| 11/27/2013 | $196.82 | $0.06 | 2469 | $159.76 | 2591 | $167.66 | AIAPROD00237655 | Check No. 205975 issued to Wedbush Morgan Securities (401K LOAN PMTS-CROPUSA) |
| 11/27/2013 | $119.31 | $0.04 | 2469 | $96.85 | 2591 | $101.63 | AIAPROD00237655 | Check No. 205976 issued to Wedbush Morgan Securities (11/20/13 CONTR-CROPUSA) |
| 11/27/2013 | $59.64 | $0.02 | 2469 | $48.41 | 2591 | $50.80 | AIAPROD00237655 | Check No. 205977 issued to IDA-Vend Office Coffee (OCT13 COFFEE-CROPUSA) |
| 11/27/2013 | $73.11 | $0.02 | 2469 | $59.35 | 2591 | $62.28 | AIAPROD00237655 | Check No. 205980 issued to XO Communications (NOV13 PHONES-SOUND/CUSA) |

Item No. 20 **DLM - 107587**

**Exhibit - 1, p. 766**

**Exhibit - A, p. 104**
**13-ER-3185**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 11/27/2013 | $365.83 | $0.12 | 2469 | $296.95 | 2591 | $311.63 | AIAPROD00237655 | Check No. 205982 issued to Symetra Life Insurance Company (11/13 LIFE INS-CROPUSA) |
| 11/27/2013 | $494.30 | $0.16 | 2469 | $401.24 | 2591 | $421.06 | AIAPROD00237655 | Check No. 205983 issued to The Hartford (NOV13-WRKRS COMP-CROPUSA) |
| 11/27/2013 | $2,357.27 | $0.77 | 2469 | $1,913.46 | 2591 | $2,008.01 | AIAPROD00237655 | Check No. 205987 issued to Zions Bank (17STST LOAN PMT-CROPUSA) |
| 11/27/2013 | $974.00 | $0.32 | 2469 | $790.62 | 2591 | $829.69 | AIAPROD00237655 AIA_19INSP_0046432-60 | Check No. 205988 issued to Custom Land Development I (NOV13 OFFICE RENT-SOUND) |
| 11/27/2013 | $500.00 | $0.16 | 2469 | $405.86 | 2591 | $425.92 | AIAPROD00237655 AIA_19INSP_0046461-89 | Check No. 205989 issued to 17 State Street Partners (MOVE RENT FUNDS) |
| 11/27/2013 | $44.50 | $0.01 | 2469 | $36.12 | 2591 | $37.91 | AIAPROD00237655 | Check No. 205991 issued to Dex Media West Inc. (November 13 Dex Adv - Sound Insurance) |
| 11/27/2013 | $114.96 | $0.04 | 2469 | $93.32 | 2591 | $97.93 | AIAPROD00237655 AIA_19INSP_0046432-60 | Check No. 205992 issued to City of Idaho Falls (9/23-10/23/13 - SOUND INS) |
| 11/27/2013 | $77.25 | $0.03 | 2469 | $62.71 | 2591 | $65.80 | AIAPROD00237655 AIA_19INSP_0046461-89 | Check No. 205994 issued to Tom Scabareti (WE 7/31/13 TRAVEL-CROPUSA) |
| 11/27/2013 | $30.47 | $0.01 | 2469 | $24.73 | 2591 | $25.96 | AIAPROD00237655 | Check No. 205995 issued to CenturyLink (11/13 - SOUND INS PHONES) |
| 11/27/2013 | $443.13 | $0.15 | 2469 | $359.70 | 2591 | $377.47 | AIAPROD00237655 | Check No. 205996 issued to Treasury Management Services (9/13 BANK FEES-CROPUSA) |
| 12/5/2013 | $71.27 | $0.02 | 2461 | $57.66 | 2583 | $60.52 | AIAPROD00237655 | Check No. 206008 issued to XO Communications (DEC13-PHONES-SOUND/CUSA) |
| 12/5/2013 | $261.40 | $0.09 | 2461 | $211.50 | 2583 | $221.98 | AIAPROD00237655 | Check No. 206009 issued to The Hartford (DEC13FIDELITYBOND-CROPUSA) |
| 12/5/2013 | $957.67 | $0.31 | 2461 | $774.85 | 2583 | $813.26 | AIAPROD00237655 | Check No. 206010 issued to AT&T Mobility (10/13-11/12/13 CELL CUSA) |
| 12/5/2013 | $113.00 | $0.04 | 2461 | $91.43 | 2583 | $95.96 | AIAPROD00237655 AIA_19INSP_0046432-60 | Check No. 206011 issued to City of Idaho Falls (11/13 UTILITIES-SOUND INS) |
| 12/5/2013 | $42.00 | $0.01 | 2461 | $33.98 | 2583 | $35.67 | AIAPROD00237655 | Check No. 206014 issued to HIBU INC - West (11/13 SOUND INS ADV) |
| 12/13/2013 | $1,600.00 | $0.53 | 2453 | $1,290.35 | 2575 | $1,354.52 | AIAPROD00237655 AIA_19INSP_0046432-60 | Check No. 206018 issued to Weskan Agency LLC (ADVANCE) |
| 12/16/2013 | $1,442.61 | $0.47 | 2450 | $1,161.99 | 2572 | $1,219.86 | AIAPROD00237655 | Check No. 206023 issued to Misty Adams (CONSULTING) |
| 12/16/2013 | $1,069.52 | $0.35 | 2450 | $861.48 | 2572 | $904.37 | AIAPROD00237655 | Check No. 206024 issued to Janice Hillyard (CONSULTING) |
| 12/16/2013 | $2,000.00 | $0.66 | 2450 | $1,610.96 | 2572 | $1,691.18 | AIAPROD00237655 | Check No. 206025 issued to Joseph A. Lopp (CONSULTING) |

Item No. 20 **DLM - 107588**

**Exhibit - 1, p. 767**

**Exhibit - A, p. 105**
**13-ER-3186**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/16/2013 | $1,809.50 | $0.59 | 2450 | $1,457.52 | 2572 | $1,530.09 | AIAPROD00237655 | Check No. 206026 issued to Robert Dible (CONSULTING) |
| 12/16/2013 | $968.47 | $0.32 | 2450 | $780.08 | 2572 | $818.93 | AIAPROD00237655 | Check No. 206028 issued to Sean Adams (CONSULTING) |
| 12/16/2013 | $119.31 | $0.04 | 2450 | $96.10 | 2572 | $100.89 | AIAPROD00237655 | Check No. 206032 issued to Wedbush Morgan Securities (12/16/12 CONTR-CROPUSA) |
| 12/16/2013 | $196.82 | $0.06 | 2450 | $158.53 | 2572 | $166.43 | AIAPROD00237655 | Check No. 206033 issued to Wedbush Morgan Securities (12/16/13 LOAN PMT-CROPUSA) |
| 12/23/2013 | $102.37 | $0.03 | 2443 | $82.22 | 2565 | $86.33 | AIAPROD00237655 | Check No. 206039 issued to Staples Credit Plan (11/13 SUPPLIES-CROPUSA) |
| 12/23/2013 | $494.30 | $0.16 | 2443 | $397.01 | 2565 | $416.84 | AIAPROD00237655 | Check No. 206042 issued to The Hartford (12/13 WRKRS COMP-CROPUSA) |
| 12/23/2013 | $3,750.26 | $1.23 | 2443 | $3,012.13 | 2565 | $3,162.55 | AIAPROD00237655 | Check No. 206043 issued to Jacobsen Financial Svcs (CROPUSA COMMISSIONS-NE) |
| 12/23/2013 | $1,022.70 | $0.34 | 2443 | $821.41 | 2565 | $862.43 | AIAPROD00237655 AIA_19INSP_0046432-60 | Check No. 206044 issued to Custom Land Development I (12/13 RENT-SOUND INS) |
| 12/23/2013 | $319.42 | $0.11 | 2443 | $256.55 | 2565 | $269.36 | AIAPROD00237655 | Check No. 206045 issued to Jason Zwahlen (CROPUSA COMMISSIONS-KS) |
| 12/23/2013 | $16,151.13 | $5.31 | 2443 | $12,972.23 | 2565 | $13,620.05 | AIAPROD00237655 | Check No. 206046 issued to Appert Insurance Services (CROPUSA COMMISSIONS-MN) |
| 12/23/2013 | $840.88 | $0.28 | 2443 | $675.38 | 2565 | $709.10 | AIAPROD00237655 | Check No. 206047 issued to Copeland Ins Agency Inc (CROPUSA COMMISSIONS-KS) |
| 12/23/2013 | $539.01 | $0.18 | 2443 | $432.92 | 2565 | $454.54 | AIAPROD00237655 | Check No. 206048 issued to Mason City All-Risk Ins (CROPUSA COMMISSIONS-IA) |
| 12/23/2013 | $5,173.23 | $1.70 | 2443 | $4,155.02 | 2565 | $4,362.52 | AIAPROD00237655 | Check No. 206049 issued to Diners Club (10/23-11/24 JT TRVL-CUSA) |
| 12/23/2013 | $350.34 | $0.12 | 2443 | $281.39 | 2565 | $295.44 | AIAPROD00237655 | Check No. 206050 issued to Symetra Life Insurance Co (12/13 LIFE INS-CROPUSA) |
| 12/23/2013 | $1,326.98 | $0.44 | 2443 | $1,065.80 | 2565 | $1,119.03 | AIAPROD00237655 | Check No. 206051 issued to Misty Adams (11/30/13 SOUND INS COMM) |
| 12/23/2013 | $584.91 | $0.19 | 2443 | $469.79 | 2565 | $493.25 | AIAPROD00237655 | Check No. 206052 issued to Janice Hillyard (11/20/13 SOUND INS COMM) |
| 12/23/2013 | $12,000.00 | $3.95 | 2443 | $9,638.14 | 2565 | $10,119.45 | AIAPROD00237656 | Check No. 206054 issued to Weskan Agency LLC (ADVANCE-MPCI COMM/BILLS) |
| 12/30/2013 | $2,582.51 | $0.85 | 2436 | $2,068.27 | 2558 | $2,171.86 | AIAPROD00237656 | Check No. 206063 issued to XO Communications (NOV13 PHONES/INT-CROPUSA) |
| 12/30/2013 | $55.37 | $0.02 | 2436 | $44.34 | 2558 | $46.57 | AIRPROD00237656 | Check No. 206067 issued to The Sherwin-Williams Co (11/13 PAINT-17 ST ST) |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/30/2013 | $38.17 | $0.01 | 2436 | $30.57 | 2558 | $32.10 | AIAPROD00238656 | Check No. 206070 issued to Treasure Valley Coffee (11/13 COFFEE-SOUND INS) |
| 12/30/2013 | $44.50 | $0.01 | 2436 | $35.64 | 2558 | $37.42 | AIAPROD00297656 | Check No. 206072 issued to Dex Media West Inc (DEC13 ADV-SOUND INS) |
| 12/30/2013 | $579.40 | $0.19 | 2436 | $464.03 | 2558 | $487.27 | AIAPROD00297656 | Check No. 206073 issued to Robert Dible (2013 FSA PMT #188 & #187) |
| 12/30/2013 | $75.00 | $0.02 | 2436 | $60.07 | 2558 | $63.07 | AIAPROD00297656 | Check No. 206074 issued to Peak1 Adminstration (DEC13 ADMIN FEES-CROPUSA) |
| 12/30/2013 | $222.58 | $0.07 | 2436 | $178.26 | 2558 | $187.19 | AIAPROD00297656 | Check No. 206075 issued to CenturyLink (11/13 SOUND INS PHONES) |
| 12/30/2013 | $30.36 | $0.01 | 2436 | $24.31 | 2558 | $25.53 | AIAPROD00297656 | Check No. 206076 issued to CenturyLink (DEC13 PHONE-SOUND INS) |
| 12/30/2013 | $1,500.00 | $0.49 | 2436 | $1,201.32 | 2558 | $1,261.48 | AIAPROD00297656 AIA_19INSP0046432-60 | Check No. 206078 issued to Weskan Agency LLC (ADVANCE) |
| 1/7/2014 | $113.60 | $0.04 | 2428 | $90.68 | 2550 | $95.24 | AIA_19INSP_0046400-31 | Check No. 206103 issued to City of Idaho Falls Utility Department |
| 1/13/2014 | $1,600.00 | $0.53 | 2422 | $1,274.04 | 2544 | $1,338.21 | AIA_19INSP_0046400-31 | Check No. 206124 issued to Weskan Agency LLC |
| 1/29/2014 | $1,400.00 | $0.46 | 2406 | $1,107.42 | 2528 | $1,163.57 | AIA_19INSP_0046400-31 | Check No. 206159 issued to Weskan Agency LLC |
| 1/29/2014 | $1,022.70 | $0.34 | 2406 | $808.97 | 2528 | $849.99 | AIA_19INSP_0046375-99 | Check No. 206156 issued to Custom Land Development I |
| 2/5/2014 | $108.98 | $0.04 | 2399 | $85.95 | 2521 | $90.33 | AIA_19INSP_0046375-99 | Check No. 206184 issued to City of Idaho Falls Utility Department |
| 2/6/2014 | $1,392.65 | $0.46 | 2398 | $1,097.94 | 2520 | $1,153.80 | AIA_19INSP_0027947 AIA_19INSP_0027948 | |
| 2/12/2014 | $1,800.00 | $0.59 | 2392 | $1,415.54 | 2514 | $1,487.74 | AIA_19INSP_0046375-99 | Check No. 206212 issued to Weskan Agency LLC |
| 2/28/2014 | $1,600.00 | $0.53 | 2376 | $1,249.84 | 2498 | $1,314.02 | AIA_19INSP_0046375-99 | Check No. 206241 issued to Weskan Agency LLC |
| 2/28/2014 | $1,492.65 | $0.49 | 2376 | $2,498.00 | 2498 | $1,225.85 | AIA_19INSP_0046262 AIA_19INSP_0046254 AIA_19INSP_0027944 AIA_19INSP_0027945 | Check No. 206248 issued to American West Bank by AIA Insurance 02/14 LOAN PMT - CROP LLC |
| 2/26/2014 | $1,022.70 | $0.34 | 2378 | $799.56 | 2500 | $840.58 | AIA_19INSP_0046246-75 | Check No. 206237 issued to Custom Land Development I |
| 3/14/2014 | $2,150.00 | $0.71 | 2362 | $1,669.58 | 2484 | $1,755.81 | AIA_19INSP_0046246-75 | Check No. 206279 issued to Weskan Agency LLC |

Item No. 20 **DLM - 107590**

**Exhibit - 1, p. 769**

**Exhibit - A, p. 107**

**13-ER-3188**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 3/20/2014 | $205.67 | $0.07 | 2356 | $159.31 | 2478 | $167.56 | AIA_19INSP_0046246-75 | Check No. 0000 issued to City of Idaho Falls Utility Department |
| 3/27/2014 | $1,022.70 | $0.34 | 2349 | $789.80 | 2471 | $830.82 | AIA_19INSP_0046217-35 | Check No. 206316 issued to Custom Land Development I |
| 3/27/2014 | $1,292.65 | $0.42 | 2349 | $998.28 | 2471 | $1,050.13 | AIA_19INSP_0046263 AIA_19INSP_0046248 AIA_19INSP_0027942 AIA_19INSP_0027943 | Check No. 206314 issued to American West Bank by AIA Insurance 03/14 LOAN PMT - CROP LLC |
| 3/27/2014 | $1,600.00 | $0.53 | 2349 | $1,235.64 | 2471 | $1,299.81 | AIA_19INSP_0046261 AIA_19INSP_0046248 | Check No. 206319 issued to Weskan Agency LLC by AIA Insurance |
| 4/10/2014 | $1,022.70 | $0.34 | 2335 | $785.10 | 2457 | $826.12 | AIA_19INSP_0046217-35 | Check No. 206338 issued to Custom Land Development I |
| 4/10/2014 | $103.24 | $0.03 | 2335 | $79.25 | 2457 | $83.40 | AIA_19INSP_0046217-35 | Check No. 206342 issued to City of Idaho Falls Utility Department |
| 4/14/2014 | $1,500.00 | $0.49 | 2331 | $1,149.53 | 2453 | $1,209.70 | AIA_19INSP_0046217-35 | Check No. 206358 issued to Weskan Agency LLC |
| 4/28/2014 | $2,000.00 | $0.66 | 2317 | $1,523.51 | 2439 | $1,603.73 | AIA_19INSP_0046217-35 | Check No. 206379 issued to Weskan Agency LLC |
| 4/29/2014 | $1,292.65 | $0.42 | 2316 | $984.26 | 2438 | $1,036.10 | AIA_19INSP_0046218 AIA_19INSP_0046228 AIA_19INSP_0027940 AIA_19INSP_0027941 | Check No. 206376 issued to American West Bank by AIA Insurance 04/14 LOAN PMT - CROP LLC |
| 4/29/2014 | $2,000.00 | $0.66 | 2316 | $1,522.85 | 2438 | $1,603.07 | AIA_19INSP_0046218 AIA_19INSP_0046229 | Check No. 206379 issued to Weskan Agency by AIA Insurance |
| 5/9/2014 | $2,785.30 | $0.92 | 2306 | $2,111.64 | 2428 | $2,223.36 | AIA_19INSP_0046188 AIA_19INSP_0046197 AIA_19INSP_0027937 AIA_19INSP_0027938 | Check No. 206404 issued to American West Bank by AIA Insurance 04/14 LOAN PMT - CROP LLC 05/14 LOAN PMT - CROP LLC |
| 5/14/2014 | $1,700.00 | $0.56 | 2301 | $1,286.04 | 2423 | $1,354.22 | AIA_19INSP_0046188 AIA_19INSP_0046200 | Check No. 206427 issued to Weskan Agency by AIA Insurance |
| 5/26/2014 | $1,700.00 | $0.56 | 2289 | $1,279.33 | 2411 | $1,347.52 | AIA_19INSP_0046188 AIA_19INSP_0046201 | Check No. 206437 issued to Weskan Agency by AIA Insurance |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 6/17/2014 | $1,292.65 | $0.42 | 2267 | $963.43 | 2389 | $1,015.28 | AIA_19INSP_0046171 AIA_19INSP_0046178 AIA_19INSP_0027935 | Check No. 206464 issued to American West Bank by AIA Insurance 06/14 LOAN PMT - CROP LLC |
| 7/1/2014 | $1,700.00 | $0.56 | 2253 | $1,259.21 | 2375 | $1,327.40 | AIA_19INSP_0046162-69 | Check No. 206472 issued to Weskan Agency LLC |
| 7/14/2014 | $1,292.65 | $0.42 | 2240 | $951.96 | 2362 | $1,003.80 | AIA_19INSP_0046161 AIA_19INSP_0046167 AIA_19INSP_0027934 | Check No. 206489 issued to American West Bank by AIA Insurance 07/14 LOAN PMT - CROP LLC |
| 7/14/2014 | $1,000.00 | $0.33 | 2240 | $736.44 | 2362 | $776.55 | AIA_19INSP_0046162-69 | Check No. 206490 issued to Weskan Agency LLC |
| 7/26/2014 | $1,000.00 | $0.33 | 2228 | $732.49 | 2350 | $772.60 | AIA_19INSP_0046162-69 | Check No. 206505 issued to Weskan Agency LLC |
| 8/2/2014 | $1,700.00 | $0.56 | 2221 | $1,241.33 | 2343 | $1,309.51 | AIA_19INSP_0046237 AIA_19INSP_0046243 | Check No. 206524 issued to Weskan Agency LLC by AIA Insurance |
| 8/12/2014 | $1,292.65 | $0.42 | 2211 | $939.63 | 2333 | $991.48 | AIA_19INSP_0046237 AIA_19INSP_0046243 AIA_19INSP_0027936 | Check No. 206523 issued to American West Bank 08/14 LOAN PMT - CROP LLC |
| 8/13/2014 | $300.00 | $0.10 | 2210 | $217.97 | 2332 | $230.01 | AIA_19INSP_0046237 AIA_19INSP_0046244 | Check No. 206528 issued to Weskan Agency LLC by AIA Insurance |
| 8/28/2014 | $1,000.00 | $0.33 | 2195 | $721.64 | 2317 | $761.75 | AIA_19INSP_0046237 AIA_19INSP_0046245 | Check No. 206538 issued to Weskan Agency LLC by AIA Insurance |
| 9/26/2014 | $1,292.65 | $0.42 | 2166 | $920.51 | 2288 | $972.36 | AIA_19INSP_0015671 AIA_19INSP_0015677 AIA_19INSP_0027933 AIA_19INSP_0015680 | Check No. 206556 issued to American West Bank LOAN PMT - CROP LLC |
| 1/15/2016 | $4,000.00 | $1.32 | 1690 | $2,222.47 | 1812 | $2,382.90 | AIAPROD00307965 | Check No. 206931 issued to Pacific Empire Radio Corp |
| 1/20/2016 | $6,500.00 | $2.14 | 1685 | $3,600.82 | 1807 | $3,861.53 | AIAPROD00307965 | Check No. 206940 issued to Pacific Empire Radio Corp |
| 1/5/2018 | $375.94 | $0.12 | 969 | $119.77 | 1091 | $134.84 | AIA_19INSP_0010724-30 | Check No. 207464 issued to AT&T Mobility for CropUSA cell phones |
| 1/24/2018 | $500.00 | $0.16 | 950 | $156.16 | 1072 | $176.22 | AIA_19INSP_0010861-67 | Check No. 207474 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 2/2/2018 | $376.14 | $0.12 | 941 | $116.37 | 1063 | $131.45 | AIA_19INSP_0010733-39 | Check No. 207477 issued to AT&T Mobility for CropUSA cell phones |
| 2/2/2018 | $6,000.00 | $1.97 | 941 | $1,856.22 | 1063 | $2,096.88 | AIA_19INSP_0010996 | Transfer from AIA Insurance to CropUSA Confirmation Number 03358709 |
| 2/22/2018 | $376.76 | $0.12 | 921 | $114.08 | 1043 | $129.19 | AIA_19INSP_0010846-52 | Check No. 207487 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 3/2/2018 | $376.14 | $0.12 | 913 | $112.90 | 1035 | $127.99 | AIA_19INSP_0010710-16 | Check No. 207491 issued to AT&T Mobility for CropUSA cell phones |
| 3/7/2018 | $6,000.00 | $1.97 | 908 | $1,791.12 | 1030 | $2,031.78 | AIA_19INSP_0010994 | Tranfer from AIA Insurance to CropUSA Confirmation Number 06641209 |

Item No. 20 **DLM - 107592**

Page 15 of 17

**Exhibit - 1, p. 771**

**Exhibit - A, p. 109**
**13-ER-3190**

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 3/23/2018 | $849.74 | $0.28 | 892 | $249.19 | 1014 | $283.28 | AIA_19INSP_0010821-25 | Check No. 307500 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 4/4/2018 | $376.14 | $0.12 | 880 | $108.82 | 1002 | $123.91 | AIA_19INSP_0010717-23 | Check No. 207502 issued to AT&T Mobility for CropUSA cell phones |
| 4/23/2018 | $644.68 | $0.21 | 861 | $182.49 | 983 | $208.35 | AIA_19INSP_0010834-39 | Check No. 207512 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 5/2/2018 | $375.90 | $0.12 | 852 | $105.29 | 974 | $120.37 | AIA_19INSP_0010703-09 | Check No. 207515 issued to AT&T Mobility for CropUSA cell phones |
| 5/3/2018 | $3,500.00 | $1.15 | 851 | $979.23 | 973 | $1,119.62 | AIA_19INSP0010989 | Transfer from AIA Insurance to CropUSA Confirmation Number 12283320 |
| 5/17/2018 | $1,314.19 | $0.43 | 837 | $361.64 | 959 | $414.35 | AIA_19INSP-0010800-06 | Check No. 207526 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 6/5/2018 | $375.90 | $0.12 | 818 | $101.09 | 940 | $116.17 | AIA_19INSP_0010696-702 | Check No. 207529 issued to AT& Mobility for CropUSA cell phones |
| 6/7/2018 | $2,300.00 | $0.76 | 816 | $617.03 | 938 | $709.28 | AIA_19INSP_0010988 | Transfer from AIA Insurance to CropUSA Confirmation Number 15784074 |
| 6/21/2018 | $1,140.50 | $0.37 | 802 | $300.72 | 924 | $346.46 | AIA_19INSP_0010782-86 | Check No. 207538 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 7/3/2018 | $326.19 | $0.11 | 790 | $84.72 | 912 | $97.80 | AIA_19INSP_0010689-695 | Check No. 207541 issued to AT&T Mobility for CropUSA cell phones |
| 7/9/2018 | $4,100.00 | $1.35 | 784 | $1,056.79 | 906 | $1,221.24 | AIA_19INSP_0010987 | Transfer from AIA Insurance to CropUSA Confirmation Number 18932426 |
| 7/26/2018 | $528.18 | $0.17 | 767 | $133.19 | 889 | $154.37 | AIA_19INSP_0010773-77 | Check No. 207549 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 8/3/2018 | $210.13 | $0.07 | 759 | $52.43 | 881 | $60.86 | AIA_19INSP_0010678-88 | Check No. 207553 issued to AT&T Mobility for CropUSA cell phones |
| 8/17/2018 | $4,200.00 | $1.38 | 745 | $1,028.71 | 867 | $1,197.17 | AIA_19INSP_0010985 | Transfer from AIA Insurance to CropUSA Confirmation Number 22870145 |
| 8/17/2018 | $300.00 | $0.10 | 745 | $73.48 | 867 | $85.51 | AIA_19INSP_0010984 | Transfer from AIA Insurance to CropUSA Confirmation Number 22876809 |
| 8/23/2018 | $873.29 | $0.29 | 739 | $212.17 | 861 | $247.20 | AIA_19INSP_0010763-68 | Check No. 207560 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 9/5/2018 | $266.13 | $0.09 | 726 | $63.52 | 848 | $74.20 | AIA_19INSP_0010673-77 | Check  No. 207564 issued to AT&T Mobility for CropUSA cell phones |
| 9/12/2018 | $2,420.00 | $0.80 | 719 | $572.05 | 841 | $669.11 | AIA_19INSP_0010983 | Transfer from AIA Insurance to CropUSA Confirmation Number 25416135 |
| 9/24/2018 | $520.63 | $0.17 | 707 | $121.01 | 829 | $141.90 | AIA_19INSP_0010754-58 | Check No. 207575 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |

**Item No. 20:  Certain known payments made by AIA on behalf of CropUSA and various other entities***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|
| 9/28/2018 | $269.53 | $0.09 | 703 | $62.29 | 825 | $73.11 | AIA_19INSP_0010668-72 | Check No. 207578 issued to AT&T Mobility for CropUSA cell phones |
| 10/12/2018 | $1,250.00 | $0.41 | 689 | $283.15 | 811 | $333.29 | AIA_19INSP_0010982 | Transfer from AIA Insurance to CropUSA Confirmation Number 28453763 |
| 10/31/2018 | $3,000.00 | $0.99 | 670 | $660.82 | 792 | $781.15 | AIA_19INSP_0010981 | Transfer from AIA Insurance to CropUSA Confirmation Number 30380495 |
| 11/1/2018 | $266.37 | $0.09 | 669 | $58.59 | 791 | $69.27 | AIA_19INSP_0010663-67 | Check No. 207588 issued to AT&T Mobility for CropUSA cell phones |
| 11/20/2018 | $131.02 | $0.04 | 650 | $28.00 | 772 | $33.25 | AIA_19INSP_0010745-47 | Check No. 207598 issued to Bank of America for CropUSA Insurance Agency Inc Business Credit Card |
| 11/21/2018 | $2,500.00 | $0.82 | 649 | $533.42 | 771 | $633.70 | AIA_19INSP_0010980 | Transfer from AIA Insurance to CropUSA Confirmation Number 32565783 |
| 12/11/2018 | $700.00 | $0.23 | 629 | $144.76 | 751 | $172.83 | AIA_19INSP_0010977 | Transfer from AIA Insurance to CropUSA Confirmation Number 34585430 |
| 12/11/2018 | $2,217.26 | $0.73 | 629 | $458.52 | 751 | $547.45 | AIA_19INSP_0010978-79 | Transfer from AIA Insurance to CropUSA Confirmation Number 34597528 |
| 12/27/2018 | $1,500.00 | $0.49 | 613 | $302.30 | 735 | $362.47 | AIA_19INSP_0010976 | Transfer from AIA Insurance to CropUSA Confirmation Number 36169209 |
| 1/11/2019 | $1,200.00 | $0.39 | 598 | $235.92 | 720 | $284.05 | AIA_19INSP_0010975 | Transfer from AIA Insurance to CropUSA Confirmation Number 01128159 |
| | $1,505,303.84 | $494.89 | | $1,990,351.65 | | $2,049,165.24 | | |

Total payments made by AIA on behalf of CropUSA and various other entities:  $1,505,303.84
Per Diem Interest:  $494.89
Interest accrued through 8/31/2020:  $1,990,351.65
Interest accrued through 12/31/2020:  $2,049,165.24
Total payments plus interest accrued through 8/31/2020:  $3,495,655.49
Total payments plus interest accrued through 12/31/2020:  $3,554,469.08

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed. Damages will be updated as records are received and reviewed.

**Item No. 21:  Unauthorized Attorney's Fees and Costs paid to David Risely's firms for legal representation on other legal matters***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/15/2012 | $2,211.28 | $0.73 | 2846 | $2,069.03 | 2968 | $2,157.72 | AIA_19INSP_0015086 | November 2012 AIA Services Corporation US Bank Statement | Check No. 15889 issued to Risley Law Office by AIA Services ($7,310.33) Re: LC Plaza (balance paid for Legal-Reed) |
| | | | | | | | AIA_19INSP_0015089 | November 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | AIAPROD00303436 | AIA Services General Ledger dated November 16, 2012 | |
| 8/29/2013 | $5,000.00 | $1.64 | 2559 | $4,206.58 | 2681 | $4,407.12 | AIA_19INSP_0046514 | September 2013 AIA Insurance US Bank | Check No. 205644 issued to Risley Law Office PLLC (PMT ON ACCT-JOHN TAYLOR) |
| | | | | | | | AIA_19INSP_0046520 | US Bank Canceled Check No. 205644 | |
| | | | | | | | AIA_19INSP_0001661 | 2013 1099-MISC issued to Risley Law Office by AIA Insurance | |
| | | | | | | | RJT 036810 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | $7,211.28 | $2.37 | | $6,275.61 | | $6,564.85 | | | |

| | |
|---|---|
| **Fees paid to David Risley** | **$7,211.28** |
| **Per Diem Interest:** | **$2.37** |
| **Interest accrued through 8/31/2020:** | **$6,275.61** |
| **Interest accrued through 12/31/2020:** | **$6,564.85** |
| **Total fees paid plus interest accrued through 8/31/2020:** | **$13,486.89** |
| **Total fees paid plus interest accrued through 12/31/2020:** | **$13,776.13** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 775 of 879

Item No. 22:  Unauthorized Attorneys' Fees and Costs paid to Martelle Law Offices for legal representation in *Miesen v. HTEH, et al .; GemCap v. AIA, et al .;* and *Donna Taylor v. John Taylor, et al.*

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/6/2017 | $6,000.00 | $1.97 | 1090 | $2,150.14 | 1212 | $2,390.79 | AIA_19INSP_0010363 | September 2017 AIA Insurance US Bank Statement | Check No. 207415 issued to Martelle Law Offices by AIA Insurance Inc |
|  |  |  |  |  |  |  | AIA_19INSP_0010365 | US Bank Canceled Check No. 207415 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0013794 | AIA Insurance Inc Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010369 | AIA Insurance Check Register from 9-2-2017 through 9-30-2017 |  |
|  |  |  |  |  |  |  | AIAS_0000440 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 |  |
| 10/3/2017 | $6,000.00 | $1.97 | 1063 | $2,096.88 | 1185 | $2,337.53 | AIA_19INSP_0013791 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12078 issued to Martelle Law Offices by Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010156 | October 2017 Crop USA US Bank Statement | AIA Insurance transferred $2,500.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010158 | US Bank Canceled Check No. 12078 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0013790 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010160 | Crop USA Check Register from 10-1-2017 through 10-31-2017 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010352 | October 2017 AIA Insurance Inc US Bank Statement |  |
| 11/1/2017 | $6,127.62 | $2.01 | 1034 | $2,083.06 | 1156 | $2,328.83 | AIA_19INSP_0013786 | Martelle Law Office email dated October 23, 2017 | Check No. 12079 issued to Martelle Law Offices by Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010149-50 | November 2017 Crop USA US Bank Statement | AIA Insurance tranferred $3,400.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010151 | US Bank Canceled Check No. 12079 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0013785 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010152 | Crop USA Check Register from 11-1-2017 through 11-30-2017 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010344 | November 2017 AIA Insurance US Bank Statement |  |
| 12/5/2017 | $6,000.00 | $1.97 | 1000 | $1,972.60 | 1122 | $2,213.26 | AIA_19INSP_0013782 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12081 issued by Martelle Law Offices by Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010143 | December 2017 Crop USA US Bank Statement | AIA Insurance transferred $3000.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010144 | US Bank Canceled Check No. 12081 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0013781 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010145 | Crop USA Check Register from 12-1-2017 through 12-31-2017 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010334 | December 2017 AIA Insurance US Bank Statement |  |
| 1/5/2018 | $6,000.00 | $1.97 | 969 | $1,911.45 | 1091 | $2,152.11 | AIA_19INSP_0011301 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12083 issued by Martelle Law Offices by Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010135 | January 2018 Crop USA US Bank Statement | AIA Insurance transferred $1,700.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010137 | US Bank Canceled Check No. 12083 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011300 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010139 | Crop USA Check Register from 1-1-2018 through 1-31-2008 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010325 | January 2018 AIA Insurance US Bank Statement |  |
| 2/2/2018 | $6,000.00 | $1.97 | 941 | $1,856.22 | 1063 | $2,096.88 | AIA_19INSP_0011297 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12084 issued to Martelle Law Offices |
|  |  |  |  |  |  |  | AIA_19INSP_0010128 | February 2018 Crop USA US Bank Statement | AIA Insurance transferred $6,000.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010130 | US Bank Canceled Check No. 12084 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011296 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSO_0010131 | Crop USA Check Register from 2-2-2018 through 2-28-2018 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010316 | February 2018 AIA Insurance US Bank Statement |  |
| 3/6/2018 | $6,000.00 | $1.97 | 909 | $1,793.10 | 1031 | $2,033.75 | AIA_19INSP_0011293 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12086 issued to Martelle Law Offices by Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010121 | March 2018 Crop USA US Bank Statement | AIA Insurance transferred $6,000.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010123 | US Bank Canceled Check No. 12086 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011292 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010125 | Crop USA Check Register from 3-1-2018 through 3-31-2008 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010306 | March 2018 AIA Insurance US Bank Statement |  |
| 4/4/2018 | $6,000.00 | $1.97 | 880 | $1,735.89 | 1002 | $1,976.55 | AIA_19INSP_0011289 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12088 issued to Martelle Law Offices by Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010115 | April 2018 Crop USA US Bank Statement | AIA Insurance transferred $2,900.00 to Crop USA |
|  |  |  |  |  |  |  | AIA_19INSP_0010116 | US Bank Canceled Check No. 12088 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011288 | Crop USA Insurance Agency Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010117 | Crop USA Check Register from 4-1-2018 through 4-30-2018 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010298 | April 2018 AIA Insurance US Bank Statement |  |

Item No. 22   **DLM - 107596**

Page 1 of 4

**Exhibit - 1, p. 775**

**Exhibit - A, p. 113**

**13-ER-3194**

**Item No. 22:  Unauthorized Attorneys' Fees and Costs paid to Martelle Law Offices for legal representation in *Miesen v. HTEH, et al .; GemCap v. AIA, et al .;* and *Donna Taylor v. John Taylor, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/2/2018 | $6,000.00 | $1.97 | 852 | $1,680.66 | 974 | $1,921.32 | AIA_19INSP_0011285 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12090 issued to Martelle Law Offices by Crop USA<br><br>AIA Insurance transferred $3,500.00 to Crop USA |
| | | | | | | | AIA_19INSP_0010108 | May 2018 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0010110 | US Bank Canceled Check No. 12090 | |
| | | | | | | | AIA_19INSP_0011284 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010288 | May 2018 AIA Insurance US Bank Statement | |
| 6/5/2018 | $6,000.00 | $1.97 | 818 | $1,613.59 | 940 | $1,854.25 | AIA_19INSP_0011282 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12091 issued to Martelle Law Office by Crop USA<br><br>AIA Insurance transferred $2,300.00 to Crop USA |
| | | | | | | | AIA_19INSP_0010101 | June 2018 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0010103 | US Bank Canceled Check No. 12091 | |
| | | | | | | | AIA_19INSP_0011281 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010104 | Crop USA Check Register from 6-1-2018 through 6-30-2018 | |
| | | | | | | | AIA_19INSP_0010279 | June 2018 AIA Insurance US Bank Statement | |
| 7/6/2018 | $6,000.00 | $1.97 | 787 | $1,552.44 | 909 | $1,793.10 | AIA_19INSP_0011278 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12093 issued to Martelle Law Offices by Crop USA<br><br>AIA Insurance transferred $4,100.00 to Crop USA |
| | | | | | | | AIA_19INSP_0010094 | July 2018 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0010096 | US Bank Canceled Check No. 12093 | |
| | | | | | | | AIA_19INSP_0011277 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010097 | Crop USA Check Register from 7-1-2018 through 7-31-2018 | |
| | | | | | | | AIA_19INSP_0010270 | July 2018 AIA Insurance US Bank Statement | |
| 8/15/2018 | $1,050.00 | $0.35 | 747 | $257.87 | 869 | $299.98 | AIA_19INSP_0010261 | AIA Insurance August 2018 US Bank Statement | Check No. 207557 issued to Martelle Law Offices by AIA Insurance |
| | | | | | | | AIA_19INSP_0010262 | US Bank Canceled Check No. 207557 | |
| | | | | | | | AIA_19INSP_0011241 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010264 | AIA Insurance Check Register from 8-1-2018 through 8-31-2018 | |
| | | | | | | | AIAS_0000439 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 9/7/2018 | $1,416.00 | $0.47 | 724 | $337.05 | 846 | $393.84 | AIA_19INSP_0010251 | September 2018 AIA Insurance US Bank Statement | Check No. 207570 issued to Martelle Law Offices P.A. by AIA Insurance |
| | | | | | | | AIA_19INSP_0010253 | US Bank Canceled Check No. 207570 | |
| | | | | | | | AIA_19INSP_0011236 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010257 | AIA Insurance Check Register from 9-1-2018 through 9-30-2018 | |
| | | | | | | | AIAS_0000440 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 9/11/2018 | $6,000.00 | $1.97 | 720 | $1,420.27 | 842 | $1,660.93 | AIA_19INSP_0011270 | Martelle & Associates Statement of Reoccuring Legal Fees | Check No. 12097 issued to Martelle Law Offices issued by Crop USA<br><br>AIA Insurance transferred $2,420.00 to Crop USA |
| | | | | | | | AIA_19INSP_0010080 | September 2018 Crop USA US Bank Statement | |
| | | | | | | | AIA_19INSP_0010082 | US Bank Canceled Check No. 12097 | |
| | | | | | | | AIA_19INSP_0011264 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010083 | Crop USA Check Register from 9-1-2018 through 9-30-2018 | |
| | | | | | | | AIA_19INSP_0010251 | September 2018 AIA Insurance US Bank Statement | |
| 10/10/2018 | $1,052.50 | $0.35 | 691 | $239.10 | 813 | $281.32 | AIA_19INSP_0010242 | October 2018 AIA Insurance US Bank Statement | Check No. 207584 issued to Martelle Law Offices by AIA Insurance |
| | | | | | | | AIA_19INSP_0010243 | US Bank Canceled Check No. 207584 | |
| | | | | | | | AIA_19INSP_0011232 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010247 | AIA Insurance Check Register from 10-1-2018 through 10-31-2018 | |
| | | | | | | | AIAS_0000434 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 10/10/2018 | $3,000.00 | $0.99 | 691 | $681.53 | 813 | $801.86 | AIA_19INSP_0010073 | October 2018 Crop USA US Bank Statement | Check No. 12099 issued to Martelle Law Offices by Crop USA<br><br>AIA Insurance transferred $4,250.00 to Crop USA in October 2018 |
| | | | | | | | AIA_19INSP_0010075 | US Bank Canceled Check No. 12099 | |
| | | | | | | | AIA_19INSP_0011258 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010077 | Crop USA Check Register from 10-1-2018 through 10-31-2018 | |
| | | | | | | | AIA_19INSP_0010242 | October 2018 AIA Insurance US Bank Statement | |

**Item No. 22:  Unauthorized Attorneys' Fees and Costs paid to Martelle Law Offices for legal representation in *Miesen v. HTEH, et al .; GemCap v. AIA, et al .;* and *Donna Taylor v. John Taylor, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/29/2018 | $3,000.00 | $0.99 | 672 | $662.79 | 794 | $783.12 | AIA_19INSP_0010073 | November 2018 Crop USA US Bank Statement | Check No. 12101 issued to Martelle Law Offices by Crop USA AIA Insurance transferred $4,250.00 to Crop USA in October 2018 |
| | | | | | | | AIA_19INSP_0010068 | US Bank Canceled Check No. 12101 | |
| | | | | | | | AIA_19INSP_0011257 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010077 | Crop USA Check Register from 101-2018 through 10-31-2018 | |
| | | | | | | | AIA_19INSP_0010242 | October 2018 AIA Insurance US Bank Statement | |
| 11/5/2018 | $3,000.00 | $0.99 | 665 | $655.89 | 787 | $776.22 | AIA_19INSP_0010067 | November 2018 Crop USA US Bank Statement | Check No. 12102 issued to Martelle Law Offices by Crop USA AIA Insurance transferred $2,500.00 to Crop USA in November 2018 |
| | | | | | | | AIA_19INSP_0010068 | US Bank Canceled Check No. 12102 | |
| | | | | | | | AIA_19INSP_0011252 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010070 | Crop USA Check Register from 11-1-2018 through 11-30-2018 | |
| | | | | | | | AIA_19INSP_0010233 | November 2018 AIA Insurance US Bank Statement | |
| 11/13/2018 | $3,237.50 | $1.06 | 657 | $699.30 | 779 | $829.15 | AIA_19INSP_0011226 | Visa Credit Card Receipt dated November 15, 2018 | Payment with US Bank Edge Visa Credit Card |
| 11/15/2018 | $13,000.00 | $4.27 | 655 | $2,799.45 | 777 | $3,320.88 | AIA_19INSP_0011227 | MasterCard Credit Card Receipt dated November 18, 2018 | Payment with Wells Fargo Mastercard |
| 11/21/2018 | $3,000.00 | $0.99 | 649 | $640.11 | 771 | $760.44 | AIA_19INSP_0010067 | November 2018 Crop USA US Bank Statement | Check No. 12103 issued to Martelle Law Offices by Crop USA AIA Insurance transferred $2,500.00 to Crop USA in November 2018 |
| | | | | | | | AIA_19INSP_0010068 | US Bank Canceled Check No. 12103 | |
| | | | | | | | AIA_19INSP_0011251 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010070 | Crop USA Check Register from 11-1-2018 through 11-30-2018 | |
| 12/10/2018 | $3,000.00 | $0.99 | 630 | $621.37 | 752 | $741.70 | AIA_19INSP_0010060 | December 2018 Crop USA US Bank Statement | Check No. 12104 issued to Martelle Law Offices by Crop USA AIA Insurance transferred $4,417.26 to Crop USA in December 2018 |
| | | | | | | | AIA_19INSP_0010061 | US Bank Canceled Check No. 12104 | |
| | | | | | | | AIA_19INSP_0011247 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010063 | Crop USA Check Register from 12-1-2018 through 12-31-2018 | |
| 12/27/2018 | $1,500.00 | $0.49 | 613 | $302.30 | 735 | $362.47 | AIA_19INSP_0010060 | December 2018 Crop USA US Bank Statement | Check No. 12105 issued to Martelle Law Offices by Crop USA AIA Insurance transferred $4,417.26 to Crop USA in December 2018 |
| | | | | | | | AIA_19INSP_0010061 | US Bank Canceled Check No. 12105 | |
| | | | | | | | AIA_19INSP_0011246 | Crop USA Insurance Agency Check Stub | |
| | | | | | | | AIA_19INSP_0010063 | Crop USA Check Register from 12-1-2018 through 12-31-2018 | |
| 1/9/2019 | $4,500.00 | $1.48 | 600 | $887.67 | 722 | $1,068.16 | AIAS-0034027 | January 2019 Crop USA US Bank Statement | Check No. 12106 issued to Martelle Law Offices by Crop USA AIA Insurance transferred $1,200.00 to Crop USA |
| | | | | | | | AIAS_0034030 | US Bank Canceled Check No. 12106 | |
| | | | | | | | AIAS_0033921 | January 2019 AIA Insurance US Bank Statement | |
| 2/11/2019 | $6,000.00 | $1.97 | 567 | $1,118.47 | 689 | $689.00 | AIAS_0034031 | February 2019 Crop USA US Bank Statement | Check No. 12107 issued to Martelle Law Offices by CropUSA AIA Insurance transferred $4,150.00 to Crop USA |
| | | | | | | | AIAS_0034034 | US Bank Canceled Check No. 12107 | |
| | | | | | | | AIAS_0033927 | February 2019 AIA Insurance US Bank Statement | |
| 3/4/2019 | $6,000.00 | $1.97 | 546 | $1,077.04 | 668 | $1,317.70 | AIAS_0034035 | March 2019 Crop USA US Bank Statement | Check No. 12109 issued to Martelle Law Offices by CropUSA AIA Insurance transferred $6,000.00 to Crop USA on March 5, 2019 |
| | | | | | | | AIAS_0034038 | US Bank Canceled Check No. 12109 | |
| | | | | | | | AIA_19INSP_0009170 | CropUSA Check Stub | |
| | | | | | | | AIAS_0033933 | March 2019 AIA Insurance US Bank Statement | |
| 6/13/2019 | $3,937.67 | $1.29 | 445 | $576.09 | 567 | $734.02 | AIAS_0033951 | June 2019 AIA Insurance US Bank Statement | Check No. 207678 issued to Martelle Law Offices by AIA Insurance |
| | | | | | | | AIAS_0033952 | US Bank Canceled Check No. 207678 | |
| | | | | | | | AIA_19INSP_0009161 | AIA Insurance Check Stub | |
| 7/22/2019 | $6,000.00 | $1.97 | 406 | $800.88 | 528 | $1,041.53 | AIA_19INSP_0009137-40 | Martelle Law Offices Statement dated July 1, 2019 | Check No. 207693 issued to Martelle Law Offices by AIA Insurance |
| | | | | | | | AIAS_0033957 | July 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033959 | US Bank Canceled Check No. 207693 | |
| | | | | | | | AIA_19INSP_0009136 | AIA Insurance Check Stub | |
| 8/20/2019 | $1,300.00 | $0.43 | 377 | $161.13 | 499 | $213.27 | AIA_19INSP_0009135 | MasterCard Credit Card Receipt dated August 20, 2019 | Mastercard Payment |
| 8/20/2019 | $3,695.00 | $1.21 | 377 | $457.98 | 499 | $606.18 | AIAS_0033963 | August 2019 AIA Insurance US Bank Statement | Check No. 207703 issued to Martelle Law Offices P.A. by AIA Insurance |
| | | | | | | | AIAS_0033964 | US Bank Canceled Check No. 207703 | |
| | | | | | | | AIA_19INSP_0009131 | AIA Insurance Check Stub | |
| 9/17/2019 | $12,210.00 | $4.01 | 349 | $1,400.97 | 471 | $1,890.71 | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | Check No. 207718 issued to Martelle Law Offices P.A. by AIA Insurance |
| | | | | | | | AIAS_0033971 | US Bank Canceled Check No. 2017718 | |
| | | | | | | | AIA_19INSP_0009124 | AIA Insurance Check Stub | |

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 778 of 879

**Item No. 22:  Unauthorized Attorneys' Fees and Costs paid to Martelle Law Offices for legal representation in** *Miesen v. HTEH, et al .; GemCap v. AIA, et al .;* **and** *Donna Taylor v. John Taylor, et al.*

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/7/2019 | $10,000.00 | $3.29 | 329 | $1,081.64 | 451 | $1,081.64 | AIAS_0033975 | October 2019 AIA Insurance US Bank Statement | Check No. 207729 issued to Martelle Law Offices P.A. by AIA Insurance |
| | | | | | | | AIAS_0033976 | US Bank Canceled Check No. 207729 | |
| 10/14/2019 | $9,515.00 | $3.13 | 322 | $1,007.29 | 444 | $1,388.93 | AIAS_0033975 | October 2019 AIA Insurance US Bank Statement | Check No. 207730 issued to Martelle Law Offices P.A. by AIA Insurance |
| | | | | | | | AIAS_0033977 | US Bank Canceled Check No. 207730 | |
| 5/20/2020 | $5,296.25 | $1.74 | 103 | $179.35 | 225 | $391.78 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207809 issued to Martelle Law Offices P.A. by AIA Insurance |
| | | | | | | | AIAS_0034019 | US Bank Canceled Check No. 207809 | |
| | $176,837.54 | $58.14 | | $38,511.56 | | $44,533.22 | | | |

| | |
|---|---|
| **Total fees and costs paid to Martelle Law Offices:** | **$176,837.54** |
| **Per Diem Interest:** | **$58.14** |
| **Interest accrued through 8/31/2020:** | **$38,511.56** |
| **Interest accrued through 12/31/2020:** | **$44,533.22** |
| **Total fees and costs paid plus interest accrued through 8/31/2020:** | **$215,349.10** |
| **Total fees and costs paid plus interest accrued through 12/31/2020:** | **$221,370.76** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records

**Item No. 23:  Unauthorized Attorneys' Fees and Costs paid to Steve Wieland and Shawnee Perdue's firms for legal representation**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/23/2015 | $10,000.00 | $3.29 | 1957 | $6,433.97 | 2079 | $6,835.07 | AIA_19INSP_0025306 | Umpqua Bank Confirmation of Wire Transfer | Wire Transfer to Arkoosh Perdue by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 7/30/2015 | $4,000.00 | $1.32 | 1859 | $2,444.71 | 1981 | $2,605.15 | AIA_19INSP_0025303 | Umpqua Bank Canceled Check No. 1055 | Check No. 1055 issued to Wieland Perdue by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 7/31/2015 | $835.72 | $0.27 | 1858 | $510.50 | 1980 | $544.02 | AIA_19INSP_0015446 | August 2015 AIA Insurance Inc US Bank Statement | Check No. 206820 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015451 | US Bank Image of Canceled Check No. 206820 | |
| | | | | | | | AIA_19INSP_0025311 | AIA Insurance Inc Check Stub | |
| 8/31/2015 | $4,000.00 | $1.32 | 1827 | $2,402.63 | 1949 | $2,563.07 | AIA_19INSP_0025302 | Umpqua Bank Canceled Check No. 1019 | Check issued to Wieland Perdue by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 9/30/2015 | $4,000.00 | $1.32 | 1797 | $2,363.18 | 1919 | $2,523.62 | AIA_19INSP_0025301 | Umpqua Bank Canceled Check No. 1020 | Check issued to Wieland Perdue by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 10/27/2015 | $4,000.00 | $1.32 | 1770 | $2,327.67 | 1892 | $2,488.11 | AIA_19INSP_0025300 | Umpqua Bank Canceled Check No. 2057 | Check issued to Wieland Perdue by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 11/24/2015 | $4,000.00 | $1.32 | 1742 | $2,290.85 | 1864 | $2,451.29 | AIA_19INSP_0025299 | Umpqua Bank Canceled Check 1059 | Check issued to Wieland Perdue by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 1/20/2016 | $4,000.00 | $1.32 | 1685 | $2,215.89 | 1807 | $2,376.33 | AIA_19INSP_0015160 | January 2016 AIA Insurance Inc US Bank Statement | Check No. 206939 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015165 | US Bank Image of Canceled Check No. 206939 | |
| | | | | | | | AIA_19INSP_0022826 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015170 | AIA Insurance  Check Register Printed on 02/24/2016 | |
| | | | | | | | AIAPROD00307965 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 2/16/2016 | $4,000.00 | $1.32 | 1658 | $2,180.38 | 1780 | $2,340.82 | AIA_19INSP_0015174 | February 2016 AIA Insurance Inc US Bank Statement | Check No. 206969 issued to Wieland Perdue PLLC |
| | | | | | | | AIA_19INSP_0015181 | US Bank Image of Canceled Check No. 206969 | |
| | | | | | | | AIA_19INSP_0022822 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015182 | AIA Insurance  Check Register Printed on 03/18/2016 | |
| | | | | | | | AIAPROD00307967 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 3/31/2016 | $4,000.00 | $1.32 | 1614 | $2,122.52 | 1736 | $2,282.96 | AIA_19INSP_0015207 | April 2016 AIA Insurance Inc US Bank Statement | Check No. 207025 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015212 | US Bank Image of Canceled Check No. 207025 | |
| | | | | | | | AIA_19INSP_0022821 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015217 | AIA Insurance  Check Register Printed on 05/02/2016 | |
| | | | | | | | AIAPROD00301968 | AIA Insurance  Check Register Printed on 08/02/2017 | |

Item No. 23    **DLM - 107600**

**Exhibit - 1, p. 779**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 780 of 879

**Item No. 23:  Unauthorized Attorneys' Fees and Costs paid to Steve Wieland and Shawnee Perdue's firms for legal representation**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/18/2016 | $4,000.00 | $1.32 | 1596 | $2,098.85 | 1718 | $2,259.29 | AIA_19INSP_0015208 | April 2016 AIA Insurance Inc US Bank Statement | Check No. 207046 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015212 | US Bank Image of Canceled Check No. 207025 | |
| | | | | | | | AIA_19INSP_0022820 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015217 | AIA Insurance  Check Register Printed on 05/02/2016 | |
| | | | | | | | AIAPROD00307969 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 5/16/2016 | $4,000.00 | $1.32 | 1568 | $2,062.03 | 1690 | $2,222.47 | AIA_19INSP_0015225 | May 2016 AIA Insurance Inc US Bank Statement | Check No. 207081 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015233 | US Bank Image of Canceled Check No. 207081 | |
| | | | | | | | AIA_19INSP_0022819 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015234 | AIA Insurance  Check Register Printed on 06/14/2016 | |
| | | | | | | | AIAPROD00307969 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 6/16/2016 | $4,000.00 | $1.32 | 1537 | $2,021.26 | 1659 | $2,181.70 | AIA_19INSP_0015244 | June 2016 AIA Insurance Inc US Bank Statement | Check No. 207118 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015253 | US Bank Image of Canceled Check No. 207118 | |
| | | | | | | | AIA_19INSP_0022818 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015255 | AIA Insurance  Check Register Printed on 07/12/2016 | |
| | | | | | | | AIAPROD00307970 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 8/23/2016 | $4,000.00 | $1.32 | 1469 | $1,931.84 | 1591 | $2,092.27 | AIA_19INSP_0015280 | August 2016 AIA Insurance Corp US Bank Statement | Check No. 207181 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0015287 | US Bank Image of Canceled Check No. 207181 | |
| | | | | | | | AIA_19INSP_0022817 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015289 | AIA Insurance  Check Register Printed 09/14/2016 | |
| | | | | | | | AIAPROD00307972 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 11/23/2016 | $4,000.00 | $1.32 | 1377 | $1,810.85 | 1499 | $1,971.29 | AIA_19INSP_022787 | Visa Payment Receipt dated November 23, 2016 | Credit Card Payment made to Wieland Perdue - Card Ending in 4381 |
| 12/19/2016 | $4,000.00 | $1.32 | 1351 | $1,776.66 | 1473 | $1,937.10 | AIA_19INSP_0010439 | January 2017 AIA Insurance Inc US Bank Statement | Check No. 207282 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0010441 | US Bank Image of Canceled Check No. 207218 | |
| | | | | | | | AIA_19INSP_0022788 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015341 | AIA Insurance  Check Register Printed on 01/16/2017 | |
| | | | | | | | AIAPROD003077967 | AIA Insurance  Check Register Printed on 08/02/2017 | |
| 1/13/2017 | $4,000.00 | $1.32 | 1326 | $1,743.78 | 1448 | $1,904.22 | AIA_19INSP_0010439 | January 2017 AIA Insurance Inc US Bank Statement | Check No. 207297 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0010442 | US Bank Image of Canceled Check No. 207297 | |
| | | | | | | | AIA_19INSP_0014645 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010444 | AIA Insurance  Check Register Printed on 02/28/2017 | |
| | | | | | | | AIAPROD00307962 | AIA Insurance  Check Register Printed on 08/02/2017 | |

Item No. 23   **DLM - 107601**

Page 2 of 4

**Exhibit - 1, p. 780**

**Exhibit - A, p. 118**

**13-ER-3199**

**Item No. 23:  Unauthorized Attorneys' Fees and Costs paid to Steve Wieland and Shawnee Perdue's firms for legal representation**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/10/2017 | $4,000.00 | $1.32 | 1298 | $1,706.96 | 1420 | $1,867.40 | AIA_19INSP_0010430 | February 2017 AIA Insurance Inc US Bank Statement | Check No. 207316 issued to Wieland Perdue |
| | | | | | | | AIA_19INSP_0010432 | US Bank Image of Canceled Check No. 207316 | |
| | | | | | | | AIA_19INSP_0014644 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010433 | AIA Insurance  Check Register Printed 02/28/2017 | |
| 3/15/2017 | $4,000.00 | $1.32 | 1265 | $1,663.56 | 1387 | $1,824.00 | AIA_19INSP_0010420 | March 2017 AIA Insurance Inc US Bank Statement | Check No. 207331 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010421 | US Bank Image of Canceled Check No. 207331 | |
| | | | | | | | AIA_19INSP_0013899 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010424 | AIA Insurance  Check Register Printed 04/12/2017 | |
| 4/5/2017 | $235.00 | $0.08 | 1244 | $96.11 | 1366 | $105.54 | AIA_19INSP_0013895-97 | Receipts from Nez Perce County Clerk dated March 1, 2017 | Check No. 207342 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010410 | April 2017 AIA Insurance Inc US Bank Statement | |
| | | | | | | | AIA_19INSP_0010411 | US Bank Image of Canceled Check No. 207342 | |
| | | | | | | | AIA_19INSP_0013892 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010414 | AIA Insurance  Check Register Printed 05/03/2017 | |
| 4/12/2017 | $4,035.50 | $1.33 | 1237 | $1,641.18 | 1359 | $1,803.04 | AIA_19INSP_0010410 | April 2017 AIA Insurance Inc US Bank Statement | Check No. 207346 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010411 | US Bank Image of Canceled Check No. 207346 | |
| | | | | | | | AIA_19INSP_0013898 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010414 | AIA Insurance Check Register Printed 05/03/2017 | |
| 5/4/2017 | $464.88 | $0.15 | 1215 | $185.70 | 1337 | $204.34 | AIAINSP_0013886 | Minuteman Printing Invoice dated April 25, 2017 | Check No. 207360 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010400 | May 2017 AIA Insurance Inc US Bank Statement | |
| | | | | | | | AIA_19INSP_0010401 | US Bank Image of Canceled Check No. 207360 | |
| | | | | | | | AIA_19INSP_0013885 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010404 | AIA Insurance Check Register Printed 06/15/2017 | |
| 5/15/2017 | $4,005.00 | $1.32 | 1204 | $1,585.32 | 1326 | $1,745.96 | AIA_19INSP_0010400 | May 2017 AIA Insurance Inc US Bank Statement | Check No. 207365 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010401 | US Bank Image of Canceled Check No. 207365 | |
| | | | | | | | AIA_19INSP_0013882 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010404 | AIA Insurance Check Register Printed 06/15/2017 | |
| 6/15/2017 | $4,080.00 | $1.34 | 1173 | $1,573.43 | 1295 | $1,737.07 | AIA_19INSP_0010390 | June 2017 AIA Insurance Inc US Bank Statement | Check No. 207382 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010392 | US Bank Image of Canceled Check No. 207382 | |
| | | | | | | | AIA_19INSP_0013877 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010393 | AIA Insurance Check Register Printed 07/13/2017 | |
| 7/14/2017 | $4,040.45 | $1.33 | 1144 | $1,519.65 | 1266 | $1,681.71 | AIA_19INSP_0010381 | July 2017 AIA Insurance Inc US Bank Statement | Check No. 207392 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010382 | US Bank Image of Canceled Check No. 207392 | |
| | | | | | | | AIA_19INSP_0013866 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010384 | AIA Insurance Inc Check Register Printed 08/08/2017 | |
| | | | | | | | AIAS_0000438 | AIA Insurance Inc Check Register Printed 07/20/2019 | |

Item No. 23    **DLM - 107602**

**Exhibit - 1, p. 781**

**Exhibit - A, p. 119**

**13-ER-3200**

**Item No. 23:  Unauthorized Attorneys' Fees and Costs paid to Steve Wieland and Shawnee Perdue's firms for legal representation**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/1/2017 | $2,500.00 | $0.82 | 1095 | $900.00 | 1217 | $1,000.27 | AIA_19INSP_0010363 | September 2017 AIA Insurance Inc US Bank Statement | Check No. 207409 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010365 | US Bank Image of Canceled Check No. 207409 | |
| | | | | | | | AIA_19INSP_0013863 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010369 | AIA Insurance Inc Check Register Printed 10/23/2017 | |
| | | | | | | | AIAS_0000439 | AIA Insurance Inc Check Register Printed 07/20/2009 | |
| 11/1/2017 | $1,560.00 | $0.51 | 1034 | $530.31 | 1156 | $592.89 | AIA_19INSP_0010344 | November 2017 AIA Insurance Inc US Bank Statement | Check No. 207438 issued to Mooney Wieland Smith & Rose |
| | | | | | | | AIA_19INSP_0010345 | US Bank Image of Canceled Check No. 207438 | |
| | | | | | | | AIA_19INSP_0013851 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0010347 | AIA Insurance Inc Check Register Printed 01/02/2018 | |
| | | | | | | | AIAS_0000435 | AIA Insurance Inc Check Register Printed 07/20/2019 | |
| | $99,756.55 | $32.80 | | $50,139.79 | | $54,140.98 | | | |

| | |
|---|---|
| **Total fees and costs paid to Steve Wieland and Shawnee Perdue:** | **$99,756.55** |
| **Per Diem Interest:** | **$32.80** |
| **Interest accrued through 8/31/2020:** | **$50,139.79** |
| **Interest accrued through 12/31/2020:** | **$54,140.98** |
| **Total legal fees and costs paid plus interest accrued through 8/31/2020:** | **$149,896.34** |
| **Total legal fees and costs paid plus interest accrued through 12/31/2020:** | **$153,897.53** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 783 of 879

**Item No. 24:  Unauthorized Attorneys' Fees and Costs paid to Daniel Glynn's firm for legal representation in** *Miesen v. HTEH, et al.; GemCap v. AIA, et al.; and Donna Taylor v. John Taylor, et al.*

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/4/2019 | $5,000.00 | $1.64 | 605 | $994.52 | 727 | $1,195.07 | AIAS_0033921 | January 2019 AIA Insurance US Bank Statement | Check No. 207612 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033922 | US Bank Canceled Check No. 207612 | |
| | | | | | | | AIA_19INSP_0009033 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAS_0000434 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 3/14/2019 | $5,000.00 | $1.64 | 536 | $881.10 | 658 | $1,081.64 | AIAS_0033933 | March 2019 AIA Insurance US Bank Statement | Check No. 207642 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033935 | US Bank Canceled Check No. 207642 | |
| | | | | | | | AIA_19INSP_0009031 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAS_0000436 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 4/8/2019 | $10,000.00 | $3.29 | 511 | $1,680.00 | 633 | $2,081.10 | AIAS_0033939 | April 2019 AIA Insurance US Bank Statement | Check No. 207653 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033940 | US Bank Canceled Check No. 207653 | |
| | | | | | | | AIA_19INSP_0009028 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 5/10/2019 | $10,000.00 | $3.29 | 479 | $1,574.79 | 601 | $1,975.89 | AIAS_0033945 | May 2019 AIA Insurance US Bank Statement | Check No. 207667 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033947 | US Bank Canceled Check No. 207667 | |
| | | | | | | | AIA_19INSP_0009027 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 6/13/2019 | $10,000.00 | $3.29 | 445 | $1,463.01 | 567 | $1,864.11 | AIAS_0033951 | June 2019 AIA Insurance US Bank Statement | Check No. 207679 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033952 | US Bank Canceled Check No. 207679 | |
| | | | | | | | AIA_19INSP_0009026 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 7/15/2019 | $10,000.00 | $3.29 | 413 | $1,357.81 | 535 | $1,758.90 | AIAS_0033957 | July 2019 AIA Insurance US Bank Statement | Check No. 207692 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033959 | US Bank Canceled Check No. 207692 | |
| | | | | | | | AIA_19INSP_0009025 | AIA Insurance Inc Check Stub | |
| 9/11/2019 | $10,000.00 | $3.29 | 355 | $1,167.12 | 477 | $1,568.22 | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | Check No. 207714 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033971 | US Bank Canceled Check No. 207714 | |
| 10/17/2019 | $10,000.00 | $3.29 | 319 | $1,048.77 | 441 | $1,449.86 | AIAS_0033975 | October 2019 AIA Insurance US Bank Statement | Check No. 207735 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033977 | US Bank Canceled Check No. 207735 | |
| 11/15/2019 | $7,500.00 | $2.47 | 290 | $715.07 | 412 | $1,015.89 | AIAS_0033981 | November 2019 AIA Insurance US Bank Statement | Check No. 207744 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033982 | US Bank Canceled Check No. 207744 | |
| 1/14/2020 | $10,000.00 | $3.29 | 230 | $756.16 | 352 | $1,157.26 | AIAS_0033993 | January 2020 AIA Insurance US Bank Statement | Check No. 207764 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0033995 | US Bank Canceled Check No. 207764 | |
| 5/12/2020 | $10,000.00 | $3.29 | 111 | $364.93 | 233 | $766.03 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207804 issued to Daniel L. Glynn by AIA Insurance |
| | | | | | | | AIAS_0034018 | US Bank Canceled Check No. 207804 | |
| | **$97,500.00** | **$32.05** | | **$12,003.29** | | **$15,913.97** | | | |

| | |
|---|---|
| **Total fees and costs paid to Daniel L. Glynn:** | **$97,500.00** |
| **Per Diem Interest:** | **$32.05** |
| **Interest accrued through 8/31/2020:** | **$12,003.29** |
| **Interest accrued through 12/31/2020:** | **$15,913.97** |
| **Total legal fees and costs paid plus interest accrued through 8/31/2020:** | **$109,503.29** |
| **Total legal fees and costs paid plus interest accrued through 12/31/2020:** | **$113,413.97** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

**Item No. 25:  Unauthorized Attorneys' Fees and Costs paid to Crumb & Munding for legal representation in *GemCap v. CropUSA, et al.* ***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/17/2013 | $20,553.57 | $6.76 | 2510 | $16,960.92 | 2632 | $17,785.31 | AIA_19INSP_0046491 | October 2013 AIA Insurance US Bank Statement | Check No. 205820 issued to Crumb & Munding by AIA Insurance (SEP13 LEGAL-CROPUSA) |
| | | | | | | | AIA_19INSP_0046505 | US Bank Canceled Check No. 205820 | |
| | | | | | | | AIAPROD00297653 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | AIA_19INSP_001659 | 2013 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 12/12/2013 | $8,485.00 | $2.79 | 2454 | $6,845.65 | 2576 | $7,185.98 | AIA_19INSP_0046434 | December 2013 AIA Insurance US Bank Statement | Check No. 206017 issued to Crumb & Munding by AIA Insurance (OCT13-GEMCAP MATTER-CUSA) |
| | | | | | | | AIA_19INSP_0046445 | US Bank Canceled Check No. 206017 | |
| | | | | | | | AIAPROD00297655 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | AIA_19INSP_001659 | 2013 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 1/22/2014 | $23,732.63 | $7.80 | 2413 | $18,827.45 | 2535 | $19,779.36 | AIA_19INSP_0046401 | January 2014 AIA Insurance US Bank Statement | Check No. 206107 issued to Crumb & Munding by AIA Insurance |
| | | | | | | | AIA_19INSP_0046411 | US Bank Canceled Check No. 206107 | |
| | | | | | | | AIA_19INSP_0000921 | 2014 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 1/31/2014 | $8,734.91 | $2.87 | 2404 | $6,903.69 | 2526 | $7,254.04 | AIA_19INSP_0046376 | February 2014 AIA Insurance US Bank Statement | Check No. 206163 issued to Crumb & Munding by AIA Insurance |
| | | | | | | | AIA_19INSP_0046381 | US Bank Canceled Check No. 206163 | |
| | | | | | | | AIA_19INSP_0000921 | 2014 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 2/25/2014 | $4,503.30 | $1.48 | 2379 | $3,522.20 | 2501 | $3,702.82 | AIA19INSP_0046262 | March 2014 AIA Insurance US Bank Statement | Check No. 206245 issued to Crumb & Munding by AIA Insurance |
| | | | | | | | AIA_19INSP_0046255 | US Bank Canceled Check No. 206245 | |
| | | | | | | | AIA_19INSP_0000921 | 2014 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 5/2/2014 | $21,345.00 | $7.02 | 2313 | $16,231.56 | 2435 | $17,087.70 | AIA19INSP_0046188 | May 2014 AIA Insurance US Bank Statement | Check No. 206401 issued on May 2, 2014 to Crumb & Munding by AIA Insurance |
| | | | | | | | AIA_19INSP_0046197 | US Bank Canceled Check No. 206401 | |
| | | | | | | | AIA_19INSP_0000921 | 2014 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 9/16/2014 | $15,000.00 | $4.93 | 2176 | $10,730.96 | 2298 | $11,332.60 | AIA_19INSP_0015671 | September 2014 AIA Insurance US Bank Statement | Check No. 091614 issued to Crumb & Munding by AIA Insurance |
| | | | | | | | AIA_19INSP_0015676 | US Bank Canceled Check No. 206550 | |
| | | | | | | | AIA_19INSP_0028778 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000921 | 2014 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 7/1/2016 | $2,500.00 | $0.82 | 1522 | $1,250.96 | 1644 | $1,351.23 | AIA_19INSP_0015263 | July 2016 AIA Insurance US Bank Statement | Check No. 207132 issued to Crumb & Munding by AIA Insurance |
| | | | | | | | AIA_19INSP_0015268 | US Bank Canceled Check No. 2017132 | |
| | | | | | | | AIA_19INSP_0015272 | AIA Insurance Check Register from 7-1-2016 through 7-31-2016 | |
| | | | | | | | AIAPROD00307971 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| | | | | | | | AIA_19INSP_0000573 | 2016 1099-MISC issued to Crumb & Munding by AIA Insurance | |
| 4/13/2017 | $5,000.00 | $1.64 | 1236 | $2,031.78 | 1358 | $2,232.33 | AIA_19INSP_0010195 | April 2017 Crop USA US Bank Statement | Check No. 12073 issued to Munding by Crop USA AIA Insurance transferred $2,800.00 to Crop USA |
| | | | | | | | AIA_19INSP_0010197 | US Bank Canceled Check No. 12073 | |
| | | | | | | | AIA_19INSP_0010199 | Crop USA Check Register from 4-1-2017 through 4-30-2017 | |
| | | | | | | | AIA_19INSP_0010410 | April 2017 AIA Insurance US Bank Statement | |
| | $109,854.41 | $36.12 | | $83,305.17 | | $87,711.38 | | | |

Total fees and costs paid to Crumb & Munding:           $109,854.41
Per Diem Interest:                                       $36.12
Interest accrued through 8/31/2020:                      $83,305.17
Interest accrued through 12/31/2020:                     $87,711.38
Total legal fees and costs paid plus interest accrued through 8/31/2020:    $193,159.58
Total legal fees and costs paid plus interest accrued through 12/31/2020:   $197,565.79

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

**Item No. 26:  Unauthorized Attorney's Fees and Costs paid to Connie Henderson and her firms for legal representation in other matters\***

*Maile v. Taylor*

| Date | Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/23/2010 | $4,500.00 | $1.48 | 3569 | $5,280.16 | 3691 | $5,460.66 | AIA_19INSP_0049237 | November 2010 AIA Insurance Inc US Bank Statement | Check No. 204349 issued to Henderson Law Firm |
| | | | | | | | AIA_19INSP_0049306-07 | US Bank Canceled Check No. 204349 | |
| | | | | | | | AIAPROD00308016 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/29/2010 | $677.87 | $0.22 | 3533 | $787.37 | 3655 | $814.56 | AIA_19INSP_0049042 | January 2011 AIA Insurance Inc US Bank Statement | Check No. 204391 issued to Henderson Law Firm |
| | | | | | | | AIA_19INSP_0049082-83 | US Bank Canceled Check No. 204391 | |
| | | | | | | | AIAPROD00308016 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $5,177.87 | $1.70 | | $6,067.53 | | $6,275.22 | | | |

| | |
|---|---|
| **Total fees and costs paid to Connie Henderson for *Maile v. Taylor* :** | **$5,177.87** |
| **Per Diem Interest:** | **$1.70** |
| **Interest accrued through 8/31/2020:** | **$6,067.53** |
| **Interest accrued through 12/31/2020:** | **$6,275.22** |
| **Total fees and costs plus interest accrued through 8/31/2020:** | **$11,245.40** |
| **Total fees and costs plus interest accrued through 12/31/2020:** | **$11,453.09** |

**Item No. 26:  Unauthorized Attorney's Fees and Costs paid to Connie Henderson and her firms for legal representation in other matters***

*Lewis Clark Plaza*

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/28/2010 | $1,237.55 | $0.41 | 3717 | $1,512.32 | 3839 | $1,561.96 | AIA_19INSP_0049739 | June 2010 AIA Insurance Inc US Bank Statement | Check No. 204130 issued to Clark and Feeney |
| | | | | | | | AIA_19INSP_0049787-88 | US Bank Canceled Check No. 204130 | |
| | | | | | | | AIA_19INSP_0089463 | AIA Inc Check Stub | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 4/26/2011 | $2,658.51 | $0.87 | 3415 | $2,984.81 | 3537 | $3,091.45 | AIA_19INSP_0015112 | April 2011 AIA Services Corp US Bank Statement | Check No. 15706 issued 4/26/2011 to Henderson Law Firm (OCT10-LEWIS CLARK PLAZA) |
| | | | | | | | AIA_19INSP_0015114 | April 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | |
| | | | | | | | AIAPROD00308016 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $3,896.06 | $1.28 | | $4,497.13 | | $4,653.40 | | | |

| | |
|---|---|
| **Total fees and costs paid to Connie Henderson for *Lewis Clark Plaza* :** | **$3,896.06** |
| **Per Diem Interest:** | **$1.28** |
| **Interest accrued through 8/31/2020:** | **$4,497.13** |
| **Interest accrued through 12/31/2020:** | **$4,653.40** |
| **Total fees and costs plus interest accrued through 8/31/2020:** | **$8,393.19** |
| **Total fees and costs plus interest accrued through 12/31/2020:** | **$8,549.46** |

Item No. 26    **DLM - 107607**

Page 2 of 4

**Exhibit - 1, p. 786**

**Exhibit - A, p. 124**

**13-ER-3205**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 787 of 879

**Item No. 26:  Unauthorized Attorney's Fees and Costs paid to Connie Henderson and her firms for legal representation in other matters\***

*GNC Contract*

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/28/2010 | $17,035.41 | $5.60 | 3717 | $20,817.74 | 3839 | $21,501.02 | AIA_19INSP_0042356 | June 2010 Crop USA US Bank Statement | Check No. 9461 issued to Clark and Feeney by Crop USA |
| | | | | | | | AIA_19INSP_0042433-34 | US Bank Canceled Check No. 9461 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/29/2010 | $2,378.52 | $0.78 | 3716 | $2,905.83 | 3838 | $3,001.24 | AIA_19INSP_0042356 | June 2010 Crop USA US Bank Statement | Check No. 9467 issued to Clark and Feeney by Crop USA |
| | | | | | | | AIA_19INSP_0042435-36 | US Bank Canceled Check No. 9467 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/31/2012 | $6,185.98 | $2.03 | 3135 | $6,375.80 | 3257 | $6,623.91 | AIA_19INSP_0006644 | February 2012 Crop USA US Bank Statement | Check No. 10577 issued to Connie Taylor by Crop USA |
| | | | | | | | AIA_19INSP_006591-92 | US Bank Canceled Check No. 10577 | |
| | | | | | | | AIAPROD00308016 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $25,599.91 | $8.42 | | $30,099.37 | | $31,126.17 | | | |

**Total fees and costs paid to Connie Henderson for** *GNC Contract* **:**         $9,073.93
**Per Diem Interest:**                                                              $2.98
**Interest accrued through 8/31/2020:**                                            $10,564.67
**Interest accrued through 12/31/2020:**                                           $10,928.62
**Total fees and costs plus interest accrued through 8/31/2020:**                  $19,638.60
**Total fees and costs plus interest accrued through 12/31/2020:**                 $20,002.55

**Item No. 26:  Unauthorized Attorney's Fees and Costs paid to Connie Henderson and her firms for legal representation in other matters\***

*General Matters*

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/1/2010 | $135.62 | $0.04 | 3714 | $165.60 | 3836 | $171.04 | AIAPROD00308030 RJT 087325 | | Check No. 15638 issued 7/1/2010 to Clark and Feeney 3/10 LEGAL-GENERAL MATTER |
| | $135.62 | $0.04 | | $165.60 | | $171.04 | | | |

| | |
|---|---|
| Total fees and costs paid to Connie Henderson for *General Matters* : | $135.62 |
| Per Diem Interest: | $0.04 |
| Interest accrued through 8/31/2020: | $165.60 |
| Interest accrued through 12/31/2020: | $171.04 |
| Total fees and costs plus interest accrued through 8/31/2020: | $301.22 |
| Total fees and costs plus interest accrued through 12/31/2020: | $306.66 |

| | |
|---|---|
| Total fees and costs paid to Connie Henderson: | $18,283.48 |
| Total Per Diem Interest: | $6.01 |
| Total interest accrued through 8/31/2020: | $40,829.63 |
| Total interest accrued through 12/31/2020: | $42,225.83 |
| Total fees and costs paid plus interest accrued through 8/31/2020: | $59,113.11 |
| Total fees and costs paid plus interest accrued through 12/31/2020: | $60,509.31 |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as

Item No. 26    **DLM - 107609**

Page 4 of 4

**Exhibit - 1, p. 788**

**Exhibit - A, p. 126**

**13-ER-3207**

**Item No. 27:  Payments to/for Reed Taylor for his Illegal Redemption in 2007 and 2008 (the illegality defense should have been asserted no later than January of 2007)[a]**

| Date | Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/31/2007 | $277,426.00 | $91.21 | 4627 | $422,021.95 | 4749 | $433,149.39 | RJT 019006 | 2008-9-30 - Spreadsheet of Payments to Reed and Donna Taylor Compared to Operating Income | |
| 12/31/2008 | $117,204.00 | $38.53 | 4261 | $164,188.35 | 4383 | $168,889.36 | RJT 019006 | 2008-9-30 - Spreadsheet of Payments to Reed and Donna Taylor Compared to Operating Income | |
| | $394,630.00 | $129.74 | | $586,210.31 | | $602,038.75 | | | |

| | |
|---|---|
| **Total payments to Reed Taylor:** | **$394,630.00** |
| **Per Diem Interest:** | **$129.74** |
| **Interest accrued through 8/31/2020:** | **$586,210.31** |
| **Interest accrued through 12/31/2020:** | **$602,038.75** |
| **Total payments plus interest accrued through 8/31/2020:** | **$980,840.31** |
| **Total payments plus interest accrued through 12/31/2020:** | **$996,668.75** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 27  **DLM - 107610**

Page 1 of 1

**Exhibit - 1, p. 789**

**Exhibit - A, p. 127**

**13-ER-3208**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/1/2007 | $300.00 | $0.10 | 4991 | $492.26 | 5113 | $504.30 | AIA_19INSP_0072025 | January 2007 AIA Insurance US Bank Statement | Check No. 199144 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0072091-92 | US Bank Canceled Check No. 199144 | |
| 1/23/2007 | $16.00 | $0.01 | 4969 | $26.14 | 5091 | $26.78 | AIA_19INSP_0072026 | January 2007 AIA Insurance US Bank Statement | Check No. 199218 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0072105-06 | US Bank Canceled Check No. 199218 | |
| 1/23/2007 | $2,941.22 | $0.97 | 4969 | $4,804.91 | 5091 | $4,922.88 | AIA_19INSP_0072026 | January 2007 AIA Insurance US Bank Statement | Check No. 199219 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP0072171-72 | US Bank Canceled Check No. 199219 | |
| 2/1/2007 | $300.00 | $0.10 | 4960 | $489.21 | 5082 | $501.24 | AIA_19INSP_0073571 | February 2007 AIA Insurance US Bank Statement | Check No. 199242 issued to Potlatch Federal Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP0073621-22 | US Bank Canceled Check No. 199242 | |
| 2/15/2007 | $8,759.61 | $2.88 | 4946 | $14,243.85 | 5068 | $14,595.19 | AIA_19INSP_0073572 | February 2007 AIA Insurance US Bank Statement | Check No. 199314 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0073681-82 | US Bank Canceled Check No. 199314 | |
| 2/15/2007 | $899.49 | $0.30 | 4946 | $1,462.64 | 5068 | $1,498.72 | AIA_19INSP_0073572 | February 2007 AIA Insurance US Bank Statement | Check No. 199308 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0073767-68 | US Bank Canceled Check No. 199308 | |
| 2/20/2007 | $274.15 | $0.09 | 4941 | $445.34 | 5063 | $456.34 | AIA_19INSP_0073572 | February 2007 AIA Insurance US Bank Statement | Check No. 199324 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0073777-78 | US Bank Canceled Check No. 199324 | |
| 3/1/2007 | $300.00 | $0.10 | 4932 | $486.44 | 5054 | $498.48 | AIA_19INSP_0073342 | March 2007 AIA Insurance US Bank Statement | Check No. 199352 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0073522-23 | US Bank Canceled Check No. 199352 | |
| 3/20/2007 | $203.75 | $0.07 | 4913 | $329.10 | 5035 | $337.28 | AIA_19INSP_0073343 | March 2007 AIA Insurance US Bank Statement | Check No. 199431 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0073426-27 | US Bank Canceled Check No. 199431 | |
| 3/20/2007 | $282.91 | $0.09 | 4913 | $456.97 | 5035 | $468.31 | AIA_19INSP_0073343 | March 2007 AIA Insurance US Bank Statement | Check No. 199433 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0073530-31 | US Bank Canceled Check No. 199433 | |
| 4/1/2007 | $300.00 | $0.10 | 4901 | $483.39 | 5023 | $495.42 | AIA_19INSP_0071814 | April 2007 AIA Insurance US Bank Statement | Check No. 199463 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0071925-26 | US Bank Canceled Check No. 199463 | |
| 4/17/2007 | $1,261.29 | $0.41 | 4885 | $2,025.67 | 5007 | $2,076.26 | AIA_19INSP_0071814 | April 2007 AIA Insurance US Bank Statement | Check No. 199509 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0072001-02 | US Bank Canceled Check No. 199509 | |
| 4/19/2007 | $604.98 | $0.20 | 4883 | $971.22 | 5005 | $995.48 | AIA_19INSP_0071814 | April 2007 AIA Insurance US Bank Statement | Check No. 199527 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0072011-12 | US Bank Canceled Check No. 199527 | |
| 5/1/2007 | $298.66 | $0.10 | 4871 | $478.28 | 4993 | $490.26 | AIA_19INSP_0071590 | May 2007 AIA Insurance US Bank Statement | Check No. 199544 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0071736-37 | US Bank Canceled Check No. 199544 | |
| 5/1/2007 | $1.34 | $0.00 | 4871 | $2.15 | 4993 | $2.20 | AIA_19INSP_0071590 | May 2007 AIA Insurance US Bank Statement | Check No. 199566 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0071738-39 | US Bank Canceled Check No. 199566 | |
| 5/16/2007 | $1,068.48 | $0.35 | 4856 | $1,705.82 | 4978 | $1,748.68 | AIA_19INSP_0071590 | May 2007 AIA Insurance US Bank Statement | Check No. 199609 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0071632-33 | US Bank Canceled Check No. 199609 | |
| 5/22/2007 | $474.59 | $0.16 | 4850 | $756.74 | 4972 | $775.78 | AIA_19INSP_0071590 | May 2007 AIA Insurance US Bank Statement | Check No. 199621 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0071664-65 | US Bank Canceled Check No. 199621 | |
| 5/22/2007 | $53.35 | $0.02 | 4850 | $85.07 | 4972 | $87.21 | AIA_19INSP_0071768 | US Bank Canceled Check No. 199629 | Check No. 199629 issued to HTEH by AIA Insurance Matter 43369-0001:  John Taylor |
| 6/1/2007 | $300.00 | $0.10 | 4840 | $477.37 | 4962 | $489.40 | AIA_19INSP_0071590 | May 2007 AIA Insurance US Bank Statement | Check No. 199642 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0071614-15 | US Bank Canceled Check No. 199642 | |
| 6/19/2007 | $890.52 | $0.29 | 4822 | $1,411.75 | 4944 | $1,447.47 | AIA_19INSP_0071416 | June 2007 AIA Insurance US Bank Statement | Check No. 199708 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0071550-51 | US Bank Canceled Check No. 199708 | |
| 6/19/2007 | $279.92 | $0.09 | 4456 | $410.08 | 4944 | $454.99 | AIA_19INSP_0071416 | June 2007 AIA Insurance US Bank Statement | Check No. 199710 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0071552-53 | US Bank Canceled Check No. 199710 | |
| 7/17/2007 | $569.63 | $0.19 | 4794 | $897.80 | 4916 | $920.65 | AIA_19INSP_0071249 | July 2007 AIA Insurance US Bank Statement | Check No. 199772 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0071302-03 | US Bank Canceled Check No. 199772 | |
| 7/17/2007 | $473.86 | $0.16 | 4794 | $746.86 | 4916 | $765.86 | AIA_19INSP_0071249 | July 2007 AIA Insurance US Bank Statement | Check No. 199777 issued to Diners Club AIA Inc. |
| | | | | | | | AIA_19INSP_0071380-81 | US Bank Canceled Check No. 199777 | |
| 8/1/2007 | $161.30 | $0.05 | 4779 | $253.43 | 4901 | $259.90 | AIA_19INSP_0071043 | August 2007 AIA Insurance US Bank Statement | Check No. 199812 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0071183-84 | US Bank Canceled Check No. 199812 | |
| 8/1/2007 | $67.45 | $0.02 | 4779 | $105.98 | 4901 | $108.68 | AIA_19INSP_0071044 | August 2007 AIA Insurance US Bank Statement | Check No. 199831 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0071185-86 | US Bank Canceled Check No. 199831 | |
| 8/1/2007 | $300.00 | $0.10 | 4779 | $471.35 | 4901 | $483.39 | AIA_19INSP_0070869 | September 2007 AIA Insurance US Bank Statement | Check No. 199962 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0070892 | US Bank Canceled Check No. 199962 | |
| 8/21/2007 | $307.05 | $0.10 | 4759 | $480.41 | 4881 | $492.73 | AIA_19INSP_0071044 | August 2007 AIA Insurance US Bank Statement | Check No. 199886 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0071241-42 | US Bank Canceled Check No. 199886 | |

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 791 of 879

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/19/2007 | $66.17 | $0.02 | 4730 | $102.90 | 4852 | $105.55 | AIA_19INSP_0070869 | September 2007 AIA Insurance US Bank Statement | Check No. 199900 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_00710030-31 | US Canceled Check No. 199900 | |
| 9/19/2007 | $203.65 | $0.07 | 4730 | $316.69 | 4852 | $324.86 | AIA_19INSP_0070869 | September 2007 AIA Insurance US Bank Statement | Check No. 199961 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0070956-57 | US Bank Canceled Check No. 199961 | |
| 10/1/2007 | $300.00 | $0.10 | 4718 | $465.34 | 4840 | $477.37 | AIA_19INSP_0070659 | October 2007 AIA Insurance US Bank Statement | Check No. 199990 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0070743-44 | US Bank Canceled Check No. 199990 | |
| 10/16/2007 | $1,259.18 | $0.41 | 4703 | $1,946.93 | 4825 | $1,997.44 | AIA_19INSP_0070660 | October 2007 AIA Insurance US Bank Statement | Check No. 200042 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0070775-76 | US Bank Canceled Check No. 200042 | |
| 10/16/2007 | $2,519.20 | $0.83 | 4703 | $3,895.17 | 4825 | $3,996.21 | AIA_19INSP_0070660 | October 2007 AIA Insurance US Bank Statement | Check No. 200046 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0070777-78 | US Bank Canceled Check No. 200046 | |
| 11/1/2007 | $178.01 | $0.06 | 4687 | $274.30 | 4809 | $281.44 | AIA_19INSP_0070459 | November 2007 AIA Insurance US Bank Statement | Check No. 200079 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0070590-91 | US Bank Canceled Check No. 200079 | |
| 11/1/2007 | $80.25 | $0.03 | 4687 | $123.66 | 4809 | $126.88 | AIA_19INSP_0070459 | November 2007 AIA Insurance US Bank Statement | Check No. 200103 issued to Potlatch Credit Union by AIA inc. |
| | | | | | | | AIA_19INSP_0070592-93 | US Bank Canceled Check No. 2000103 | |
| 11/1/2007 | $36.62 | $0.01 | 4687 | $56.43 | 4809 | $57.90 | AIA_19INSP_0070459 | November 2007 AIA Insurance US Bank Statement | Check No. 200090 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0070594-95 | US Bank Canceled Check No. 200090 | |
| 11/15/2007 | $880.21 | $0.29 | 4673 | $1,352.29 | 4795 | $1,387.60 | AIA_19INSP_0070459 | November 2007 AIA Insurance US Bank Statement | Check No. 200146 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0070608-09 | US Bank Canceled Check No. 200146 | |
| 12/1/2007 | $300.00 | $0.10 | 4657 | $459.32 | 4779 | $471.35 | AIA_19INSP_0070283 | December 2007 AIA Insurance US Bank Statement | Check No. 200198 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_00070411-12 | US Bank Canceled Check No. 200198 | |
| 12/18/2007 | $1,766.67 | $0.58 | 4640 | $2,695.02 | 4762 | $2,765.88 | AIA_19INSP_0070283 | December 2007 AIA Insurance US Bank Statement | Check No. 200239 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0070343 | US Bank Canceled Check No. 200239 | |
| 12/18/2007 | $1,025.66 | $0.34 | 4640 | $1,564.62 | 4762 | $1,605.76 | AIA_19INSP_0070283 | December 2007 AIA Insurance US Bank Statement | Check No. 200237 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0070435 | US Bank Canceled Check No. 200237 | |
| 1/1/2008 | $70.83 | $0.02 | 4626 | $107.72 | 4748 | $110.56 | AIA_19INSP_0070092 | January 2008 AIA Insurance US Bank Statement | Check No. 200281 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0070275-76 | US Bank Canceled Check No. 200281 | |
| 1/1/2008 | $171.94 | $0.06 | 4626 | $261.50 | 4748 | $268.40 | AIA_19INSP_0070092 | January 2008 AIA Insurance US Bank Statement | Check No. 200264 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0070277-78 | US Bank Canceled Check No. 200264 | |
| 1/10/2008 | $671.20 | $0.22 | 4617 | $1,018.83 | 4739 | $1,045.75 | AIA_19INSP_0070092 | January 2008 AIA Insurance US Bank Statement | Check No. 200296 issued to Les Schwab Tire Center by AIA Inc. |
| | | | | | | | AIA_19INSP_0070241-42 | US Bank Canceled Check No. 200296 | |
| 1/17/2008 | $949.54 | $0.31 | 4610 | $1,439.14 | 4732 | $1,477.22 | AIA_19INSP_0070092 | January 2008 AIA Insurance US Bank Statement | Check No. 200321 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0070227-28 | US Bank Canceled Check No. 200321 | |
| 1/25/2008 | $1,793.51 | $0.59 | 4602 | $2,713.56 | 4724 | $2,785.49 | AIA_19INSP_0069894 | January 2008 AIA Insurance US Bank Statement | Check No. 200342 issued to Bob Jackson Auto Repair by AIA Inc. |
| | | | | | | | AIA_19INSP_0069980-81 | US Bank Canceled Check No. 200342 | |
| 2/1/2008 | $70.83 | $0.02 | 4595 | $107.00 | 4717 | $109.84 | AIA_19INSP_0069894 | February 2008 AIA Insurance US Bank Statement | Check No. 200372 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0069918-19 | US Bank Canceled Check No. 200372 | |
| 2/1/2008 | $54.69 | $0.02 | 4595 | $82.62 | 4717 | $84.81 | AIA_19INSP_0069894 | February 2008 AIA Insurance US Bank Statement | Check No. 200363 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0069920-21 | US Bank Canceled Check No. 200363 | |
| 2/1/2008 | $174.48 | $0.06 | 4595 | $263.58 | 4717 | $270.58 | AIA_19INSP_0069894 | February 2008 AIA Insurance US Bank Statement | Check No. 200355 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0069922-23 | US Bank Canceled Check No. 200355 | |
| 2/7/2008 | $91.81 | $0.03 | 4589 | $138.51 | 4711 | $142.20 | AIA_19INSP_0069895 | January 2008 AIA Insurance US Bank Statement | Check No. 200399 issued to Bob Jackson Auto Repair by AIA Inc. |
| | | | | | | | AIA_19INSP_0069958-59 | US Bank Canceled Check No. 200299 | |
| 2/14/2008 | $78.43 | $0.03 | 4582 | $118.15 | 4704 | $121.29 | AIA_19INSP_0069895 | February 2008 AIA Insurance US Bank Statement | Check No. 200408 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0070038-39 | US Bank Canceled Check No. 200408 | |
| 2/14/2008 | $284.51 | $0.09 | 4582 | $428.59 | 4704 | $440.00 | AIA_19INSP_0069895 | February 2008 AIA Insurance US Bank Statement | Check No. 200404 issued to Les Schwab Tire Center by AIA Inc. |
| | | | | | | | AIA_19INSP_0070048-49 | US Bank Canceled Check No. 200404 | |
| 2/14/2008 | $1,051.35 | $0.35 | 4582 | $1,583.77 | 4704 | $1,625.93 | AIA_19INSP_0069895 | February 2008 AIA Insurance US Bank Statement | Check No. 200403 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0070052 | US Bank Canceled Check No. 200403 | |
| 2/21/2008 | $150.00 | $0.05 | 4575 | $225.62 | 4697 | $231.63 | AIA_19INSP_0069895 | February 2008 AIA Insurance US Bank Statement | Check No. 200418 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0070068-69 | US Bank Canceled Check No. 200418 | |
| 3/1/2008 | $300.00 | $0.10 | 4566 | $450.35 | 4688 | $462.38 | AIA_19INSP_0069497 | March 2008 AIA Insurance US Bank Statement | Check No. 200481 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0069641-42 | US Bank Canceled Check No. 200481 | |
| 3/13/2008 | $28.00 | $0.01 | 4554 | $41.92 | 4676 | $43.04 | AIA_19INSP_0069498 | March 2008 AIA Insurance US Bank Statement | Check No. 200527 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0069703-04 | US Bank Canceled Check No. 2005247 | |

Item No. 28    **DLM - 107612**    Page 2 of 13    **Exhibit - 1, p. 791**

**Exhibit - A, p. 129**
**13-ER-3210**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/18/2008 | $199.65 | $0.07 | 4549 | $298.59 | 4671 | $306.60 | AIA_19INSP_0069498 | March 2008 AIA Insurance US Bank Statement | Check No. 200533 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0069735-36 | US Bank Canceled Check No. 200533 | |
| 3/20/2008 | $799.00 | $0.26 | 4547 | $1,194.43 | 4669 | $1,226.48 | AIA_19INSP_0069498 | March 2008 AIA Insurance US Bank Statement | Check No. 200545 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0069711-12 | US Bank Canceled Check No. 200545 | |
| 4/1/2008 | $300.00 | $0.10 | 4535 | $447.29 | 4657 | $459.32 | AIA_19INSP_0073942 | April 2008 AIA Insurance US Bank Statement | Check No. 200567 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0074050-51 | US Bank Canceled Check No. 200567 | |
| 4/17/2008 | $397.57 | $0.13 | 4519 | $590.67 | 4641 | $606.62 | AIA_19INSP_0073943 | April 2008 AIA Insurance US Bank Statement | Check No. 200632 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0073956-57 | US Bank Canceled Check No. 200632 | |
| 4/17/2008 | $1,995.11 | $0.66 | 4519 | $2,964.13 | 4641 | $3,044.16 | AIA_19INSP_0073943 | April 2008 AIA Insurance US Bank Statement | Check No. 200633 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0073974-75 | US Bank Canceled Check No. 200633 | |
| 5/1/2008 | $45.68 | $0.02 | 4505 | $67.66 | 4627 | $69.49 | AIA_19INSP_0073795 | May 2008 AIA Insurance US Bank Statement | Check No. 200671 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0073797-98 | US Bank Canceled Check No. 200671 | |
| 5/1/2008 | $131.23 | $0.04 | 4505 | $194.36 | 4627 | $199.63 | AIA_19INSP_0073795 | May 2008 AIA Insurance US Bank Statement | Check No. 200670 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0073799-800 | US Bank Canceled Check No. 200670 | |
| 5/6/2008 | $374.56 | $0.12 | 4500 | $554.14 | 4622 | $569.17 | AIA_19INSP_0073795 | May 2008 AIA Insurance US Bank Statement | Check No. 200676 issued to Bruneel Tire Service by AIA Inc. |
| | | | | | | | AIA_19INSP_0073823-24 | US Bank Canceled Check No. 200676 | |
| 5/15/2008 | $576.23 | $0.19 | 4491 | $850.80 | 4613 | $873.91 | AIA_19INSP_0073796 | May 2008 AIA Insurance US Bank Statement | Check No. 200693 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0073921-22 | US Bank Canceled Check No. 200693 | |
| 5/20/2008 | $161.78 | $0.05 | 4486 | $238.60 | 4608 | $245.09 | AIA_19INSP_0073795 | May 2008 AIA Insurance US Bank Statement | Check No. 200703 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0073897-98 | US Bank Canceled Check No. 200703 | |
| 6/1/2008 | $300.00 | $0.10 | 4474 | $441.27 | 4596 | $453.30 | AIA_19INSP_0079219 | June 2008 AIA Insurance US Bank Statement | Check No. 200727 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0079253-54 | US Bank Canceled Check No. 200727 | |
| 6/12/2008 | $407.37 | $0.13 | 4486 | $600.81 | 4585 | $614.07 | AIA_19INSP_0079220 | June 2008 AIA Insurance US Bank Statement | Check No. 200763 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0079235-36 | US Bank Canceled Check No. 200763 | |
| 6/17/2008 | $807.03 | $0.27 | 4458 | $1,182.82 | 4580 | $1,215.19 | AIA_19INSP_0079220 | June 2008 AIA Insurance US Bank Statement | Check No. 200772 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0079309-10 | US Bank Canceled Check No. 200772 | |
| 6/19/2008 | $128.65 | $0.04 | 4456 | $188.47 | 4578 | $193.63 | AIA_19INSP_0105783-86 | American Express Statement dated June 12, 2008 | Check No. 200777 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0079220 | June 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0079351-52 | US Bank Canceled Check No. 200777 | |
| | | | | | | | AIA_19INSP_0105782 | AIA Insurance Check Stub | JT Car Rental in Salt Lake City, Utah |
| 6/24/2008 | $213.73 | $0.07 | 4451 | $312.76 | 4573 | $321.33 | AIA_19INSP_0079220 | June 2008 AIA Insurance US Bank Statement | Check No. 200783 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0079223-24 | US Bank Canceled Check No. 200783 | |
| 7/1/2008 | $174.42 | $0.06 | 4444 | $254.83 | 4566 | $261.83 | AIA_19INSP_0079050 | July 2008 AIA Insurance US Bank Statement | Check No. 200796 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0079172-73 | US Bank Canceled Check No. 200796 | |
| 7/1/2008 | $125.58 | $0.04 | 4444 | $183.48 | 4566 | $188.51 | AIA_19INSP_0079050 | July 2008 AIA Insurance US Bank Statement | Check No. 200813 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0079174-75 | US Bank Canceled Check No. 200813 | |
| 7/24/2008 | $8,178.60 | $2.69 | 4421 | $11,887.43 | 4543 | $12,215.47 | AIA_19INSP_0106947-50 | Diners Club Statement dated June 25, 2008 | Check No. 200860 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0079051 | July 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0079212 | US Bank Canceled Check No. 200860 | |
| | | | | | | | AIA_19INSP_0106946 | AIA Insurance Check Stub | |
| 8/1/2008 | $68.32 | $0.02 | 4413 | $99.12 | 4535 | $101.86 | AIA_19INSP_0078898 | August 2008 AIA Insurance US Bank Statement | Check No. 200870 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078928-29 | US Bank Canceled Check No. 200870 | |
| 8/1/2008 | $41.15 | $0.01 | 4413 | $59.70 | 4535 | $61.35 | AIA_19INSP_0078898 | August 2008 AIA Insurance US Bank Statement | Check No. 200877 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078930-31 | US Bank Canceled Check No. 200877 | |
| 8/13/2008 | $1,182.05 | $0.39 | 4401 | $1,710.31 | 4523 | $1,757.72 | AIA_19INSP_0078898 | August 2008 AIA Insurance US Bank Statement | Check No. 200905 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0078978 | US Bank Canceled Check No. 200905 | |
| 8/21/2008 | $1,337.91 | $0.44 | 4393 | $1,932.31 | 4515 | $1,985.97 | AIA_19INSP_0106943-45 | Diners Club Statement dated July 28, 2008 | Check No. 200932 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0078899 | August 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0079040-41 | US Bank Canceled Check No. 200932 | |
| | | | | | | | AIA_19INSP_0106942 | AIA Insurance Check Stub | |
| 9/1/2008 | $122.72 | $0.04 | 4382 | $176.80 | 4504 | $181.72 | AIA_19INSP_0078453 | September 2008 AIA Insurance US Bank Statement | Check No. 200952 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078497-98 | US Bank Canceled Check No. 200952 | |
| 9/1/2008 | $111.46 | $0.04 | 4382 | $160.58 | 4504 | $165.05 | AIA_19INSP_0078453 | September 2008 AIA Insurance US Bank Statement | Check No. 200961 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078499-500 | US Bank Canceled Check No. 200961 | |

Item No. 28     **DLM - 107613**     Page 3 of 13     **Exhibit - 1, p. 792**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/1/2008 | $27.22 | $0.01 | 4382 | $39.21 | 4504 | $40.31 | AIA_19INSP_0078453 | September 2008 AIA Insurance US Bank Statement | Check No. 200974 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078501-02 | US Bank Canceled Check No. 200974 | |
| 9/5/2009 | $2,681.91 | $0.88 | 4013 | $3,538.36 | 4135 | $3,645.93 | AIA_19INSP_0078453 | September 2008 AIA Insurance US Bank Statement | Check No. 200976 issued to Freeman Creek Transmission by AIA Inc. |
| | | | | | | | AIA_19INSP_0078577-76 | US Bank Canceled Check No. 200976 | |
| 9/11/2008 | $1,089.13 | $0.36 | 4372 | $1,565.48 | 4494 | $1,609.17 | AIA_19INSP_0078453 | September 2008 AIA Insurance US Bank Statement | Check No. 200991 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0078527-28 | US Bank Canceled Check No. 200991 | |
| 9/16/2008 | $201.39 | $0.07 | 4367 | $289.14 | 4489 | $297.22 | AIA_19INSP_0106940-41 | Diners Club Statement dated August 26, 2008 | Check No. 201003 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0078454 | September 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0078555-56 | US Bank Canceled Check No. 201003 | |
| | | | | | | | AIA_19INSP_0106939 | AIA Insurance Check Stub | |
| 10/1/2008 | $300.00 | $0.10 | 4352 | $429.24 | 4474 | $441.27 | AIA_19INSP_0078597 | October 2008 AIA Insurance US Bank Statement | Check No. 201028 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078709-10 | US Bank Canceled Check No. 201028 | |
| 10/7/2008 | $100.82 | $0.03 | 4346 | $144.05 | 4468 | $148.10 | AIA_19INSP_0078597 | October 2008 AIA Insurance US Bank Statement | Check No. 201056 issued to Marshall's Auto Service by AIA Inc. |
| | | | | | | | AIA_19INSP_0078673-74 | US Bank Canceled Check No. 201056 | |
| 10/9/2008 | $336.40 | $0.11 | 4344 | $480.43 | 4466 | $493.93 | AIA_19INSP_0078598 | October 2008 AIA Insurance US Bank Statement | Check No. 201060 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0078725-26 | US Bank Canceled Check No. 201060 | |
| 10/21/2008 | $484.59 | $0.16 | 4332 | $690.16 | 4454 | $709.60 | AIA_19INSP_0106937-38 | Diners Club Statement dated September 25, 2008 | Check No. 201075 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0078598 | October 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0078615-16 | US Bank Canceled Check No. 201075 | |
| | | | | | | | AIA_19INSP_0106936 | AIA Insurance Check Stub | |
| 11/1/2008 | $122.85 | $0.04 | 4321 | $174.52 | 4443 | $179.45 | AIA_19INSP_0078747 | November 2008 AIA Insurance US Bank Statement | Check No. 201094 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078859-60 | US Bank Canceled Check No. 201094 | |
| 11/1/2008 | $42.76 | $0.01 | 4321 | $60.74 | 4443 | $62.46 | AIA_19INSP_0078747 | November 2008 AIA Insurance US Bank Statement | Check No. 201104 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078861-62 | US Bank Canceled Check No. 201104 | |
| 11/1/2008 | $29.30 | $0.01 | 4321 | $41.62 | 4443 | $42.80 | AIA_19INSP_0078747 | November 2008 AIA Insurance US Bank Statement | Check No. 201114 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0078863-64 | US Bank Canceled Check No. 201114 | |
| 11/11/2008 | $478.76 | $0.16 | 4311 | $678.55 | 4433 | $697.76 | AIA_19INSP_0078747 | November 2008 AIA Insurance US Bank Statement | Check No. 201126 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0078843-44 | US Bank Canceled Check No. 201126 | |
| 11/18/2008 | $1,212.95 | $0.40 | 4304 | $1,716.34 | 4426 | $1,764.99 | AIA_19INSP_0106934-35 | Diners Club Statement dated October 27, 2008 | Check No. 201149 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0078748 | November 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0078883-84 | US Bank Canceled Check No. 201149 | |
| | | | | | | | AIA_19INSP_0106933 | AIA Insurance Check Stub | |
| 12/1/2008 | $47.29 | $0.02 | 4291 | $66.71 | 4413 | $68.61 | AIA_19INSP_0069751 | December 2008 AIA Insurance US Bank Statement | Check No. 201163 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0069857-58 | US Bank Canceled Check No. 201163 | |
| 12/1/2008 | $252.71 | $0.08 | 4291 | $356.51 | 4413 | $366.64 | AIA_19INSP_0069751 | December 2008 AIA Insurance US Bank Statement | Check No. 201172 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0069859-60 | US Bank Canceled Check No. 201172 | |
| 12/9/2008 | $363.80 | $0.12 | 4283 | $512.27 | 4405 | $526.86 | AIA_19INSP_0069751 | December 2008 AIA Insurance US Bank Statement | Check No. 201191 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0069763-64 | US Bank Canceled Check No. 201191 | |
| 12/18/2008 | $1,075.78 | $0.35 | 4274 | $1,511.63 | 4396 | $1,554.78 | AIA_19INSP_0106930-32 | Diners Club Statement dated November 25, 2008 | Check No. 201214 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0069751 | December 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0069807-08 | US Bank Canceled Check No. 201214 | |
| | | | | | | | AIA_19INSP_0106929-32 | AIA Insurance Check Stub | |
| 1/1/2009 | $112.99 | $0.04 | 4260 | $158.25 | 4382 | $162.78 | AIA_19INSP_0053979 | January 2009 AIA Insurance US Bank Statement | Check No. 201226 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0054132-33 | US Bank Canceled Check No. 201226 | |
| 1/1/2009 | $85.52 | $0.03 | 4260 | $119.77 | 4382 | $123.21 | AIA_19INSP_0053979 | January 2009 AIA Insurance US Bank Statement | Check No. 201235 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0054134-35 | US Bank Canceled Check No. 201235 | |
| 1/1/2009 | $29.30 | $0.01 | 4260 | $41.04 | 4382 | $42.21 | AIA_19INSP_0053979 | January 2009 AIA Insurance US Bank Statement | Check No. 201243 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0054136-37 | US Bank Canceled Check No. 201243 | |
| 1/8/2009 | $258.47 | $0.08 | 4253 | $361.40 | 4375 | $371.77 | AIA_19INSP_0053983 | January 2009 AIA Insurance US Bank Statement | Check No. 201257 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0054498-99 | US Bank Canceled Check No. 201257 | |
| 1/15/2009 | $1,039.30 | $0.34 | 4246 | $1,450.81 | 4368 | $1,492.49 | AIA_19INSP_0053979 | January 2009 AIA Insurance US Bank Statement | Check No. 201763 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0054192-93 | US Bank Canceled Check No. 201763 | |
| 2/1/2009 | $122.85 | $0.04 | 4229 | $170.81 | 4351 | $175.73 | AIA_19INSP_0052467 | February 2009 AIA Insurance US Bank Statement | Check No. 202699 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0052858-59 | US Bank Canceled Check No. 202699 | |

Item No. 28   DLM - 107614

Page 4 of 13

Exhibit - 1, p. 793

Exhibit - A, p. 131

13-ER-3212

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/12/2009 | $209.38 | $0.07 | 4218 | $290.36 | 4340 | $298.75 | AIA_19INSP_0052468 | February 2009 AIA Insurance US Bank Statement | Check No. 202899 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0053941-42 | US Bank Canceled Check No. 202899 | |
| 3/1/2009 | $300.00 | $0.10 | 4201 | $414.35 | 4323 | $426.38 | AIA_19INSP_0051889 | March 2009 AIA Insurance US Bank Statement | Check No. 204041 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0052111 | US Bank Canceled Check No. 204041 | |
| 3/12/2009 | $4,665.16 | $1.53 | 4190 | $6,426.42 | 4312 | $6,613.54 | AIA_19INSP_0051889 | March 2009 AIA Insurance US Bank Statement | Check No. 203122 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0052365 | US Bank Canceled Check No. 203122 | |
| 3/17/2009 | $15.95 | $0.01 | 4185 | $21.95 | 4307 | $22.59 | AIA_19INSP_0051890 | March 2009 AIA Insurance US Bank Statement | Check No. 203170 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0052215 | US Bank Canceled Check No. 203170 | |
| 4/1/2009 | $300.00 | $0.10 | 4170 | $411.29 | 4292 | $423.32 | AIA_19INSP_0051586 | April 2009 AIA Insurance US Bank Statement | Check No. 203231 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0051798-99 | US Bank Canceled Check No. 203231 | |
| 4/9/2009 | $806.01 | $0.26 | 4162 | $1,102.89 | 4284 | $1,135.22 | AIA_19INSP_0051586 | April 2009 AIA Insurance US Bank Statement | Check No. 203277 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0051622-23 | US Bank Canceled Check No. 203277 | |
| 4/16/2009 | $740.27 | $0.24 | 4155 | $1,011.23 | 4277 | $1,040.92 | AIA_19INSP_0051586 | April 2009 AIA Insurance US Bank Statement | Check No. 203295 issued to Diners Club to AIA Inc. |
| | | | | | | | AIA_19INSP_0051786-87 | US Bank Canceled Check No. 203295 | |
| 5/1/2009 | $149.24 | $0.05 | 4140 | $203.13 | 4262 | $209.12 | AIA_19INSP_0051339 | May 2009 AIA Insurance US Bank Statement | Check No. 203351 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0051409-10 | US Bank Canceled Check No. 203351 | |
| 5/1/2009 | $32.22 | $0.01 | 4140 | $43.85 | 4262 | $45.15 | AIA_19INSP_0051339 | May 2009 AIA Insurance US Bank Statement | Check No. 203370 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0051411-12 | US Bank Canceled Check No. 203370 | |
| 5/14/2009 | $317.24 | $0.10 | 4127 | $430.44 | 4249 | $443.16 | AIA_19INSP_0051340 | May 2009 AIA Insurance US Bank Statement | Check No. 203440 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0051363-64 | US Bank Canceled Check No. 203440 | |
| 5/19/2009 | $305.95 | $0.10 | 4122 | $414.62 | 4244 | $426.89 | AIA_19INSP_0051340 | May 2009 AIA Insurance US Bank Statement | Check No. 203449 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0051509-10 | US Bank Canceled Check No. 203449 | |
| 6/1/2009 | $39.03 | $0.01 | 4109 | $52.73 | 4231 | $54.29 | AIA_19INSP_0051146 | May 2009 AIA Insurance US Bank Statement | Check No. 203473 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0051244-45 | US Bank Canceled Check No. 203473 | |
| 6/1/2009 | $260.97 | $0.09 | 4109 | $352.55 | 4231 | $363.01 | AIA_19INSP_0051146 | June 2009 AIA Insurance US Bank Statement | Check No. 203482 issued to Potlatch Credit Union by AIA Inc. |
| | | | | | | | AIA_19INSP_0051246-47 | US Bank Canceled Check No. 203482 | |
| 6/9/2009 | $277.09 | $0.09 | 4101 | $373.59 | 4223 | $384.71 | AIA_19INSP_0051147 | June 2009 AIA Insurance US Bank Statement | Check No. 203510 issued to Marshall's Auto Service by AIA Inc. |
| | | | | | | | AIA_19INSP_0051164-65 | US Bank Canceled Check No. 203510 | |
| 6/16/2009 | $574.13 | $0.19 | 4094 | $772.76 | 4216 | $795.79 | AIA_19INSP_0051147 | June 2009 AIA Insurance US Bank Statement | Check No. 203515 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0051330-31 | US Bank Canceled Check No. 203515 | |
| 6/16/2009 | $129.08 | $0.04 | 4094 | $173.74 | 4216 | $178.92 | AIA_19INSP_0051147 | June 2009 AIA Insurance US Bank Statement | Check No. 203519 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0051332-33 | US Bank Canceled Check No. 203519 | |
| 6/19/2009 | $258.99 | $0.09 | 4091 | $348.34 | 4213 | $358.73 | AIA_19INSP_0051146 | June 2009 AIA Insurance US Bank Statement | Check No. 203447 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0051236-37 | US Bank Canceled Check No. 203447 | |
| 7/9/2009 | $9.99 | $0.00 | 4071 | $13.37 | 4193 | $13.77 | AIA_19INSP_0051025 | July 2009 AIA Insurance US Bank Statement | Check No. 203565 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0051053-54 | US Bank Canceled Check No. 203565 | |
| 7/16/2009 | $850.92 | $0.28 | 4064 | $1,136.92 | 4186 | $1,171.05 | AIA_19INSP_0051026 | July 2009 AIA Insurance US Bank Statement | Check No. 203578 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0051111-12 | US Bank Canceled Check No. 203578 | |
| 8/11/2009 | $89.37 | $0.03 | 4038 | $118.64 | 4160 | $122.23 | AIA_19INSP_0050896 | August 2009 AIA Insurance US Bank Statement | Check No. 203623 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0050964-65 | US Bank Canceled Check No. 203623 | |
| 8/18/2009 | $250.15 | $0.08 | 4031 | $331.51 | 4153 | $341.55 | AIA_19INSP_0050896 | August 2009 AIA Insurance US Bank Statement | Check No. 203633 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0051014-15 | US Bank Canceled Check No. 203633 | |
| 8/27/2009 | $1,671.54 | $0.55 | 4022 | $2,210.28 | 4144 | $2,277.32 | AIA_19INSP_0050787 | September 2009 AIA Insurance US Bank Statement | Check No. 203644 issued to Bruneel Tire Factory by AIA Inc. |
| | | | | | | | AIA_19INSP_0050863-64 | US Bank Canceled Check No. 203644 | |
| 9/8/2009 | $112.91 | $0.04 | 4010 | $148.86 | 4132 | $153.38 | AIA_19INSP_0050787 | September 2009 AIA Insurance US Bank Statement | Check No. 203666 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0050823-24 | US Bank Canceled Check No. 203666 | |
| 10/20/2009 | $14.99 | $0.00 | 3968 | $19.56 | 4090 | $20.16 | AIA_19INSP_0050690 | October 2009 AIA Insurance US Bank Statement | Check No. 203716 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0050756-57 | US Bank Canceled Check No. 203716 | |
| 10/29/2009 | $93.26 | $0.03 | 3959 | $121.39 | 4081 | $125.13 | AIA_19INSP_0050608 | November 2009 AIA Insurance US Bank Statement | Check No. 203737 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0050655 | US Bank Canceled Check No. 203737 | |
| 12/1/2009 | $1,061.92 | $0.35 | 3926 | $1,370.66 | 4048 | $1,413.26 | AIA_19INSP_0050483 | December 2009 AIA Insurance US Bank Statement | Check No. 203790 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0050560-61 | US Bank Canceled Check No. 203790 | |
| 12/22/2009 | $193.39 | $0.06 | 3905 | $248.28 | 4027 | $256.04 | AIA_19INSP_0050483 | December 2009 AIA Insurance US Bank Statement | Check No. 203823 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0050540-41 | US Bank Canceled Check No. 203823 | |

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/22/2009 | $31.90 | $0.01 | 3905 | $40.95 | 4027 | $42.23 | AIA_19INSP_0050483 | December 2009 AIA Insurance US Bank Statement | Check No. 203824 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050542-43 | US Bank Canceled Check No. 203824 |  |
| 1/7/2010 | $118.76 | $0.04 | 3889 | $151.84 | 4011 | $156.61 | AIA_19INSP_0050284 | January 2010 AIA Insurance US Bank Statement | Check No. 203855 issued to Marshall's Auto Service by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050390-91 | US Bank Canceled Check No. 203855 |  |
| 1/14/2010 | $232.32 | $0.08 | 3882 | $296.50 | 4004 | $305.82 | AIA_19INSP_0050284 | January 2010 AIA Insurance US Bank Statement | Check No. 203871 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050402-03 | US Bank Canceled Check No. 203871 |  |
| 1/19/2010 | $243.21 | $0.08 | 3877 | $310.00 | 3999 | $319.76 | AIA_19INSP_0050284 | January 2010 AIA Insurance US Bank Statement | Check No. 203878 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050322-23 | US Bank Canceled Check No. 203878 |  |
| 2/16/2010 | $619.89 | $0.20 | 3849 | $784.42 | 3971 | $809.29 | AIA_19INSP_0050207 | February 2010 AIA Insurance US Bank Statement | Check No. 203913 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050252-53 | US Bank Canceled Check No. 203913 |  |
| 2/25/2010 | $150.00 | $0.05 | 3840 | $189.37 | 3962 | $195.39 | AIA_19INSP_0050074 | March 2010 AIA Insurance US Bank Statement | Check No. 203922 issued to American Express by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050136-37 | US Bank Canceled Check No. 203922 |  |
| 3/16/2010 | $374.80 | $0.12 | 3821 | $470.83 | 3943 | $485.86 | AIA_19INSP_0050075 | March 2010 AIA Insurance US Bank Statement | Check No. 203979 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0050116-17 | US Bank Canceled Check No. 203979 |  |
| 4/13/2010 | $118.22 | $0.04 | 3793 | $147.42 | 3915 | $152.16 | AIA_19INSP_0049971 | April 2010 AIA Insurance US Bank Statement | Check No. 204007 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049989-90 | US Bank Canceled Check No. 204007 |  |
| 5/6/2010 | $287.50 | $0.09 | 3770 | $356.34 | 3892 | $367.87 | AIA_19INSP_0049878 | May 2010 AIA Insurance US Bank Statement | Check No. 204052 issued to American Express by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049904-05 | US Bank Canceled Check No. 204052 |  |
| 5/13/2010 | $721.89 | $0.24 | 3763 | $893.09 | 3885 | $922.04 | AIA_19INSP_0049878 | May 2010 AIA Insurance US Bank Statement | Check No. 204062 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049930-31 | US Bank Canceled Check No. 204062 |  |
| 5/15/2010 | $1,259.60 | $0.41 | 3761 | $1,557.49 | 3883 | $1,608.01 | AIA_19INSP_0049739 | June 2010 AIA Insurance US Bank Statement | Check No. 204115 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049789-90 | US Bank Canceled Check No. 204115 |  |
| 5/18/2010 | $498.80 | $0.16 | 3758 | $616.27 | 3880 | $636.28 | AIA_19INSP_0049879 | May 2010 AIA Insurance US Bank Statement | Check No. 204063 issued to Wells Fargo by AIA inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049944-45 | US Bank Canceled Check No. 204063 |  |
| 7/13/2010 | $194.89 | $0.06 | 3702 | $237.20 | 3824 | $245.02 | AIA_19INSP_0049633 | July 2010 AIA Insurance US Bank Statement | Check No. 204162 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049673-74 | US Bank Canceled Check No. 204162 |  |
| 7/13/2010 | $812.13 | $0.27 | 3702 | $988.44 | 3824 | $1,021.01 | AIA_19INSP_0049633 | July 2010 AIA Insurance US Bank Statement | Check No. 204167 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049677-78 | US Bank Canceled Check No. 204167 |  |
| 8/17/2010 | $405.19 | $0.13 | 3667 | $488.49 | 3789 | $504.74 | AIA_19INSP_0049514 | August 2010 AIA Insurance US Bank Statement | Check No. 204212 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049577-78 | US Bank Canceled Check No. 204212 |  |
| 9/14/2010 | $311.99 | $0.10 | 3639 | $373.26 | 3761 | $385.77 | AIA_19INSP_0049420 | September 2010 AIA Insurance US Bank Statement | Check No. 204252 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049485-86 | US Bank Canceled Check No. 204252 |  |
| 10/14/2010 | $427.86 | $0.14 | 3609 | $507.66 | 3731 | $524.83 | AIA_19INSP_0049317 | October 2010 AIA Insurance US Bank Statement | Check No. 204301 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049343-44 | US Bank Canceled No. 204301 |  |
| 11/16/2010 | $549.88 | $0.18 | 3576 | $646.48 | 3698 | $668.53 | AIA_19INSP_0049237 | November 2010 AIA Insurance US Bank Statement | Check No. 204343 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049310-11 | US Bank Canceled No. 204343 |  |
| 11/30/2010 | $193.39 | $0.06 | 3562 | $226.47 | 3684 | $234.23 | AIA_19INSP_0049142 | December 2010 AIA Insurance US Bank Statement | Check No. 204350 issued to American Express by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049165-66 | US Bank Canceled Check No. 204350 |  |
| 12/14/2010 | $575.41 | $0.19 | 3548 | $671.20 | 3670 | $694.28 | AIA_19INSP_0049142 | December 2010 AIA Insurance US Bank Statement | Check No. 204375 issued to American Express by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049223-24 | US Bank Canceled Check No. 204375 |  |
| 1/13/2011 | $374.35 | $0.12 | 3518 | $432.97 | 3640 | $447.99 | AIA_19INSP_0049042 | January 2011 AIA Insurance US Bank Statement | Check No. 204417 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049120-21 | US Bank Canceled Check No. 204417 |  |
| 2/15/2011 | $131.95 | $0.04 | 3485 | $151.18 | 3607 | $156.47 | AIA_19INSP_0048934 | February 2011 AIA Insurance US Bank Statement | Check No. 204472 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049006-07 | US Bank Canceled Check No. 204472 |  |
| 2/15/2011 | $1,559.34 | $0.51 | 3485 | $1,786.62 | 3607 | $1,849.16 | AIA_19INSP_0048934 | February 2011 AIA Insurance US Bank Statement | Check No. 204475 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0049020-21 | US Bank Canceled Check No. 204475 |  |
|  |  |  |  |  |  |  | AIAPROD00297640 | AIA Insurance Check Register |  |
| 3/15/2011 | $4,958.79 | $1.63 | 3457 | $5,635.90 | 3579 | $5,834.80 | AIA_19INSP_0048839 | March 2011 AIA Insurance US Bank Statement | Check No. 204511 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0048858-59 | US Bank Canceled Check No. 204511 |  |
| 3/15/2011 | $459.95 | $0.15 | 3457 | $522.76 | 3579 | $541.20 | AIA_19INSP_0048839 | March 2011 AIA Insurance US Bank Statement | Check No. 204507 issued to Wells Fargo by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0048860-61 | US Bank Canceled Check No. 204507 |  |
| 4/14/2011 | $3,903.50 | $1.28 | 3427 | $4,398.01 | 3549 | $4,554.58 | AIA_19INSP_0048737 | April 2011 AIA Insurance US Bank Statement | Check No. 204562 issued to Diners Club by AIA Inc. |
|  |  |  |  |  |  |  | AIA_19INSP_0048836-37 | US Bank Canceled Check No. 204562 |  |

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/12/2011 | $374.84 | $0.12 | 3399 | $418.88 | 3521 | $433.91 | AIA_19INSP_0048644 | May 2011 AIA Insurance US Bank Statement | Check No. 204601 issued to Diners Club by AIA Inc. (3/23-4/25/11 TRAVEL EXP) |
| | | | | | | | AIA_19INSP_0048716-17 | US Bank Canceled Check No. 204601 | |
| | | | | | | | AIAPROD00297642 | AIA Insurance Check Register | |
| 5/17/2011 | $357.32 | $0.12 | 3394 | $398.71 | 3516 | $413.04 | AIA_19INSP_0048644 | May 2011 AIA Insurance US Bank Statement | Check No. 204604 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0048730-31 | US Bank Canceled Check No. 204606 | |
| 6/14/2011 | $1,755.57 | $0.58 | 3366 | $1,942.77 | 3488 | $2,013.18 | AIA_19INSP_0048539 | June 2011 AIA Insurance US Bank Statement | Check No. 204643 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0048629-30 | US Bank Canceled Check No. 204643 | |
| 6/14/2011 | $955.61 | $0.31 | 3366 | $1,057.51 | 3488 | $1,095.84 | AIA_19INSP_0048549 | June 2011 AIA Insurance US Bank Statement | Check No. 204645 issued to Diners Club (4/25-5/24/11 TRAVEL EXP) |
| | | | | | | | AIA_19INSP_0048633-34 | US Bank Canceled Check No. 204645 | |
| | | | | | | | AIAPROD00297642 | AIA Insurance Check Register | |
| 7/15/2011 | $1,249.20 | $0.41 | 3335 | $1,369.67 | 3457 | $1,419.78 | AIA_19INSP_0048446 | July 2011 AIA Insurance US Bank Statement | Check No. 204690 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0048538-39 | US Bank Canceled Check No. 204690 | |
| 9/13/2011 | $723.41 | $0.24 | 3275 | $778.90 | 3397 | $807.92 | AIA_19INSP_0048271 | September 2011 AIA Insurance US Bank Statement | Check No. 204764 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0048354-55 | US Bank Canceled Check No. 204764 | |
| 10/11/2011 | $1,352.81 | $0.44 | 3247 | $1,444.13 | 3369 | $1,498.39 | AIA_19INSP_0048187 | October 2011 AIA Insurance US Bank Statement | Check No. 204796 issued to Wells Fargo by AIA inc. |
| | | | | | | | AIA_19INSP_0048230-31 | US Bank Canceled Check No. 204796 | |
| 11/16/2011 | $159.60 | $0.05 | 3211 | $168.49 | 3333 | $174.89 | AIA_19INSP_0048087 | November 2011 AIA Insurance US Bank Statement | Check No. 204845 issued to Diners Club by AIA Inc. (9/23-10/25/11 TRAVEL) |
| | | | | | | | AIA_19INSP_0048124-25 | US Bank Canceled Check No. 204845 | |
| | | | | | | | AIAPROD00297644 | AIA Insurance Check Register | |
| 1/3/2012 | $855.08 | $0.28 | 3163 | $889.19 | 3285 | $923.49 | AIA_19INSP_0048012 | January 2012 AIA Insurance US Bank Statement | Check No. 204904 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0048072-73 | US Bank Canceled Check No. 204904 | |
| 2/14/2012 | $760.00 | $0.25 | 3121 | $779.82 | 3243 | $810.31 | AIA_19INSP_0047925 | February 2012 AIA Insurance US Bank Statement | Check No. 204953 issued to Diners Club by AIA Inc. (01/12 CC-ID BAR ASSOC) |
| | | | | | | | AIA_19INSP_0047963-64 | US Bank Canceled Check No. 204953 | |
| | | | | | | | AIAPROD00297645 | Services Check Register from 1-1-2008 through 4-30- | |
| 2/14/2012 | $2,287.27 | $0.75 | 3121 | $2,346.93 | 3243 | $2,438.67 | AIA_19INSP_0047925 | February 2012 AIA Insurance US Bank Statement | Check No. 204950 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047967-68 | US Bank Canceled Check No. 204950 | |
| 3/8/2012 | $396.24 | $0.13 | 3098 | $403.58 | 3220 | $419.47 | AIA_19INSP_0047848 | March 2012 AIA Insurance US Bank Statement | Check No. 204980 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047862-63 | US Bank Canceled Check No. 204980 | |
| 3/9/2012 | $15,000.00 | $4.93 | 3097 | $15,272.88 | 3219 | $15,874.52 | AIA_19INSP_0047848 | March 2012 AIA Insurance US Bank Statement | Check No. 204978 issued to Pacific Empire Radio Corp by AIA Insurance Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0047884-85 | US Bank Canceled Check No. 204978 | |
| | | | | | | | AIAPROD00297645 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | Payments to John Taylor from Nov 2011 to May 2013 | |
| 3/13/2012 | $405.50 | $0.13 | 3093 | $412.34 | 3215 | $428.61 | AIA_19INSP_0047848 | March 2012 AIA Insurance US Bank Statement | Check No. 204991 issued to Diners Club by AIA Inc. (1/25/12-2/24/12 SUBURBAN) |
| | | | | | | | AIA_19INSP_0047898-99 | US Bank Canceled Check No. 204991 | |
| | | | | | | | AIAPROD00297645 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 4/10/2012 | $153.43 | $0.05 | 3065 | $154.61 | 3187 | $160.76 | AIA_19INSP_0047751 | April 2012 AIA Insurance US Bank Statement | Check No. 205020 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047761-62 | US Bank Canceled Check No. 205020 | |
| 5/7/2012 | $96.00 | $0.03 | 3038 | $95.88 | 3160 | $99.73 | AIAPROD00297646 | surance Check Register from 1-1-2011 through 12-30-2013 | |
| 5/9/2012 | $255.32 | $0.08 | 3036 | $254.84 | 3158 | $265.09 | AIA_19INSP_0047671 | May 2012 AIA Insurance US Bank Statement | Check No. 205051 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047734-35 | US Bank Canceled Check No. 205051 | |
| 5/10/2012 | $75,000.00 | $24.66 | 3035 | $3,157.00 | 3157 | $77,843.84 | AIA_19INSP_0047671 | May 2012 AIA Insurance US Bank Statement | Check No. 205058 issued to Pacific Empire Radio Corp by AIA Insurance Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0047718-19 | US Bank Canceled Check No. 205058 | |
| | | | | | | | AIAPROD00297646 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | Payments to John Taylor from Nov 2011 to May 2013 | |
| 5/15/2012 | $273.00 | $0.09 | 3030 | $271.95 | 3152 | $282.90 | RJT 087327 | | Check No. 15831 issued to Diners Club (3/23/12 KURT LUCHS TRIP) |
| 6/5/2012 | $637.71 | $0.21 | 3009 | $630.86 | 3131 | $656.44 | AIA_19INSP_0047588 | June 2012 AIA Insurance US Bank Statement | Check No. 205085 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047620-21 | US Bank Canceled Check No. 205085 | |
| 6/26/2012 | $161.14 | $0.05 | 2988 | $158.30 | 3110 | $164.76 | AIA_19INSP_0047588 | June 2012 AIA Insurance US Bank Statement | Check No. 205109 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0047616-17 | US Bank Canceled Check No. 205109 | |

Item No. 28   **DLM - 107617**

Page 7 of 13

**Exhibit - 1, p. 796**

**Exhibit - A, p. 134**

**13-ER-3215**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/6/2012 | $42,500.00 | $13.97 | 2978 | $41,610.41 | 3100 | $43,315.07 | AIA_19INSP_0015062 | July 2012 US Bank AIA Services US Bank Statement | Check No. 15841 issued to Pacific Empire Radio Corp by AIA Services<br>Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0015065 | AIA Services July 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087327 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | GC0769585 | "Payments to John Taylor from Nov 2011 to May 2013" | |
| 7/10/2012 | $692.00 | $0.23 | 2974 | $676.61 | 3096 | $704.36 | RJT 087327 | | Check No. 15842 issued to Diners Club (6/12 KURT LUCHS TRAVEL) |
| 7/12/2012 | $156.50 | $0.05 | 2972 | $152.92 | 3094 | $159.19 | AIA_19INSP_0047508 | July 2012 US Bank AIA Services US Bank Statement | Check No. 205126 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047567-68 | US Bank Canceled Check No. 205126 | |
| 8/9/2012 | $428.90 | $0.14 | 2944 | $415.13 | 3066 | $432.33 | AIA_19INSP_0047400 | August 2012 US Bank AIA Insurance US Bank Statement | Check No. 205170 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047423-24 | US Bank Canceled Check No. 205170 | |
| 8/23/2012 | $102.00 | $0.03 | 2930 | $98.26 | 3052 | $102.35 | AIA_19INSP_0047401 | August 2012 AIA Insurance US Bank Statement | Check No. 205181 issued to George's Lock & Key by AIA Insurance<br>Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0047441-42 | US Bank Canceled Check No. 205181 | |
| | | | | | | | AIAPROD00297647 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | Payments to John Taylor from Nov 2011 to May 2013 | |
| 8/29/2012 | $28,414.33 | $9.34 | 2924 | $27,315.12 | 3046 | $28,454.81 | AIA_19INSP_0004303 | Transfer Instructions dated August 29, 2012 | Johnson Theodore L Revocable Trust<br>4680 W Cornerstone Lane, Eagle, Idaho ($4,059.78)<br>4602 W Cornerstone Lane, Eagle, Idaho ($4,061.15)<br>4550 W Cornerstone Lane, Eagle, Idaho ($4,059.78) |
| | | | | | | | AIA_19INSP_0004309-15 | Ada County Notices of Deliquent Taxes | |
| | | | | | | | AIA_19INSP_0015068 | August 2012 AIA Services Corp US Bank Statement | |
| | | | | | | | AIA_19INSP_0015070 | rmation of Wire to Ada County Tax Collector dated A | |
| 9/11/2012 | $168.99 | $0.06 | 2911 | $161.73 | 3033 | $168.51 | AIA_19INSP_0047318 | September 2012 AIA Insurance US Bank Statement | Check No. 205206 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047359-60 | US Bank Canceled Check No. 205206 | |
| 9/25/2012 | $36,168.24 | $11.89 | 2897 | $34,448.02 | 3019 | $35,898.71 | AIA_19INSP_0047318 | September 2012 AIA Insurance US Bank Statement | Check No. 205224 issued to Sterling Savings Bank (R JOHN TAYLOR 600732735-1)<br>Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0047331-32 | US Bank Canceled Check No. 205224 | |
| | | | | | | | AIAPROD00297648 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | "Payments to John Taylor from Nov 2011 to May 2013" | |
| 11/6/2012 | $248.85 | $0.08 | 2855 | $233.58 | 2977 | $243.56 | AIA_19INSP_0047249 | November 2012 AIA Services US Bank Statement | Check No. 205275 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047265-66 | US Bank Canceled Check No. 205275 | |
| 11/7/2012 | $10,000.00 | $3.29 | 2854 | $9,383.01 | 2976 | $9,784.11 | AIA_19INSP_0015086 | November 2012 AIA Services US Bank Statement | Check No. 15886 issued to Pacific Empire Radio Corp by AIA Services<br>Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0015089 | AIA Services November 2012 Check Reconcile Close List | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | GC0769585 | "Payments to John Taylor from Nov 2011 to May 2013" | |
| 12/21/2012 | $57,500.00 | $18.90 | 2810 | $53,120.55 | 2932 | $55,426.85 | GC0778095 | December 2012 AIA Services Corporation Syringa Bank Statement | Syringa Bank Check written to "Cash" and signed by John Taylor |
| | | | | | | | GC0778096 | Syringa Bank Canceled Check No. 0 | |
| 1/11/2013 | $10,000.00 | $3.29 | 2789 | $9,169.32 | 2911 | $9,570.41 | AIA_19INSP_0047174 | January 2013 AIA Insurance US Bank Statement | Check No. 205344 issued to Pacific Empire Radio Corp by AIA Inc.<br>Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0047186-87 | US Bank Canceled Check No. 205344 | |
| | | | | | | | AIAPROD00297649 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | Payments to John Taylor from Nov 2011 to May 2013 | |
| 1/15/2013 | $559.98 | $0.18 | 2785 | $512.73 | 2907 | $535.19 | AIA_19INSP_0047174 | January 2013 AIA Insurance US Bank Statement | Check No. 205349 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0047192-93 | US Bank Canceled Check No. 205349 | |
| 2/4/2013 | $15,250.00 | $5.01 | 2765 | $13,862.88 | 2887 | $14,474.55 | AIA_19INSP_0047007 | February 2013 AIA Insurance US Bank Statement | Check No. 205377 issued to Pacific Empire Radio Corp by AIA Inc.<br>Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0047017-18 | US Bank Canceled Check No. 205377 | |
| | | | | | | | AIAPROD00297649 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | "Payments to John Taylor from Nov 2011 to May 2013" | |

Item No. 28   **DLM - 107618**

Page 8 of 13

**Exhibit - 1, p. 797**

**Exhibit - A, p. 135**

**13-ER-3216**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/6/2013 | $15,243.00 | $5.01 | 2735 | $13,706.17 | 2857 | $14,317.56 | AIA_19INSP_0046932 | March 2013 AIA Insurance US Bank Statement | Check No. 205413 issued to Pacific Empire Radio Corp by AIA Inc. Included as a payment to John Taylor on GemCap's Ledger |
| | | | | | | | AIA_19INSP_0046942-43 | US Bank Canceled Check No. 205413 | |
| | | | | | | | AIAPROD00297649 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | | | | | | | GC0769584 | "Payments to John Taylor from Nov 2011 to May 2013" | |
| 3/12/2013 | $62.76 | $0.02 | 2729 | $56.31 | 2851 | $58.83 | AIA_19INSP_0046932 | March 2013 AIA Insurance US Bank Statement | Check No. 205420 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046962-63 | US Bank Canceled Check No. 205420 | |
| 4/9/2013 | $219.73 | $0.07 | 2701 | $195.12 | 2823 | $203.93 | AIA_19INSP_0050411 | April 2013 AIA Insurance US Bank Statement | Check No 205448 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0050475-76 | US Bank Canceled Check No. 205448 | |
| 5/7/2013 | $205.00 | $0.07 | 2673 | $180.15 | 2795 | $188.38 | AIA_19INSP_0046873 | May 2013 AIA Insurance US Bank Statement | Check No. 205470 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046905-06 | US Bank Canceled Check No. 205470 | |
| 7/22/2013 | $1,674.12 | $0.55 | 2597 | $1,429.38 | 2719 | $1,496.53 | AIA_19INSP_0046712 | July 2013 AIA Insurance US Bank Statement | Check No. 205551 issued to Bob Jackson Body Repair by AIA Inc. |
| | | | | | | | AIA_19INSP_0046763-64 | US Bank Canceled Check No. 205551 | |
| 8/16/2013 | $5,670.18 | $1.86 | 2572 | $4,794.64 | 2694 | $5,022.07 | AIA_19INSP_0046540 | August 2013 AIA Insurance US Bank Statement | Check No. 205600 issued to Diners Club by AIA Inc. (#5528 4000 3931 1356) |
| | | | | | | | AIA_19INSP_0046677-78 | US Bank Canceled Check No. 205600 | |
| | | | | | | | AIAPROD00297651 | AIA Insurance Check Register | |
| 9/19/2013 | $5,824.30 | $1.91 | 2538 | $4,859.86 | 2660 | $5,093.47 | AIA_19INSP_0046515 | September 2013 AIA Insurance US Bank Statement | Check No. 205709 issued to Diners Club by AIA Inc. (7/25-8/24/13 JT TRAVEL) |
| | | | | | | | AIA_19INSP_0046528 | US Bank Canceled Check No. 205709 | |
| | | | | | | | AIAPROD00297652 | AIA Insurance Check Register | |
| 10/21/2013 | $6,042.08 | $1.99 | 2506 | $4,978.01 | 2628 | $5,220.36 | AIA_19INSP_0046491 | October 2013 AIA Insurance US Bank Statement | Check No. 205827 issued to Diners Club by AIA Inc. (8/15-9/24 JT TRAVEL-CROP) |
| | | | | | | | AIA_19INSP_0046506 | US Bank Canceled Check No. 205827 | |
| | | | | | | | AIAPROD00297653 | AIA Insurance Check Register | |
| 11/20/2013 | $155.49 | $0.05 | 2476 | $126.57 | 2598 | $132.81 | AIA_19INSP_0046463 | November 2013 AIA Insurance US Bank Statement | Check No. 205925 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046479 | US Bank Canceled Check No. 205925 | |
| 11/27/2013 | $5,609.60 | $1.84 | 2469 | $4,553.46 | 2591 | $4,778.46 | AIA_19INSP_0046433 | December 2013 AIA Insurance US Bank Statement | Check No. 205973 issued to Diners Club (9/25-10/24/13 JT CROPUSA) |
| | | | | | | | AIA_19INSP_0046440 | US Bank Canceled Check No. 205973 | |
| | | | | | | | AIAPROD00297655 | AIA Insurance Check Register | |
| 11/27/2013 | $737.12 | $0.24 | 2469 | $598.34 | 2591 | $627.91 | AIA_19INSP_0046463 | November 2013 AIA Insurance US Bank Statement | Check No. 205990 issued to Sterling Savings Bank (NOV13 LOAN PMT-JT) |
| | | | | | | | AIA_19INSP_0046482 | US Bank Canceled Check No. 205990 | |
| | | | | | | | AIAPROD00297655 | AIA Insurance Check Register | |
| 12/23/2013 | $497.34 | $0.16 | 2443 | $399.45 | 2565 | $419.40 | AIA_19INSP_0046433 | December 2013 AIA Insurance US Bank Statement | Check No. 206038 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046447 | US Bank Canceled Check No. 206038 | |
| 12/23/2013 | $5,173.23 | $1.70 | 2565 | $4,362.52 | 2565 | $4,362.52 | AIA_19INSP_0046434 | December 2013 AIA Insurance US Bank Statement | Check No. 206049 issued to Diners Club (10/23-11/24 JT TRVL-CUSA) |
| | | | | | | | AIA_19INSP_0046448 | US Bank Canceled Check No. 206049 | |
| | | | | | | | AIAPROD00297655 | AIAI Insurance Check Register | |
| 1/13/2014 | $298.58 | $0.10 | 2422 | $237.75 | 2544 | $249.73 | AIA_19INSP_0046402 | January 2014 AIA Insurance US Bank Statement | Check No. 206118 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046413 | US Bank Canceled Check No. 206118 | |
| 1/29/2014 | $6,966.38 | $2.29 | 2406 | $5,510.50 | 2528 | $5,789.92 | AIA_19INSP_0046376 | February 2014 AIA Insurance US Bank Statement | Check No. 206151 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0046380 | US Bank Canceled Check No. 206151 | |
| 2/13/2014 | $432.71 | $0.14 | 2391 | $340.15 | 2513 | $357.50 | AIA_19INSP_0046376 | February 2014 AIA Insurance US Bank Statement | Check No. 206205 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046386 | US Bank Canceled Check No. 206205 | |
| 2/26/2014 | $3,664.38 | $1.20 | 2378 | $2,864.84 | 2500 | $3,011.82 | AIA_19INSP_0046262 | March 2014 AIA Insurance US Bank Statement | Check No. 206231 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0046256 | US Bank Canceled Check No. 206231 | |
| 3/27/2014 | $717.37 | $0.24 | 2349 | $554.01 | 2471 | $582.78 | AIA_19INSP_0046261 | March 2014 AIA Insurance US Bank Statement | Check No. 206317 issued to Sterling Savings Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0046248 | US Bank Canceled Check No. 206317 | |
| 3/27/2014 | $5,180.25 | $1.70 | 2349 | $4,000.57 | 2471 | $4,208.35 | AIA_19INSP_0046261 | March 2014 AIA Insurance US Bank Statement | Check No. 206306 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0046249 | US Bank Canceled Check No. 206306 | |
| 4/10/2014 | $661.55 | $0.22 | 2335 | $507.85 | 2457 | $534.39 | AIA_19INSP_0046218 | April 2014 AIA Insurance US Bank Statement | Check No. 206344 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046226 | US Bank Canceled Check No. 206344 | |
| 4/28/2014 | $782.81 | $0.26 | 2317 | $596.31 | 2439 | $627.71 | AIA_19INSP_0046218 | April 2014 AIA Insurance US Bank Statement | Check No. 206377 issued to Sterling Savings Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0046229 | US Bank Canceled Check No. 206377 | |
| 4/30/2014 | $2,159.00 | $0.71 | 2315 | $1,643.21 | 2437 | $1,729.80 | AIA_19INSP_0046188 | May 2014 AIA Insurance US Bank Statement | Check No. 2063622 issued to Diners Club by AIA Inc. |
| | | | | | | | AIA_19INSP_0046195 | US Bank Canceled Check No. 206382 | |

Item No. 28     **DLM - 107619**     Page 9 of 13     **Exhibit - 1, p. 798**

**Exhibit - A, p. 136**

**13-ER-3217**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/9/2014 | $1,487.54 | $0.49 | 2306 | $1,127.76 | 2428 | $1,187.42 | AIA_19INSP_0046188 | May 2014 AIA Insurance US Bank Statement | Check No. 206406 issued to Sterling Savings Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0046198 | US Bank Canceled Check No. 206406 | |
| 5/13/2014 | $223.13 | $0.07 | 2302 | $168.87 | 2424 | $177.82 | AIA_19INSP_0046188 | May 2014 AIA Insurance US Bank Statement | Check No. 206413 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046198 | US Bank Canceled Check No. 206413 | |
| 6/6/2014 | $727.64 | $0.24 | 2278 | $544.95 | 2400 | $574.14 | AIA_19INSP_0046171 | June 2014 AIA Insurance US Bank Statement | Check No. 206452 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046176 | US Bank Canceled Check No. 206452 | |
| 7/7/2014 | $587.28 | $0.19 | 2247 | $433.85 | 2369 | $457.40 | AIA_19INSP_0046161 | July 2014 AIA Insurance US Bank Statement | Check No. 206481 issued to Umpqua Bank |
| | | | | | | | AIA_19INSP_0046166 | US Bank Canceled Check No. 206481 | |
| | | | | | | | AIA_19INSP_0046162-69 | | |
| 7/14/2014 | $224.47 | $0.07 | 2240 | $165.31 | 2362 | $174.31 | AIA_19INSP_0046161 | July 2014 AIA Insurance US Bank Statement | Check No. 206483 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046166 | US Bank Canceled Check No. 206483 | |
| 8/7/2014 | $669.06 | $0.22 | 2216 | $487.44 | 2338 | $514.28 | AIA_19INSP_0046237 | August 2014 AIA Insurance US Bank Statement | Check No. 206517 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0046242 | US Bank Canceled Check No. 206517 | |
| 8/12/2014 | $500.00 | $0.16 | 2211 | $363.45 | 2333 | $383.51 | AIA_19INSP_0046237 | August 2014 AIA Insurance US Bank Statement | Check No. 206519 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0046242 | US Bank Canceled Check No. 206519 | |
| 9/17/2014 | $202.69 | $0.07 | 2175 | $144.94 | 2297 | $153.07 | AIA_19INSP_0015671 | September 2014 AIA Insurance US Bank Statement | Check No. 206553 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015676 | US Bank Canceled Check No. 206553 | |
| 9/28/2014 | $750.00 | $0.25 | 2164 | $533.59 | 2286 | $563.67 | AIA_19INSP_0015671 | September 2014 AIA Insurance US Bank Statement | Check No. 206558 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015677 | US Bank Canceled Check No. 206558 | |
| 10/15/2014 | $932.88 | $0.31 | 2147 | $658.49 | 2269 | $695.90 | AIA_19INSP_0015686 | October 2014 AIA Insurance US Bank Statement | Check No. 206586 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015693 | US Bank Canceled Check No. 206586 | |
| 10/28/2014 | $750.00 | $0.25 | 2134 | $526.19 | 2256 | $556.27 | AIA_19INSP_0015686 | October 2014 AIA Insurance US Bank Statement | Check No. 206589 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015693 | US Bank Canceled Check No. 206589 | |
| 12/9/2014 | $750.00 | $0.25 | 2092 | $515.84 | 2214 | $545.92 | AIA_19INSP_0015717 | December 2014 AIA Insurance US Bank Statement | Check No. 206631 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015722 | US Bank Canceled Check No. 206631 | |
| 12/15/2014 | $400.00 | $0.13 | 2086 | $274.32 | 2208 | $290.37 | AIA_19INSP_0015717 | December 2014 AIA Insurance US Bank Statement | Check No. 206638 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015723 | US Bank Canceled Check No. 206638 | |
| 12/29/2014 | $475.00 | $0.16 | 2072 | $323.57 | 2194 | $342.62 | AIA_19INSP_0015717 | December 2014 AIA Insurance US Bank Statement | Check No. 206646 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015723 | US Bank Canceled Check No. 206646 | |
| 2/19/2015 | $430.00 | $0.14 | 2020 | $285.57 | 2142 | $302.81 | AIA_19INSP_0015360 | February 2015 AIA Insurance US Bank Statement | Check No. 206681 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015366 | US Bank Canceled Check No. 206681 | |
| 3/10/2015 | $709.42 | $0.23 | 2001 | $466.70 | 2123 | $495.16 | AIA_19INSP_0015374 | March 2015 AIA Insurance US Bank Statement | Check No. 206697 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015379 | US Bank Canceled Check No. 206697 | |
| 3/15/2015 | $175.81 | $0.06 | 1996 | $115.37 | 2118 | $122.42 | AIA_19INSP_0015374 | March 2015 AIA Insurance US Bank Statement | Check No. 206704 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015380 | US Bank Canceled Check No. 206704 | |
| 4/14/2015 | $500.00 | $0.16 | 1966 | $323.18 | 2088 | $343.23 | AIA_19INSP_0015388 | April 2015 AIA Insurance US Bank Statement | Check No. 206732 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015394 | US Bank Canceled Check No. 206732 | |
| 5/5/2015 | $750.00 | $0.25 | 1945 | $479.59 | 2067 | $509.67 | AIA_19INSP_0015402 | May 2015 AIA Insurance US Bank Statement | Check No. 206742 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015407 | US Bank Canceled Check No. 206742 | |
| 5/12/2015 | $600.00 | $0.20 | 1938 | $382.29 | 2060 | $406.36 | AIA_19INSP_0015402 | May 2015 AIA Insurance US Bank Statement | Check No. 206751 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015408 | US Bank Canceled Check No. 206751 | |
| 5/25/2015 | $460.20 | $0.15 | 1925 | $291.25 | 2047 | $309.71 | AIA_19INSP_0015416 | June 2015 AIA Insurance US Bank Statement | Check No. 206755 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0015420 | US Bank Canceled Check No. 206755 | |
| 6/5/2015 | $750.00 | $0.25 | 1914 | $471.95 | 2036 | $502.03 | AIA_19INSP_0015416 | June 2015 AIA Insurance US Bank Statement | Check No. 206764 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19NSP_0015421 | US Bank Canceled Check No. 206764 | |
| 6/23/2015 | $3,522.15 | $1.16 | 1896 | $2,195.51 | 2018 | $2,336.78 | AIA_19INSP_0015416 | June 2015 AIA Insurance US Bank Statement | Check No. 206781 issued to American Express by AIA Inc. |
| | | | | | | | AIA_19INSP_0015423 | US Bank Canceled Check No. 206781 | |
| 7/1/2015 | $1,734.56 | $0.57 | 1888 | $1,076.66 | 2010 | $1,146.24 | AIA_19INSP_0015430 | July 2015 AIA Insurance US Bank Statement | Check No. 206793 issued to Umpqua Bank by AIA inc. |
| | | | | | | | AIA_19INSP_0015436 | US Bank Canceled Check No. 206793 | |
| 7/13/2015 | $632.48 | $0.21 | 1876 | $390.09 | 1998 | $415.46 | AIA_19INSP_0015430 | July 2015 AIA Insurance US Bank Statement | Check No. 206802 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015437 | US Bank Canceled Check No. 206802 | |
| 8/5/2015 | $700.00 | $0.23 | 1853 | $426.44 | 1975 | $454.52 | AIA_19INSP_0015446 | August 2015 AIA Insurance US Bank Statement | Check No. 206825 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015452 | US Bank Canceled Check No. 206825 | |
| 8/12/2015 | $483.39 | $0.16 | 1846 | $293.37 | 1968 | $312.76 | AIA_19INSP_0015446 | August 2015 AIA Insurance US Bank Statement | Check No. 206834 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015453 | US Bank Canceled Check No. 206834 | |

Item No. 28   **DLM - 107620**   Page 10 of 13   **Exhibit - 1, p. 799**

**Exhibit - A, p. 137**

**13-ER-3218**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/25/2015 | $514.05 | $0.17 | 1802 | $304.54 | 1924 | $325.16 | AIA_19INSP_0015460 | September 2015 AIA Insurance US Bank Statement | Check No. 206855 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015465 | US Bank Canceled Check No. 206855 | |
| 9/30/2015 | $700.00 | $0.23 | 1797 | $413.56 | 1919 | $441.63 | AIA_19INSP_0015472 | October 2015 AIA Insurance US Bank Statement | Check No. 206856 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015476 | US Bank Canceled Check No. 206856 | |
| 10/9/2015 | $913.75 | $0.30 | 1788 | $537.13 | 1910 | $573.78 | AIA_19INSP_0015472 | October 2015 AIA Insurance US Bank Statement | Check No. 206866 issued to Wells Fargo by AIA Inc. |
| | | | | | | | AIA_19INSP_0015477 | US Bank Canceled Check No. 206866 | |
| 11/5/2015 | $755.16 | $0.25 | 1761 | $437.21 | 1883 | $467.50 | AIA_19INSP_0015486 | November 2015 AIA Insurance US Bank Statement | Check No. 206892 issued to Umpqua Bank by AIA inc. |
| | | | | | | | AIA_19INSP_0015491 | US Bank Canceled Check No. 206892 | |
| 12/14/2015 | $650.00 | $0.21 | 1722 | $367.99 | 1844 | $394.06 | AIA_19INSP_0015500 | December 2015 AIA Insurance US Bank Statement | Check No. 206919 issued to Umpqua Bank by AIA Inc. |
| | | | | | | | AIA_19INSP_0015506 | US Bank Canceled Check No. 206919 | |
| 1/12/2017 | $425.00 | $0.14 | 1327 | $185.42 | 1449 | $202.46 | AIA_19INSP_0010439 | January 2017 AIA Insurance US Bank Statement | Check No. 207293 issued to Idaho State Bar John Taylor Licensing Fee |
| | | | | | | | AIA_19INSP_0010442 | US Bank Canceled Check No. 207293 | |
| 7/5/2017 | $1,000.00 | $0.33 | 1153 | $379.07 | 1275 | $419.18 | AIAS_0000439 | | Check No. 207390 issued to Umpqua Bank |
| 7/14/2017 | $885.19 | $0.29 | 1144 | $332.93 | 1266 | $368.43 | AIAS_0000438 | | Check No. 207391 issued to Diners Club |
| 8/3/2017 | $1,000.00 | $0.33 | 1124 | $369.53 | | $0.00 | AIAS_0000439 | | Check No. 207404 issued to Umpqua Bank |
| 8/14/2017 | $2,487.37 | $0.82 | 1113 | $910.17 | 1235 | $1,009.94 | AIAS_0000439 | | Check No. 207405 issued to Diners Club |
| 9/1/2017 | $1,000.00 | $0.33 | 1095 | $360.00 | | $0.00 | AIAS_0000439 | | Check No. 207414 issued to Umpqua Bank |
| 9/13/2017 | $2,780.55 | $0.91 | 1083 | $990.03 | 1205 | $1,101.55 | AIAS_0000439 | | Check No. 207416 issued to Diners Club |
| 10/3/2017 | $1,000.00 | $0.33 | 1063 | $349.48 | | $0.00 | AIAS_0000434 | | Check No. 207426 issued to Umpqua Bank |
| 10/9/2017 | $1,090.26 | $0.36 | 1057 | $378.87 | 1179 | $422.60 | AIAS_0000434 | | Check No. 207428 issued to Diners Club |
| 11/14/2017 | $909.51 | $0.30 | 1021 | $305.30 | 1143 | $341.78 | AIAS_0000435 | | Check No. 207441 issued to Diners Club |
| 11/14/2017 | $1,074.57 | $0.35 | 1021 | $360.70 | 1143 | $403.80 | AIAS_0000435 | | Check No. 207444 issued to Umpqua Bank |
| 12/12/2017 | $1,000.00 | $0.33 | 993 | $326.47 | 1115 | $366.58 | AIAS_0000435 | | Check No. 207457 issued to Umpqua Bank |
| 12/15/2017 | $2,565.20 | $0.84 | 990 | $834.92 | 1112 | $937.81 | AIAS_0000435 | | Check No. 207459 issued to Diners Club |
| 1/9/2018 | $619.36 | $0.20 | 965 | $196.50 | 1087 | $221.34 | AIAS_0000434 AIA_19INSP_0011052-54 | | Check No. 207470 issued to Diners Club |
| 1/9/2018 | $1,000.00 | $0.33 | 965 | $317.26 | 1087 | $357.37 | AIAS_0000434 | | Check No. 207472 issued to Umpqua Bank |
| 1/24/2018 | $425.00 | $0.14 | 950 | $132.74 | 1072 | $149.79 | AIA_19INSP_0011100-01 | Idaho State Bar 2018 License Fee Notice | Check No. 207476 issued to Idaho State Bar John Taylor Licensing Fee |
| | | | | | | | AIA_19INSP_0010316 | February 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010317 | US Bank Canceled Check No. 207476 | |
| | | | | | | | AIA_19INSP_0011098 | AIA Insurance Check Stub | |
| 2/7/2018 | $800.00 | $0.26 | 936 | $246.18 | 1058 | $278.27 | AIAS_0000436 | | Check No. 207483 issued to Umpqua Bank |
| 2/13/2018 | $2,979.15 | $0.98 | 930 | $910.89 | 1052 | $1,030.38 | AIAS_0000436 AIA_19INSP_0011046-51 | | Check No. 207484 issued to Diners Club |
| 3/7/2018 | $1,000.00 | $0.33 | 908 | $298.52 | 1030 | $338.63 | AIAS_0000437 | | Check No. 207497 issued to Umpqua Bank |
| 3/14/2018 | $3,992.31 | $1.31 | 901 | $1,182.60 | 1023 | $1,342.73 | AIAS_0000436 AIA_19INSP_0011037-43 | | Check No. 207498 issued to Diners Club |
| 4/12/2018 | $390.59 | $0.13 | 872 | $111.98 | 994 | $127.64 | AIAS_0000437 AIA_19INSP_0011044-45 | | Check No. 207507 issued to Diners Club |
| 4/12/2018 | $1,000.00 | $0.33 | 872 | $286.68 | 994 | $326.79 | AIAS_000437 | | Check No. 207510 issued to Umpqua Bank |
| 5/8/2018 | $1,000.00 | $0.33 | 846 | $278.14 | 968 | $318.25 | AIAS_0000438 | | Check No. 207522 issued to Umpqua Bank |
| 5/14/2018 | $1,043.69 | $0.34 | 840 | $288.23 | 962 | $330.09 | AIAS_0000437 AIA_19INSP_0011035-36 | | Check No. 207523 issued to Diners Club |
| 6/8/2018 | $207.14 | $0.07 | 815 | $55.50 | 937 | $63.81 | AIAS_0000438 | | Check No. 207535 issued to Diners Club |
| 6/8/2018 | $700.00 | $0.23 | 815 | $187.56 | 937 | $215.64 | AIAS_0000438 AIA_19INSP_0011033-34 | | Check No. 207536 issued to Umpqua Bank |
| 7/3/2018 | $1,000.00 | $0.33 | 790 | $259.73 | 912 | $299.84 | AIAS_0000439 | | Check No. 207545 issued to Umpqua Bank |
| 7/16/2018 | $561.79 | $0.18 | 777 | $143.51 | 899 | $166.04 | AIAS_0000438 AIA_19INSP_0011028-32 | | Check No. 207547 issued to Diners Club |
| 8/17/2018 | $950.57 | $0.31 | 745 | $232.82 | 867 | $270.95 | AIAS_0000439 AIA_19INSP_0011023-27 | | Check No. 207559 issued to Diners Club |
| 9/12/2018 | $1,002.63 | $0.33 | 719 | $237.01 | 841 | $277.22 | AIAS_0000439 AIA_19INSP_0011011-15 | | Check No. 207572 issued to Diners Club |
| 10/10/2018 | $1,418.31 | $0.47 | 691 | $322.21 | 813 | $379.10 | AIAS_0000434 AIA_19INSP_0011016-21 | | Check No. 207583 issued to Diners Club |

Item No. 28    **DLM - 107621**     Page 11 of 13     **Exhibit - 1, p. 800**

**Exhibit - A, p. 138**

**13-ER-3219**

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/13/2018 | $3,303.57 | $1.09 | 657 | $713.57 | 779 | $846.08 | AIAS_0000435 AIA_19INSP_0011006-10 | | Check No. 207594 issued to Diners Club |
| 12/5/2018 | $674.16 | $0.22 | 635 | $140.74 | 757 | $167.78 | AIAS_0000436 | | Check No. 207604 issued to Umpqua Bank |
| 12/10/2018 | $1,002.64 | $0.33 | 630 | $207.67 | 752 | $247.89 | AIAS_0000435 AIA_19INSP_0011001-5 | | Check No. 207606 issued to Diners Club |
| 1/7/2019 | $669.59 | $0.22 | 602 | $132.52 | 724 | $159.38 | AIAS_0033921 | January 2019 AIA Insurance US Bank Statement | Check No. 207615 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033922 | US Bank Canceled Check No. 207615 | |
| | | | | | | | AIAS_0000434 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 2/6/2019 | $664.66 | $0.22 | 572 | $124.99 | 694 | $151.65 | AIAS_0033927 | February 2019 AIA Insurance US Bank Statement | Check No. 207628 issued to Umpqua Bank |
| | | | | | | | AIAS_0033928 | US Bank Canceled Check No. 207628 | |
| | | | | | | | AIAS_0000436 | nsurance Check Register from 7-1-2017 through 7-2-2019 | |
| 2/20/2019 | $1,407.15 | $0.46 | 558 | $258.14 | 680 | $314.58 | AIAS_0000436 | | Check issued to Diners Club |
| 3/6/2019 | $660.07 | $0.22 | 544 | $118.05 | 666 | $144.53 | AIAS_0033933 | March 2019 AIA Insurance US Bank Statement | Check No. 207638 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033934 | US Bank Canceled Check No. 207638 | |
| | | | | | | | AIAS_0000437 | nsurance Check Register from 7-1-2017 through 7-2- | |
| 3/14/2019 | $412.19 | $0.14 | 536 | $72.64 | 658 | $89.17 | AIAS_0000436 | | Check No. 207643 issued to Diners Club |
| 4/2/2019 | $655.51 | $0.22 | 517 | $111.42 | 639 | $137.71 | AIAS_0033939 | April 2019 AIA Insurance US Bank Statement | Check No. 207652 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033940 | US Bank Canceled Check No. 207652 | |
| | | | | | | | AIAS_0000437 | nsurance Check Register from 7-1-2017 through 7-2- | |
| 4/15/2019 | $447.75 | $0.15 | 504 | $74.19 | 626 | $92.15 | AIAS_0000437 | | Check issued to Diners Club |
| 5/3/2019 | $650.48 | $0.21 | 486 | $103.93 | 608 | $130.02 | AIAS_0033945 | May 2019 AIA Insurance US Bank Statement | Check  No. 207665 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033946 | US Bank Canceled Check No. 207665 | |
| | | | | | | | AIAS_0000438 | nsurance Check Register from 7-1-2017 through 7-2- | |
| 5/14/2019 | $449.72 | $0.15 | 475 | $70.23 | 597 | $88.27 | AIAS_0000437 | | Check No. 207668 issued to Diners Club |
| 6/4/2019 | $645.99 | $0.21 | 454 | $96.42 | 576 | $122.33 | AIAS_0033951 | June 2019 AIA Insurance US Bank Statement | Check No. 207677 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033952 | US Bank Canceled Check No. 207677 | |
| | | | | | | | AIAS_000438 | nsurance Check Register from 7-1-2017 through 7-2- | |
| 6/18/2019 | $1,521.48 | $0.50 | 440 | $220.09 | 562 | $281.12 | AIAS_0000438 | | Check No. 207680 issued to Diners Club |
| 7/11/2019 | $641.37 | $0.21 | 417 | $87.93 | 539 | $113.65 | AIAS_0033957 | July 2019 AIA Insurance US Bank Statement | Check No. 207689 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033958 | US Bank Canceled Check No. 207689 | |
| 8/14/2019 | $700.00 | $0.23 | 383 | $88.14 | 505 | $116.22 | AIAS_0033963 | August 2019 AIA Insurance US Bank Statement | Check No. 207701 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033964 | US Bank Canceled Check No. 207701 | |
| 9/15/2019 | $631.45 | $0.21 | 351 | $72.87 | 473 | $98.19 | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | Check No. 207712 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033971 | US Bank Canceled Check No. 207712 | |
| 10/1/2019 | $627.05 | $0.21 | 457 | $94.21 | 457 | $94.21 | AIAS_0033975 | October 2019 AIA Insurance US Bank Statement | Check no. 207727 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033976 | US Bank Canceled Check No. 207727 | |
| 11/4/2019 | $652.59 | $0.21 | 301 | $64.58 | 423 | $90.75 | AIAS_0033981 | November 2019 AIA Insurance US Bank Statement | Check No. 207743 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033982 | US Bank Canceled Check No. 207743 | |
| 12/6/2019 | $617.89 | $0.20 | 269 | $54.65 | 391 | $79.43 | AIAS_0033987 | December 2019 AIA Insurance US Bank Statement | Check No. 207752 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033989 | US Bank Canceled Check No. 207752 | |
| 1/6/2020 | $613.29 | $0.20 | 238 | $47.99 | 360 | $72.59 | AIAS_0033993 | January 2020 AIA Insurance US Bank Statement | Check No. 207763 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0033995 | US Bank Canceled Check No. 207763 | |
| 2/6/2020 | $608.53 | $0.20 | 207 | $41.41 | 329 | $65.82 | AIAS_0033999 | February 2020 AIA Insurance US Bank Statement | Check No. 207772 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0034000 | US Bank Canceled Check No. 207772 | |
| 3/9/2020 | $603.95 | $0.20 | 175 | $34.75 | 297 | $58.97 | AIAS_0034006 | March 2020 AIA Insurance US Bank Statement | Check No. 207785 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0034007 | US Bank Canceled Check No. 207785 | |
| 4/1/2020 | $599.40 | $0.20 | 152 | $29.95 | 274 | $54.00 | AIAS_0034012 | April 2020 AIA Insurance US Bank Statement | Check No. 207794 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0034014 | US Bank Canceled Check No. 207794 | |

**Item No. 28:  Certain known payments made to credit cards and other creditors on behalf of John Taylor***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/5/2020 | $594.48 | $0.20 | 118 | $23.06 | 240 | $46.91 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207803 issued to Umpqua Bank by AIA Insurance |
| | | | | | | | AIAS_0034018 | US Bank Canceled Check No. 207803 | |
| 6/3/2020 | $589.24 | $0.19 | 89 | $17.24 | 211 | $40.88 | AIAS_0034023 | June 2020 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0034024 | US Bank Canceled Check No. 207819 | |
| | $553,155.71 | $181.86 | | $450,329.00 | | $542,793.08 | | | |

**Total payments made on behalf of John Taylor:**                                       $553,155.71
**Per Diem Interest:**                                                                                          $181.86
**Interest accrued through 8/31/2020:**                                                         $450,329.00
**Interest accrued through 12/31/2020:**                                                       $542,793.08
**Total payments plus interest accrued through 8/31/2020:**                      $1,003,484.71
**Total payments plus interest accrued through 12/31/2020:**                    $1,095,948.79

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 28     **DLM - 107623**                                     Page 13 of 13                              **Exhibit - 1, p. 802**

**Exhibit - A, p. 140**
**13-ER-3221**

**Item No. 29: Unauthorized Attorneys' Costs paid in *Maile v. Taylor* \***

| Date | Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/10/2011 | $1,485.00 | $0.49 | 3521 | $1,719.02 | 3643 | $1,778.58 | AIA_19INSP_0049042 | January 2011 AIA Insurance Inc US Bank Statement | Check No. 204405 issued to Henderson Law Firm PLLC PROF LEWIS-MAILE V TAYLOR |
| | | | | | | | AIA_19INSP_0049092-93 | US Bank Canceled Check No. 204405 | |
| | | | | | | | AIA_19INSP_0085594 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAPROD00297640 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 3/15/2011 | $4,968.79 | $1.63 | 3457 | $5,647.27 | 3579 | $5,846.56 | AIA_19INSP_0048839 | March 2011 AIA Insurance Inc US Bank Statement | Check No. 204511 issued to Diners Club (1/26-2/19 MAILE&JT CHGS) |
| | | | | | | | AIA_19INSP_0048858-59 | US Bank Canceled Check No. 204511 | |
| | | | | | | | AIAPROD00297641 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 3/23/2011 | $900.00 | $0.30 | 3449 | $1,020.53 | 3571 | $1,056.62 | AIA_19INSP_0048737 | April 2011 AIA Insurance Inc US Bank Statement | Check No. 204518 issued to Ripley Law Firm Inc PS (12/10 MAILE V TAYLOR) |
| | | | | | | | AIA_19INSP_0048750-51 | US Bank Canceled Check No. 204518 | |
| | | | | | | | AIA_19INSP_0086251 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAPROD00297641 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 3/23/2011 | $6,380.67 | $2.10 | 3449 | $3,449.00 | 3449 | $3,449.00 | AIA_19INSP_0086360-61 | D. Craig Lewis Invoice dated February 7, 2011 | Check No. 204514 issued to Connie Taylor $5,865.14 - Professor D. Craig Lewis $498.44 - Capital One for travel expenses (Professor Lewis) $17.09 - FedEx (Ada County District Court) |
| | | | | | | | AIA_19INSP_0086355 | Henderson Law Firm letter to Lewis dated March 15, 2011 | |
| | | | | | | | AIA_19INSP_0086363-64 | Connie Taylor's February 2011 Capital One Statement | |
| | | | | | | | AIA_19INSP_0086365 | FedEx Shipment Receipt dated January 14, 2011 | |
| | | | | | | | AIA_19INSP_0048737 | April 2011 AIA Insurance Inc US Bank Statement | |
| | | | | | | | AIA_19INSP_0048834-35 | US Bank Canceled Check No. 204514 | |
| | | | | | | | AIA_19INSP_0086353 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAPROD00297641 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 3/23/2011 | $568.87 | $0.19 | 3449 | $645.05 | 3571 | $667.87 | AIA_19INSP_0085839 | M&M Court Reporting Service Invoice dated January 28, 2011 | Check No. 204519 issued to M&M Court Reporting Services (01/11 JOHN RUNFT WITNESS) |
| | | | | | | | AIA_19INSP_0048839 | March 2011 AIA Insurance Inc US Bank Statement | |
| | | | | | | | AIA_19INSP_0048922 | US Bank Canceled Check No. 204519 | |
| | | | | | | | AIA_19INSP_0085838 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAPROD00297641 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 3/23/2011 | $1,294.43 | $0.43 | 3449 | $1,467.78 | 3571 | $1,519.70 | AIA_19INSP_0085582 | Henderson Law Firm Cost Bill dated January 24, 2011 | Check No. 204515 issued to Henderson Law Firm PLLC 01/11 - Maile v. Taylor 01/11 - John Runft Witness - $700.00 01/11 - Meals - $155.83 01/11 - Mileage - $438.60 |
| | | | | | | | AIA_19INSP_0085579-81 | Receipts for Reimbursement to Paul Henderson | |
| | | | | | | | AIA_19INSP_0085595 | D. Craig Lewis Invoice dated December 21, 2011 | |
| | | | | | | | AIA_19INSP_0048839 | March 2011 AIA Insurance Inc US Bank Statement | |
| | | | | | | | AIA_19INSP_0048928-29 | US Bank Canceled Check No. 204515 | |
| | | | | | | | AIA_19INSP_0085578 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAPROD00297641 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 4/14/2011 | $3,903.50 | $1.28 | 3427 | $4,398.01 | 3549 | $4,554.58 | AIA_19INSP_0048737 | April 2011 AIA Insurance Inc US Bank Statement | Check No. 204562 issued to Diner Club (03/11 MAILE/PERC/JT PERS) |
| | | | | | | | AIA_19INSP_0048836-37 | US Bank Canceled Check No. 204562 | |
| | | | | | | | AIAPROD00297641 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |

Item No. 29    **DLM - 107624**

**Exhibit - 1, p. 803**

**Exhibit - A, p. 141**

**13-ER-3222**

**Item No. 29:  Unauthorized Attorneys' Costs paid in *Maile v. Taylor* ***

| Date | Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/17/2011 | $217.25 | $0.07 | 3363 | $240.20 | 3485 | $248.91 | AIA_19INSP_0085592 | Email regarding Court Reporter's estimate for transcript dated June 17, 2011 | Check No. 204649 issued to Henderson Law Firm PLLC COURT TRANSCRIPT |
| | | | | | | | AIA_19INSP_0048549 | June 2011 AIA Insurance Inc US Bank Statement | |
| | | | | | | | AIA_19INSP_0048635 | US Bank Canceled Check No. 204649 | |
| | | | | | | | AIA_19INSP_0085591 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIAPROD00297642 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| | $19,718.51 | $6.48 | | $18,586.86 | | $19,121.83 | | | |

| | |
|---|---|
| **Total costs paid in *Maile v. Taylor* Litigation:** | **$19,718.51** |
| **Per Diem Interest:** | **$6.48** |
| **Interest accrued through 8/31/2020:** | **$18,586.86** |
| **Interest accrued through 12/31/2020:** | **$19,121.83** |
| **Total costs paid plus interest accrued through 8/31/2020:** | **$38,305.37** |
| **Total costs paid plus interest accrued through 12/31/2020:** | **$38,840.34** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

**Item No. 30:  Unauthorized Attorneys' Fees and Costs paid to Doug Siddoway's firm for legal representation, including the reverse stock split, and in** *AIA Services v. Paul Durant, et al.* *

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/14/2012 | $6,242.20 | $2.05 | 2939 | $6,031.50 | 3061 | $6,281.88 | AIA_19INSP_0015068 | August 2012 AIA Services US Bank Statement | Check No. 15856 issued to Randall Danskin Attorneys by AIA Services (6/12 LEGAL-WPB V. AIASVCS) |
| | | | | | | | AIA_19INSP_0015073 | August 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0001859 | 2012 1099-MISC issued to Randall Danskin by AIA Services Corporation | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 9/13/2012 | $5,000.00 | $1.64 | 2909 | $4,781.92 | 3031 | $4,982.47 | AIA_19INSP_0015075 | September 2012 AIA Services US Bank Statement | Check No. 15871 issued to Randall Danskin Attorneys by AIA Services (9/12 PMT ON ACCT-40468) |
| | | | | | | | AIA_19INSP_0015079 | September 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0001859 | 2012 1099-MISC issued to Randall Danskin by AIA Services Corporation | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 10/16/2012 | $15,642.55 | $5.14 | 2876 | $14,790.57 | 2998 | $15,417.98 | AIA_19INSP_0015081 | October 2012 AIA Services US Bank Statement | Check No. 15883 issued to Randall Danskin Attorneys by AIA Services (8/12 LEGAL-AIA SERVICES) |
| | | | | | | | AIA_19INSP_0015084 | October 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0001859 | 2012 1099-MISC issued to Randall Danskin by AIA Services Corporation | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 11/15/2012 | $10,019.23 | $3.29 | 2846 | $9,374.71 | 2968 | $9,776.57 | AIA_19INSP_0015086 | November 2012 AIA Services US Bank Statement | Check No. 15890 issued to Randall Danskin Attorneys by AIA Services (9/12 LEGAL-AIA SERVICES) |
| | | | | | | | AIA_19INSP_0015089 | November 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | AIA_19INSP_0001859 | 2012 1099-MISC issued to Randall Danskin by AIA Services Corporation | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 6/18/2013 | $3,434.54 | $1.13 | 2631 | $2,970.83 | 2753 | $3,108.59 | AIA_19INSP_0046790 | September 2013 AIA Insurance US Bank Statement | Check No. 205516 issued to Randall Danskin Attorneys by AIA Insurance (4/13-LEGAL FEES) |
| | | | | | | | AIA_19INSP_0046800-01 | US Bank Canceled Check No. 205516 | |
| | | | | | | | AIA_19INSP_0001660 | 2013 1099-MISC issued to Randall Danskin by AIA Services Corporation | |
| | | | | | | | AIAPROD00297650 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 2/19/2014 | $6,062.97 | $1.99 | 2385 | $4,754.03 | 2507 | $4,997.22 | AIA_19INSP_0026364 | John Taylor's CitiBank World MasterCard Statement dated February 21, 2014 | Paid by John Taylor's CitBank MasterCard (9169) Included as a payable to John Taylor by CropUSA |
| | | | | | | | RJT 087847 | CropUSA General Ledger for Account Payable/John Taylor dated May 13, 2015 | |
| | | | | | | | DLM 36058 | Declaration of R. John Taylor dated May 9, 2014 *Donna Taylor v. AIA Services, et al.* ; Nez Perce County Case No. CV-08-1150 | |
| | | | | | | | AIAPROD00240038 | John Taylor's November 21, 2011 email to Connie Taylor regarding guarantee by AIA | |
| 4/16/2015 | $10,000.00 | $3.29 | 1964 | $6,456.99 | 2086 | $6,858.08 | AIA_19INSP_0025307 | Umpqua Bank Canceled Check No. 1016 | Check No. 1016 issued to Randall Danskin by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 5/27/2015 | $1,500.00 | $0.49 | 1923 | $948.33 | 2045 | $1,008.49 | AIA_19INSP_0025308 | Umpqua Bank Canceled Check No. 1050 | Check No. 1050 issued to Randall Danskin by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 6/25/2015 | $1,900.00 | $0.62 | 1894 | $1,183.10 | 2016 | $1,259.31 | AIA_19INSP_0025305 | Umpqua Bank Canceled Check No. 1052 | Check No. 1052 issued to Randall Danskin by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |

Item No. 30   **DLM - 107626**

Page 1 of 3

**Exhibit - 1, p. 805**

**Exhibit - A, p. 143**

**13-ER-3224**

Item No. 30:  Unauthorized Attorneys' Fees and Costs paid to Doug Siddoway's firm for legal representation, including the reverse stock split, and in *AIA Services v. Paul Durant, et al.* *

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/6/2015 | $1,500.00 | $0.49 | 1883 | $928.60 | 2005 | $988.77 | AIA_19INSP_0025304 | Umpqua Bank Canceled Check No. 1054 | Check No. 1054 issued to Randall Danskin by Connie Henderson |
| | | | | | | | AIA_19INSP_0021965-68 | Reimbursement to Connie Taylor from Sale of Property to Alexander Investments | |
| 9/16/2016 | $81,000.00 | $26.63 | 1445 | $38,480.55 | 1567 | $41,729.42 | LT 0913-14 | Land Title Receipts and Disbursements Ledger dated September 16, 2016 | Check issued to Randall Danskin by Land Title of Nez Perce County (Promissory Note in the amount of $134,648 dated April 1, 2015) |
| | | | | | | | GC0771914-15 | Settlement Statement for Lewis Clark Plaza | |
| | | | | | | | LT 2157-59 | Randall Danskin letter to Land Tile regarding payoff amount dated September 16, 2016 | |
| | | | | | | | LT 2164-68 | Promissory Note dated April 1, 2015 | |
| | | | | | | | LT 2160-63 | Assignment Recorded May 15, 2016 | |
| 9/26/2017 | $11,000.00 | $3.62 | 1070 | $3,869.59 | 1192 | $4,310.79 | AIA_19INSP_0010363 | September 2017 AIA Insurance US Bank Statement | Check No. 207420 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIA_19INSP_0010366 | US Bank Canceled Check No. 207420 | |
| | | | | | | | AIA_19INSP_0000321 | 2017 1099-MISC issued to Randall Danskin by AIA Insurance | |
| | | | | | | | AIAS_0000440 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 5/8/2018 | $100.00 | $0.03 | 846 | $27.81 | 968 | $31.82 | AIA_19INSP_0010288 | May 2018 AIA Insurance US Bank Statement | Check No. 207521 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIA_19INSP_0010290 | US Bank Canceled Check No. 207521 | |
| | | | | | | | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 6/21/2018 | $100.00 | $0.03 | 802 | $26.37 | 924 | $30.38 | AIA_19INSP_0010279 | June 2018 AIA Insurance US Bank Statement | Check No. 207540 issued to Randall Danskin Attorneys |
| | | | | | | | AIA_0010281 | US Bank Canceled Check No. 207540 | |
| | | | | | | | AIAS_0000438 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 7/16/2018 | $100.00 | $0.03 | 777 | $25.55 | 899 | $29.56 | AIA_19INSP_0010270 | July 2018 AIA Insurance US Bank Statement | Check No. 207551 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIA_19INSP_0010272 | US Bank Cancled Check No. 207551 | |
| | | | | | | | AIA_19INSP_0010273 | 2018-8-17 - AIA Insurance Check Register from 7-1-2018 and 7-31-2018 | |
| | | | | | | | AIAS_0000439 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 8/23/2018 | $160.00 | $0.05 | 739 | $38.87 | 861 | $45.29 | AIA_19INSP_0010261 | August 2018 AIA Insurance US Bank Statement | Check No. 207562 issued to Randall Danksin Attorneys by AIA Insurance |
| | | | | | | | AIA_19INSP_0010263 | US Bank Cancled Check No. 207562 | |
| | | | | | | | AIA_19INSP_0010264 | 2018-9-24 - AIA Insurance Check Register from 8-1-2018 through 8-31-2018 | |
| | | | | | | | AIAS_0000439 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 9/25/2018 | $100.00 | $0.03 | 706 | $23.21 | 828 | $27.22 | AIA_19INSP_0010253 | September 2018 AIA Insurance US Bank Statement | Check No. 207577 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIA_19INSP_0010254 | US Bank Canceled Check No. 207577 | |
| | | | | | | | AIAS_0000440 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 10/10/2018 | $100.00 | $0.03 | 691 | $22.72 | 813 | $26.73 | AIA_19INSP_0010242 | October 2018 AIA Insurance US Bank Statement | Check No. 207585 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIA_19INSP_0010244 | US Bank Canceled Check No. 207585 | |
| | | | | | | | AIA_19INSP_0010247 | 2018-11-14 - AIA Insurance Check Register from 10-1-2018 through 10-31-2018 | |
| | | | | | | | AIAS_0000434 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |

Item No. 30   **DLM - 107627**

Page 2 of 3

**Exhibit - 1, p. 806**

**Exhibit - A, p. 144**

**13-ER-3225**

**Item No. 30:  Unauthorized Attorneys' Fees and Costs paid to Doug Siddoway's firm for legal representation, including the reverse stock split, and in** *AIA Services v. Paul Durant, et al.* *

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/24/2019 | $1,080.00 | $0.36 | 495 | $175.76 | 617 | $219.08 | AIAS_0033939 | April 2019 AIA Insurance US Bank Statement | Check No. 207657 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIAS_0033941 | US Bank Canceled Check No. 207657 | |
| | | | | | | | AIA_19INSP_0009345-46 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| | | | | | | | AIA_19INSP_0009343 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000437 | 2019-7-2 - AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 9/11/2019 | $3,630.30 | $1.19 | 355 | $423.70 | 477 | $569.31 | AIA_19INSP_0009341-42 | Randall Danskin Billing Statement dated August 8, 2019 | Check No. 207717 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033971 | US Bank Canceled Check No. 207717 | |
| | | | | | | | AIA_19INSP_0009340 | AIA Insurance Check Stub | |
| 12/23/2019 | $3,101.50 | $1.02 | 252 | $256.96 | 374 | $381.36 | AIAS_0033987 | December 2019 AIA Insurance US Bank Statement | Check No. 207752 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIAS_0033989 | US Bank Canceled Check No. 207752 | |
| 5/20/2020 | $240.00 | $0.08 | 103 | $8.13 | 225 | $17.75 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207810 issued to Randall Danskin Attorneys by AIA Insurance |
| | | | | | | | AIAS_0034019 | US Bank Canceled Check No. 207810 | |
| | $162,013.29 | $53.26 | | $95,599.79 | | $102,098.07 | | | |

Total fees and costs paid to Douglas Siddoway:                                                        $162,013.29
Per Diem Interest:                                                                                                          $53.26
Interest accrued through 8/31/2020:                                                                         $95,599.79
Interest accrued through 12/31/2020:                                                                       $102,098.07
Total fees and costs paid plus interest accrued through 8/31/2020:                         $257,613.08
Total fees and costs paid plus interest accrued through 12/31/2020:                       $264,111.36

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 808 of 879

Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* *

**Cicayda LLC (E-Discovery Vendor)**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/14/2017 | $172.20 | $0.06 | 1021 | $57.80 | 1143 | $64.71 | AIA_19INSP_0013532 | Email from Ken Goods to Cori Cleveland dated November 8, 2017 regarding services provided by Cicayda LLC | Check No. 207440 issued to Cicayda LLC Archive fee for lawsuit documents stored by John Taylor |
| | | | | | | | AIA_19INSP_0013531 | Cicayda LLC Invoice dated October 31, 2017 | |
| | | | | | | | AIA_19INSP_0010344 | November 2017 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010345 | US Bank Canceled Check No. 207440 | |
| | | | | | | | AIA_19INSP_0013530 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010347 | AIA Insurance Check Register from 11-1-2017 through 11-30-2017 | |
| | | | | | | | AIAS_0000435 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 12/15/2017 | $172.20 | $0.06 | 990 | $56.05 | 1112 | $62.95 | AIA_19INSP_0013529 | Cicayda LLC Invoice dated November 30, 2017 | Check No. 207458 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010334 | December 2017 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010337 | US Bank Canceled Check No. 207458 | |
| | | | | | | | AIA_19INSP_0013528 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010338 | AIA Insurance Check Register from 11-1-2017 through 11-30-2017 | |
| | | | | | | | AIAS_0000435 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 1/9/2018 | $172.20 | $0.06 | 965 | $54.63 | 1087 | $61.54 | AIA_19INSP_0010938 | Cicayda LLC Invoice dated December 31, 2017 | Check No. 207469 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010325 | January 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010326 | US Bank Canceled Check No. 207469 | |
| | | | | | | | AIA_19INSP_0010937 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010328 | AIA Insurance Check Register from 1-1-2018 through 1-31-2018 | |
| | | | | | | | AIAS_0000434 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 2/7/2018 | $172.20 | $0.06 | 936 | $52.99 | 1058 | $59.90 | AIA_19INSP_0010936 | Cicayda LLC Invoice dated January 31, 2018 | Check No. 207482 issued to Cicayda LLC by AIA insurance |
| | | | | | | | AIA_19INSP_0010316 | February 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010317 | US Bank Canceled Check No. 207482 | |
| | | | | | | | AIA_19INSP_0010935 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010319 | AIA Insurance Check Register from 2-1-2018 through 2-28-2018 | |
| | | | | | | | AIAS_0000436 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 3/7/2018 | $172.20 | $0.06 | 908 | $51.41 | 1030 | $58.31 | AIA_19INSP_0010934 | Cicayda LLC Invoice dated February 28, 2018 | Check No. 207495 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010307 | March 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010308 | US Bank Canceled Check No. 207495 | |
| | | | | | | | AIA_19INSP_0010933 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010312 | AIA Insurance Check Register from 3-1-2018 through 3-21-2018 | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 4/12/2018 | $172.20 | $0.06 | 872 | $49.37 | 994 | $56.27 | AIA_19INSP_0010932 | Cicayda LLC Invoice dated March 31, 2018 | Check No. 207506 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010298 | April 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010299 | US Bank Canceled Check No. 207506 | |
| | | | | | | | AIA_19INSP_0010931 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010301 | AIA Insurance Check Register from 4-1-2018 through 4-30-2018 | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 5/8/2018 | $172.20 | $0.06 | 846 | $47.90 | 968 | $54.80 | AIA_19INSP_0010930 | Cicayda LLC Invoice dated April 30, 2018 | Check No. 207520 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010288 | May 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010289 | US Bank Canceled Check No. 207520 | |
| | | | | | | | AIA_19INSP_0010929 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010291 | AIA Insurance Check Register from 5-1-2018 through 5-31-2018 | |
| | | | | | | | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 6/8/2018 | $172.20 | $0.06 | 815 | $46.14 | 937 | $53.05 | AIA_19INSP_0010928 | Cicayda LLC Invoice dated May 31, 2018 | Check No. 207534 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010279 | June 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010280 | US Bank Canceled Check No. 207534 | |
| | | | | | | | AIA_19INSP_0010282 | AIA Insurance Check Register from 6-1-2018 through 6-30-2018 | |
| | | | | | | | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 8/17/2018 | $172.20 | $0.06 | 745 | $42.18 | 867 | $49.08 | AIA_19INSP_0010926 | Cicayda LLC Invoice dated July 31, 2018 | Check No. 207558 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010261 | August 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010262 | US Bank Canceled Check No. 207558 | |
| | | | | | | | AIA_19INSP_0010264 | AIA Insurance Check Register from 8-1-2018 through 8-31-2018 | |
| | | | | | | | AIAS_0000439 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |

Item No. 31     **DLM - 107629**

Page 1 of 16

**Exhibit - 1, p. 808**

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* \***

**Cicayda LLC (E-Discovery Vendor)**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (08/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/7/2018 | $172.20 | $0.06 | 724 | $40.99 | 846 | $47.90 | AIA_19INSP_0010924 | Cicayda LLC Invoice dated August 31, 2018 | Check No. 207568 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010251 | September 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010253 | US Bank Canceled Check No. 207568 | |
| | | | | | | | AIA_19INSP_0010923 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010257 | AIA Insurance Check Register from 9-1-2018 through 9-30-2018 | |
| | | | | | | | AIAS_0000440 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 10/10/2018 | $344.40 | $0.11 | 691 | $78.24 | 813 | $92.05 | AIA_19INSP_0010922 | Cicayda LLC Invoice dated June 30, 2018 | Check No. 207582 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010921 | Cicayda LLC Invoice dated September 30, 2018 | |
| | | | | | | | AIA_19INSP_0010242 | October 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010243 | US Bank Canceled Check No. 207582 | |
| | | | | | | | AIA_19INSP_0010920 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010247 | AIA Insurance Check Register from 10-1-2018 through 10-31-2018 | |
| | | | | | | | AIAS_0000434 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 11/13/2018 | $172.20 | $0.06 | 657 | $37.20 | 779 | $44.10 | AIA_19INSP_0010919 | Cicayda LLC Invoice dated October 31, 2018 | Check No. 207593 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010233 | November 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010235 | US Bank Canceled Check No. 207593 | |
| | | | | | | | AIA_19INSP_0010918 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010238 | AIA Insurance Check Register from 11-1-2018 through 11-31-2018 | |
| | | | | | | | AIAS_0000435 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 12/10/2018 | $172.20 | $0.06 | 630 | $35.67 | 752 | $42.57 | AIA_19INSP_0010917 | Cicayda LLC Invoice dated November 30, 2018 | Check No. 207605 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0010222 | December 2018 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010224 | US Bank Canceled Check No. 207605 | |
| | | | | | | | AIA_19INSP_0010916 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010228 | AIA Insurance Check Register from 12-1-2018 through 12-31-2018 | |
| | | | | | | | AIAS_0000435 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 1/17/2019 | $172.20 | $0.06 | 592 | $33.52 | 714 | $40.42 | AIA_19INSP_0009002 | Cicayada Invoice dated December 31, 2018 | Check No. 207616 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033921 | January 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033922 | US Bank Canceled Check No. 207616 | |
| | | | | | | | AIA_19INSP_0009001 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000434 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 2/11/2019 | $172.20 | $0.06 | 567 | $32.10 | 689 | $39.01 | AIA_19INSP_0009000 | Cicayda LLC Invoice dated January 31, 2019 | Check No. 207629 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033927 | February 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033928 | US Bank Canceled Check No. 207629 | |
| | | | | | | | AIA_19INSP_0008999 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000436 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 3/14/2019 | $172.20 | $0.06 | 536 | $30.34 | 658 | $37.25 | AIA_19INSP_0008998 | Cicayda LLC Invoice dated February 28, 2019 | Check No. 207640 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033933 | March 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033935 | US Bank Canceled Check No. 207640 | |
| | | | | | | | AIA_19INSP_0008997 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000436 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 4/15/2019 | $172.20 | $0.06 | 504 | $28.53 | 626 | $35.44 | AIA_19INSP_0008996 | Cicayda LLC Invoice dated March 31, 2019 | Check No. 207654 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIA_19INSP_0008939 | April 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033941 | US Bank Canceled Check No. 207654 | |
| | | | | | | | AIA_19INSP_0008995 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 5/10/2019 | $172.20 | $0.06 | 479 | $27.12 | 601 | $34.02 | AIA_19INSP_0008994 | Cicayda LLC Invoice dated April 30, 2019 | Check No. 207524 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033945 | May 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033946 | US Bank Canceled Check No. 207666 | |
| | | | | | | | AIA_19INSP_0008993 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 6/27/2019 | $172.20 | $0.06 | 431 | $24.40 | 553 | $31.31 | AIA_19INSP_0008992 | Cicayda LLC Invoice dated May 31, 2019 | Check No. 207682 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033957 | July 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033958 | US Bank Canceled Check No. 207682 | |
| | | | | | | | AIA_19INSP_0008991 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |

Item No. 31     **DLM - 107630**

**Exhibit - 1, p. 809**

**Exhibit - A, p. 147**

**13-ER-3228**

**Item 31:** Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* *

**Cicayda LLC (E-Discovery Vendor)**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/11/2019 | $172.20 | $0.06 | 417 | $23.61 | 539 | $30.51 | AIA_19INSP_0008990 | Cicayda LLC Invoice dated June 30, 2019 | Check No. 207691 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033957 | July 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033959 | US Bank Canceled Check No. 207691 | |
| | | | | | | | AIA_19INSP_0008989 | AIA Insurance Check Stub | |
| 8/14/2019 | $172.20 | $0.06 | 383 | $21.68 | 505 | $21.68 | AIAS_0033963 | August 2019 AIA Insurance US Bank Statement | Check No. 207702 issued to Cicayda LLC by AIA Insurance |
| | | | | | | | AIAS_0033964 | US Bank Canceled Check No. 207702 | |
| | $3,788.40 | $1.25 | | $871.85 | | $1,016.90 | | | |

**Total paid to Cicayda:** **$3,788.40**
**Per Diem Interest:** **$1.25**
**Interest accrued through 8/31/2020:** **$871.85**
**Interest accrued through 12/31/2020:** **$1,016.90**
**Total paid to Cicayda plus interest accrued through 8/31/2020:** **$4,660.25**
**Total paid to Cicayda plus interest accrued through 12/31/2020:** **$4,805.30**

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* \***

**Givens Pursley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/14/2019 | $5,317.50 | $1.75 | 536 | $937.05 | 658 | $1,150.33 | AIA_19INSP_0009083-85 | Givens Pursley Invoice dated November 27, 2018 | Check No. 207644 issued to Givens Pursley LLP by AIA Insurance |
| | | | | | | | AIAS_0033933 | March 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033935 | US Bank Canceled Check No. 207644 | |
| | | | | | | | AIA_19INSP_0009082 | AIA Insurance Check Stub | |
| | | | | | | | AIAS_0000436 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 9/11/2019 | $4,759.20 | $1.56 | 355 | $555.46 | 477 | $746.35 | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | Check No. 207716 issued to Givens Pursley by AIA Insurance |
| | | | | | | | AIAS_0033971 | US Bank Canceled Check No. 207716 | |
| | $10,076.70 | $3.31 | | $1,492.50 | | $1,896.68 | | | |

Total paid to Givens Pursley:                                      $10,076.70
Per Diem Interest:                                                 $3.31
Interest accrued through 8/31/2020:                                $1,492.50
Interest accrued through 12/31/2020:                               $1,896.68
Total paid to Givens Pursley plus interest accrued through 8/31/2020:     $11,569.20
Total paid to Givens Pursley plus interest accrued through 12/31/2020:    $11,973.38

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* \***

**Costs**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/14/2008 | $3,164.35 | $1.04 | 4582 | $4,766.81 | 4704 | $4,893.73 | AIA_19INSP_0110012-13 | Ron Schilling Fee Statement dated February 2, 2008 | Check No. 15459 issued to Ron Schilling by AIA Services (6/27 - 12/18/07 Mediation) |
| | | | | | | | AIA_19INSP_0110010 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 11/13/2008 | $206.96 | $0.07 | 4309 | $293.19 | 4431 | $301.49 | AIA_19INSP_0108472 | Red Lion Hotel Invoice dated October 29, 2008 | Check No. 201139 issued to Red Lion Hotel by AIA Insurance Charles Harper Lodging on October 20, 2008 James Beck Lodging on October 28, 2008 |
| | | | | | | | AIA_19INSP_0108473 | Red Lion Hotel Receipt dated October 20, 2008 for Charles Harper | |
| | | | | | | | AIA_19INSP_0108474 | Red Lion Hotel Receipt dated October 28, 2008 for James Beck | |
| | | | | | | | AIA_19INSP_0108471 | AIA Inc Check Stub | |
| 1/22/2009 | $1,035.43 | $0.34 | 4239 | $1,443.02 | 4361 | $1,484.55 | AIA_19INSP_0052464 | February 2008 AIA Insurance US Bank Statement | Check No. 202281 issued to Ronald Shilling by AIA Insurance |
| | | | | | | | AIA_19INSP_0053432-33 | US Bank Canceled Check No. 202281 | |
| 2/9/2009 | $8,000.00 | $2.63 | 4221 | $11,101.81 | 4343 | $11,422.68 | AIA_19INSP_0103648-49 | Hooper Cornell, P.L.L.C. Invoice dated February 28, 2009 | Check No. 202864 issued to Hooper Cornell by AIA Inc. ACCT EXPERT R TAYLOR SUIT |
| | | | | | | | AIA_19INSP_0103657 | AIA Inc. Check Stub | |
| | | | | | | | AIA_19INSP_0103647 | Hooper Cornell Account Activity dated April 28, 2009 | |
| 3/3/2009 | $449.73 | $0.15 | 4199 | $620.85 | 4321 | $638.89 | AIA_19INSP_0105467-71 | Red Lion Hotel Statement and Receipts dated February 5, 2009 | Check No. 15550 issued to Red Lion Hotel by AIA Services Corporation 2/09 James Beck Travel |
| | | | | | | | AIA_19INSP_0105466 | Red Lion Hotel Invoice dated February 10, 2009 | |
| | | | | | | | AIA_19INSP_0105465 | AIA Services Corporation | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 4/16/2009 | $1,362.20 | $0.45 | 4155 | $1,860.80 | 4277 | $1,915.44 | AIA_19INSP_0105329 | Global Travel Invoice No. 203018781 dated January 26, 2009 | Check No. 15559 issued to Global Travel by AIA Services Corporation James Beck Travel Costs |
| | | | | | | | AIA_19INSP_0105330 | Global Travel Invoice No. 203018851 dated January 29, 2009 | |
| | | | | | | | AIA_19INSP_0105331 | Global Travel Invoice No. 203018852 dated January 29, 2009 | |
| | | | | | | | AIA_19INSP_0105332 | Global Travel Invoice No. 203018909 dated February 4, 2009 | |
| | | | | | | | AIA_19INSP_0105328 | Global Travel Statement dated February 28, 2009 | |
| | | | | | | | AIA_19INSP_0105327 | AIA Services Corporation Check Stub | |
| 4/30/2009 | $88.65 | $0.03 | 4141 | $120.69 | 4263 | $124.25 | AIA_19INSP_0105424 | Quality Inn & Suites Receipt dated April 23, 2009 | Check No. 15562 issued to Quality Inn & Suites by AIA Services Corporation (4/09 Gary Babbitt Stay) |
| | | | | | | | AIA_19INSP_0105423 | Quality Inn & Suites Statement of Account dated April 23, 2009 | |
| | | | | | | | AIA_19INSP_0105422 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 4/30/2009 | $3,635.59 | $1.20 | 4141 | $4,949.58 | 4263 | $5,095.40 | AIA_19INSP_0105289-90 | Clearwater Reporting Statement dated February 24, 2009 Deposition of James Beck taken February 2, 2009 | Check No. 15564 issued to Clearwater Reporting LLC by AIA Services Corporation (2/5/09 - Connie Taylor Depo) (2/09-Depostion Copying) |
| | | | | | | | AIA_19INSP_0105288-89 | Clearwater Reporting Statement - Deposition of James Beck | |
| | | | | | | | AIA_19INSP_0105285-86 | Clearwater Reporting Statement - Deposition of James Beck | |
| | | | | | | | AIA_19INSP_0105295 | Clearwater Reporting Statement - Deposition of Connie Taylor | |
| | | | | | | | AIA_19INSP_0105293 | Clearwater Reporting Statement - Deposition of Connie Taylor | |
| | | | | | | | AIA_19INSP_0105284 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 087323 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 4/30/2009 | $2,690.01 | $0.88 | 4141 | $3,662.25 | 4263 | $3,770.14 | AIA_19INSP_0103654-55 | Hooper Cornell, P.L.L.C. Invoice dated March 31, 2009 | Check No. 203375 issued to Hooper Cornell by AIA Inc 2/11-3/31/09 LEGAL-REED |
| | | | | | | | AIA_19INSP_0103645 | Hooper Cornell, P.L.L.C. Invoice dated April 30, 2009 | |
| | | | | | | | AIA_19INSP_0103640-41 | Hooper Cornell, P.L.L.C. Invoice dated May 31, 2009 | |
| | | | | | | | AIA_19INSP_0103646 | AIA Inc Check Stub | |
| | | | | | | | AIA_19INSP_0103647 | Hooper Cornell Account Activity dated April 28, 2009 | |
| 6/23/2009 | $362.00 | $0.12 | 4087 | $486.41 | 4209 | $500.93 | AIA_19INSP_0105326 | Global Travel Invoice No. 203019669 dated April 17, 2009 | Check No. 15568 issued to Global Travel (4/09 - G Babbitt-203019669) |
| | | | | | | | AIA_19INSP_0105325 | Global Travel Statement dated June 1, 2009 | |
| | | | | | | | AIA_19INSP_0105324 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 0837324 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| 10/15/2009 | $101.00 | $0.03 | 3973 | $131.93 | 4095 | $135.98 | RJT 0837324 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | Check No. 15592 issued to Nez Perce County (Notice of Appeal Fee) |
| 8/15/2014 | $136.00 | $0.04 | 2208 | $98.72 | 2330 | $104.18 | AIA_19INSP_0046237 | August 2014 AIA Insurance US Bank Statement | Check No. 206531 issued to Nez Perce County District Court (CV 14-01444) |
| | | | | | | | AIA_19INSP_0046244 | US Bank Canceled Check No. 206531 | |
| | | | | | | | AIA_19INSP_0029542 | AIA Insurance Check Stub | |
| 3/3/2015 | $51.25 | $0.02 | 2008 | $33.83 | 2130 | $35.89 | AIA_19INSP_0024180 | LC Reporting Invoice dated January 8, 2015 | Check No. 206690 issued to LC Reporting Motion Hearing Transcript *Donna Taylor v. GemCap and AIA* |
| | | | | | | | AIA_19INSP_0015374 | March 2015 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015378 | US Bank Canceled Check No. 206690 | |
| | | | | | | | AIA_19INSP_0024179 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0015382 | AIA Insurance Check Register from 3-1-2015 through 3-31-2015 | |

Item No. 31      **DLM - 107633**

**Exhibit - 1, p. 812**

**Exhibit - A, p. 150**

**13-ER-3231**

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* \***

**Costs**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/1/2015 | $1,546.95 | $0.51 | 1888 | $960.21 | 2010 | $1,022.26 | AIA_19INSP_0023570 | Benchmark Reporting Agency Invoice dated June 11, 2015 (Certified Transcript of Michael W. Cashman) | Check No. 206786 issued to Benchmark Reporting Deposition Transcript of Michael Cashman and James Beck *Donna Taylor v. John Taylor and AIA Services* |
| | | | | | | | AIA_19INSP_0023571 | Benchmark Reporting Agency Invoice dated June 11, 2015 (Certified Transcript of James Beck) | |
| | | | | | | | AIA_19INSP_0015430 | July 2015 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015435 | US Bank Canceled Check No. 206786 | |
| | | | | | | | AIA_19INSP_0023569 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0015440 | AIA Insurance Check Register from 7-1-2015 through 7-31-2015 | |
| 8/7/2015 | $578.12 | $0.19 | 1851 | $351.81 | 1973 | $375.00 | AIA_19INSP_0023585 | Charles B. Lempesis Invoice dated May 15, 2015 | Check No. 206827 issued to Charles B. Lempesis Chtd. by AIA Insurance *Taylor v. AIA Services & Taylor* |
| | | | | | | | AIA_19INSP_0015446 | August 2015 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015452 | US Bank Canceled Check No. 206827 | |
| | | | | | | | AIA_19INSP_0023583 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0015454 | AIA Check Register from 8/1/2015 through 8/31/2015 | |
| 11/16/2015 | $289.06 | $0.10 | 1750 | $166.31 | 1872 | $177.90 | AIA_19INSP_0023584 | Charles B. Lempesis Invoice dated July 15, 2015 | Check No. 206894 issued to Charles Lempesis by AIA Insurance *Taylor v. AIA Services & Taylor* |
| | | | | | | | AIA_19INSP_0023587 | Charles B. Lempesis Invoice dated September 1, 2015 | |
| | | | | | | | AIA_19INSP_0015500 | Decemeber 2015 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015504 | US Bank Canceled Check No. 206894 | |
| | | | | | | | AIA_19INSP_0023582 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0015496 | AIA Insurance Check Register from 11-1-2015 through 11-30-2015 | |
| 3/14/2016 | $289.06 | $0.10 | 1631 | $155.00 | 1753 | $166.59 | AIA_19INSP_0020384 | Charles B. Lempesis Invoice dated January 21, 2016 | Check No. 206998 issued to Charles B Lempesis Chtd by AIA Insurance *Taylor v. AIA Services & Taylor* |
| | | | | | | | AIA_19INSP_0015190 | March 2016 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015197 | US Bank Canceled Check No. 206998 | |
| | | | | | | | AIA_19INSP_0020382 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0015200 | AIA Insurance Check Register from 3-1-2016 through 3-31-2016 | |
| | | | | | | | AIAPROD00307968 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 11/30/2016 | $304.00 | $0.10 | 1370 | $136.92 | 1492 | $149.12 | AIA_19INSP_0021148 | K&K Reporting Invoice dated November 3, 2016 | Check No. 207263 issued to K&K Reporting by AIA Insurance Deposition of John Taylor *Taylor v. Bell* |
| | | | | | | | AIA_19INSP_0015333 | December 2016 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015335 | US Bank Canceled Check No. 207263 | |
| | | | | | | | AIA_19INSP_0021147 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0015326 | AIA Insurance Check Register from 11-1-2016 through 11-30-2016 | |
| | | | | | | | AIAPROD00307966 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 1/13/2017 | $461.45 | $0.15 | 1326 | $201.17 | 1448 | $219.68 | AIA_19INSP_0014712 | Yamaguchi Obien Mangio, LLC Invoice dated December 22, 2016 | Check No. 207298 issued to Yamaguchi Obien Mangio, LLC by AIA Insurance Court Reporter - James Beck Deposition Transcript - *Reed Taylor v. Scott Bell*, et al. |
| | | | | | | | AIA_19INSP_0010439 | January 2017 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010441 | US Bank Canceled Check No. 207298 | |
| | | | | | | | AIA_19INSP_0014711 | AIA Insurance Check Stub | |
| | | | | | | | AIA_19INSP_0010444 | AIA Insurance Check Register from 1-1-2017 through 1-31-2017 | |
| | | | | | | | AIAPROD00307962 | AIA Insurance Check Register from 1-1-2017 through 8-2-2017 | |
| 9/5/2019 | $586.71 | $0.19 | 361 | $69.63 | 483 | $93.17 | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | Check No. 207708 issued to M&M Court Reporting Service by AIA Insurance |
| | | | | | | | AIAS_0033970 | US Bank Canceled Check No. 207708 | |
| 9/19/2019 | $3,200.00 | $1.05 | 347 | $365.06 | 469 | $493.41 | AIAS_0033969 | September 2019 AIA Insurance US Bank Statement | Check No. 207719 issued to Mediated Negotiations by AIA Insurance |
| | | | | | | | AIAS_0033971 | US Bank Canceled Check No. 207719 | |
| 2/24/2020 | $1,466.20 | $0.48 | 189 | $91.11 | 311 | $149.91 | AIAS_0033999 | February 2020 AIA Insurance US Bank Statement | Check No. 207776 issued to K & K Reporting by AIA Insurance |
| | | | | | | | AIAS_0034001 | US Bank Canceled Check No. 207776 | |
| 2/24/2020 | $1,177.25 | $0.39 | 189 | $73.15 | 311 | $120.37 | AIAS_0033999 | February 2020 AIA Insurance US Bank Statement | Check No. 207778 issued to Naegeli Deposition & Trial by AIA Insurance |
| | | | | | | | AIAS_0034001 | US Bank Canceled Check No. 207778 | |
| 2/24/2020 | $502.61 | $0.17 | 189 | $31.23 | 311 | $51.39 | AIAS_0033999 | February 2020 AIA Insurance US Bank Statement | Check No. 207777 issued to M&M Court Reporting by AIA Insurance |
| | | | | | | | AIAS_0034001 | US Bank Canceled Check No. 207777 | |
| 5/20/2020 | $3,717.16 | $1.22 | 103 | $125.87 | 225 | $274.97 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207805 issued to Associated Reporting & Video by AIA Insurance |
| | | | | | | | AIAS_0034019 | US Bank Canceled Check No. 207805 | |
| 5/20/2020 | $937.20 | $0.31 | 103 | $31.74 | 225 | $69.33 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207807 issued to LC Reporting by AIA Insurance |
| | | | | | | | AIAS_0034019 | US Bank Canceled Check No. 207807 | |

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including** *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* *

**Costs**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5/20/2020 | $1,245.43 | $0.41 | 103 | $42.17 | 225 | $92.13 | AIAS_0034017 | May 2020 AIA Insurance US Bank Statement | Check No. 207808 issued to M&M Court Reporting by AIA Insurance |
| | | | | | | | AIAS_0034019 | US Bank Canceled Check No. 207808 | |
| 6/18/2020 | $3,174.44 | $1.04 | 74 | $77.23 | 196 | $204.56 | AIAS_0034023 | June 2020 AIA Insurance US Bank Statement | Check No. 207820 issued to Associated Reporting & Video by AIA Insurance |
| | | | | | | | AIAS_0034025 | US Bank Canceled Check No. 207820 | |
| | $40,758.81 | $13.40 | | $32,448.52 | | $34,083.34 | | | |

Total litigation costs paid by AIA:                                                    $40,758.81
Per Diem Interest:                                                                      $13.40
Interest accrued through 8/31/2020:                                                     $32,448.52
Interest accrued through 12/31/2020:                                                    $34,083.34
Total costs paid by AIA plus interest accrued through 8/31/2020:                        $73,207.33
Total costs paid by AIA plus interest accrued through 12/31/2020:                       $74,842.15

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including** *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* *

**Randall & Hurley**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 8/13/2008 | $400.00 | $0.13 | 4401 | $578.76 | 4523 | $594.81 | AIA_19INSP_0109918 | Randall & Hurley, Inc. Invoice dated July 3, 2008 | Check No. 15493 issued to Randall & Hurley (7/08 LEGAL RESEARCH-REED) |
| | | | | | | | AIA_19INSP_0109917 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| 9/11/2008 | $125.00 | $0.04 | 4372 | $179.67 | 4494 | $184.68 | AIA_19INSP_0109916 | Randall & Hurley, Inc. Invoice dated September 6, 2008 | Check No. 15501 issued to Randall & Hurley (TRUSTEE AMENDMENT) |
| | | | | | | | AIA_19INSP_0109914 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 087322 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| 9/10/2011 | $2,000.00 | $0.66 | 3278 | $2,155.40 | 3400 | $2,235.62 | AIA_19INSP_0087647 | Randall & Hurley, Inc. Invoice dated October 31, 2008 | Check No. 15732 issued to Randall & Hurley (PYE 12/31/07 ANNUAL FEE) |
| | | | | | | | AIA_19INSP_0087653 | Randall & Hurley, Inc. Account Statement dated March 31, 2009 | |
| | | | | | | | AIA_19INSP_0087654 | Randall & Hurley, Inc. Account Statement dated August 31, 2009 | |
| | | | | | | | AIA_19INSP_0087646 | September 2011 AIA Services Corporation US Bank Statement | |
| | | | | | | | AIA_19INSP_0087646 | AIA Services Corporation Check Stub | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| 10/2/2012 | $8,000.00 | $2.63 | 2890 | $7,601.10 | 3012 | $7,921.97 | AIA_19INSP_0015081 | October 2012 AIA Services Corporation US Bank Statement | Check No. 15876 issued to Randall & Hurley (PY 2010/2011 TERM FEES) |
| | | | | | | | AIA_19INSP_0015084 | October 2012 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087328 | AIA Services Check Register from 1-2-2008 through 4-30-2015 | |
| | $10,525.00 | $3.46 | | $10,514.93 | | $10,937.08 | | | |

| | |
|---|---|
| **Total paid to Randall & Hurley:** | **$10,525.00** |
| **Per Diem Interest:** | **$3.46** |
| **Interest accrued through 8/31/2020:** | **$10,514.93** |
| **Interest accrued through 12/31/2020:** | **$10,937.08** |
| **Total paid to Randall & Hurley plus interest accrued through 8/31/2020:** | **$21,039.93** |
| **Total paid to Randall & Hurley plus interest accrued through 12/31/2020:** | **$21,462.08** |

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* ***

**OFW Law**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 2/12/2016 | $1,000.00 | $0.33 | 1662 | $546.41 | 1784 | $586.52 | AIA_19INSP_0021573 | OFW Billing Statement dated November 6, 2015 | Check No. 206954 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0015174 | February 2016 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015179 | US Bank Canceled Check No. 206954 | |
| | | | | | | | AIA_19INSP_0021572 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000574 | 2016 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIA_19INSP_0015182 | AIA Insurance Check Register from 2-1-2016 through 2-29-2016 | |
| | | | | | | | AIAPROD00307967 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 5/12/2016 | $3,945.00 | $1.30 | 1572 | $2,038.86 | 1694 | $2,197.09 | AIA_19INSP_0021569 | OFW Billing Statement dated December 7, 2015 | Check No. 207066 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0021570 | OFW Billing Statement dated January 1, 2016 | |
| | | | | | | | AIA_19INSP_0021571 | OFW Billing Statement dated February 9, 2016 | |
| | | | | | | | AIA_19INSP_0015225 | May 2016 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015231 | US Bank Canceled Check No. 207066 | |
| | | | | | | | AIA_19INSP_0021567 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000574 | 2016 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIA_19INSP_0015234 | AIA Insurance Check Register from 5-1-2016 through 5-31-2016 | |
| | | | | | | | AIAPROD00307969 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 6/21/2016 | $1,000.00 | $0.33 | 1532 | $503.67 | 1654 | $543.78 | AIA_19INSP_0021566 | OFW Billing Statement dated March 8, 2016 | Check No. 207122 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0021565 | OFW Billing Statement dated April 11, 2016 | |
| | | | | | | | AIA_19INSP_0021564 | OFW Billing Statement dated April 25, 2016 | |
| | | | | | | | AIA_19INSP_0015244 | June 2016 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015253 | US Bank Canceled Check No. 207122 | |
| | | | | | | | AIA_19INSP_0021562 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000574 | 2016 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIA_19INSP_0015255 | AIA Insurance Check Register from 6-1-2016 through 6-30-2016 | |
| | | | | | | | AIAPROD00307970 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 11/30/2016 | $1,617.50 | $0.53 | 1370 | $728.54 | 1492 | $793.42 | AIA_19INSP_0013948 | OFW Billing Statement dated September 12, 2016 | Check No. 207264 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0015333 | December 2016 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0015335 | US Bank Canceled Check No. 207264 | |
| | | | | | | | AIA_19INSP_0021558 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000574 | 2016 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIA_19INSP_0015326 | AIA Insurance Check Register from 11-1-2016 through 11-30-2016 | |
| | | | | | | | AIAPROD00397966 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 12/28/2016 | $1,265.00 | $0.42 | 1342 | $558.12 | 1464 | $608.86 | AIA_19INSP_0021553 | OFW Billing Statement dated July 11, 2016 | Check No. 207283 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0010439 | January 2017 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010441 | US Bank Canceled Check No. 207283 | |
| | | | | | | | AIA_19INSP_0021552 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0015341 | AIA Insurance Check Register from 12-1-2016 through 12-31-2016 | |
| | | | | | | | AIA_19INSP_0000574 | 2016 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIAPROD00307967 | AIA Insurance Check Register from 1-1-2016 through 12-31-2016 | |
| 3/22/2017 | $805.00 | $0.26 | 1258 | $332.94 | 1380 | $365.23 | AIA_19INSP_0013947 | OFW Billing Statement dated August 10, 2016 | Check No. 207335 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0013948 | OFW Billing Statement dated September 12, 2016 | |
| | | | | | | | AIA_19INSP_0013949 | OFW Billing Statement dated October 7, 2016 | |
| | | | | | | | AIA_19INSP_0010420 | March 2017 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010423 | US Bank Canceled Check No. 207335 | |
| | | | | | | | AIA_19INSP_0013946 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000321 | 2017 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIA_19INSP_0010424 | AIA Insurance Check Registert from 3-1-2017 through 3-31-2017 | |
| | | | | | | | AIAPROD00307963 | AIA Insurance Check Register from 1-1-2017 through 8-2-2017 | |
| 5/4/2017 | $1,150.00 | $0.38 | 1215 | $459.37 | 1337 | $505.50 | AIA_19INSP_0013945 | OFW Billing Statement dated November 8, 2016 | Check No. 207361 issued to OFW Law by AIA Insurance |
| | | | | | | | AIA_19INSP_0010400 | May 2017 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0010401 | US Bank Canceled Check No. 207361 | |
| | | | | | | | AIA_19INSP_0013944 | AIA Insurance Inc Check Stub | |
| | | | | | | | AIA_19INSP_0000321 | 2017 1099-MISC issued to OFW Law by AIA Insurance Inc. | |
| | | | | | | | AIA_19INSP_0010404 | AIA Insurance Check Register from 5-1-2017 through 5-30-2017 | |
| | | | | | | | AIAPROD00307963 | AIA Insurance Check Register from 1-1-2017 through 8-2-2017 | |

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* ***

**OFW Law**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/14/2017 | $460.00 | $0.15 | 1144 | $173.01 | 1266 | $191.46 | AIA_19INSP_0013943 | OFW Billing Statement dated March 8, 2017 | Check No. 207393 issued to OFW Law by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0010381 | July 2017 AIA Insurance US Bank Statement |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010383 | US Bank Canceled Check No. 207393 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0013942 | AIA Insurance Inc Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0000321 | 2017 1099-MISC issued to OFW Law by AIA Insurance Inc. |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010384 | AIA Insurance Check Register from 7-1-2017 through 7-31-2017 |  |
|  |  |  |  |  |  |  | AIAPROD00307964 | AIA Insurance Check Register from 1-1-2017 through 8-2-2017 |  |
| 4/23/2018 | $100.00 | $0.03 | 861 | $28.31 | 983 | $32.32 | AIA_19INSP_0010298 | April 2018 AIA Insurance US Bank Statement | Check No. 207513 issued to OFW Law by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0010300 | US Bank Canceled Check No. 207513 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011425 | AIA Insurance Inc Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010301 | AIA Insurance Check Register from 4-1-2018 through 4-30-2018 |  |
|  |  |  |  |  |  |  | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 |  |
| 5/14/2018 | $100.00 | $0.03 | 840 | $27.62 | 962 | $31.63 | AIA_19INSP_0010288 | May 2018 AIA Insurance US Bank Statement | Check No. 207524 issued to OFW Law by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0010290 | US Bank Canceled Check No. 207524 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011424 | AIA Insurance Inc Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010291 | AIA Insurance Check Register from 5-1-2018 through 5-31-2018 |  |
|  |  |  |  |  |  |  | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 |  |
| 6/21/2018 | $100.00 | $0.03 | 802 | $26.37 | 924 | $30.38 | AIA_19INSP_0010279 | June 2018 AIA Insurance US Bank Statement | Check No. 207539 issued to OFW Law by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0010281 | US Bank Canceled Check No. 207539 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011423 | AIA Insurance Inc Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010282 | AIA Insurance Check Register from 6-1-2018 through 6-30-2018 |  |
|  |  |  |  |  |  |  | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 |  |
| 8/23/2018 | $100.00 | $0.03 | 739 | $24.30 | 861 | $28.31 | AIA_19INSP_0010261 | August 2018 AIA Insurance US Bank Statement | Check No. 207561 issued to OFW Law by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0010263 | US Bank Canceled Check No. 207561 |  |
|  |  |  |  |  |  |  | AIA_19INSP_0011422 | AIA Insurance Inc Check Stub |  |
|  |  |  |  |  |  |  | AIA_19INSP_0010264 | AIA Insurance Check Register from 8-1-2018 through 8-31-2018 |  |
|  |  |  |  |  |  |  | AIAS_0000439 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 |  |
|  | $11,642.50 | $3.83 |  | $5,447.52 |  | $5,914.49 |  |  |  |

**Total paid to OFW Law:** $11,642.50
**Per Diem Interest:** $3.83
**Interest accrued through 8/31/2020:** $5,447.52
**Interest accrued through 12/31/2020:** $5,914.49
**Total paid to OFW Law plus interest accrued through 8/31/2020:** $17,090.02
**Total paid to OFW Law plus interest accrued through 12/31/2020:** $17,556.99

Item No. 31   **DLM - 107638**

Page 10 of 16

**Exhibit - 1, p. 817**

**Exhibit - A, p. 155**

**13-ER-3236**

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including** *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* *

**James Grow**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/12/2018 | $2,500.00 | $0.82 | 872 | $716.71 | 994 | $816.99 | AIA_19INSP_0010298 | April 2018 AIA Insurance US Bank Statement | Check No. 207508 issued to James W. Grow by AIA Insurance |
| | | | | | | | AIA_19INSP_0010299 | US Bank Canceled Check No. 207508 | |
| | | | | | | | AIA_19INSP_0011090 | AIA Insurance Inc. Check Stub | |
| | | | | | | | AIA_19INSP_0010301 | AIA Insurance Check Register from 4-1-2018 through 4-30-2018 | |
| | | | | | | | AIAS_0000437 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 6/18/2018 | $200.00 | $0.07 | 805 | $52.93 | 927 | $60.95 | AIA_19INSP_0010279 | June 2018 AIA Insurance US Bank Statement | Check No. 207537 issued to James W. Grow by AIA Insurance |
| | | | | | | | AIA_19INSP_0010280 | US Bank Canceled Check No. 207537 | |
| | | | | | | | AIA_19INSP_0011087 | AIA Insurance Inc. Check Stub | |
| | | | | | | | AIA_19INSP_0010282 | AIA Insurance Check Register from 6-1-2018 through 6-30-2018 | |
| | | | | | | | AIAS_0000438 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| 7/26/2018 | $2,000.00 | $0.66 | 767 | $504.33 | 889 | $584.55 | AIA_19INSP_0010251 | September 2018 AIA Insurance US Bank Statement | Check No. 207550 issued to James W. Grow by AIA Insurance |
| | | | | | | | AIA_19INSP_0010253 | US Bank Canceled Check No. 207550 | |
| | | | | | | | AIA_19INSP_0011089 | US Bank Canceled Check No. 207550 | |
| | | | | | | | AIA_19INSP_0010273 | AIA Insurance Check Register from 7-1-2018 through 7-31-2018 | |
| | | | | | | | AIAS_0000439 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| | $4,700.00 | $1.55 | | $1,273.97 | | $1,462.49 | | | |

| | |
|---|---|
| **Total paid to Jim Grow:** | **$4,700.00** |
| **Per Diem Interest:** | **$1.55** |
| **Interest accrued through 8/31/2020:** | **$1,273.97** |
| **Interest accrued through 12/31/2020:** | **$1,462.49** |
| **Total paid to Jim Grow plus interest accrued through 8/31/2020:** | **$5,973.97** |
| **Total paid to Jim Grow plus interest accrued through 12/31/2020:** | **$6,162.49** |

Item No. 31    **DLM - 107639**                   Page 11 of 16                   **Exhibit - 1, p. 818**

**Exhibit - A, p. 156**

**13-ER-3237**

**Item 31: Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including** *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* *

**Chapman Law Offices**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/29/2011 | $5,613.79 | $1.85 | 3198 | $5,902.32 | 3320 | $6,127.49 | AIA_19INSP_0015146 | November 2011 AIA Services Corporation US Bank Statement | Check No. 15765 issued to Chapman Law by AIA Services AMER WEST V MARK BOLLAND |
| | | | | | | | AIA_19INSP_0087385 | AIA Services Corporation | |
| | | | | | | | RJT - 087327 | AIA Services Check Register from 1-1-2008 through 4-30-2015 | |
| | | | | | | | AIA_19INSP_0002214 | 2011 1099-MISC issued to Chapman Law Offices by AIA Services | |
| | $5,613.79 | $1.85 | | $5,902.32 | | $6,127.49 | | | |

**Total paid to Chapman Law Office:**          **$5,613.79**
**Per Diem Interest:**          **$1.85**
**Interest accrued through 8/31/2020:**          **$5,902.32**
**Interest accrued through 12/31/2020:**          **$6,127.49**
**Total paid to Chapman Law plus interest accrued through 8/31/2020:**          **$11,516.11**
**Total paid to Chapman Law plus interest accrued through 12/31/2020:**          **$11,741.28**

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* ***

**Riddell Williams**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 10/31/2013 | $500.00 | $0.16 | 2496 | $410.30 | 2618 | $430.36 | AIA_19INSP_0046462 | November 2013 AIA Insurance US Bank Statement | Check No. 205877 issued to Riddell Williams PMT ON ACCT-WBP-CROPUSA |
| | | | | | | | AIA_19INSP_0046473 | US Bank Canceled Check No. 205877 | |
| | | | | | | | AIAPROD00297654 | AIA Insurance Check Register from 1-1-2011 through 12-30-2013 | |
| 2/25/2014 | $500.00 | $0.16 | 2379 | $391.07 | 2501 | $411.12 | AIA_19INSP_0046262 | March 2014 AIA Insurance US Bank Statement | Check No. 206244 issued to Riddell Williams PMT ON ACCT-WBP-CROPUSA |
| | | | | | | | AIA_19INSP_0046255 | US Bank Canceled Check No. 206244 | |
| | | | | | | | AIA_19INSP_0029744 | AIA Insurance Check Stub | |
| 3/27/2014 | $500.00 | $0.16 | 2349 | $386.14 | 2471 | $406.19 | AIA_19INSP_0046218 | April 2014 AIA Insurance US Bank Statement | Check No. 206321 issued to Riddell Williams PMT ON ACCT-WBP-CROPUSA |
| | | | | | | | AIA_19INSP_0046224 | US Bank Canceled Check No. 206321 | |
| | | | | | | | AIA_19INSP_0029743 | AIA Insurance Check Stub | |
| | $1,500.00 | $0.49 | | $1,187.51 | | $1,247.67 | | | |

| | |
|---|---|
| **Total paid to Riddell Williams:** | **$1,500.00** |
| **Per Diem Interest:** | **$0.49** |
| **Interest accrued through 8/31/2020:** | **$1,187.51** |
| **Interest accrued through 12/31/2020:** | **$1,247.67** |
| **Total paid to Riddell Williams plus interest accrued through 8/31/2020:** | **$2,687.51** |
| **Total paid to Riddell Williams plus interest accrued through 12/31/2020:** | **$2,747.67** |

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including _Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al._ ***

**Clark and Feeney**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/1/2010 | $11.93 | $0.00 | 3714 | $14.57 | 3836 | $15.05 | AIA_19INSP_0049633 | July 2010 AIA Insurance US Bank Statement | Check No. 204151 issued to Clark and Feeney by AIA Inc 02/09-05/10 LEGAL-ISB GRV |
|  |  |  |  |  |  |  | AIA_19INSP_0049723 | US Bank Canceled Check No. 204151 | |
|  |  |  |  |  |  |  | AIA_19INSP_0089458 | AIA Inc Check Stub | |
| 9/10/2009 | $6.00 | $0.00 | 4008 | $7.91 | 4130 | $8.15 | RJT 087324 | AIA Services Check Register from 1-2-2008 through 4-20-2015 | Check No. 15601 issued to Clark and Feeney 8/09-UCC Lien Search Fee |
|  | **$17.93** | **$0.01** |  | **$22.47** |  | **$23.19** |  |  |  |

**Total paid to Clark and Feeney:**      **$17.93**
**Per Diem Interest:**      **$0.01**
**Interest accrued through 8/31/2020:**      **$22.47**
**Interest accrued through 12/31/2020:**      **$23.19**
**Total paid to Clark and Feeney plus interest accrued through 8/31/2020:**      **$40.40**
**Total paid to Clark and Feeney  plus interest accrued through 12/31/2020:**      **$41.12**

Item No. 31    **DLM - 107642**        Page 14 of 16        **Exhibit - 1, p. 821**

**Exhibit - A, p. 159**

**13-ER-3240**

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* ***

**Ice Miller LLP**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/17/2007 | $991.08 | $0.33 | 4794 | $1,562.05 | 4916 | $1,601.80 | AIA_19INSP_0071249 | July 2007 AIA Insurance US Bank Statement | Check No. 199792 issued to Ice Miller LLP by AIA Insurance |
|  |  |  |  |  |  |  | AIA_19INSP_0071314-15 | US Bank Canceled Check No. 199792 |  |
|  | $991.08 | $0.33 |  | $1,562.05 |  | $1,601.80 |  |  |  |

| | |
|---|---|
| **Total paid to Ice Miller LLP:** | **$991.08** |
| **Per Diem Interest:** | **$0.33** |
| **Interest accrued through 8/31/2020:** | **$1,562.05** |
| **Interest accrued through 12/31/2020:** | **$1,601.80** |
| **Total paid to Ice Miller plus interest accrued through 8/31/2020:** | **$2,553.13** |
| **Total paid to Ice Miller plus interest accrued through 12/31/2020:** | **$2,592.88** |

**Item 31:  Unauthorized miscellaneous Attorneys' Fees and Costs paid in various lawsuits, including *Miesen v. HTEH, et al.; Reed Taylor v. AIA Services, et al.; Donna Taylor v. John Taylor, et al.* ***

**Cosho Humphrey LLP**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/6/2008 | $832.50 | $0.27 | 4561 | $1,248.34 | 4683 | $1,281.73 | AIA_19INSP_0106898 | Cosho Humphrey Statement of Services Rendered dated February 22, 2008 | Check No. 200507 issued to Cosho Humphrey 2/21/08 PROF SVCS-REED T |
| | | | | | | | AIA_19INSP_0069498 | March 2008 AIA Insurance US Bank Statement | |
| | | | | | | | AIA_19INSP_0069673-74 | US Bank Canceled Check No. 200507 | |
| | | | | | | | AIA_19INSP_0106897 | AIA Inc Check Stub | |
| | $832.50 | $0.27 | | $1,248.34 | | $1,281.73 | | | |

| | |
|---|---|
| **Total paid to Cosho Humphrey:** | **$832.50** |
| **Per Diem Interest:** | **$0.27** |
| **Interest accrued through 8/31/2020:** | **$1,248.34** |
| **Interest accrued through 12/31/2020:** | **$1,281.73** |
| **Total paid to Cosho Humphrey plus interest accrued through 8/31/2020:** | **$2,080.84** |
| **Total paid to Cosho Humphrey plus interest accrued through 12/31/2020:** | **$2,114.23** |

| | |
|---|---|
| **Total miscellaneous fees and costs paid:** | **$90,446.71** |
| **Total Per Diem Interest:** | **$29.74** |
| **Total Interest accrued through 8/31/2020:** | **$61,971.98** |
| **Total Interest accrued through 12/31/2020:** | **$65,592.85** |
| **Total miscellaneous fees and costs paid plus interest accrued throu** | **$152,418.69** |
| **Total miscellaneous fees and costs paid plus interest accrued throu** | **$156,039.56** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 31    **DLM - 107644**

Page 16 of 16

**Exhibit - A, p. 161**

**13-ER-3242**

**Exhibit - 1, p. 823**

**Item No. 32:  Unauthorized Attorneys' Fees and Costs paid to Clark & Feeney for legal representation of Connie Henderson in *Donna Taylor v. John Taylor, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/21/2009 | $10,000.00 | $3.29 | 3906 | $12,841.64 | 4028 | $13,242.74 | RJT 036971 | AIA Services US Bank Canceled Check No. 15601 | Check No. 15601 issued to Clark and Feeney by AIA Services PMT ON ACCT-10/25/09 INV |
| | | | | | | | RJT 087324 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/28/2010 | $1,000.00 | $0.33 | 3868 | $1,271.67 | 3990 | $1,311.78 | RJT 087324 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | Check No. 15609 issued to Clark and Feeney by AIA Services 9/27-10/25 LEGAL-DONNA T |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 6/28/2010 | $5,000.00 | $1.64 | 3717 | $6,110.14 | 3839 | $6,310.68 | RJT 087324 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | Check No. 15634 issued to Clark and Feeney by AIA Services $282.32 - 09/09 LEGAL-DONNA TAYLOR $4,717.68 - 10/28-11/25 LEGAL-DONNA T |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 9/1/2010 | $500.00 | $0.16 | 3652 | $600.33 | 3774 | $620.38 | RJT 087325 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | Check No. 15651 issued to Clark and Feeney by AIA Services PMT ON ACCT-PER JT |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 10/19/2010 | $500.00 | $0.16 | 3604 | $592.44 | 3726 | $612.49 | RJT 087325 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | Check No. 15668 issued to Clark and Feeney by AIA Services PMT ON ACCT-PER JT |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 12/16/2010 | $500.00 | $0.16 | 3546 | $582.90 | 3668 | $602.96 | RJT 087325 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | Check No. 15678 issued to Clark and Feeney by AIA Services 12/10-PMT ON ACCT-PER JT |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 1/11/2011 | $500.00 | $0.16 | 3520 | $578.63 | 3642 | $598.68 | AIA_19INSP_0015097 | January 2011 AIA Services Corp US Bank Statement | Check No. 15684 issued to Clark and Feeney by AIA Services 01/11-PMT ON ACCT-PER JT |
| | | | | | | | AIA_19INSP_0015099 | January 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| 2/3/2011 | $500.00 | $0.16 | 3497 | $574.85 | 3619 | $594.90 | AIA_19INSP_0015102 | February 2011 AIA Services US Bank Statement | Check No. 15689 issued to Clark and Feeney by AIA Services 02/11-PMT ON ACCT-PER JT |
| | | | | | | | AIA_19INSP_0015104 | February 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |

Item No. 32   **DLM - 107645**

Page 1 of 2

**Exhibit - 1, p. 824**

**Exhibit - A, p. 162**
**13-ER-3243**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 825 of 879

**Item No. 32:  Unauthorized Attorneys' Fees and Costs paid to Clark & Feeney for legal representation of Connie Henderson in *Donna Taylor v. John Taylor, et al.***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9/20/2011 | $3,377.83 | $1.11 | 3268 | $3,629.18 | 3390 | $3,764.66 | AIA_19INSP_0015135 | September 2011 AIA Services US Bank Statement | Check No. 15743 issued to Clark and Feeney by AIA Services 3/9/10 LEGAL-DONNA T. |
| | | | | | | | AIA_19INSP_0015138 | September 2011 AIA Services Check Reconcile Close List | |
| | | | | | | | RJT 087326 | AIA Services Check Register from 1/2/2008 through 4/30/2015 | |
| | | | | | | | AIAPROD00308030 | Spreadsheet of Fees and Costs paid by AIA (prepared by John Taylor) | |
| | $21,877.83 | $7.19 | | $26,781.78 | | $27,659.29 | | | |

| | |
|---|---|
| **Total fees and costs paid to Clark & Feeney:** | **$21,877.83** |
| **Per Diem Interest:** | **$7.19** |
| **Interest accrued through 8/31/2020:** | **$26,781.78** |
| **Interest accrued through 12/31/2020:** | **$27,659.29** |
| **Total fees and costs plus interest accrued through 8/31/2020:** | **$48,659.61** |
| **Total fees and costs plus interest accrued through 12/31/2020:** | **$49,537.12** |

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 32   **DLM - 107646**

Page 2 of 2

**Exhibit - 1, p. 825**

**Exhibit - A, p. 163**

**13-ER-3244**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 826 of 879

**Item No. 33:  Unauthorized Fees and Costs paid to Coles Reinstein Accounting & Consulting for improper valuation of $0 for the Series C Shares in 401(k) Plan\***

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 3/14/2019 | $4,263.00 | $1.40 | 536 | $751.22 | 658 | $922.21 | AIA_19INSP_0009015 | Coles Reinstein Invoice dated March 8, 2019 | Check No. 207641 issued to Coles Reinstein by AIA Insurance (401(k) Plan Appraisal) |
| | | | | | | | AIAS_0033933 | March 2019 AIA Insurance US Bank Statement | |
| | | | | | | | AIAS_0033935 | US Bank Canceled Check No. 207641 | |
| | | | | | | | AIAS_0000436 | AIA Insurance Check Register from 7-1-2017 through 7-2-2019 | |
| | | | | | | | AIA_19INSP_0009014 | AIA Insurance Inc Check Stub | |
| | $4,263.00 | $1.40 | | $751.22 | | $922.21 | | | |

| | |
|---|---|
| **Fees and costs paid to Keith Pinkerton and Coles Reinstein:** | **$4,263.00** |
| **Per Diem Interest:** | **$1.40** |
| **Interest accrued through 8/31/2020:** | **$751.22** |
| **Interest accrued through 12/31/2020:** | **$922.21** |
| **Fees and costs paid plus interest accrued through 8/31/2020:** | **$5,014.22** |
| **Fees and costs paid plus interest accrued through 12/31/2020:** | **$5,185.21** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 33  **DLM - 107647**                    Page 1 of 1                    **Exhibit - 1, p. 826**

**Exhibit - A, p. 164**
**13-ER-3245**

Case 1:10-cv-00404-DCN-CWD   Document 1099-1   Filed 02/20/21   Page 827 of 879

**Item No. 34:  Growers National Cooperative (GNC) Settlement with CropUSA which should have been paid to AIA since AIA formed and initially funded GNC**

| Date | Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 6/24/2010 | $330,000.00 | $108.49 | 3721 | $403,703.01 | 3843 | $416,939.18 | AIA_19INSP_0080243-44 | GNC and CropUSA Terms of Settlement dated May 2, 2010 | |
| | | | | | | | AIA_19INSP_0080245-49 | Proposed Settlement Agreement and General Release dated May 27, 2010 | |
| | | | | | | | AIA_19INSP_0080250-254 | Clark and Feeney letter to Matthew Salzman dated June 4, 2010 regarding changes to drafts of Settlement Agreement | |
| | | | | | | | AIA_19INSP_0080255-61 | June 2010 email exchange regarding CropUSA and GNC Settlement Negotiations with draft of Settlement Agreement and General Release | |
| | | | | | | | AIA_19INSP_0080262-68 | Executed Settlement Agreementa and General Release | |
| | | | | | | | AIAPROD00111188-91 | 2001-12-31 - Crop USA Work Papers re Formation Costs Paid by AIA | |
| | | | | | | | CROP000923 | Growers National Workpapers as to Funding by AIA | |
| | | | | | | | AIA_19INSP_0042355 | June 2010 Crop USA US Bank Statement | |
| 10/18/2010 | $100,000.00 | $32.88 | 3605 | $118,520.55 | 3727 | $122,531.51 | AIA_19INSP_0080243-44 | GNC and CropUSA Terms of Settlement dated May 2, 2010 | |
| | | | | | | | AIA_19INSP_0080245-49 | Proposed Settlement Agreement and General Release dated May 27, 2010 | |
| | | | | | | | AIA_19INSP_0080250-254 | Clark and Feeney letter to Matthew Salzman dated June 4, 2010 regarding changes to drafts of Settlement Agreement | |
| | | | | | | | AIA_19INSP_0080255-61 | June 2010 email exchange regarding CropUSA and GNC Settlement Negotiations with draft of Settlement Agreement and General Release | |
| | | | | | | | AIA_19INSP_0080262-68 | Executed Settlement Agreementa and General Release | |
| | | | | | | | AIAPROD00111188-91 | 2001-12-31 - Crop Work Papers re Formation Costs Paid by AIA | |
| | | | | | | | CROP000923 | Growers National Workpapers as to Funding by AIA | |
| | | | | | | | AIAPROD00119549-50 | US Bank Wire Tansfer Information dated October 19, 2010 | |
| | | | | | | | AIA_19INSP_0041029 | October 2010 Crop USA US Bank Statement | |
| | $430,000.00 | $141.37 | | $522,223.56 | | $539,470.68 | | | |

| | |
|---|---|
| **Total Settlement proceeds paid by Growers National Cooperative to CropUSA:** | **$430,000.00** |
| **Per Diem Interest:** | **$141.37** |
| **Interest accrued through 8/31/2020:** | **$522,223.56** |
| **Interest accrued through 12/31/2020:** | **$539,470.68** |
| **Total settlement proceeds paid plus interest accrued through 8/31/2020:** | **$952,223.56** |
| **Total settlement proceeds paid plus interest accrued through 12/31/2020:** | **$969,470.68** |

Item No. 34  **DLM - 107648**            Page 1 of 1            **Exhibit - 1, p. 827**

**Exhibit - A, p. 165**

**13-ER-3246**

**Item No. 35:  Unauthorized Compensation paid to other competing employees of AIA who competed by also working for CropUSA***

**JoLee Duclos**
**Compensation paid by AIA Insurance**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/31/2000 | $36,224.74 | $11.91 | 7183 | $85,545.96 | 7305 | $86,998.92 | AIA_19INSP_0000196 | |
| 12/31/2001 | $38,898.60 | $12.79 | 6818 | $87,192.54 | 6940 | $88,752.75 | AIA_19INSP_0000197 | |
| 12/31/2002 | $40,167.32 | $13.21 | 6453 | $85,216.34 | 6575 | $86,827.44 | AIA_19INSP_0000198 | |
| 12/31/2003 | $43,744.36 | $14.38 | 6088 | $87,555.83 | 6210 | $89,310.40 | AIA_19INSP_0000199 | |
| 12/31/2004 | $40,174.71 | $13.21 | 5722 | $75,576.88 | 5844 | $77,188.28 | AIA_19INSP_0000200 | |
| 12/31/2005 | $42,593.72 | $14.00 | 5357 | $75,016.29 | 5479 | $76,724.71 | AIA_19INSP_0000201 | |
| 12/31/2006 | $47,508.08 | $15.62 | 4992 | $77,970.52 | 5114 | $79,876.05 | AIA_19INSP_0000202 | |
| 1/16/2007 | $46.63 | $0.02 | 4976 | $76.28 | 5098 | $78.15 | AIA_19INSP_0073340-568 | Check No. 199195 issued to JoLee Duclos |
| 2/21/2008 | $150.00 | $0.05 | 4575 | $225.62 | 4697 | $231.63 | AIA_19INSP_0069893-70089 | Check No. 200422 issued to JoLee Duclos |
| 10/1/2013 | $1,295.38 | $0.43 | 2526 | $1,075.77 | 2648 | $1,127.73 | AIA_19INSP_0046490-512 | Check No. 205780 issued to JoLee Duclos |
| 10/15/2013 | $1,231.32 | $0.40 | 2512 | $1,016.90 | 2634 | $1,066.29 | AIA_19INSP_0046490-512 | Check No. 205805 issued to JoLee Duclos |
| 11/1/2013 | $1,231.22 | $0.40 | 2495 | $1,009.94 | 2617 | $1,059.32 | AIA_19INSP_0046461-89 | Check No. 205887 issued to JoLee Duclos |
| 11/13/2013 | $1,231.32 | $0.40 | 2483 | $1,005.16 | 2605 | $1,054.55 | AIA_19INSP_0046461-89 | Check No. 205906 issued to JoLee Duclos |
| 11/27/2013 | $1,231.32 | $0.40 | 2469 | $999.49 | 2591 | $1,048.88 | AIA_19INSP_0046461-89 | Check No. 205944 issued to JoLee Duclos |
| 12/16/2013 | $1,231.32 | $0.40 | 2450 | $991.80 | 2572 | $1,041.19 | AIA_19INSP_0046432-60 | Check No. 206019 issued to JoLee Duclos |
| 1/2/2014 | $1,231.32 | $0.40 | 2433 | $984.92 | 2555 | $1,034.31 | AIA_19INSP_0046400-31 | Check No. 206079 issued to JoLee Duclos |
| 1/16/2014 | $1,231.32 | $0.40 | 2419 | $979.25 | 2541 | $1,028.64 | AIA_19INSP_0046400-31 | Check No. 206108 issued to JoLee Duclos |
| 1/31/2014 | $1,231.32 | $0.40 | 2404 | $973.18 | 2526 | $1,022.57 | AIA_19INSP_0046400-31 | Check No. 206138 issued to JoLee Duclos |
| 2/14/2014 | $1,231.32 | $0.40 | 2390 | $967.51 | 2512 | $1,016.90 | AIA_19INSP_0046375-99 | Check No. 206192 issued to JoLee Duclos |
| 2/28/2014 | $1,232.32 | $0.41 | 2376 | $962.63 | 2498 | $1,012.06 | AIA_19INSP_0046375-99 | Check No. 206214 issued to JoLee Duclos |
| 2/28/2014 | $200.00 | $0.07 | 2376 | $156.23 | 2498 | $164.25 | AIA_19INSP_0046375-99 | Check No. 206229 issued to JoLee Duclos |
| 3/14/2014 | $1,231.32 | $0.40 | 2362 | $956.18 | 2484 | $1,005.57 | AIA_19INSP_0046246-75 | Check No. 206271 issued to JoLee Duclos |
| 4/1/2014 | $1,231.32 | $0.40 | 2344 | $948.89 | 2466 | $998.28 | AIA_19INSP_0046217-235 | Check No. 206294 issued to JoLee Duclos |
| 4/16/2014 | $1,231.32 | $0.40 | 2329 | $942.82 | 2451 | $992.21 | AIA_19INSP_0046217-235 | Check No. 206347 issued to JoLee Duclos |
| 5/1/2014 | $1,231.32 | $0.40 | 2314 | $936.75 | 2436 | $986.14 | AIA_19INSP_0046187-216 | Check No. 206363 issued to JoLee Duclos |
| 5/16/2014 | $1,231.32 | $0.40 | 2299 | $930.68 | 2421 | $980.06 | AIA_19INSP_0046187-216 | Check No. 206428 issued to JoLee Duclos |
| 1/19/2016 | $2,000.00 | $0.66 | 1686 | $1,108.60 | 1808 | $1,188.82 | AIAPROD00307965 AIA_19INSP_0015165 | Check No. 206397 issued to JoLee Duclos |
| 2/1/2016 | $2,000.00 | $0.66 | 1673 | $1,100.05 | 1795 | $1,180.27 | AIAPROD00307967 AIA_19INSP_0015178 | Check No. 206946 issued to JoLee Duclos |
| 2/12/2016 | $2,000.00 | $0.66 | 1662 | $1,092.82 | 1784 | $1,173.04 | AIAPROD00307967 AIA_19INSP_0015180 | Check No. 206960 issued to JoLee Duclos |

Item No. 35 **DLM - 107649**     Page 1 of 6     **Exhibit - 1, p. 828**

**Exhibit - A, p. 166**
**13-ER-3247**

**Item No. 35:  Unauthorized Compensation paid to other competing employees of AIA who competed by also working for CropUSA\***

**JoLee Duclos**
**Compensation paid by AIA Insurance**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|
| 3/1/2016 | $2,000.00 | $0.66 | 1644 | $1,080.99 | 1766 | $1,161.21 | AIAPROD00307968 AIA_19INSP_0015194 | Check No. 206971 issued to JoLee Duclos |
| 3/16/2016 | $2,000.00 | $0.66 | 1629 | $1,071.12 | 1751 | $1,151.34 | AIAPROD00307968 AIA_19INSP_0015198 | Check No. 207010 issued to JoLee Duclos |
| 4/1/2016 | $2,000.00 | $0.66 | 1613 | $1,060.60 | 1735 | $1,140.82 | AIAPROD00307968 AIA_19INSP_0015212 | Check No. 207020 issued to JoLee Duclos |
| 4/15/2016 | $2,000.00 | $0.66 | 1599 | $1,051.40 | 1721 | $1,131.62 | AIAPROD00307969 AIA_19INSP_0015215 | Check No. 207038 issued to JoLee Duclos |
| 5/3/2016 | $2,000.00 | $0.66 | 1581 | $1,039.56 | 1703 | $1,119.78 | AIAPROD00307970 AIA_19INSP_0015229 | Check No. 207049 issued to JoLee Duclos |
| 5/16/2016 | $2,000.00 | $0.66 | 1568 | $1,031.01 | 1690 | $1,111.23 | AIAPROD00307696 AIA_19INSP_0015231 | Check No. 207067 issued to JoLee Duclos |
| 6/2/2016 | $2,000.00 | $0.66 | 1551 | $1,019.84 | 1673 | $1,100.05 | AIAPROD00307970 | Check No. 207086 issued to JoLee Duclos |
| 6/16/2016 | $2,000.00 | $0.66 | 1537 | $1,010.63 | 1659 | $1,090.85 | AIAPROD00307970 | Check No. 207110 issued to JoLee Duclos |
| 7/1/2016 | $2,000.00 | $0.66 | 1522 | $1,000.77 | 1644 | $1,080.99 | AIAPROD00307971 | Check No. 207124 issued to JoLee Duclos |
| 7/15/2016 | $755.89 | $0.25 | 1508 | $374.76 | 1630 | $405.07 | AIAPROD00307971 | Check No. 207141 issued to JoLee Duclos |
| 8/16/2016 | $755.89 | $0.25 | 1476 | $366.80 | 1598 | $397.12 | AIAPROD00307971 AIA_19INSP_0020683 | Check No. 207165 issued to JoLee Duclos |
| 9/16/2016 | $755.89 | $0.25 | 1445 | $359.10 | 1567 | $389.42 | AIAPROD00307972 AIA_19INSP_0020683 | Check No. 207209 issued to JoLee Duclos |
| 10/17/2016 | $755.89 | $0.25 | 1414 | $351.40 | 1536 | $381.71 | AIAPROD00307966 AIA_19INSP_0020682 | Check No. 207232 issued to JoLee Duclos |
| 11/15/2016 | $755.86 | $0.25 | 1385 | $344.18 | 1507 | $374.49 | AIAPROD00307966 AIA_19INSP_0020681 | Check No. 207255 issued to JoLee Duclos |
| 12/15/2016 | $755.89 | $0.25 | 1355 | $336.73 | 1477 | $367.05 | AIAPROD00307967 AIA_19INSP_0020680 | Check No. 207278 issued to JoLee Duclos |
| | $338,009.55 | $111.13 | | $605,014.76 | | $618,572.18 | | |

**Compensation paid to JoLee Duclos by AIA Insurance:**                          $338,009.55
**Per Diem Interest:**                                                                          $111.13
**Interest accrued through 8/31/2020:**                                               $605,014.76
**Interest accrued through 12/31/2020:**                                             $618,572.18
**Compensation paid to JoLee Duclos plus interest accrued through 8/31/2020:**   $943,024.31
**Compensation paid to JoLee Duclos plus interest accrued through 12/31/2020:**  $956,581.73

**Item No. 35:  Unauthorized Compensation paid to other competing employees of AIA who competed by also working for CropUSA***

**Bryan Freeman**
**Compensation paid by AIA Insurance**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|
| 12/31/2000 | $65,676.55 | $21.59 | 7183 | $155,097.42 | 7305 | $157,731.68 | AIA_19INSP_0000204 | |
| 12/31/2001 | $64,918.56 | $21.34 | 6818 | $145,517.18 | 6940 | $148,121.03 | AIA_19INSP_0000205 | |
| 12/31/2002 | $64,915.92 | $21.34 | 6453 | $137,721.35 | 6575 | $140,325.10 | AIA_19INSP_0000206 | |
| 12/31/2003 | $69,559.52 | $22.87 | 6088 | $139,225.76 | 6210 | $142,015.77 | AIA_19INSP_0000207 | |
| 12/31/2004 | $69,405.32 | $22.82 | 5722 | $130,565.67 | 5844 | $133,349.49 | AIA_19INSP_0000208 | |
| 12/31/2005 | $65,709.75 | $21.60 | 5357 | $115,728.37 | 5479 | $118,363.96 | AIA-19INSP_0000209 | |
| 12/31/2006 | $68,864.56 | $22.64 | 4992 | $113,020.89 | 5114 | $115,783.02 | | |
| 12/31/2014 | $4,497.50 | $1.48 | 2070 | $3,060.76 | 2192 | $3,241.16 | | |
| 1/5/2016 | $45.00 | $0.01 | 1700 | $25.15 | 1822 | $26.96 | AIA_19INSP_0020841 AIA_19INSP_0015164 | Check No. 206928 issued to Bryan Freeman |
| 1/26/2016 | $67.50 | $0.02 | 1679 | $37.26 | 1801 | $39.97 | AIA_19INSP_0020838 AIA_19INSP_0015166 | Check No. 206943 issued to Bryan Freeman |
| 3/2/2016 | $45.00 | $0.01 | 1643 | $24.31 | 1765 | $26.11 | AIA_19INSP_0020833 AIA_19INSP_0015196 | Check No. 206989 issued to Bryan Freeman |
| 7/13/2016 | $67.50 | $0.02 | 1510 | $33.51 | 1632 | $36.22 | AIAPROD00307971 AIA_19INSP_0020829 | Check No. 207140 issued to Bryan Freeman (1.5 hours making SBA changes) |
| 12/30/2016 | $90.00 | $0.03 | 1340 | $39.65 | 1462 | $43.26 | AIAPROD00307697 AIA_19INSP_0020826 | Check No. 207284 issued to Bryan Freeman |
| 1/31/2017 | $90.00 | $0.03 | 1308 | $38.70 | 1430 | $42.31 | AIAPROD00307962 | Check No. 207306 issued to Bryan Freeman |
| 4/28/2017 | $67.50 | $0.02 | 1221 | $27.10 | 1343 | $29.80 | AIAPROD00307963 | Check No. 207351 issued to Bryan Freeman |
| 7/19/2017 | $45.00 | $0.01 | 1139 | $16.85 | 1261 | $18.66 | AIAS_0000438 AIAPROD00307964 | Check No. 207396 issued to Bryan Freeman |
| | **$474,065.18** | **$155.86** | | **$940,179.93** | | **$959,194.49** | | |

**Compensation paid to Bryan Freeman by AIA Insurance:**                                  **$474,065.18**
**Per Diem Interest:**                                  **$155.86**
**Interest accrued through 8/31/2020:**                                  **$940,179.93**
**Interest accrued through 12/31/2020:**                                  **$959,194.49**
**Compensation paid to Bryan Freeman plus interest accrued through 8/31/2020:**                                  **$1,414,245.11**
**Compensation paid to Bryan Freeman plus interest accrued through 12/31/2020:**                                  **$1,433,259.67**

**Item No. 35:  Unauthorized Compensation paid to other competing employees of AIA who competed by also working for CropUSA***

**Cori Cleveland**
**Compensation paid by AIA Insurance**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|
| 10/1/2013 | $1,295.38 | $0.43 | 2526 | $1,075.77 | 2648 | $1,075.77 | AIA_19INSP_0046490-512 | Check No. 205787 issued to Cori Cleveland |
| 10/16/2013 | $1,295.38 | $0.43 | 2511 | $1,069.38 | 2633 | $1,121.34 | AIA_19INSP_0046490-512 | Check No. 205815 issued to Cori Cleveland |
| 11/1/2013 | $1,295.38 | $0.43 | 2495 | $1,062.57 | 2617 | $1,114.52 | AIA_19INSP_0046461-89 | Check No. 205894 issued to Cori Cleveland |
| 11/13/2013 | $1,408.01 | $0.46 | 2483 | $1,149.40 | 2605 | $1,205.87 | AIA_19INSP_0046461-89 | Check No. 205915 issued to Cori Cleveland |
| 11/27/2013 | $1,408.02 | $0.46 | 2469 | $1,142.93 | 2591 | $1,199.40 | AIA_19INSP_0046461-89 | Check No. 205953 issued to Cori Cleveland |
| 12/16/2013 | $1,408.01 | $0.46 | 2450 | $1,134.12 | 2572 | $1,190.60 | AIA_19INSP_0046432-60 | Check No. 206027 issued to Cori Cleveland |
| 1/2/2014 | $1,410.52 | $0.46 | 2433 | $1,128.26 | 2555 | $1,184.84 | AIA_19INSP_0046400-31 | Check No. 206085 issued to Cori Cleveland |
| 1/16/2014 | $1,410.51 | $0.46 | 2419 | $1,121.76 | 2541 | $1,178.34 | AIA_19INSP_0046400-31 | Check No. 206114 issued to Cori Cleveland |
| 2/14/2014 | $1,410.50 | $0.46 | 2390 | $1,108.31 | 2512 | $1,164.88 | AIA_19INSP_0046375-99 | Check No. 206200 issued to Cori Cleveland |
| 2/28/2014 | $1,410.52 | $0.46 | 2376 | $1,101.83 | 2498 | $1,158.40 | AIA_19INSP_0046246-75 | Check No. 206222 issued to Cori Cleveland |
| 3/14/2014 | $1,410.52 | $0.46 | 2362 | $1,095.34 | 2484 | $1,151.91 | AIA_19INSP_0046246-75 | Check No. 206278 issued to Cori Cleveland |
| 4/1/2014 | $1,410.51 | $0.46 | 2344 | $1,086.98 | 2466 | $1,143.56 | AIA_19INSP_0046217-235 | Check No. 206300 issued to Cori Cleveland |
| 4/16/2014 | $1,410.52 | $0.46 | 2329 | $1,080.03 | 2451 | $1,136.61 | AIA_19INSP_0046217-235 | Check No. 206355 issued to Cori Cleveland |
| 5/1/2014 | $1,410.51 | $0.46 | 2314 | $1,073.07 | 2436 | $1,129.64 | AIA_19INSP_0046187-216 | Check No. 206371 issued to Cori Cleveland |
| 2/1/2016 | $92.57 | $0.03 | 1673 | $50.92 | 1795 | $50.92 | AIA_19INSP_0015174 AIA_19INSP_0015178 AIA_19INSP_0022613 AIA_19INSP_0022614 | Check No. 206947 issued to Wedbush Morgan Securities by AIA Insurance |
| 2/12/2016 | $92.57 | $0.03 | 1662 | $50.58 | 1784 | $54.29 | AIA_19INSP_0015174 AIA_19INSP_0015180 AIA_19INSP_0022611 AIA_19INSP_0022612 | Check No. 206961 issued to Wedbush Morgan Securities by AIA Insurance |

Item No. 35 **DLM - 107652**

**Exhibit - 1, p. 831**

**Exhibit - A, p. 169**
**13-ER-3250**

**Item No. 35:  Unauthorized Compensation paid to other competing employees of AIA who competed by also working for CropUSA***

**Cori Cleveland**
**Compensation paid by AIA Insurance**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|
| 3/1/2016 | $92.57 | $0.03 | 1644 | $50.03 | 1766 | $53.75 | AIA_19INSP_0015190<br>AIA_19INSP_0015194<br>AIA_19INSP_0022609<br>AIA_19INSP_0022610 | Check No. 206973 issued to Wedbush Morgan Securities by AIA Insurance |
| 3/15/2016 | $92.57 | $0.03 | 1630 | $49.61 | 1752 | $53.32 | AIA_19INSP_0015190<br>AIA_19INSP_0015199<br>AIA_19INSP_0022608 | Check No. 207012 issued to Wedbush Morgan Securities by AIA Insurance |
| 4/1/2016 | $92.57 | $0.03 | 1613 | $49.09 | 1735 | $52.80 | AIA_19INSP_0015207<br>AIA_19INSP_0015212<br>AIA_19INSP_0022606<br>AIA_19INSP_0022605 | Check No. 207023 issued to Wedbush Morgan Securities by AIA Insurance |
| 4/15/2016 | $92.57 | $0.03 | 1599 | $48.66 | 1721 | $52.38 | AIA_19INSP_0015208<br>AIA_19INSP_0015214<br>AIA_19INSP_0022604<br>AIA_19INSP_0022605 | Check No. 207040 issued to Wedbush Morgan Securities by AIA Insurance |
| 5/3/2016 | $92.57 | $0.03 | 1581 | $48.12 | 1703 | $51.83 | AIA_19INSP_0015225<br>AIA_19INSP_0015229<br>AIA_19INSP_0022602<br>AIA_19INSP_0022603 | Check No. 207052 issued to Wedbush Morgan Securities by AIA Insurance |
| 5/16/2016 | $92.57 | $0.03 | 1568 | $47.72 | 1690 | $51.43 | AIA_19INSP_0015225<br>AIA_19INSP_0015231<br>AIA_19INSP_0022601 | Check No. 207070 issued to Wedbush Morgan Securities by AIA Insurance |
| 6/2/2016 | $92.57 | $0.03 | 1551 | $47.20 | 1673 | $50.92 | AIA_19INSP_0015244<br>AIA_19INSP_0015249<br>AIA_19INSP_0022599<br>AIA_19INSP_0022600 | Check No. 207088 issued to Wedbush Morgan Securities by AIA Insurance |
| 6/16/2016 | $92.57 | $0.03 | 1537 | $46.78 | 1659 | $50.49 | AIA_19INSP_0015244<br>AIA_19INSP_0015252<br>AIA_19INSP_0022598 | Check No. 207112 issued to Wedbush Morgan Securities by AIA Insurance |
| 7/1/2016 | $92.57 | $0.03 | 1522 | $46.32 | 1644 | $50.03 | AIA_19INSP_0015263<br>AIA_19INSP_0015267 | Check No. 207126 issued to Wedbush Morgan Securities by AIA Insurance |
| 7/15/2016 | $92.57 | $0.03 | 1508 | $45.89 | 1630 | $49.61 | AIA_19INSP_0015263<br>AIA_19INSP_0015269<br>AIA_19INSP_0022597 | Check No. 207143 issued to Wedbush Morgan Securities by AIA Insurance |
| 8/1/2016 | $92.57 | $0.03 | 1491 | $45.38 | 1613 | $49.09 | AIA_19INSP_0015280<br>AIA_19INSP_0015285<br>AIA_19INSP_0022596 | Check No. 207161 issued to Wedbush Morgan Securities by AIA Insurance |

Item No. 35 **DLM - 107653**

Page 5 of 6

**Exhibit - 1, p. 832**

**Exhibit - A, p. 170**

**13-ER-3251**

**Item No. 35:  Unauthorized Compensation paid to other competing employees of AIA who competed by also working for CropUSA\***

**Cori Cleveland**
**Compensation paid by AIA Insurance**

| Date | Amount of Compensation | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documents | Comments |
|---|---|---|---|---|---|---|---|---|
| 8/15/2016 | $92.57 | $0.03 | 1477 | $44.95 | 1599 | $48.66 | AIA_19INSP_0015280<br>AIA_19INSP_0015286<br>AIA_19INSP_0022595 | Check No. 207170 issued to Wedbush Morgan Securities by AIA Insurance |
| 9/1/2016 | $92.57 | $0.03 | 1460 | $44.43 | 1582 | $48.15 | AIA_19INSP_0015296<br>AIA_19INSP_0015298<br>AIA_19INSP_0022594 | Check No. 207198 issued to Wedbush Morgan Securities by AIA Insurance |
| 9/16/2016 | $92.57 | $0.03 | 1445 | $43.98 | 1567 | $47.69 | AIA_19INSP_0015296<br>AIA_19INSP_0015298<br>AIA_19INSP_0022593 | Check No. 207213 issued to Wedbush Morgan Securities by AIA Insurance |
| 10/1/2016 | $92.57 | $0.03 | 1430 | $43.52 | 1552 | $47.23 | AIA_19INSP_0015309<br>AIA_19INSP_0015311<br>AIA_19INSP_0022592 | Check No. 207220 issued to Wedbush Morgan Securities by AIA Insurance |
| 10/17/2016 | $92.57 | $0.03 | 1414 | $43.03 | 1536 | $46.75 | AIA_19INSP_0015309<br>AIA_19INSP_0015313<br>AIA_19INSP_0022591 | Check No. 207233 issued to Wedbush Morgan Securities by AIA Insurance |
| 12/31/2016 | $30,006.00 | $9.86 | 1339 | $13,209.22 | 1461 | $14,412.74 | AIA_19INSP_0000567 | |
| 4/28/2017 | $246.56 | $0.08 | 1221 | $98.98 | 1343 | $108.86 | AIAPROD00307963 | Check No. 207356 issued to Cori Cleveland |
| 9/10/2018 | $229.36 | $0.08 | 721 | $54.37 | 843 | $63.57 | AIA_19INSP_0010254 | Check No. 207571 |
| | $51,542.47 | $16.95 | | $29,638.52 | | $31,650.20 | | |

| | |
|---|---|
| **Compensation paid to Cori Cleveland by AIA Insurance:** | **$51,542.47** |
| **Per Diem Interest:** | **$16.95** |
| **Interest accrued through 8/31/2020:** | **$29,638.52** |
| **Interest accrued through 12/31/2020:** | **$31,650.20** |
| **Compensation paid to Cori Cleveland plus interest accrued through 8/31/2020:** | **$81,180.99** |
| **Compensation paid to Cori Cleveland plus interest accrued through 12/31/2020:** | **$83,192.67** |

| | |
|---|---|
| **Total compensation paid to JoLee Duclos, Bryan Freeman, and Cori Cleveland by AIA Insurance:** | **$863,617.20** |
| **Total Per Diem Interest:** | **$283.93** |
| **Total Interest accrued through 8/31/2020:** | **$1,574,833.21** |
| **Total Interest accrued through 12/31/2020:** | **$1,609,416.87** |
| **Total compensation paid plus interest accrued through 8/31/2020:** | **$2,438,450.41** |
| **Total compensation paid plus interest accrued through 12/31/2020:** | **$2,473,034.07** |

\* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

Item No. 35 **DLM - 107654**

**Exhibit - 1, p. 833**

**Exhibit - A, p. 171**
**13-ER-3252**

**Item No. 36:  Attorney Fees and Costs awarded to GemCap in *GemCap v. AIA, et al* .♦**

| Date | Amount | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 7/15/2020 | $466,372.49 | $153.33 | 47 | $7,206.41 | 169 | $25,912.42 | | Memorandum of Costs and Fees filed July 15, 2020 | |
| | **$466,372.49** | **$153.33** | | **$7,206.41** | | **$25,912.42** | | | |

**Total fees and costs awarded to GemCap:**                                                          **$466,372.49**
**Per Diem Interest:**                                                                                             **$153.33**
**Interest accrued through 8/31/2020:**                                                               **$7,206.41**
**Interest accrued through 12/31/2020:**                                                              **$25,912.42**
**Total fees and costs paid plus interest accrued through 8/31/2020:**              **$473,578.90**
**Total fees and costs paid plus interest accrued through 12/31/2020:**            **$492,284.91**

♦Or such other amounts as may be awarded by the Court.

Item No. 36   **DLM - 107655**                    Page 1 of 1                    **Exhibit - 1, p. 834**

**Exhibit - A, p. 172**
**13-ER-3253**

**Item No. 37:  Principal and Interest owed by John Taylor for advances taken from AIA Corporations which were never paid back**

**Alternative 1:  Principal with 12% Accrued Interest[1]**

| Date of Payment | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/31/1999 | $307,271.00 | $101.02 | 7549 | $762,604.53 | 7671 | $774,929.04 | AIA0021165 | AIA Insurance Notes Receivable dated December 31, 1999 | In December 1999, John transferred 20,000 shares of Pacific Empire Communications to AIA Services as a payment of $70,000 towards his Note, resulting in a balance due of $304,472.78.  In 2000, John deducted $307,271.00 from the AIA Services Down Payment Note Due to Reed Taylor to extinguish his debt to AIA.  In December 2001, John transferred the 20,000 shares of Pacific Empire Communications from AIA Services to himself "in lieu of salary".  If John actually paid the principal, he is still required to pay the accrued interest on the balance of $307,271.00. |
| | | | | | | | AIA0021214 | John Taylor Imputed Interest Calculations dated January 5, 2000 | |
| | | | | | | | AIA0021217 | AIA Services Interoffice Memo dated January 4, 2000 | |
| | | | | | | | AIA0024140 | AIA Services Amortization Schedule for Down Payment note due to Reed Taylor | |
| | | | | | | | AIA0023911 | AIA Services Corporation Investment in Common Stock Ledger | |
| | $307,271.00 | $101.02 | | $762,604.53 | | $774,929.04 | | | |

| | |
|---|---|
| **Total owed to AIA by John Taylor:** | **$307,271.00** |
| **Per Diem Interest:** | **$101.02** |
| **Interest accrued at 12% through 8/31/2020:** | **$762,604.53** |
| **Interest accrued at 12% through 12/31/2020:** | **$774,929.04** |
| **Total amount owed to AIA plus interest accrued through 8/31/2020:** | **$1,069,875.53** |
| **Total amount owed to AIA plus interest accrued through 12/31/2020:** | **$1,082,200.04** |

**Item No. 37:  Principal and Interest owed by John Taylor for advances taken from AIA Corporations which were never paid back**

**Alternative 2:  Principal with 8.25% Accrued Interest[1] ᵛ**

| Date of Payment | Amount of Payment | Per Diem Interest (8.25% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 12/31/1999 | $307,271.00 | $69.45 | 7549 | $524,290.61 | 7671 | $532,763.72 | AIA0021165 | AIA Insurance Notes Receivable dated December 31, 1999 | In December 1999, John transferred 20,000 shares of Pacific Empire Communications to AIA Services as a payment of $70,000 towards his Note, resulting in a balance due of $304,472.78.  In 2000, John deducted $307,271.00 from the AIA Services Down Payment Note Due to Reed Taylor to extinguish his debt to AIA.  In December 2001, John transferred the 20,000 shares of Pacific Empire Communications from AIA Services to himself "in lieu of salary". |
| | | | | | | | AIA0021214 | John Taylor Imputed Interest Calculations dated January 5, 2000 | |
| | | | | | | | AIA0021217 | AIA Services Interoffice Memo dated January 4, 2000 | |
| | | | | | | | AIA0024140 | AIA Services Amortization Schedule for Down Payment note due to Reed Taylor | |
| | $307,271.00 | $69.45 | | $524,290.61 | | $532,763.72 | | | |

| | |
|---|---|
| **Total owed to AIA by John Taylor:** | **$307,271.00** |
| **Per Diem Interest:** | **$69.45** |
| **Interest accrued at 8.25% through 8/31/2020:** | **$524,290.61** |
| **Interest accrued at 8.25% through 12/31/2020:** | **$532,763.72** |
| **Total amount owed to AIA plus interest accrued through 8/31/2020:** | **$831,561.61** |
| **Total amount owed to AIA plus interest accrued through 12/31/2020:** | **$840,034.72** |

[1]Alternative scenarios set forth on spreadsheet with itemization of damges, but alternative with most substantial amount of damages are used for purposes of the summaries.

ᵛ Interest rate was taken from "John Taylor Imputed Interest Calculations" Loan Schedule.  Although the interest rate varied, the last interest rate was used to calculate accrued interest for alternative.

**Item No. 38:  Revenues of AIA Corporations from 1999 through the Present**

| Date | Amount of Revenue | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|
| 12/31/1999 | $6,347,276.00 | RJT 002393 | 1998-1999 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | RJT 002453 | 1999-2000 AIA Services Financial Statements |  |
| 12/31/2000 | $5,105,973.00 | RJT 002453 | 1999-2000 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | RJT 036360 | 2000-2001 AIA Services Financial Statements |  |
| 12/31/2001 | $4,724,888.00 | RJT 036360 | 2000-2001 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | AIA0023877 | 2001-2002 AIA Services Financial Statements |  |
| 12/31/2002 | $3,595,042.00 | AIA0023877 | 2001-2002 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | RJT 036384 | 2002-2003 AIA Services Financial Statements |  |
| 12/31/2003 | $3,704,175.00 | RJT 036384 | 2002-2003 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | RJT 002611 | 2003-2004 AIA Services Financial Statements |  |
| 12/31/2004 | $3,856,856.00 | RJT 002611 | 2003-2004 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | RJT 036389 | 2004-2005 AIA Services Financial Statements |  |
| 12/31/2005 | $2,012,553.00 | RJT 036389 | 2004-2005 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | AIA0024826 | 2005-2006 AIA Services Financial Statements |  |
| 12/31/2006 | $1,568,770.00 | AIA0024826 | 2005-2006 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  |  | RJT 036394 | 2006-2007 AIA Services Financial Statements |  |
| 12/31/2007 | $2,021,514.00 | RJT 036394 | 2006-2007 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2008 | $1,789,972.00 | RJT 036398 | 2008-2009 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2009 | $766,262.00 | RJT 036398 | 2008-2009 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2010 | $615,126.00 | RJT 002790 | 2010-2011 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2011 | $581,942.00 | RJT 002790 | 2010-2011 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2012 | $751,701.00 | RJT 036421 | 2012-2013 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2013 | $912,738.00 | RJT 036421 | 2012-2013 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2014 | $367,527.00 | AIAS_0000179 | 2014-2015 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2015 | $434,978.00 | AIAS_0000179 | 2014-2015 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2016 | $208,004.00 | AIAS_0000060 | 2016-2017 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2017 | $123,572.00 | AIAS_0000060 | 2016-2017 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
| 12/31/2018 | $88,828.00 | AIAS_0001743 | 2017-2018 AIA Services Financial Statements | Total revenue as indicated in year-end work papers |
|  | **$39,577,697.00** |  |  |  |

**Total Revenues earned by AIA:**          **$39,577,697.00**

[I] Revenue was taken from AIA's Financial Statements.

* John Taylor and the AIA Corporations are in contempt of court for not providing all the information.  Work continues.  Additional records are expected to be produced and are continually reviewed.  Damages will be updated as records are received and reviewed.

**Item No. 39:  Sale of Sound Insurance in 2006 for $240,000.00**

| Date | Amount of Payment | Per Diem Interest (12% Interest) | Interest Period (8/31/2020) | Interest through 8/31/2020 | Interest Period (12/31/2020) | Interest through 12/31/2020 | Supporting Documentation | Description of Supporting Documentation | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 11/1/2006 | $240,000.00 | $78.90 | 4990 | $393,731.51 | 5174 | $408,249.86 | AIAPROD00298188 | Asset Purchase Agreement between PERC and CropUSA dated November 1, 2006 | |
| | $240,000.00 | $78.90 | | $393,731.51 | | $408,249.86 | | | |

**Proceeds from Sale of Sound Insurance Agency**                                            $240,000.00
**Per Diem Interest:**                                                                                          $78.90
**Interest accrued through 8/31/2020:**                                                            $393,731.51
**Interest accrued through 12/31/2020:**                                                          $408,249.86
**Total proceeds plus interest accrued through 8/31/2020:**                             $633,731.51
**Total proceeds plus interest accrued through 12/31/2020:**                           $648,249.86

Item No. 6   **DLM - 107659**

Page 1 of 1

**Exhibit - 1, p. 838**

**Exhibit - A, p. 176**
**13-ER-3257**