**Consolidated Case Nos. 25-3552 and 25-3800**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,

**Plaintiff/Appellant**,

v.

R. JOHN TAYLOR, an individual, CONNIE TAYLOR HENDERSON, an individual, JAMES BECK, an individual, MICHAEL W. CASHMAN, SR., an individual, CROP USA INSURANCE AGENCY, INC., an Idaho corporation, CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company, AIA SERVICES CORPORATION, an Idaho corporation, AND AIA INSURANCE, INC., an Idaho corporation,

**Defendants/Appellees**,

and

Reed J. Taylor, an individual,

**Third-Party Defendant/Appellee.**

### APPELLANT DALE L. MIESEN'S MOTION TO CORRECT TYPOGRAPHICAL ERRORS IN THE OPENING BRIEF AND REPLACE IT WITH THE ATTACHED CORRECTED BRIEF

Roderick C. Bond
Roderick Bond Law Office, PLLC
10900 NE 4th St., Suite 2300
Bellevue, WA  98004
Tel: (425) 591-6903
Email: rod@roderickbond.com
Attorney for Appellant

Andrew Schwam
Andrew Schwam Law Firm
705 SW Fountain St.
Pullman, WA  99163-2128
Tel: (208) 874-3684
Email: amschwam@turbonet.com
Attorney for Appellant

# TABLE OF CONTENTS

I.    FACTS AND RELIEF SOUGHT ................................................................1

II.   GROUNDS AND LEGAL ARGUMENT ........................................................1

      A.    Positions of the other parties. ................................................1

      B.    Miesen respectfully requests that this Court accepts Miesen's corrections of some typographical errors and replace the original Opening Brief with the attached corrected Opening Brief. ..................1

III.   CONCLUSION........................................................................................4

IV.   CERTIFICATE OF SERVICE................................................................5

## I.  FACTS AND RELIEF SOUGHT

On January 29, 2026, Miesen filed his Opening Brief. (Dkt. Entry No. 26.1 (Case No. 25-3552).) Since the Opening Brief was filed, Miesen's counsel was able to step back from the brief for a few days and then re-read the brief with fresh minds. Miesen's counsel found some typographical errors, two of which are material, which need to be corrected to ensure the brief was accurate.

Miesen respectfully requests that this Court accept those corrections and replace or amend the original Opening Brief with the attached corrected Opening Brief filed under Docket Entry No. 26.1 in Case No. 25-3552 and under Docket Entry No. 25 in Case No. 25-3800.

## II.  GROUNDS AND LEGAL ARGUMENT

### A.  Positions of the other parties.

Opposing counsel does not oppose this motion, except for AIA's counsel, who did not respond.

### B.  Miesen respectfully requests that this Court accepts Miesen's corrections of some typographical errors and replace the original Opening Brief with the attached corrected Opening Brief.

Miesen respectfully requests that this Court accepts the corrections detailed below and file the attached corrected Opening Brief in place of

the original Opening Brief. The corrections add one word to the brief.

While it appears that the Federal Rules of Appellate Procedure do not address filing a corrected brief, this Court routinely grants such motions. *E.g., Porter v. Martinez*, 941 F.2d 732, 734 n.2 (9th Cir. 1991).

Here, Miesen respectfully requests that this Court accept the following corrections and replace his Opening Brief with the attached corrected Opening Brief. The corrections add one word to the brief.

| Page No. | Incorrect Text Highlighted in Pink and Explanation | Corrected Text Highlighted in Yellow |
|---|---|---|
| 19 n.40 | . . . the adequacy of a demand "is a question of fact," *McCann v. McCann*, 61 P.3d 585, 591 (Idaho 2022) ("*McCann I*"), . . .[1] | . . . the adequacy of a demand "is a question of fact," *McCann v. McCann*, 61 P.3d 585, 591 (Idaho 2002) ("*McCann I*"), . . . |
| 38 | While Miesen has established additional reversable errors in Sections A and D–F . . .[2] | While Miesen has established additional reversable errors in Sections A.2, D.1, E, and F . . . |

---

[1] Miesen inadvertently stated the case was decided in 2012, rather than 2002.

[2] Miesen inadvertently stated the Sections that this Court need not reach if it found Miesen's demands were adequate in Section A.1. If this Court agrees, Miesen's arguments regarding the corporation needing independent and neutral counsel in Section D.2 would still need to be adjudicated because Miesen's derivative claims would need to be adjudicated on remand. Thus, it was necessary to make clear Section D.2 was omitted from the listed Sections.

| Page No. | Incorrect Text Highlighted in Pink and Explanation | Corrected Text Highlighted in Yellow |
|---|---|---|
| 45 | On reconsideration, Judge Nye reiterated that McDermitt rendered, . . .[3] | On reconsideration, Judge Nye reiterated that McDermott rendered, . . . |
| 58 | . . . not following any corporate governance (*see* Section II), . . .[4] | . . . not following any corporate governance (*see* Section I), . . . |
| viii | The citation to *McCann v. McCann*, 61 P.3d 585 (Idaho 2022) ("*McCann I*") was corrected (*see* above) and moved to be in chronological order before *McCann II* | *See* above. |
| x | *Wagner v. Wagner*, 371 P.3d 807 (Idaho 2016) was added on page x because it was omitted from the Table of Authorities | *Wagner v. Wagner*, 371 P.3d 807 (Idaho 2016) . . . . 21, 42, 53 |
| x | The citation to 28 U.S.C. § 636 was moved to be in chronological order | N/A |
| xi | The citation to Idaho Code § 18-1907 (1972) was moved to page x to be in chronological order | N/A |
| xii | Fed. R. Civ. P. 56 was added on page xii because it was omitted from the Table of Authorities | Fed. R. Civ. P. 56 . . . . 70, 71 |
| xii | Fed. R. Evid. R. 802 was added to page xii because it was omitted from the Table of Authorities | Fed. R. Evid. 802 . . . . . . . . 71 |

[3] Miesen incorrectly spelled McDermott's name.

[4] Miesen inadvertently cited to Section II when he meant Section I.

| Page No. | Incorrect Text Highlighted in Pink and Explanation | Corrected Text Highlighted in Yellow |
|---|---|---|
| xii | Fed. R. Evid. R. 803 was added to page xii because it was omitted from the Table of Authorities | Fed. R. Evid. 803 . . . . . . . .71 |
| xii | Fed. R. Evid. R. 804 was added to page xii because it was omitted from the Table of Authorities | Fed. R. Evid. 804 . . . . . . . .71 |
| 18 | . . . Miesen's expert Richard McDermott ("McDermott") . . . | Substituted in place of "McDermott" in prior sentence on page 18 to define McDermott |

Thus, this Court should accept the above corrections and file the attached corrected Opening Brief in place of the Opening Brief filed under Docket Entry No. 26.1 in Case No. 25-3552 and Docket Entry No. 25 in Case No. 25-3800. Miesen's counsel apologizes to this Court and counsel for the above errors, and for having to deal with this motion.

### III.    CONCLUSION

For the reasons stated above, this Court should grant the motion.

RESPECTFULLY SUBMITTED this 3rd day of February 2026.

RODERICK BOND LAW OFFICE, PLLC

By:___*/s/ Roderick C. Bond*_____
    Roderick C. Bond
    Attorney for Appellant Dale L. Miesen

- 4 -

## IV.  CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing and any attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system, which will cause all registered case participants to be served via the Appellate Electronic Filing system.

DATED this 3rd day of February 2026.


*/s/ Roderick C. Bond*
Roderick C. Bond