**Consolidated Case Nos. 25-3552 and 25-3800**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,

**Plaintiff/Appellant**,

v.

R. JOHN TAYLOR, an individual, CONNIE TAYLOR HENDERSON, an individual, JAMES BECK, an individual, MICHAEL W. CASHMAN, SR., an individual, CROP USA INSURANCE AGENCY, INC., an Idaho corporation, CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company, AIA SERVICES CORPORATION, an Idaho corporation, AND AIA INSURANCE, INC., an Idaho corporation,

**Defendants/Appellees**,

and

Reed J. Taylor, an individual,

**Third-Party Defendant/Appellee.**

## APPELLEE REED J. TAYLOR'S MOTION FOR PARTIAL SUMMARY DISPOSITION

Michael S. Bissell
Campbell & Bissell, PLLC
820 W. 7th Avenue
Spokane, WA 99204
Tel: (509) 455-7100
Email: mbissell@campbell-bissell.com
Attorney for Appellee Reed J. Taylor

## I. RELIEF SOUGHT

Appellee Reed J. Taylor seeks partial summary disposition by affirming the Second Amended Judgment (Dkt.Entry[1] 22.2 at 176-177 (1-ER-176-177), only as to the dismissal of the Third-Party Complaint against him. This Motion does not seek disposition of any portion of Meisen's appeal or a delay in the briefing schedule or oral argument in that appeal (Reed Taylor's counsel will not participate in or attend oral argument in that appeal, as he did not file an Answering Brief and no portion of the appeal was directed towards him).

## II. FACTS

On April 24, 2017, Appellant Dale Miesen filed his Third Amended Complaint. (Dkt.Entry: 22.7 at 87-170 (6-ER-1284-1377).)

On May 22, 2017, Third-Party Plaintiffs/Appellees Crop USA, Connie Henderson, R. John Taylor, Michael Cashman and James Beck filed a Third-Party Complaint against Reed Taylor for contribution and indemnity. (Dkt.Entry: 22.7 at 201-209 (6-ER-1398-1406).) (JoLee Duclos was also a Third-Party plaintiff, but she is deceased.) This was approximately ten years after the case was originally filed.

---

[1] Docket Entry Nos. are to Case No. 25-3800.

On October 31, 2017, Reed Taylor filed his first Amended Answer to the Third-Party Complaint, denying the allegations against him. (Dkt.Entry: 22.8 at 210-238 (7-ER-1636-1664).)

On January 21, 2021, Reed Taylor filed a Motion for Summary Judgment to dismiss the Third-Party Complaint as there was and is no legal or factual basis for the claims.[2] (Dkt.Entry: 22.23 at 116 (22-ER-5589) referencing District Court Dkt. No. 1073.)

On February 1, 2021, the District Court entered an order staying briefing on various dispositive motions, which included Reed Taylor's Motion for Summary Judgment. (Dkt.Entry: 22.11 at 94-97 (10-ER-2329-2332).) Wherefore, Third-Party Plaintiffs/Appellees never responded to Reed Taylor's Motion.

On August 18, 2025, the District Court entered the Second Amended Judgment, and therein dismissed the Third-Party Complaint with prejudice. (Dkt.Entry: 22.2 at 176-177 (1-ER-176-177).)

On August 19, 2025, Miesen filed his Notice of Appeal, and specifically listed the Appellees as Defendants R. John Taylor, Connie

---

[2] The Statement of Undisputed Material Facts submitted in support of the Motion (District Ct. Dkt. No. 1073-40) demonstrates the specious nature of the claims against Reed Taylor.

Taylor Henderson, James Beck, Michael Cashman, Sr., CropUSA Insurance Agency, Inc., and CropUSA Insurance Services, LLC. (Dkt.Entry 22.23 at 2-4 (22-ER-5475-5477).)

On January 20, 2026, Appellant filed his Opening Brief. (Dkt.Entry 21.1 at 1-133.) However, the Court rejected the brief as it denied a motion for an overlength brief, and ordered Appellant to refile, which he did on February 3, 2026. (Dkt.Entry 28.1 at 25.) Therein, Appellant raised issues regarding the dismissal of his claims and the disqualification of his expert, McDermott. Miesen's brief does not reference any claims against Reed Taylor.

On April 8, 2026, Appellees, which included the Third-Party Plaintiffs, filed their Appellees' Brief. (Dkt.Entry 40.1 at 1-55.) Therein, Third-Party Plaintiffs/Appellees did not mention their claims against Reed Taylor in any respect, or the dismissal thereof, and neither did they indicate any desire to appeal the dismissal (conditionally[3] or otherwise).

### III. GROUNDS FOR MOTION AND LEGAL ARGUMENT

Pursuant to FRAP 4(a)(1)(A):

---

[3] A cross-appeal can be conditional, i.e., effective only if the judgment is reversed. *See Celador Intern., Inc. v. American Broadcasting Companies, Inc.*, 499 Fed.Appx. 721 at n. 1 (C.A.9 (Cal.), 2012).

FRAP 4. APPEAL AS OF RIGHT – WHEN TAKEN

(a)    Appeal in a Civil Case.
    (1)    *Time for Filing a Notice of Appeal.*
        (A)    In a civil case…the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from.

    . . .

    (3)    *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

The Second Amended Judgment was filed on August 18, 2025. The Notice of Appeal was due, therefore, no later than September 17, 2025. Miesen filed his Notice of Appeal on August 19, and 14 days thereafter would be September 3. Wherefore, pursuant to FRAP 4(a)(3), any appeal by the Third-Party Plaintiffs/Appellees (conditional or otherwise) regarding their dismissed claims against Reed Taylor was due no later than September 17, 2025. No such appeal was filed.

9th Cir. R. 3-6 states:

CIRCUIT RULE 3-6. SUMMARY DISPOSITION OF CIVIL APPEALS

(a)    At any time prior to the completion of briefing in a civil appeal or petition for review, if the Court determines:

- 4 -

(1)     that clear error or an intervening court decision or recent legislation requires affirmance, reversal or vacation of the judgment or order appealed from, the grant or denial of a petition for review, or a remand for additional proceedings; or

(2)     that it is manifest that the questions on which the decision in the appeal or petition for review depends are so insubstantial as not to justify further proceedings;

the Court may, upon motion of a party, or after affording the parties an opportunity to show cause, issue an appropriate dispositive order.

(b)     At any time prior to the disposition of a civil appeal or petition for review if the Court determines that the appeal is not within its jurisdiction, the Court may issue an order dismissing the appeal without notice or further proceedings.

Briefing is not complete in this matter, wherefore this Motion is timely under Circuit Rule 3-6(a) above.  Moreover, under Rule 3-6(b) the Court may summarily dismiss any appeal (if the Third-Party Plaintiffs/Appellees had asserted one) at any time prior to final disposition of the appeal.  Here, summary disposition is appropriate under Circuit Rule 3-6(a)(2) as there were and are no reasons whatsoever to justify further proceedings, let alone even insubstantial ones, as to the judgment dismissing the claims against Reed Taylor.  Summary disposition is also appropriate under Circuit Rule 3-6(b), as the Third-

Party Plaintiffs/Appellees failed to timely appeal the judgment as to Reed Taylor and, as such, this Court has no jurisdiction to consider such appeal (even if there was one). *See Bowles v. Russell*, 551 U.S. 205, 210, 127 S.Ct. 2360, 2364, 168 L.Ed.2d. 96 (2007), *quoting* 15A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3901, p. 6 (2d ed. 1992) ("The rule is well settled that failure to file a timely notice of appeal defeats the jurisdiction of a court of appeals"); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982), citation omitted, ("It is well settled that the requirement of a timely notice of appeal is "mandatory and jurisdictional."). *Greenlaw v. United States,* 554 U.S. 237, 244–45, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) ("Under [the] unwritten but longstanding [cross-appeal] rule, an appellate court may not alter a judgment to benefit a non-appealing party. This Court, from its earliest years, has recognized that it takes a cross-appeal to justify a remedy in favor of an appellee."). Nor can the Third-Party Plaintiffs/Appellees now come forward with new argument that the judgment in Reed Taylor's favor should be reversed if Miesen's appeal is successful. Again, not only is this Court without jurisdiction to do so, but any such argument would be waived since Third-Party

- 6 -

Plaintiffs/Appellees did not raise it in their answering brief. "Generally, an appellee waives any argument it fails to raise in its answering brief." *United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc). (*Dreyer* also lists certain exceptions, none of which are applicable here.) *See also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("In *Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1110, n. 1 (9th Cir. 2000) (en banc), we held that "issues which are not specifically and distinctly argued and raised in a party's opening brief are waived. We reasoned that "[w]e will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim." *Id.* (internal quotation omitted)."[4]

## IV.  POSITION OF THE PARTIES

Pursuant to Circuit Rule 27.1, the undersigned sought the position of other counsel on this Motion by emailing a draft to them on May 28, 2026.  Miesen's counsel responded by requesting that the Motion be characterized as a motion for *partial* summary disposition to make it clear it was not directed towards Miesen's appeal.  Reed Taylor made that

---

[4] *Barnett* was later vacated on other grounds. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 122 S.Ct. 1516 (2002).

- 7 -

change. Counsel for appellees (Danial Glynn) indicted his opposition to the Motion.

## V. CONCLUSION

This Court has no jurisdiction to entertain any appeal regarding the dismissal of the Third-Party Complaint, and even if it did the Third-Party Plaintiffs/Appellees present no argument in that regard. Therefore, Reed Taylor moves this Court to enter an Order of Summary Disposition affirming the District Court's Second Amended Judgment to the extent it dismisses the Third-Party Complaint against Reed Taylor.

RESPECTFULLY SUBMITTED this 11th day of June 2026.

CAMPBELL & BISSELL, PLLC

By: */s/ Michael S. Bissell*
MICHAEL S. BISSELL, WSBA NO. 24077
Attorney for Appellee Reed J. Taylor