**Consolidated Case Nos. 25-3552 and 25-3800**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,

**Plaintiff-Appellant**,

v.

R. JOHN TAYLOR, an individual, CONNIE TAYLOR HENDERSON, an individual, JAMES BECK, an individual, MICHAEL W. CASHMAN, SR., an individual, CROP USA INSURANCE AGENCY, INC., an Idaho corporation, CROP USA INSURANCE SERVICES, LLC, an Idaho limited liability company, AIA SERVICES CORPORATION, an Idaho corporation, and AIA INSURANCE, INC., an Idaho corporation,

**Defendants-Appellees**,
and
Reed J. Taylor, an individual,

**Third-Party Defendant-Appellee.**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO,
CHIEF DISTRICT COURT JUDGE DAVID C. NYE, PRESIDING

**APPELLANT DALE L. MIESEN'S MOTION FOR OVERLENGTH REPLY BRIEF AND DECLARATION OF RODERICK C. BOND**

| | |
|---|---|
| Roderick C. Bond | Andrew Schwam |
| Roderick Bond Law Office, PLLC | Andrew Schwam Law Firm |
| 10900 NE 4th St., Suite 2300 | 705 SW Fountain St. |
| Bellevue, WA  98004 | Pullman, WA  99163-2128 |
| Tel: (425) 591-6903 | Tel: (208) 874-3684 |
| Email: rod@roderickbond.com | Email: amschwam@turbonet.com |
| Attorney for Appellant | Attorney for Appellant |

# TABLE OF CONTENTS

I.     FACTS AND RELIEF SOUGHT ....................................................................1

II.    GROUNDS AND LEGAL ARGUMENT ......................................................2

     A.    The other parties' positions to this motion.............................................2

     B.    This Court should permit Miesen to file an over-length Reply Brief in the form filed under Docket 58.............................................2

III.    CONCLUSION..........................................................................................7

IV.    DECLARATION OF RODERICK C. BOND ..............................................8

V.    CERTIFICATE OF SERVICE....................................................................13

## I.   FACTS AND RELIEF SOUGHT

Appellant Dale L. Miesen ("Miesen") moves this Court for permission to file an overlength reply brief ("Motion").

Based on the arguments presented below and the attached Declaration of Roderick C. Bond, Miesen needs substantially more words to fully and fairly address the issues, i.e., this appeal is essentially three or four appeals combined into one appeal. (*See* attached Declaration of Roderick C. Bond ("Bond Decl."), ¶3–13.)

Accordingly, Miesen respectfully requests that this Court grant the Motion and permit Miesen to file the Reply Brief in the form filed under Docket Entry No. ("Dkt.") 58 in Case No. 25-3552.[1]

If this Court denies Miesen's Motion, Miesen's counsel respectfully requests that this Court grant him ten (10) days in order work with Mr. Miesen to determine the issues that he wants to limit or abandon in his Reply Brief, which would also allow time to modify the Reply Brief.  (Bond Decl. ¶14.)

---

[1] All cites are to the Docket Entry Numbers in Case No. No. 25-3552 and to the blue, file-stamped pages numbers at the top of the pages.

## II.  GROUNDS AND LEGAL ARGUMENT

### A.  <u>The other parties' positions to this motion.</u>

Miesen emailed opposing counsel this morning to ascertain their positions to this Motion.

Mr. Glynn, counsel for Appellees John Taylor, Connie Henderson, James Beck, Michael Cashman, Sr., CropUSA Insurance Agency, Inc., and CropUSA Insurance Services, LLC responded stating: "Under the present circumstances, my clients do not consent to the filing of an overlength brief."

Counsel for Appellees AIA Services Corporation and AIA Insurance, Inc., did not respond.

Although it appears that Appellee Reed Taylor's position is immaterial because he did not file an Answering Brief, his counsel, Mr. Bissell, responded stating that there was no objection to this Motion.

### B.  <u>This Court should permit Miesen to file an over-length Reply Brief in the form filed under Docket 58.</u>

The Court disfavors motions to exceed the applicable page or type-volume limits. . . . A motion for permission to exceed the applicable page or type-volume limits must be filed on or before the brief's due date and must be accompanied by a declaration stating in detail the reasons for the motion.

9th Cir. Rule 32-2.2(a). The Advisory Committee Note to Ninth Circuit

Rule 32-2 states, "Motions to exceed the word limit will not be granted absent extraordinary and compelling circumstances."

Here, Miesen has demonstrated extraordinary and compelling circumstances. (Bond Decl. ¶¶3–13.)

This appeal involves numerous complex issues and some issues of first impression, which needed sufficient briefing to meaningfully address the issues. While this Court may rule on one or more issues and not reach other issues, Miesen has no way of knowing which issues this Court might favor or how it will rule. Those matters included (note: the page numbers provided for cites are the file-stamped pages numbers):[2]

► 1 The disputed standards of review for derivative demands involving Idaho law and other issues, which required more than normal briefing. These issues were presented in over four pages of briefing. (Dkt. 58.1 at 18–23.)

---

[2] When referring to the below issues as being issues of first impression, Miesen is making those assertions based upon the information and belief of his counsel. The numbers of pages for the various issues are approximate numbers of pages.

► **2** The Excerpts of the Record and the Appellees' Supplemental Excerpts of the Record involved briefing when such matters are not generally brief. These issues were presented in over two pages of briefing. (Dkt. 58.1 at 24–26.)

► **3** Two of the issues of first impression on this appeal involve Miesen's arguments that the corporation must be represented by independent counsel for derivative claims and that the counsel must proceed neutrally as to those claims, which have not occurred here. These issues were presented in over two pages of briefing. (Dkt. 58.1 at 27–28, 53.)

► **4** At least three of the issues of first impression (one is minor) on this appeal arise from the law of the case doctrine, including, the application of the law of the case doctrine when the decisions are discretionary and whether this Court should defer to the earlier judge's discretionary decision and the infliction of manifest injustice on the other party. These issues were presented in over thirteen pages of briefing for six discrete issues pertaining to the law of the case doctrine. (Dkt. 58.1 at 29–43.)

► **5**     The issue of first impression of whether a subsequent judge can disregard the earlier judge's scheduling order when the order was clear and easily understood. This issue was presented in over two pages of briefing. (Dkt. 58.1 at 43–45.)

► **6**     Four issues of first impression pertaining to three new exceptions to the requirement of submitting a derivative demand to a corporation's board and whether the corporation is the only party who may object to the adequacy of derivative demand. While these issues pertain to a shareholder action under Idaho law, they can apply to other courts across the country. These issues were presented in over six pages of briefing. (Dkt. 58.1 at 46–53.)

► **7**     One issue of first impression pertaining to whether Rule 23.1 applies to the adequacy of a derivative demand when Idaho law states that the adequacy of a demand is a question of fact and the compliance with a statute is an affirmative defense. This issue was presented in almost two pages of briefing. (Dkt. 58.1 at 53–54.)

► **8**     An issue pertaining to when a district court declined to take judicial notice of documents without stating a rule. And issues pertaining

to declining to consider a declaration pursuant to judicial notice and related issues. This issue was presented in almost two pages of briefing. (Dkt. 58.1 at 55–56.)

► **9** Complex issues pertaining to the adequacy of four derivative demands spanning over eight years and significant confusion created in briefing regarding the proper standards and significant factual matters. These issues were presented in over nineteen pages of briefing, which involved seven discrete issues and significant briefing to clarify confusion over the demand standard under Idaho law and to address the factually intensive matters. (Dkt. 58.1 at 56–86.)

► **10** Two issues of first impression pertaining to: (a) a shareholder's direct ultra vires claim against the corporation and the parties contracting or acting ultra vires, and (b) a claim that permits money obtained in claims for the benefit of a corporation to be directly distributed to innocent stakeholders and bona fide creditors, rather than being placed back into the hands of the wrongdoers who unlawfully control the corporation. These issues and another issue were presented in over six pages of briefing. (Dkt. 58.1 at 86–93.)

► **11** Issues pertaining to an exclusion of an expert witness when the district court failed to conduct an analysis under *Daubert* and Rule 702 and assumed the role of the fact finder to exclude the expert and some related issues. These issues were presented in over four pages of briefing. (Dkt. 58.1 at 93–98.)

► **12** An issue pertaining to the assignment of a new judge (the Opening Brief included a request for a judge outside of Idaho). This issue was presented over two pages of briefing. (Dkt. 58.1 at 98–101.)

## III.   CONCLUSION

Based on the foregoing and the attached Declaration of Roderick C. Bond, this Court should grant the Motion. If this Court denies the Motion, Miesen's requests 10 days to be able to file a revised Reply Brief.

RESPECTFULLY SUBMITTED this 12th day of June 2026.

RODERICK BOND LAW OFFICE, PLLC

By:___*/s/ Roderick C. Bond*_____
        Roderick C. Bond
        Attorney for Appellant Dale L. Miesen

ANDREW SCHWAM LAW FIRM

By:___*/s/ Andrew Schwam*_____
        Andrew Schwam
        Attorney for Appellant Dale L. Miesen

- 7 -

## IV.    DECLARATION OF RODERICK C. BOND

I, Roderick C. Bond, declare:

1.    I am a citizen of the United States and am competent to testify in court, including as to the matters in this declaration.

2.    I am the co-counsel for Appellant Dale L. Miesen ("Miesen") in the above-entitled consolidated appeals and co-counsel for him in the underlying case, *Miesen v. Henderson, et al.*, U.S. District Court for Idaho, Case No. 1:10-cv-00404-DCN. I have personal knowledge of the facts in this Declaration.

3.    The facts and arguments asserted in the Motion above are true and correct to the best of my knowledge and belief, which are incorporated into this Declaration, so this Court knows they have been verified.

4.    I understand this Court's position that motions for over-length briefs are disfavored and only granted in extraordinary and compelling circumstances, I truly believe that we meet this standard for the reasons stated below and as stated in the Motion.

5.    While I do not focus my practice on appeals, I have worked on over ten appeals in my career. This appeal involves substantially more

issues, complex legal matters, and more facts than any appeal that I have ever worked on. The issues raised in this appeal make this appeal more like three or four appeals combined into one appeal.

6. Although I first appeared as counsel in 2012 in the underlying case, the case was filed in 2010. There are over 1,300 primary dockets filed in the district court. Because of the issues and to properly support the arguments, we have also needed to cite to numerous Excerpts of the Record.

7. To compound the complexity, this appeal involves issues that were previously decided favorably by two prior judges on the case many years ago. This, in turn, raises additional issues such a law of the case doctrine and substantial facts and related matters.

8. Miesen's appeal is the only appeal that I have ever handled where I think that each issue presented has strong merit. And, because of the unusual procedural posture of the underlying case and the errors that we are asserting on appeal, it is impossible to know how this Court will resolve the issues based on various evidentiary and procedural issues. For the first time in my career, this puts me in an extremely

difficult position of deciding whether certain issues should be taken entirely out of a brief when I believe that each of the issues presently in our Reply Brief has merit. I feel that the present draft of the Reply Brief, which we filed, was as short as we could make it and still effectively brief the issues on appeal that we believed needed to be addressed.

9.  The problems are further compounded because the Appellees made some vague, conclusory and/or conflated arguments. That required us to have to rebut through more extensive briefing and/or facts. I am not pointing the finger at opposing counsel. I am merely stating these are additional reasons why it is more difficult to address the issues and why additional pages are necessary to effectively do so. We also wanted to make clear that this Court had certain quotes from orders and other matters previously raised in the Opening Brief.

10. While I understand that every appeal is important, this appeal raises numerous important issues and questions that could impact other cases if this Court agrees with Miesen. A more thorough presentation of the facts and legal issues will help present the issues. In addition, there are certain quotes to cases and certain facts that will

assist the Court in understanding the issue and the legal principles without having to resort to pulling up every case to see what the cited to authority or portion of the record states. We provide many of those in the Reply Brief. In addition, we did want to concede any issues that should not be conceded. To the extent we repeated matters in the Reply Brief that we similarly raised in the Opening Brief, it was for the purpose to rebut the Answering Brief.

11. Based on the difficult situation, I, along with my co-counsel, Andrew Schwam, have worked diligently on drafting the Reply Brief in the shortest possible manner, while still being able to effectively present the issues. Prior drafts of the Reply Brief included an Introduction and a Table showing the 22 documents that were duplicated in the Appellees' Supplemental Excerpts of the Record. Those items were removed to shorten the Reply Brief that has been filed. We did not feel comfortable removing any more from the Reply Brief. Even with the content of the Reply Brief as submitted, we have omitted substantial cases, facts and briefing to more fully discuss and distinguish cases.

12. I am well aware that this Court has the ability to cancel oral arguments for an appeal. In such an event, it eliminates our ability to address any matters at oral arguments. Based on the complexity of this case and the important issues raised for Miesen, this is another important reason why we are requesting to submit the overlength Reply Brief to ensure that we have adequately addressed the issues.

13. Based on the foregoing, I am requesting permission for this Court to accept the Reply Brief filed in form filed under Docket 58, so that we can more fully and fairly present the issues and arguments necessary to effectively represent Mr. Miesen's interests on this appeal. The issues are so complex and numerous that we could have easily submitted a substantially longer Reply Brief. We also structured the Reply Brief to provide this Court with sufficient information to address most all of the issues. We also structured the Reply Brief to address what we believed were threshold issues first.

14. If this Court denies this Motion, we are respectfully requesting ten (10) days to have time to fully address the issues with Mr. Miesen in order to allow him to determine which of the important issues

in his Reply Brief he wants to shorten or take out altogether.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

June 12, 2026

Date

/s/ Roderick C. Bond

Roderick C. Bond

## V. CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing and any attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system, which will cause all registered case participants to be served via the Appellate Electronic Filing system.

DATED this 12th day of June 2026.

*/s/ Roderick C. Bond*

Roderick C. Bond